IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Mikayla Cheyenne Savage, § § § *Plaintiff*, § § v. § § Civil Action No. 4:24-cv-00666 Harris County, Texas; Sheriff Ed Gonzales, § in his official capacity; Detention Officer A. § Martinez, in his individual capacity; § Detention Officer A. Roda, in his individual § capacity; Detention Officer Matthews, in his § individual capacity; Officers Does #1-28, in § their individual capacities; and Does #29-30, § in their individual capacities, § § *Defendants*. § | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT HARRIS COUNTY, TEXAS AND SHERIFF ED GONZALES**

Pursuant to Rule 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff propounds the following Interrogatories to be answered by Defendants Harris County, Texas ("Harris County") and/or Sheriff Ed Gonzales ("Gonzales") under oath and in accordance with the instructions below. Plaintiff respectfully requests that this Court order Defendants Harris County and Gonzales to produce a response within two (2) weeks.

**INSTRUCTIONS**

1. In answering these Interrogatories, furnish all available information, including information in the possession, custody, or control of Harris County's and/or Gonzales's attorneys, agents, employees, representatives and persons under Harris County's or Gonzales's control, who have the best knowledge, not merely information known to Harris County and Gonzales based on their own personal knowledge.

Exhibit B

2. If Harris County or Gonzales cannot answer any of the Interrogatories in full after exercising due diligence to secure the necessary information, so state and answer to the extent possible, specifying Harris County's and Gonzales's inability to answer the remainder and stating whatever information or knowledge Harris County and Gonzales have concerning the unanswered portions.

3. Each and every Interrogatory is to be answered separately and as completely as possible. Continuing investigations or incomplete discovery shall not be accepted as a reason for failure to answer each and every Interrogatory as fully as possible.

4. If Harris County or Gonzales contends that any of the information or materials sought are privileged, identify with particularity the basis for the assertion of such claim, including the nature of the privilege asserted and the subject matter to which Harris County or Gonzales claims privilege relates (subject to any other agreement between the parties concerning privilege log contents and preparation). In the case of information other than documents, supply the name of the Person (as defined below) from whom such information was obtained and the name of any other Person to whom such information was communicated. In the case of a document, provide the date on which it was produced, transmitted, distributed, or otherwise provided; the nature of the document; the title of the document, if any; the sender or author; the recipient; and persons to whom copies were furnished together with their employment titles.

5. If Harris County or Gonzales objects to any Interrogatory, state with specificity the grounds for such objection. Any Interrogatory to which an objection is made should be responded to insofar as it is not deemed objectionable.

6. If objection is made to a portion of any Interrogatory, Harris County or Gonzales must answer all other portions of the Interrogatory as to which no objection is raised.

7. If Harris County or Gonzales encounters an ambiguity in construing an Interrogatory, instruction, or definition, set forth the matter deemed ambiguous, and the construction chosen or used in answering such Interrogatory.

8. Unless stated otherwise, the time period governing these Interrogatories is June 2, 2022, to the present.

9. Harris County's and Gonzales's obligation to respond to these Interrogatories is continuing and must be supplemented to include subsequently acquired information or knowledge in accordance with Federal Rule of Civil Procedure Rule 26(e).

### **DEFINITIONS**

1. "Action" means the above-captioned litigation matter.

2. "Complaint" means Plaintiffs' Original Complaint (ECF 1) filed in this Action on or about February 26, 2024.

3. "Person" shall include both natural persons, corporate or other business entities, and all other forms of legal entities.

4. Any capitalized terms used but not defined herein shall have the same meaning as assigned to them in the Complaint.

5. The term "Identify" means to state:

   a. in the case of a natural person, his or her full name, badge number, business or personal address and telephone number, employer, and title or position.

   b. in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages.

## INTERROGATORIES

1. Identify the full names, badge numbers, and current or last known job titles and contact information for the following individuals, as described in the Complaint:

    a. Officer A. Martinez.

    b. Officer A. Roda.

2. Identify the person(s) listed as Doe Defendants in the following paragraphs of the Complaint:

    a. Identify Does #1–9 in paragraph 21.

    b. Identify Does #10–26 in paragraph 22.

    c. Identify Does #27–28 in paragraph 23.

    d. Identify Does #29–30 in paragraph 24.

    e. Identify Does #1–2 in paragraph 56.

    f. Identify Does #1–3 in paragraph 57.

    g. Identify Does #4–5 in paragraph 59.

    h. Identify Does #6–7 in paragraph 60.

    i. Identify Does #1–9 and #27–28 in paragraph 64.

    j. Identify Does #8–9 in paragraph 69.

    k. Identify Does #10–25 in paragraph 82.

    l. Identify Does #10–11 in paragraph 83.

    m. Identify Does #12–13 in paragraph 84.

    n. Identify Does #14–19 in paragraph 86.

    o. Identify Doe #20 in paragraph 87.

    p. Identify Doe #21 in paragraph 89.

    q. Identify Doe #21 in paragraph 91.

r. Identify Does #22–23 in paragraph 94.

s. Identify Does #24–25 in paragraph 99.

t. Identify Doe #26 in paragraph 100.

u. Identify Does #1–26 in paragraph 101.

v. Identify Does #29–30 in paragraph 110.

w. Identify Does #10–26 in paragraph 139.

x. Identify Does #1–9 in paragraph 150.

y. Identify Does #1–9 in paragraph 152.

z. Identify Does #1–9 in paragraph 153.

Dated: March 26, 2024						Respectfully submitted,

/s/ Karley T. Buckley
Karley T. Buckley
DLA Piper LLP (US)
Texas Bar No. 24123596
845 Texas Avenue, Suite 3800
Houston, Texas 77002
(713) 425-8421
karley.buckley@us.dlapiper.com

Miriam R. Nemeth (DC Bar #1028529)
D Dangaran (BBO #708195)
(admitted *pro hac vice*)
RIGHTS BEHIND BARS
416 Florida Avenue, NW #26152
Washington, DC 20001
(202) 455-4399
miriam@rightsbehindbars.org
d@rightsbehindbars.org

David H. Bamberger
DLA Piper LLP (US)
DC Bar #362285
(admitted *pro hac vice*)
500 Eighth Street, NW
Washington, DC 20004
(202) 799-4500
david.bamberger@us.dlapiper.com

John C. Canoni
DLA Piper LLP (US)
Texas Bar No. 24117335
(admitted *pro hac vice*)
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
(214) 743-4500
john.canoni@us.dlapiper.com

**ATTORNEYS FOR PLAINTIFF MIKAYLA CHEYENNE SAVAGE**