**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| Mikayla Cheyenne Savage, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 4:24-cv-00666 |
| Harris County, Texas; Sheriff Ed Gonzales, in his official capacity; Detention Officer A. Martinez, in his individual capacity; Detention Officer A. Roda, in his individual capacity; Detention Officer Matthews, in his individual capacity; Officers Does #1-28, in their individual capacities; and Does #29-30, in their individual capacities, | § § § § § § § § § § | |
| *Defendants.* | § | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION DIRECTED TO
DEFENDANTS HARRIS COUNTY, TEXAS AND SHERIFF ED GONZALES**

Pursuant to Federal Rule of Civil Procedure 26 and 34, Plaintiff serves Defendants Harris County, Texas ("Harris County") and Sheriff Ed Gonzales ("Gonzales") Plaintiff's First Set of Requests for Production of Documents and requests that Defendants produce the following documents and/or electronically stored information ("ESI") for examination, inspection, and copying at the offices of DLA Piper LLP (US), 845 Texas Avenue, Suite 3800, Houston, Texas, 77002, within thirty (30) calendar days from the date of service hereof.

**INSTRUCTIONS**

1.      In answering the following requests for production, furnish all available information, including information in the possession, custody, or control of Harris County's and/or Gonzales's attorneys, agents, employees, representatives, and persons under Harris County's or

Exhibit C

Gonzales's control, who have the best knowledge, not merely information known to Harris County or Gonzales based on personal knowledge.

2.      If any information requested is claimed to be privileged, immune from discovery, or otherwise not discoverable, please provide all information falling within the scope of the request that is discoverable, and for each item of information for which a claim of privilege or non-disclosure is made, identify such information with sufficient particularity to enable the merits of the claim of privilege or non-disclosure to be assessed as required by Federal Rule of Civil Procedure 26, including identification to include at least the following:  (a) the basis on which the privilege is claimed; (b) the names and positions of the author of the document and all other persons participating in the preparation of the document; (c) the name and position of each individual or other person to whom the document, or a copy thereof, was sent or otherwise disclosed; (d) the date of the document; (e) a description of any accompanying material transmitted with or attached to such document; (f) the number of pages in such document; (g) the particular request to which such document is responsive; and (h) whether any business or non-legal matter is contained or discussed In such document.

3.      Selection of documents from files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

4.      File folders with tabs or labels or directories of files identifying documents must be produced intact with such documents.

5.      Documents attached to each other shall not be separated.

6.      ESI and computerized information must be produced in an intelligible format, meaning as they are kept in the usual course of business and in the form they are ordinarily

maintained as required by Federal Rule of Civil Procedure 34, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

7.     Absent a court order approving a stipulated protocol governing the search and production of ESI, ESI must be produced in at least TIFF format, and each page of each TIFF document shall include a Bates Stamp along with any designation for confidentiality. The unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

a.     Load files shall be provided along with TIFF files to indicate the location and unitization of the TIFF files.

b.     If it is impracticable to produce a particular native file in a single-page TIFF format (for example, a large Microsoft Excel file), produce the native file natively.

c.     To the extent practicable, each individual document based on an electronic file should be accompanied by a corresponding text file containing the searchable text for the document. For example, if documents already exist in text-searchable format independent of this litigation or are converted to text-searchable format for use in this litigation, then such documents shall be produced in the same text-searchable format.

d.     To the extent that ESI includes metadata showing the date and time that the documents was sent and received, as well as the author and complete distribution list, this information shall be included in the production. If such metadata is kept in the ordinary course of business, at least the following metadata fields should be produced:  (A) BEGBATES; (B) ENDBATES; (C) BEGATTACH; (D) ENDATTACH; (E) CUSTODIAN; (F) AUTHOR; (G) TO; (H) FROM; (I) CC; (J) BCC; (K) DATE CREATED; (L) DATE LAST MODIFIED; (M) DATE

SENT; (N) TIME SENT; (O) DATE RECEIVED; (P) TIME RECEIVED; and (Q) FILENAME, which should be populated by the party or the party's vendor.

8.      If Defendants' response to a particular document request is a statement that Defendants lack the ability to comply with that document request, Defendants must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in Defendants' possession, custody, or control, in which case the name and address of any person or entity known or believed by Defendants to have possession, custody, or control of that information or category of information must be identified.

