# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **MIKAYLA CHEYENNE SAVAGE,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.: 4:24-cv-00666** |
| | § | |
| **HARRIS COUNTY, TEXAS; SHERIFF ED** | § | |
| **GONZALES, in his official capacity;** | § | |
| **DETENTION OFFICER ARNOLDO** | § | |
| **MARTINEZ, in his individual capacity;** | § | |
| **DETENTION OFFICER ANDREW RADA,** | § | |
| **in his individual capacity; DETENTION** | § | |
| **ADMINISTRATIVE OPERATIONS** | § | |
| **OFFICER DANIKA MATHEWS, in her** | § | |
| **individual capacity; DETENTION OFFICER** | § | |
| **OZALYNN LOZANO, in his individual** | § | |
| **capacity; DETENTION OFFICER** | § | |
| **TRUCELL LAGARDE, in her individual** | § | |
| **capacity; DETENTION OFFICER TAYLOR** | § | |
| **HODGES, in his individual capacity;** | § | |
| **DETENTION OFFICER GLORIA** | § | |
| **EZEOKE, in her individual capacity; LAW** | § | |
| **ENFORCEMENT OFFICER MICHAEL** | § | |
| **THOMAS, in his individual capacity; LAW** | § | |
| **ENFORCEMENT OFFICER LAKISHA** | § | |
| **CHEATHAM, in her individual capacity;** | § | |
| **and DETENTION OFFICER MARILYN** | § | |
| **JOHN, her individual capacity** | § | |
| **individual capacities.** | § | |
| **Defendants.** | § | |

## DEFENDANTS ARNOLDO MARTINEZ AND ANDREW RADA'S
## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Arnoldo Martinez (hereafter "Martinez") and Andrew Rada (hereafter "Rada")

files this Motion to Dismiss Plaintiff's Amended Complaint (Doc. #52), pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure. In support of said motion, Defendants Martinez and Rada

would respectfully show the Court as follows:

1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. 3

I.      STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS .......................... 5

II.     STATEMENT OF ISSUES AND STANDARD OF REVIEW ....................................... 5

    A.  Statement of Issues. ........................................................................................................ 5

    B.  Standard of Review........................................................................................................... 5

III.    SUMMARY OF THE ARGUMENT ............................................................................. 7

IV.   ARGUMENT AND AUTHORITIES.............................................................................. 8

    A.  Fourteenth Amendment Claim......................................................................................... 8

    B.  First Amendment Claim……………………………………………………..……………11

    C.  Failure to Protect Claim…………………………………………………..……………..12

    D.  Plaintiff's State Law Claims ……..…………….…………………………..……………..13

    E.  Conditions of Confinement ……..………….….………………………..……………....16

    F.  Qualified Immunity ……..…………….….……………………..……………...............18

V.     CONCLUSION……………………………………………………………………………..19

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003)……………………………………………17

*Anderson v. Creighton*, 483 U.S. 635, 640, n. 2, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)..........19

*Anderson v. Dallas Cnty., Tex.*, 286 F. App'x 850, 860 (5th Cir. 2008)…………………………17

*Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) 7

*Arenas v. Calhoun.*, 922 F.3d 616, 620 (5th Cir. 2019) ................................................... 13

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)..........................................................................6, 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)............................................................6, 7

*Bell v. Wolfish*, 441 U.S. 520, 99 S. Ct. 1861, 60 L.Ed.2d 447 (1979) ..................... 8, 9,16

*Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) ...................................... 7

*Butz v. Economou*, 438 U.S. 478, 507, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978)......................... 18

*Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002) ........................................................ 12

*City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex.1994) ................................... 15

*Cowart v. Erwin*, 837 F.3d 444, 454 (5th Cir. 2016) ...........................................................9

*Darden v. City of Fort Worth, Texas*, 880 F. 3d 722 (5th Cir. 2018)............................... 19

*Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) ........... 13, 18

*Farmer v. Brennan.*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) ..... 12, 13, 17

*Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993) ................. 7

*Franka v Velasquez*, 332 S.W.3d 367, 382 (Tex. 2011) .................................................. 14

