UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MIKAYLA CHEYENNE SAVAGE, § <br>     Plaintiff, § <br> § <br> v. § <br> § <br> HARRIS COUNTY, TEXAS; SHERIFF ED § <br> GONZALES, in his official capacity; § <br> DETENTION OFFICER ARNOLDO § <br> MARTINEZ, in his individual capacity; § <br> DETENTION OFFICER ANDREW RADA, § <br> in his individual capacity; DETENTION § <br> ADMINISTRATIVE OPERATIONS § <br> OFFICER DANIKA MATHEWS, in her § <br> individual capacity; DETENTION OFFICER§ <br> OZALYNN LOZANO, in his individual § <br> capacity; DETENTION OFFICER § <br> TRUCELL LAGARDE, in her individual § <br> capacity; DETENTION OFFICER TAYLOR§ <br> HODGES, in his individual capacity; § <br> DETENTION OFFICER GLORIA § <br> EZEOKE, in her individual capacity; LAW § <br> ENFORCEMENT OFFICER MICHAEL § <br> THOMAS, in his individual capacity; LAW § <br> ENFORCEMENT OFFICER LAKISHA § <br> CHEATHAM, in her individual capacity; § <br> and DETENTION OFFICER MARILYN § <br> JOHN, her individual capacity § <br> individual capacities. § <br>     Defendants. § | Civil Action No.: 4:24-cv-00666 |

**DEFENDANT TAYLOR HODGES'S**
**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**
**AND MOTION TO STAY**

TO THE HONORABLE JUDGE OF SAID COURT:

    Defendant Taylor Hodges (hereafter "Hodges") files this Motion to Dismiss Plaintiff's Amended Complaint (DE #52), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In support of said motion and motion to stay, Defendant Hodges would respectfully show the Court as follows:

## TABLE OF CONTENTS

I.    Statement Of The Nature and Stage of Proceedings ............................................................. 1

II.    Statement of Issues and Strandard of Review ....................................................................... 1

    A.    Statement of Issues. ...................................................................................................... 1
    B.    Standard of Review. ..................................................................................................... 1

III.    Summary of the Argument ....................................................................................................... 3

V.    Argument and Authorities ....................................................................................................... 4

    C.    Statute of Limitations .................................................................................................. 4
    D.    Conditions of Confinement Claim. ............................................................................. 6
    E.    Qualified Immunity ..................................................................................................... 8

VI.    Conclusion ............................................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

Cases

*Adames v. Perez*,
   331 F.3d 508 (5th Cir. 2003) ................................................................................................ 7
*Anderson v. Creighton*,
   483 U.S. 635 ........................................................................................................................ 8
*Anderson v. Dallas Cnty., Tex.*,
   286 F. App'x 850 (5th Cir. 2008) ........................................................................................ 7
*Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*,
   300 F.3d 620 (5th Cir. 2001) ................................................................................................ 3
*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................................... 2, 3, 9

*Balle v. Nueces Co.*,
  952 F.3d 552 (5th Cir. 2017) .................................................................................................. 5
*Beckwith v. City of Houston*,
  790 Fed. Appx. 568 (5th Cir. 2019) ....................................................................................... 4
*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................ 2, 3
*Bell*,
  441 U.S. ................................................................................................................................... 6
*Blackburn v. City of Marshall*,
  42 F.3d 925 (5th Cir. 1995) .................................................................................................... 3
*Butz v. Economou*,
  438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978) .......................................................... 8
*Carswell v. Camp*,
  54 F.4th 307 (5th Cir. 2022) ............................................................................................. 9, 11
*Clark v. Thompson*,
  850 F.Appx. 203 (5th Cir. 2021) ............................................................................................ 5
*Darden.*,
  880 F.3d .................................................................................................................................. 9
*Domino v. Tex. Dep't of Crim. Justice*,
  239 F.3d 752 (5th Cir. 2001) .................................................................................................. 7
*Farmer*,
  511 U.S. ................................................................................................................................... 7
*Fernandez-Montes v. Allied Pilots Ass'n.*,
  987 F.2d 278 (5th Cir. 1993) .................................................................................................. 3
*First Emergency Order Regarding Covid*,
  596 S.W.3d 265 (Tex. 2020) .................................................................................................. 5
*Gobert v. Caldwell*,
  463 F.3d 339 (5th Cir. 2006) .................................................................................................. 7
*Groh v. Ramirez*,
  540 U.S. 551, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004) .................................................... 8
*Hale v. King*,
  642 F.3d 492 (5th Cir. 2011) .................................................................................................. 3
*Hamilton v. Lyons*,
  74 F.3d 99 (5th Cir. 1996) ...................................................................................................... 6
*Hare v. City of Corinth, Miss.*,
  74 F.3d 633 (5th Cir. 1996) .................................................................................................... 6
*Harlow v. Fitzgerald*,
  457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) ........................................................ 8
*Hunter v. Bryant*,
  502 U.S. 224 (1991) ................................................................................................................ 8
*Jackson v. Cain*,
  864 F.2d 1235 (5th Cir. 1989) ................................................................................................ 7
*Jackson v. Procunier*,
  789 F.2d 307 (5th Cir. 1986) .................................................................................................. 2
*Jacobsen v. Osborne*,
  133 F.3d 315 (5th Cir. 1998) .................................................................................................. 5