9.      Unless stated otherwise, the time period governing these requests is June 2, 2022, to the present.

10.     Defendants' obligation to respond to these document requests is continuing, and Defendants' responses must be supplemented to include subsequently acquired information in accordance with Federal Rule of Civil Procedure Rule 26(e).

## DEFINITIONS

1.      "Action" means the above captioned litigation matter.

2.      "Complaint" means Plaintiffs' Original Complaint (ECF 1) filed in this Action on or about February 26, 2024.

3.      Any capitalized terms used but not defined herein shall have the same meaning as assigned to them in the Complaint.

4.      The term "Identify" means to state:

a.      in the case of a natural person, his or her full name, business or personal address and telephone number, employer, and title or position.

      b.      in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

1. List the names of, employee rosters, logs, timesheets, and other documents sufficient to identify Does #27–28, all intake officers and custodial staff working in HCJ's booking and intake area on June 2, 2022. Please include Mikayla Savage's intake records and the names of the individuals who prepared them in this request.

### REQUEST FOR PRODUCTION NO. 2:

2. List the names of, employee rosters, logs, timesheets, and other documents sufficient to identify Does #1–9 and 27–28, the correctional officers and custodial staff working in or supervising the unit containing cell 4LI and who had contact with or brought supplies to Mikayla Savage from:

    a.   June 3–5, 2022

    b.   June 6–8, 2022

    c.   June 9–11, 2022

    d.   June 12–14, 2022

    e.   June 15–16, 2022

### REQUEST FOR PRODUCTION NO. 3:

3. List the names of, employee rosters, logs, timesheets, and other documents sufficient to identify Does #8–9, the correctional officers and custodial staff who escorted Mikayla Savage, alongside Officer A. Martinez, as she was returned to cell 4LI after her June 7, 2022, court appearance. Please provide sufficient information to identify the full name of Officer A. Martinez in this request.

### REQUEST FOR PRODUCTION NO. 4:

4. List the names of, employee rosters, logs, timesheets, and other documents sufficient to identify Does #10–11, the correctional officers and custodial staff working in or supervising the unit containing cell 4HI on June 26–27, 2022, when Mikayla was

physically and/or sexually assaulted by several other detainees. Please specify which officers were responsible for supervising the detainees in cell 4HI.

**REQUEST FOR PRODUCTION NO. 5:**

5. List the names of, employee rosters, logs, timesheets, and other documents sufficient to identify Does #12–13, the correctional officers and custodial staff on shift with Officer Marilyn John and Sergeant L. Cheatham, in the unit containing cell 4F2, on July 8, 2022, when Mikayla Savage was assaulted by detainee Stephanie Dillard (SP 02196647). Please specify which officers were responsible for supervising the detainees in cell 4F2.

**REQUEST FOR PRODUCTION NO. 6:**

6. List the names of, employee rosters, logs, timesheets, and other documents sufficient to identify the correctional officers and custodial staff on shift in or supervising the unit containing cell 4C2 and that returned Mikayla Savage to cell 4C2 after her visit with the medical unit on July 9, 2022, as a result of the prior conflict with detainee Stephanie Dillard (SPN 02196647). Please specify which officers were responsible for supervising and which officers escorted Mikayla to her sell.

**REQUEST FOR PRODUCTION NO. 7:**

7. List the names of, employee rosters, logs, timesheets, and other documents sufficient to identify Does #14–15 and Does #16–17, the correctional officers and custodial staff working in or supervising the unit containing cell 4C2 on July 11–12, 2022, when Mikayla Savage was sexually assaulted by other detainees and was later brought to the medical unit. Please specify which officers were responsible for supervising the detainees in cell 4C2.

**REQUEST FOR PRODUCTION NO. 8:**

8. List the names of, employee rosters, logs, timesheets, and other documents sufficient to identify Does #18–21, the correctional officers and custodial staff—in addition to Officer A. Martinez, Officer Clarissa Orona, Sergeant F. Munoz (badge #884), Classification Officer C. Polczynski, and Officer Sarah Papariello—working in or supervising the unit containing cell 4C2 and area 4A1B on July 13–14, 2022, a period over which Mikayla Savage was physically assaulted by unidentified detainees, detainee Lover Jones (SPN 03070367), and by Officer A. Martinez. Please include the full name of Officer A. Martinez in this request. Please identify which officers were responsible for supervising area 4A1B and those responsible for supervising cell 4CA.