*Gillum v. City of Kerrville*, 3 F.3d 117, 123 (5th Cir.1993)............................................. 13

*Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006)…………………………………17

*Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989)................... 19

*Groh v. Ramirez*, 540 U.S. 551, 567, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004) ...................... 18

*Hale v. King*, 642 F.3d 492 (5th Cir. 2011)..........................................................................7

*Hare v. City of Corinth, Miss.*, 74 F.3d 633, 644 (5th Cir. 1996)…………………..……12, 16, 17

*Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)..........18

*Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991)......................... 19

*Jackson v. Cain*, 864 F.2d 1235, 1246-47 (5th Cir. 1989)……………………………… 17, 18

*Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986) ........................................................5

*Kingsley v. Hendrickson*, ⸻ U.S. ⸻, 135 S.Ct. 2466, 192 L.Ed.2d 416 (2015) ......8, 9

*Leal v. McHugh*, 731 F.3d 405 (5th Cir. 2013) ..................................................................6

*Leatherwood v. Prairie View A & M Univ.*, No. 01–02–013340–CV, 2004 WL 253275, at *2–3 (Tex. App.—Houston [1st Dist.] Feb. 12, 2004, no pet.)..................................... 14

*Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) ...................... 19

*Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145 (5th Cir. 2010)....................6

*Morin v. Caire*, 77 F.3d 116 (5th Cir. 1996) .....................................................................5

*Nagle v. Gusman*, No. 12-1910, 2016 WL 768588, at *5 (E.D. La. Feb. 26, 2016)…………….17

*Nieves v. Bartlett*, U.S. ⸻, 139 S. Ct. 1715, 1722, 204 L.Ed.2d 1 (2019)................... 11

*Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) ..................................................... 12

*Oliver v. Collins*, 14 F.2d 56, 60 (5th Cir. 1990) .............................................................12

*Perez v. Texas A & M Univ. at Corpus Christi*, Civ. A. No. 2:13–CV–225, 2013 WL 6230353, at \*12 (S.D. Tex. Dec. 2, 2013)........................................................................14

*Pietila v. Crites*, 851 S.W.2d 185, 186 (Tex.1993)……………………………………...16

*Pinson v. Santana*, No. 3:13-cv-2098-D, 2015 WL 10550962, at \*5 (N.D. Tex. Nov. 23, 2015)...............................................................................................................................11

*Ramming v. United States*, 281 F.3d 158 (5th Cir. 2001) ..............................................5

*Rhodes v. Torres*, 901 S.W.2d 794, 800 (Tex.App.-Houston [14th Dist.] 1995………………...15

*Shaw v. Villanueva*, 918 F.3d 414 (5th Cir. 2019) .........................................................7

*Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002) ....................................6, 7

*Texas Bay Cherry Hill v. City of Fort Worth*, 257 S.W.3d 379, 401 (Tex. App.—Fort Worth 2008, no pet.).........................................................................................................14

*Texas Dep't of Public Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001)…………….....13

*Thompson v. Beasley*, 309 F.R.D. 236, 246-47 (N.D. Miss. 2015)...................................8

*Tiede v. Martinez,* No. 21-50234, 2021 WL 4301278 (5th Cir. Aug. 26, 2021) .......................19

*Tiede v. Salazar*, 518 F. Supp. 3d 955, 966–67 (W.D. Tex. 2021) .........................................19

*Torres v. Livingston*, 972 F.3d 660, 663 (5th Cir. 2020) .........................................................13

*United States ex rel. Steury v. Cardinal Health Inc.*, 735 F.3d 202, 204 (5th Cir.2013)...18

*U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375 (5th Cir. 2003)...6

*Wadewitz*, 951 S.W.2d at 467………………………………………………………………15

*Williams v. Banks*, 956 F.3d 808, 811 (5th Cir. 2020).............................................................13

*Williams v. Hampton*, 797 F.3d 276, 281 (5th Cir. 2015) .............................................12, 17

*Witty v. American Gen. Capital Distribs., Inc.*, 727 S.W.2d 503, 504 (Tex.1987)……………...15