*Leal v. McHugh*,
    731 F.3d 405 (5th Cir. 2013) ................................................................................................ 2
*Mitchell v. Forsyth*,
    472 U.S. 511 (1985) .............................................................................................................. 8
*Montoya v. FedEx Ground Package Sys., Inc.*,
    614 F.3d 145 (5th Cir. 2010) ................................................................................................ 2
*Morin v. Caire*,
    77 F.3d 116 (5th Cir. 1996) .................................................................................................. 2
*Nagle v. Gusman*,
    No. 12-1910, 2016 WL 768588 (E.D. La. Feb. 26, 2016) .................................................... 6
*Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*,
    506 U.S. 139 (1993) .............................................................................................................. 9
*Ramming*,
    281 F.3d ................................................................................................................................ 1
*Reed*,
    795 F.3d ................................................................................................................................ 6
*Scott v. Moore*,
    114 F.3d 51 (5th Cir. 1997) .............................................................................................. 6, 7
*Shaw v. Villanueva*,
    918 F.3d 414 (5th Cir. 2019) ................................................................................................ 3
*Taylor v. Books A Million, Inc.*,
    296 F.3d 376 (5th Cir. 2002) ............................................................................................ 2, 3
*Tiede v. Salazar*,
    518 F. Supp. 3d 955 (W.D. Tex. 2021) ................................................................................. 9
*U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.*,
    336 F.3d 375 (5th Cir. 2003) ................................................................................................ 2
*United States ex rel. Steury v. Cardinal Health Inc.*,
    735 F.3d 202 (5th Cir. 2013) ................................................................................................ 7
*Waters v. City of Hearne*,
    629 F.App'x. 606 (5th Cir. 2015) ......................................................................................... 5
*Williams v. Hampton*,
    797 F.3d 276 (5th Cir. 2015) ................................................................................................ 7
*Winzer v. Kaufman Co.*,
    916 F.3d 464 (5th Cir. 2019) ................................................................................................ 5

Statutes

42 U.S.C. Section 1983 ............................................................................................................ 1, 4, 5
Tex. Gov't Code §22.0035 ............................................................................................................. 5

Rules

Fed. R. Civ. P. 8(a)(2) ..................................................................................................................... 2
Fed. R. Civ. P. 15 ............................................................................................................................ 5
Rule 12(b)(6) of the Federal Rules of Civil Procedure ....................................................... i, 1, 2, 3

I. STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

1. This lawsuit stems from allegations of physical, mental, and emotional abuse inflicted on Mikayla Savage ("Savage" or "Plaintiff") by inmates at the Harris County Jail and by Harris County Jail Detention Officers while she was detained at the Harris County Jail on or about June 2, 2022, through September 1, 2022. Savage brings this 42 U.S.C. Section 1983 claim against Hodges alleging she violated her Fourteenth Amendment right to the U.S. Constitution as a condition of confinement claim (Claim VII).

2. Savage filed this lawsuit in federal court on February 26, 2024 [DE #1]. Savage filed her amended complaint on September 5, 2024 [DE #52].

3. Defendant Hodge now respectfully moves this Court to dismiss Plaintiff's claims against her.

II. STATEMENT OF ISSUES AND STANDARD OF REVIEW

A. **Statement of Issues.**

4. The issue to be ruled upon by the Court regarding Hodges are:

    (a) Whether the claims against Hodges are barred by limitations?
    (b) Whether Plaintiff has stated a claim upon which relief can be granted against Hodges?
    (c) Whether Hodges is entitled to qualified immunity?