**REQUEST FOR PRODUCTION NO. 9:**

9.  List the names of, employee rosters, logs, timesheets, and other documents sufficient to identify Does #22–23 the correctional officers and custodial staff working in or supervising the unit containing cell 4B2 alongside Officer Drezshonay Pruitt, Sergeant E. McNabb (Badge #894), and Classification Officer P. P. Cormier on July 14–16, 2022, a period over which Mikayla Savage was assaulted by her cellmates Keianna Sherri Bradley (SPN 03026894), Brianecia Nicole Brown (SPN 02900078), and Jasmine Evette Joseph (SPN 02728593) with chemicals or toilet water. Please specify which officers were responsible for supervising the detainees in cell 4B2.

**REQUEST FOR PRODUCTION NO. 10:**

10. List the names of, employee rosters, logs, timesheets, and other documents sufficient to identify Does #24–25, the correctional officers and custodial staff working in or supervising the unit containing cell 4C2 on August 15, 2022, when Mikayla Savage was prematurely returned to her housing unit from medical.

**REQUEST FOR PRODUCTION NO. 11:**

11. List the names of, employee rosters, logs, timesheets, and other documents sufficient to identify Doe #26, the correctional officer and custodial staff, in addition to Officer Kent Mathews, Officer Rebecca Achee, and Sergeant M. Elvoit (Badge #154), working in or supervising E-Cell in the 4H housing unit on August 18, 2022, when Mikayla Savage was assaulted by detainee Kandius Marshell Murphy (SPN 03054107) and others and was denied medical attention until the following day, August 19, 2022. Please specify which officers were responsible for supervising the detainees in E-Cell.

**REQUEST FOR PRODUCTION NO. 12:**

12. List the names of, employee rosters, logs, timesheets, and other documents sufficient to identify the correctional officers and custodial staff, in addition to Officer T. Washington, D.O. Mire, Sergeant Lusk, and Classification Officer S. Borja working in or supervising the solitary confinement unit containing cell 4MI on August 22, 2022, when Mikayla Savage attempted suicide.

**REQUEST FOR PRODUCTION NO. 13:**

13. List the names of, employee rosters, logs, timesheets, and other documents sufficient to identify Does #29–30, Harris County Sheriff's Office ("HCSO") officials with control over detainees' release from HCJ on August 30–September 1, 2022, when Mikayla Savage was held beyond the dismissal of her charges.

**REQUEST FOR PRODUCTION NO. 14:**

14. List the names of all HCJ Officers involved in all inmate requests and reports that refer or relate to incidents involving Mikayla Savage that occurred on:

   a.  June 6–7, 2022

   b.  July 27, 2022

   c.  July 31, 2022

   d.  August 6, 2022

   e.  August 22, 2022

Dated: March 26, 2024

Respectfully submitted,

/s/ Karley T. Buckley

Karley T. Buckley
DLA Piper LLP (US)
Texas Bar No. 24123596
845 Texas Avenue, Suite 3800
Houston, Texas 77002
(713) 425-8421
karley.buckley@us.dlapiper.com

Miriam R. Nemeth (DC Bar #1028529)
D Dangaran (BBO #708195)
(admitted *pro hac vice*)
RIGHTS BEHIND BARS
416 Florida Avenue, NW #26152
Washington, DC 20001
(202) 455-4399
miriam@rightsbehindbars.org
d@rightsbehindbars.org

David H. Bamberger
DLA Piper LLP (US)
DC Bar #362285
(admitted *pro hac vice*)
500 Eighth Street, NW
Washington, DC 20004
(202) 799-4500
david.bamberger@us.dlapiper.com

John C. Canoni
DLA Piper LLP (US)
Texas Bar No. 24117335
(admitted *pro hac vice*)
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
(214) 743-4500
john.canoni@us.dlapiper.com

**ATTORNEYS FOR PLAINTIFF MIKAYLA
CHEYENNE SAVAGE**