## Statutes

42 U.S.C. Section 1983 ..................................................................................................12

Tex. Civ. Prac. & Rem. Code § 101.001(5) ...................................................................14

Tex. Civ. Prac. & Rem. Code § 101.057 ........................................................................13

Tex. Civ. Prac. & Rem. Code § 101.106....................................................................13, 14

Tex. Civ. Prac. & Rem. Code § 101.106(f) ....................................................................14

## Rules

Fed. R. Civ. P. 8(a)(2) .....................................................................................................6

Fed. R. Civ. P. 12(b)(6) ............................................................................................5, 6, 7

# I. STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

1.      This lawsuit stems from allegations of physical, mental, and emotional abuse inflicted on Mikayla Savage ("Savage" or "Plaintiff") by inmates at the Harris County Jail and by Harris County Jail Detention Officers while she was detained at the Harris County Jail on or about June 2, 2022, through September 1, 2022. Savage brings this 42 U.S.C. Section 1983 claim against Martinez and Rada alleging they violated her Fourteenth Amendment right to the U.S. Constitution. Savage also alleges a First Amendment claim and state law claim against Martinez

2.      Savage filed this lawsuit in federal court on February 26, 2024 [Doc. #1]. Savage filed her amended complaint on September 5, 2024 [Doc. #52].

3.      Defendants Martinez and Rada now respectfully moves this Court to dismiss Plaintiff's claims against them.

# II. STATEMENT OF ISSUES AND STANDARD OF REVIEW

## A.      Statement of Issues.

4.      The issue to be ruled upon by the Court regarding Officers Martinez and Rada are:

    (a)      Whether Plaintiff Savage has stated a claim upon which relief can be granted against Martinez and Rada?
    (b)      Whether Martinez and Rada are entitled to qualified immunity?

## B.      Standard of Review.

5.      **Rule 12(b)(6).** If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); *see also Ramming*, 281 F.3d at 161 (a Rule 12(b)(6) motion is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim"). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the complaint and must be evaluated solely on the basis of the pleadings. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77

F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft,* 556 U.S. at 678-679. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

6.      Surviving a motion to dismiss, therefore, requires more than hinting at "a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*.

7.      "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (internal citation omitted). However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action,

supported by mere conclusory statement," or legal conclusions couched as factual assertions. *See Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("plaintiff must allege facts that support the elements of the cause of action in order to make out a valid claim").

8.     "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 544. Thus, dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *See Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)); *see also Hale*, 642 F.3d at 499. Conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *Taylor*, 296 F.3d at 378 (quoting *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993)).

## III.     SUMMARY OF THE ARGUMENT

9.     Plaintiff fails to state a viable individual capacity claim against Martinez and Rada for a constitutional violation. Plaintiff's pleadings are devoid of any facts that are sufficient to state a plausible claim that Martinez and Rada had personal knowledge of a substantial risk of serious harm to her and responded with deliberate indifference to that risk. Rather, Plaintiff relies on hearsay and conclusory statements that cannot survive a motion to dismiss. Even if the Plaintiff's pleadings are found to be sufficient, Plaintiff has failed to establish a waiver of qualified immunity. Therefore, Plaintiffs' claim against Martinez and Rada should be dismissed.

## IV.    ARGUMENT AND AUTHORITIES

**A.    Fourteenth Amendment Claim.**

10.    **Excessive Force Claim.** While the Eighth Amendment protects convicted felons, pretrial detainees are protected by the Fourteenth Amendment Due Process Clause "from the use of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865, 1871 n.10, 104 L.Ed.2d 443 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 99 S. Ct. 1861, 1871-74, 60 L.Ed.2d 447 (1979)).