B. **Standard of Review.**

5. **Rule 12(b)(6).** If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); *see also Ramming*, 281 F.3d at 161 (a Rule 12(b)(6) motion is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim"). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the complaint and must be evaluated solely on the basis of

1

the pleadings. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft,* 556 U.S. at 678-679. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

6. Surviving a motion to dismiss, therefore, requires more than hinting at "a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*.

7. "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (internal citation omitted). However,

2

courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *See Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("plaintiff must allege facts that support the elements of the cause of action in order to make out a valid claim").

8. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 544. Thus, dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *See Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)); *see also Hale*, 642 F.3d at 499. Conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *Taylor*, 296 F.3d at 378 (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

### III.     SUMMARY OF THE ARGUMENT

9. Plaintiff fails to state a viable individual capacity claim against Hodges for a constitutional violation. Plaintiff's pleadings are devoid of any facts that are sufficient to state a plausible claim that Hodges had personal knowledge of a substantial risk of serious harm to her and responded with deliberate indifference to that risk. Rather, Plaintiff relies on hearsay and conclusory statements that cannot survive a motion to dismiss. Even if the Plaintiff's pleadings are found to be sufficient, Plaintiff has failed to establish a waiver of qualified immunity. Therefore, Plaintiff's claim against Hodges should be dismissed.

V. ARGUMENT AND AUTHORITIES

C. Statute of Limitations

**10.** Plaintiff's amended complaint which asserts claims against Hodges, one of the newly named defendants, is futile and should be dismissed. In the First Amended Complaint, Plaintiff named—for the first time—Taylor Hodges as a Defendant. Hodges and others replaced 31 John Doe defendants. The claims against Hodges are barred by the statute of limitations and should be dismissed. Plaintiff continues to overreach rather than litigating the case based on the cognizable claims.

11. The statute of limitations for a 42 U.S.C §1983 claim in Texas is two years. *Beckwith v. City of Houston*, 790 Fed. Appx. 568, 572-73 (5th Cir. 2019). Plaintiff correctly alleges she was incarcerated in the jail between June 2, 2022, and September 1, 2022. However, Plaintiff continues to falsely allege the charges against her were dismissed on August 30, 2022, rather than August 31, 2022. DE 50-1 para. 112. The Court may take judicial notice of the correct date of dismissal. Exhibit A. Further, Plaintiff is in possession of information showing that Harris County released her less than eight hours after the jail received the dismissal documentation. So, Plaintiff's wrongful detention claim was utter nonsense and brought in bad faith. Plaintiff is <u>knowingly</u> alleging an incorrect dismissal date.

12  With respect to limitations, Plaintiff does not allege any wrongful conduct by <u>any</u> of the eight new Defendants after August 18, 2022. DE 50-1 para. 103. In fact the last specific event Plaintiff describes occurred on August 22, 2022. DE 50-1 para. 109. But, Plaintiff does not attribute that event to any of the eight new defendants. The date that limitations ran for each individual is two years from the date of the last alleged act or omission attributed to that individual. *Beckwith v. City of Houston*, 790 Fed. Appx. 568, 572-73 (5th Cir. 2019).

13. Plaintiff's claims against Hodges <u>do not</u> relate back to the claims against the John Does. The case law from the 5th Circuit is crystal clear on this issue. Fed. R. Civ. P. 15; *Jacobsen v. Osborne*, 133 F.3d 315, 320-321 (5th Cir. 1998); *Winzer v. Kaufman Co.*, 916 F.3d 464, 470-471 (5th Cir. 2019); *Balle v. Nueces Co.*, 952 F.3d 552, 556-558 (5th Cir. 2017); *Waters v. City of Hearne,* 629 F.App'x. 606, 610 (5th Cir. 2015);*Clark v. Thompson*, 850 F.Appx. 203, 206-207 (5th Cir. 2021). Plaintiff failed to name the eight new defendants prior to the expiration of the statute of limitations for the claims against those defendants.

14. The last act or omission Plaintiff attributes to Hodges occurred on August 18, 2022. DE 50-1 para. 103. The last specific actionable event Plaintiff describes occurred on August 22, 2022. DE 50-1 para. 109. Plaintiff sought leave to amend on August 29, 2024, more than two years after the events attributed to Hodges. These claims are barred.