11.    To defeat qualified immunity and prevail on a claim under the Fourteenth Amendment a prisoner must show that force was "purposely or knowingly used against him" in a manner that was "objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 135 S. Ct. 2466, 2473, 192 L.Ed.2d 416 (2015) (clarifying that "the appropriate standard for a pretrial detainee's excessive force claim is solely an objective one"); see also *Thompson v. Beasley*, 309 F.R.D. 236, 246-47 (N.D. Miss. 2015) (calling into question pre-*Kingsley* precedent from the Fifth Circuit) (citations omitted). A pretrial detainee can prevail only if he shows that the defendants applied force in a manner that was not "rationally related to a legitimate nonpunitive governmental purpose" or that the actions were "excessive in relation to that purpose." *Kingsley*, 135 S. Ct. at 2473 (quoting *Bell*, 99 S. Ct. at 1886).

12.    Whether an officer's actions are objectively reasonable "turns on the 'facts and circumstances of each particular case.' " *Kingsley*, 135 S. Ct. at 2473 (quoting *Graham*, 109 S. Ct. at 1872). "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id*. The "calculus of reasonableness" must take into account the fact that officers "are often forced to make split-second judgments – circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." *Graham*, 109 S. Ct. at 1872.

A reviewing court must also take into account policies and practices judged necessary by jail officials for the legitimate interests of preserving internal order, discipline, and institutional security. *Kingsley*, 135 S. Ct. at 2473 (citing *Bell*, 99 S. Ct. at 1878).

13.    To determine whether a use of force was objectively reasonable or unreasonable, a reviewing court may consider the following non-exclusive list of factors: (1) the relationship between the need for the use of force and the amount of force used; (2) the extent of the plaintiff's injury; (3) any effort made to temper or limit the amount of force; (4) the severity of the security problem at issue; (5) the threat reasonably perceived by the defendant; and (6) whether the plaintiff was actively resisting. See *Kingsley*, 135 S. Ct. at 2473 (citation omitted). "The amount of force used must be more than de minimis, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Cowart v. Erwin*, 837 F.3d 444, 454 (5th Cir. 2016).

14.    Plaintiff Savage asserts that on June 6 or 7, 2022, she was removed from her cell by guards to go to court. Savage alleges she lined up in the hallway of the fourth floor in Harris County Jail with other women heading to court, in compliance with the instructions of Defendant Officers Rada and Martinez. Savage alleges Rada told Martinez to grab her for no reason. (Doc. #52 at par. 69).

15.    Savage further alleges Martinez yanked her by the collar of her shirt and swung her around like a rag doll. (Doc. #52 at par. 70). Savage alleges she was scared for her safety and the safety of her pregnancy, so she told Martinez and everyone present in that hallway she was pregnant. *Id*. Savage alleges Martinez pushed and shoved her into the wall of the hallway stomach-first. Savage alleges Martinez then dragged her and the other women waiting in the hallway to court. (Doc. #52 at par. 71). Savage alleges Officer Rada and Martinez purposefully and knowingly used objectively unreasonable and harmful force against Savage when Officer Martinez swung Savage around like

a ragdoll and slammed her into a wall at the direction of Officer Rada on or around June 6 or 7, 2022. (Doc. #52 at par. 116). Savage alleges shortly after her assault by Martinez, she began experiencing lower abdominal pain and cramping, nausea, vomiting, a gush of clear or white fluid from her vagina, and later vaginal bleeding. (Doc. #52 at par. 73). Plaintiff alleges she received an ultrasound on or around June 17 or 18 and the ultrasound showed that her pregnancy was no longer viable, and hospital staff informed her that the miscarriage had occurred within the prior two weeks. Savage alleges Martinez had assaulted her within that two-week period. (Doc. #52 at par. 74).

16.    Savage further alleges that prisoners in her housing unit jumped and beat her in plain view of Defendant Martinez. (Doc. #52 at par. 90). Savage alleges the assault included a prisoner biting her right side so hard that she continues to have a scar to this day. Savage alleges Martinez watched her be assaulted again without intervening. *Id*. Savage alleges it took her some time to get up off the floor before Defendant Martinez decided to step in and continue the assault against her by yelling to stand up. Savage alleges Martinez then yanked her off the floor, handcuffed her, and pushed her against the wall. Savage alleges Martinez then dragged her to a holding cell, banged her head against the wall, and shoved his knee into her back. Savage alleges Martinez then bit her on her back and telling her, "Now bitch, tell your mama I did that". (Doc. #52 at par. 91)

17.    Taking as true Plaintiff's allegations about Martinez and Rada, Savage has pled no facts to show that Martinez and Rada purposely or knowingly used force against her in a manner that was objectively unreasonable. Further, Savage has pled no facts to show that Martinez was the cause of her alleged miscarriage that occurred within this two week period. Savage has failed to state a claim against Martinez and Rada for a violation of her Fourteenth Amendment rights. Savage does not allege a viable claim against Martinez or Rada for a constitutional violation.