15. There is no basis to toll the statute of limitations for the claims asserted against the eight new defendants. Tex. Gov't Code §22.0035 covers tolling due to a natural disaster. The state legislature empowered the Texas Supreme Court to toll limitations if necessary. See, e.g., *First Emergency Order Regarding Covid*, 596 S.W.3d 265 (Tex. 2020). In response to Hurricane Beryl, the Texas Supreme Court did <u>not</u> extend the statute of limitations that applies to a §1983 claim. Exhibit B. The Court only extended deadlines for cases in the Justice Courts in a few counties. *Id.* Even if the Hurricane Beryl Emergency Order could be interpreted to extend the applicable statute of limitations, that extension expired on July 26, 2024—over a month before Plaintiff sought leave to file DE 50-1. So, limitations bars Plaintiff's claims.

**D.    Conditions of Confinement Claim.**

16.    An inmate's "challenge to a condition of confinement is a challenge to 'general conditions, practices, rules, or restrictions of pretrial confinement.' " *Reed*, 795 F.3d at 463 (quoting *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 644 (5th Cir. 1996)). Some typical examples of condition-of-confinement cases include challenges to prison overcrowding, mattresses on floors, restrictions on inmate privileges, and disciplinary segregation with limited time out of the cell. See *Scott v. Moore*, 114 F.3d 51, 53 & n.2 (5th Cir. 1997).

17.    Courts deciding the constitutionality of conditions of confinement of pretrial detainees must determine whether the conditions complained of are imposed for the purpose of punishment. *Bell*, 441 U.S. at 538. Courts may find a punitive purpose upon direct proof of an expressed intent by detention facility officers to punish the pretrial detainee for a crime with which the detainee has been charged but not yet convicted. *Id*. In addition, courts may infer a punitive purpose if the challenged condition or restriction is not reasonably related to a legitimate governmental objective. *Id*. at 539; *Hamilton v. Lyons*, 74 F.3d 99, 104 (5th Cir. 1996).

18.    To recover for conditions resulting from policies intentionally creating unconstitutional conditions, whether that intent is actual or presumed, the plaintiff must allege that the conditions complained of were the result of a prison official's act either "implement[ing] a rule or restriction or otherwise demonstrat[ing] the existence of an identifiable intended condition or practice[.]" *Hare*, 74 F.3d at 645. Alternatively, the plaintiff must allege that the "official's acts or omissions were sufficiently extended or pervasive, or otherwise typical of extended or pervasive misconduct by other officials, to prove an intended condition or practice." *Id*. Though not expressly stated, "[t]he Fifth Circuit has at least suggested that condition-of-confinement claims are cognizable against individual actors only in their official capacities." *Nagle v. Gusman*, No. 12-1910, 2016 WL 768588, at *5 (E.D. La. Feb. 26, 2016) (collecting cases).

19. **Episodic Acts or Omissions.** For an episodic-act-or-omission claim, "the complained-of harm is a particular act or omission of one or more officials." *Scott*, 114 F.3d at 53. A plaintiff in an episodic-act-or-omission case "complains first of a particular act of, or omission by, the actor," and may also "point[ ] derivatively to a policy, custom, or rule (or lack thereof) of the municipality that permitted or caused the act or omission." *Id*. To impose liability on a defendant in his individual capacity in an episodic-act-or-omission case, a pretrial detainee must establish that the defendant acted with subjective deliberate indifference. *Id*.

20. A person acts with subjective indifference if (1) "he knows that an inmate faces a substantial risk of serious bodily harm," and (2) "he disregards that risk by failing to take reasonable measures to abate it." *Anderson v. Dallas Cnty., Tex.*, 286 F. App'x 850, 860 (5th Cir. 2008) (citing *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006)). The mental state for subjective deliberate indifference requires that "(1) 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' and (2) 'he must also draw the inference.' " *Williams v. Hampton*, 797 F.3d 276, 281 (5th Cir. 2015) (quoting *Farmer*, 511 U.S. at 837); *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003). Thus, the official is liable when he ignores a danger to an inmate after he has been made fully aware of it. *Jackson v. Cain*, 864 F.2d 1235, 1246-47 (5th Cir. 1989). Subjective deliberate indifference "is an extremely high standard to meet." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

21. Plaintiff fails to allege specific actions committed by Hodges. Plaintiff's "factual allegations must support a claim to relief that is plausible on its face and rises above mere speculation," *United States ex rel. Steury v. Cardinal Health Inc.*, 735 F.3d 202, 204 (5th Cir.2013). Savage's allegations against Hodges related to Count VII are inherently speculative.