**B.     First Amendment Claim**

18.     **Retaliation Claim.**  " 'To prevail on [a First Amendment retaliation] claim, a plaintiff must establish a "causal connection" between the government defendant's "retaliatory animus" and the plaintiff's "subsequent injury." ' The officer's retaliatory motive 'must cause the injury.' 'Specifically, it must be a "but-for" cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive.' " (quoting *Nieves v. Bartlett*, —— U.S. ——, 139 S. Ct. 1715, 1722, 204 L.Ed.2d 1 (2019))); see also *Pinson v. Santana*, No. 3:13-cv-2098-D, 2015 WL 10550962, at *5 (N.D. Tex. Nov. 23, 2015) ("The necessary elements of a valid retaliation claim require the prisoner to state '(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation.' An inmate 'must allege more than his personal belief that he is the victim of retaliation; that is, mere conclusory allegations of retaliation are not sufficient to state a claim for retaliation.' Further, the 'inmate must either produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred.' " (citations omitted)), rec. adopted, 2016 WL 1161991 (N.D. Tex. Mar. 23, 2016).

19.     Savage alleges Defendant Officer A. Martinez retaliated against her for complaining to her mother and having her mother lodge complaints against Defendant Martinez with jail supervisors. Savage alleges Martinez retaliated by assaulting her, handcuffing her, biting her in the back, and telling her, "Now bitch, tell your mama I did that".  Because Martinez was responding to an incident involving Savage and another inmate, Savage has not pled facts to show that Martinez would not have taken the action that he took absent the alleged retaliatory motive. Savages allegation that Martinez retaliated against her is conclusory and not sufficient to state a claim for retaliation.

## C.    Failure to Protect Claim.

20.    To prove a claim based on a failure to protect, the plaintiff must show that she is incarcerated under conditions that pose a substantial risk of serious harm and that prison officials have been deliberately indifferent to her need for protection. See *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (citing *Farmer*, 511 U.S. at 834). An official is deliberately indifferent to an inmate's need for protection if the official knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. See *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002) (citing *Farmer*, 511 U.S. at 847). Only deliberate indifference will suffice to state a failure-to-protect claim; mere negligence is not enough. *Farmer*, 511 U.S. at 837; see also *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (holding that a negligent failure to protect from harm does not make a claim under section 1983). The "proper inquiry is whether the official had a culpable state of mind in acting or failing to act." *Hare*, 74 F.3d at 643.

21.    "There are two necessary components: (1) 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' and (2) 'he must also draw the inference.' " *Williams v. Hampton*, 797 F.3d 276, 281 (5th Cir. 2015) (en banc) (citing *Farmer*, 511 U.S. at 837, 114 S. Ct. 1970).

22.    "Therefore, to avoid liability, '[p]rison officials charged with deliberate indifference might show ... that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger, or that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent.' " *Hyatt*, 843 F.3d at 177 (quoting *Farme*r, 511 U.S. at 844, 114 S. Ct. 1970). "Furthermore, evidence that an official was aware of a substantial risk to inmate safety does not

alone establish deliberate indifference." *Id*. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id*. (quoting *Farmer*, 511 U.S. at 844, 114 S. Ct. 1970). "Deliberate indifference is an extremely high standard to meet." *Arenas v. Calhoun*, 922 F.3d 616, 620 (5th Cir. 2019) (quoting *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Torres v. Livingston*, 972 F.3d 660, 663 (5th Cir. 2020) (quoting *Williams v. Banks*, 956 F.3d 808, 811 (5th Cir. 2020)).