7

Therefore, they are insufficient to pass Rule 12(b)(6) scrutiny, much less the heightened pleading standard applicable to qualified immunity cases.

**E.     Qualified Immunity.**

22.     The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982). Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. The protection of qualified immunity applies regardless of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Groh v. Ramirez*, 540 U.S. 551, 567 (2004) (quoting *Butz v. Economou*, 438 U.S. 478, 507 (1978), for the proposition that qualified immunity covers "mere mistakes in judgment, whether the mistake is one of fact or one of law").

23.     Because qualified immunity is "an immunity from suit rather than a mere defense to liability ... it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis deleted). Indeed, we have made clear that the "driving force" behind creation of the qualified immunity doctrine was a desire to ensure that " 'insubstantial claims' against government officials [will] be resolved prior to discovery." *Anderson v. Creighton*, 483 U.S. 635, 640, n. 2 (1987). Accordingly, "we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam).

24.     Thus, taking as true Plaintiff's allegations about Defendant Hodges in her individual capacity, Plaintiff has failed to plead a constitutional violation by Hodge. In the absence of a

constitutional violation, Hodges is entitled to a dismissal based on qualified immunity. *Darden. 880 F.3d at 727; see also, Tiede v. Salazar*, 518 F. Supp. 3d 955, 966–67 (W.D. Tex. 2021), *appeal dismissed sub nom. Tiede v. Martinez,* No. 21-50234, 2021 WL 4301278 (5th Cir. Aug. 26, 2021).

25.     **Motion to Stay**.  Hodges asserts her entitlement to qualified immunity and requests the Court stay all discovery pending resolution of that issue. Immunity is intended to shield the defendant from the burdens of defending the suit.  One of the benefits of an immunity defense is "avoiding the costs and general consequences of subjecting public officials to the risks of discovery." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143-144 (1993). The benefit of avoiding the burden of discovery is lost when Causey is forced to move forward with discovery before his immunity defense has been resolved.  *See Id.* at 145; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684-86 (2009) (recognizing "serious and legitimate reasons" for the basic thrust of qualified immunity—to free government officials from the concerns of litigation, including disruptive discovery, and noting that permitting discovery to proceed as to other governmental officials would prejudice Hodges who has asserted qualified immunity). Because Hodges has raised qualified immunity, discovery cannot be permitted against the other immunity-asserting defendants before this Court rules on the pending motion to dismiss. *See Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022). Hodges therefore, respectfully moves this Court to stay all discovery until his assertion of immunity is resolved.

## VI. CONCLUSION

26. For the reasons stated herein, Plaintiff has failed to state any claim upon which relief can be granted against Defendant Hodges. Accordingly, Hodges is entitled to dismissal of Plaintiff's claims against her as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant TAYLOR HODGES requests the Court grant her motion and enter an order dismissing Plaintiff's claim against her and grant all other relief to which this Defendant is entitled.

Date: October 2, 2024

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, & REAL ESTATE DIVISIONS

Respectfully submitted,

By: */s/ James C. Butt*
**JAMES C. BUTT**
Sr. Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 24040354
Fed. Bar No. 725423
Phone: (713) 274-5133 (direct)
james.butt@harriscountytx.gov
**VERONICA L. JONES**
Assistant County Attorney
ATTORNEY TO BE NOTICED
State Bar No. 24097902
Federal ID No. 3639763
Tel: (713) 274-5181 (direct)
Veronica.Jones@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
Harris County Attorney's Office
1019 Congress
Houston, Texas 77002
**ATTORNEYS FOR DEFENDANT
TAYLOR HODGES**

## **CERTIFICATE OF CONFERENCE**

I certify that, on October 1, 2024 I conferred via email with counsel for Plaintiff on the proposed stay. Because Plaintiff's counsel sought authority for this proposed stay, I provided the cite for *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022) on October 2, 2024. It is assumed the stay is opposed.

*/s/ Jim Butt*
Jim Butt

## **CERTIFICATE OF SERVICE**

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached was filed with the clerk of the court using CM/ECF system, which will send electronic notification for those listed of record who receive electronically filed documents.

*/s/ Jim Butt*
Jim Butt

11