23.     Savage fails to plead sufficient facts that Martinez and Rada had actual knowledge that several other women detainees would assault Savage and they disregarded an excessive risk to Savage's safety.

**D.     Plaintiff's State Law Claims.**

24.     The Texas Tort Claims Act ("TTCA"), Texas Civil Practice and Remedies Code § 101.057, waives sovereign immunity for some torts, but not for claims arising out of an intentional tort, and specifically not for claims "arising out of assault and battery, false imprisonment, or any other intentional tort." *Texas Dep't of Public Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001)(emphasis added). See also *Gillum v. City of Kerrville*, 3 F.3d 117, 123 (5th Cir.1993) (holding intentional infliction of emotional distress claim was barred by sovereign immunity because it was not one of the claims waived by the Texas Tort Claims Act.).

25. In addition, Section 101.106 of the TTCA, entitled "Election of Remedies," provides in relevant part,

> (a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery

by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

26.     Thus, as in this case, "[u]nder the TTCA election of remedies provision, the claims against the individual Defendants—in both their individual and official capacities and for both money and injunctive relief—must be dismissed." *Perez v. Texas A & M Univ. at Corpus Christi*, Civ. A. No. 2:13–CV–225, 2013 WL 6230353, at *12 (S.D. Tex. Dec. 2, 2013), citing TTCA § 101.106, and *Texas Bay Cherry Hill v. City of Fort Worth*, 257 S.W.3d 379, 401 (Tex. App.— Fort Worth 2008, no pet.) (dismissal required under both individual and official capacity); *Leatherwood v. Prairie View A & M Univ.*, No. 01–02–013340–CV, 2004 WL 253275, at *2–3 (Tex. App.—Houston [1st Dist.] Feb. 12, 2004, no pet.) ("dismissal is appropriate whether the claim is for damages or injunctive relief.").

27.     Section 101.106(f) "foreclose[s] suit against a government employee in his individual capacity if he was acting within the scope of employment" and the claims must be brought against the state agency even if it is immune from those claims. *Franka v Velasquez*, 332 S.W.3d 367, 382 (Tex. 2011).

28.     To determine if the conduct was within scope of employment the court examines "whether the individual defendant was an employee of a governmental unit and whether the alleged acts fall within the scope of that employment at the relevant time." *Id.* "The statute strongly favors dismissal of governmental employees." *Id.* The TTCA defines "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in and about the performance of a task lawfully assigned to an employee by competent authority." Tex. Civ. Prac. & Rem. Code § 101.001(5). The Texas Supreme Court has concluded, "an official acts within the scope of her authority if she is discharging the duties

generally assigned to her." *City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex.1994).

29.     Here, it is undisputed that Martinez was performing his law enforcement job at the time of the alleged incidents.

30.     Government officials are entitled to official immunity for (1) the performance of their discretionary duties (2) conducted within the scope of their authority (3) provided they act in good faith. *Telthorster*, 92 S.W.3d at 461; *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994). The nonmovant must show that "no reasonable official could have thought that the facts were such that they justified the official's conduct." *Chambers*, 883 S.W.2d at 657; *Kassen*, 887 S.W.2d at 9. Stated differently, the nonmovant must show that a public official in the same position "could not have reasonably reached the decision in question." *Chambers*, 883 S.W.2d at 657 n. 7. In other words, the focus is on whether a reasonable official in light of the information possessed by the defendants at the time they acted could have believed the actions were justified. *Ballantyne*, 144 S.W.3d at 426; *Wadewitz*, 951 S.W.2d at 467; *Chambers*, 883 S.W.2d at 656; *Rhodes v. Torres*, 901 S.W.2d 794, 800 (Tex.App.-Houston [14th Dist.] 1995, no writ). Because Plaintiff has pled no plausible facts to show that Martinez assaulted her, Plaintiff has failed to state a claim against Martinez for assault and battery. Plaintiff has further failed to show a waiver of Martinez's official immunity.

31.     **Wrongful death of Unborn Child.**  No cause of action for wrongful death existed at common law; the right to sue for wrongful death is "purely a creature of statute." *Witty v. American Gen. Capital Distribs., Inc*., 727 S.W.2d 503, 504 (Tex.1987). In *Witty*, we explained that the Texas Wrongful Death Act precludes recovery for the loss of a fetus when there has been no live birth. *Id*. This holding was based on the language of the Act viewed in light of the longstanding common law rule that the rights of a fetus were contingent on live birth. *Id*. at 505.

Similarly, there is no survival cause of action for the loss of a fetus or for negligent medical treatment of a fetus not born alive. *Id*. at 506; see *Pietila v. Crites*, 851 S.W.2d 185, 186 (Tex.1993); *Yandell v. Delgado*, 471 S.W.2d 569, 570 (Tex.1971). Without these causes of action, parents "are precluded from recovering damages for their loss of society, companionship, and affection suffered as a result of the loss of the fetus." *Krishnan*, 916 S.W.2d at 482. For this reason, Plaintiff fails to state a claim for wrongful death of unborn child.

**E.     Conditions of Confinement Claim.**

32.     An inmate's "challenge to a condition of confinement is a challenge to 'general conditions, practices, rules, or restrictions of pretrial confinement.' " *Reed*, 795 F.3d at 463 (quoting *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 644 (5th Cir. 1996)). Some typical examples of condition-of-confinement cases include challenges to prison overcrowding, mattresses on floors, restrictions on inmate privileges, and disciplinary segregation with limited time out of the cell. See *Scott v. Moore*, 114 F.3d 51, 53 & n.2 (5th Cir. 1997).

33.     Courts deciding the constitutionality of conditions of confinement of pretrial detainees must determine whether the conditions complained of are imposed for the purpose of punishment. *Bell*, 441 U.S. at 538. Courts may find a punitive purpose upon direct proof of an expressed intent by detention facility officers to punish the pretrial detainee for a crime with which the detainee has been charged but not yet convicted. *Id*. In addition, courts may infer a punitive purpose if the challenged condition or restriction is not reasonably related to a legitimate governmental objective. *Id*. at 539; *Hamilton v. Lyons*, 74 F.3d 99, 104 (5th Cir. 1996).

34.     To recover for conditions resulting from policies intentionally creating unconstitutional conditions, whether that intent is actual or presumed, the plaintiff must allege that the conditions complained of were the result of a prison official's act either "implement[ing] a rule or restriction

or otherwise demonstrat[ing] the existence of an identifiable intended condition or practice[.]" *Hare*, 74 F.3d at 645. Alternatively, the plaintiff must allege that the "official's acts or omissions were sufficiently extended or pervasive, or otherwise typical of extended or pervasive misconduct by other officials, to prove an intended condition or practice." *Id*. Though not expressly stated, "[t]he Fifth Circuit has at least suggested that condition-of-confinement claims are cognizable against individual actors only in their official capacities." *Nagle v. Gusman*, No. 12-1910, 2016 WL 768588, at *5 (E.D. La. Feb. 26, 2016) (collecting cases).

35. **Episodic Acts or Omissions.** For an episodic-act-or-omission claim, "the complained-of harm is a particular act or omission of one or more officials." *Scott*, 114 F.3d at 53. A plaintiff in an episodic-act-or-omission case "complains first of a particular act of, or omission by, the actor," and may also "point[ ] derivatively to a policy, custom, or rule (or lack thereof) of the municipality that permitted or caused the act or omission." *Id*. To impose liability on a defendant in his individual capacity in an episodic-act-or-omission case, a pretrial detainee must establish that the defendant acted with subjective deliberate indifference. *Id*.

36. A person acts with subjective indifference if (1) "he knows that an inmate faces a substantial risk of serious bodily harm," and (2) "he disregards that risk by failing to take reasonable measures to abate it." *Anderson v. Dallas Cnty., Tex*., 286 F. App'x 850, 860 (5th Cir. 2008) (citing *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006)). The mental state for subjective deliberate indifference requires that "(1) 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' and (2) 'he must also draw the inference.' " *Williams v. Hampton*, 797 F.3d 276, 281 (5th Cir. 2015) (quoting *Farmer*, 511 U.S. at 837); *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003). Thus, the official is liable when he ignores a danger to an inmate after he has been made fully aware of it. *Jackson*

*v. Cain*, 864 F.2d 1235, 1246-47 (5th Cir. 1989). Subjective deliberate indifference "is an extremely high standard to meet." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

37.     Plaintiff fails to allege specific actions committed by Martinez and Rada. Plaintiffs provided insufficient detail regarding the alleged deprivation of her constitutional rights by Martinez and Rada. Plaintiff's "factual allegations must support a claim to relief that is plausible on its face and rises above mere speculation," *United States ex rel. Steury v. Cardinal Health Inc*., 735 F.3d 202, 204 (5th Cir.2013). Savage's allegations against Martinez and Rada related to Count VII are inherently speculative. Therefore, they are insufficient to pass Rule 12(b)(6) scrutiny, much less the heightened pleading standard applicable to qualified immunity cases.

### F.     Qualified Immunity.

38.     The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Qualified immunity balances two important interests— the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. The protection of qualified immunity applies regardless of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Groh v. Ramirez*, 540 U.S. 551, 567, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004) (KENNEDY, J., dissenting) (quoting *Butz v. Economou*, 438 U.S. 478, 507, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), for the proposition that qualified immunity covers "mere mistakes in judgment, whether the mistake is one of fact or one of law").

39.     Because qualified immunity is "an immunity from suit rather than a mere defense to liability ... it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (emphasis deleted). Indeed, we have made clear that the "driving force" behind creation of the qualified immunity doctrine was a desire to ensure that " 'insubstantial claims' against government officials [will] be resolved prior to discovery." *Anderson v. Creighton*, 483 U.S. 635, 640, n. 2, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). Accordingly, "we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per curiam).

40.     Thus, taking as true Plaintiff's allegations about Defendants Martinez and Rada in their individual capacity, Plaintiff has failed to plead a constitutional violation by Martinez and Rada. In the absence of a constitutional violation, Martinez and Rada are entitled to a dismissal based on qualified immunity. *Darden. 880 F.3d at 727; see also, Tiede v. Salazar*, 518 F. Supp. 3d 955, 966–67 (W.D. Tex. 2021), *appeal dismissed sub nom. Tiede v. Martinez,* No. 21-50234, 2021 WL 4301278 (5th Cir. Aug. 26, 2021).

## V.     CONCLUSION

41.     For the reasons stated herein, Plaintiff has failed to state any claim upon which relief can be granted against Defendant Martinez. Accordingly, Martinez is entitled to dismissal of Plaintiff's claims against him as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendants Arnoldo Martinez and Andrew Rada request the Court grant their motion and enter an order dismissing Plaintiff's claim against them and grant all other relief to which these Defendants are entitled.

Date: September 20, 2024.

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST
ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, &
REAL ESTATE DIVISIONS

By:     */s/ Gregory Burnett*
        **GREGORY BURNETT**
        Assistant County Attorney
        ATTORNEY-IN-CHARGE
        State Bar No. 24057785
        Fed. Bar No. 3785139
        Tel: (713) 274-5224 (direct)
        gregory.burnett@harriscountytx.gov
        **CHARLES DAVID SHAW, JR.**
        Assistant County Attorney
        ATTORNEY TO BE NOTICED
        State Bar No. 24085951
        Fed. Bar No. 3193599
        Tel.: (713) 274-3068 (direct)
        charles.shaw@harriscountytx.gov

        OFFICE OF THE HARRIS COUNTY ATTORNEY
        1019 Congress Street
        Houston, Texas 77002
        **ATTORNEYS FOR ARNOLDO MARTINEZ
        AND ANDREW RADA**

## **CERTIFICATE OF SERVICE**

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached was filed with the clerk of the court using CM/ECF system, which will send electronic notification for those listed of record who receive electronically filed documents.

*/s/ Gregory Burnett*
GREGORY BURNETT