IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIKAYLA CHEYENNE SAVAGE, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 4:24-cv-00666 |
| HARRIS COUNTY, TEXAS; SHERIFF ED GONZALES, in his official capacity; DETENTION OFFICER ARNOLDO MARTINEZ, in his individual capacity; DETENTION OFFICER ANDREW RADA, in his individual capacity; DETENTION OFFICER DANIKA MATHEWS, in her individual capacity; DETENTION OFFICER OZALYNN LOZANO, in his individual capacity; DETENTION OFFICER TRUCELL LAGARDE, in her individual capacity; DETENTION OFFICER TAYLOR HODGES, in his individual capacity; DETENTION OFFICER GLORIA EZEOKE, in her individual capacity; LAW ENFORCEMENT OFFICER MICHAEL THOMAS, in his individual capacity; LAW ENFORCEMENT OFFICER LAKISHA CHEATHAM, in her individual capacity; and DETENTION OFFICER MARILYN JOHN, in her individual capacity; | § § § § § § § § § § § § § § § § § § § § § § | JURY DEMANDED |
| *Defendants.* | § § § | |

**DEFENDANTS HARRIS COUNTY AND SHERIFF ED GONZALEZ'S
REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

TO THE HONORABLE JUDGE ELLISON:

    Defendants Harris County and Sheriff Ed Gonzalez (Defendants or Movants) file this reply to Docket Entry (DE) 60, Plaintiff's response to the Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), and show the Court the following:

1

1.      **Procedural Status.** Plaintiff sought leave to file an amended complaint on August 29, 2024. DE 50. The Court filed the First Amended Complaint (DE 52) on September 6, 2024—before the date docketed for Defendants' response to the Motion for Leave. Defendants filed the Motion to Dismiss (DE 56) on September 20, 2024. Defendant's Motion to Dismiss timely challenges Plaintiff's First Amended Complaint based on the procedural posture of the case and addresses all claims asserted against the Movants. The motion to dismiss is effectively also a motion for rehearing on the Motion for Leave to Amend to the extent such a pleading is necessary.

2.      **Insufficient Allegations.** Plaintiff missed the mark in her Response to Defendants' Motion to Dismiss. Plaintiff mistakenly values the quantity of her allegations over the quality of her allegations. The content of the allegations is the key. The number of allegations is meaningless. Plaintiff must allege facts that show a 42 U.S.C. 1983 claim against the Movants is <u>plausible</u>, not merely possible. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978) and *Ashcroft v. Iqbal*, 566 U.S. 662, 663 (2009). Consequently, <u>all</u> the claims against Movants (Counts III, VI, VIII, and IX) fail.

3.      In order to evaluate whether Plaintiff's claim is "plausible", the Court must consider the allegations in light of facts available to the Court. So, the Court is allowed to consider the Centers for Disease Control's (CDC) published U.S. death rate in 2022 was 832.8 deaths per 100,000 standard population. Further, the Court is allowed to extrapolate that the 2022 death rate for a population of 10,000 is 83. *Whitaker v. Collier*, 862 F.3d 490, 496 n. 10 (5th Cir. 2017), *Taylor v. Charter Medical Corp.*, 163 F.3d 827, 830 (5th Cir. 1998), and Fed. R. Evid. 201.

4.      The Court is clearly allowed (and required) to view Plaintiff's factual allegations through the prism of reality. Plausibility cannot be evaluated in a vacuum. Plaintiff pleads several statistics without context. Without pleading the context of those statistics, Plaintiff's factual allegations are

meaningless and fail to meet the pleading burden. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and Fed. R. Civ. P. 12(b)(6).

5. For example, in this case, Plaintiff asserts that 28 deaths out of a population of 10,000 in the Harris County Jail in 2022 put Movants on notice that violence in the jail was so pervasive it violated the Constitution. And, therefore, Harris County and Sheriff Gonzalez are liable under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978).

6. However, Plaintiff fails to allege the cause of each of the 28 deaths (e.g. accident, natural causes, drug overdose, medical issue, etc.), the circumstances surrounding each of the deaths, or explain how the 28 deaths are similar to Plaintiff's claims so that Defendants were aware of the issues Plaintiff raised in her suit. *Martinez v. Nueces Co.*, 71 F.4th 385, 389 (5th Cir. 2023).

7. When put in context, the only "reasonable inference" the Court can draw from Plaintiff's allegations is that the death rate in the Harris County Jail in 2022 was far below the national average. Inmates are roughly three times more likely to die at home than in the jail. Plaintiff's statistical allegations are insufficient because the statistics, when placed in context, do not show they are similar to Plaintiff's claims or that there was a statistical anomaly that shows the jail is dangerous. Further, Plaintiff does not account for the effect of COVID 19 on deaths in the jail.

8. **Similar Incidents.** Plaintiff fails to allege much in the way of specific similar prior incidents. Plaintiff's allegations are primarily generalizations. The few specific instances Plaintiff alleges are not even similar to Plaintiff's claims. Plaintiff improperly attempts to tie disparate events together to show a pattern. This is impermissible. Plaintiff's allegations of a pattern must not only be specific and sufficiently numerous, but they must also be similar incidents. *Martinez v. Nueces Co.*, 71 F.4th 385, 389 (5th Cir. 2023). Plaintiff cannot simply rely on prior bad acts.

She must allege a pattern of <u>similar</u> violations. *Id.* This applies to all claims Plaintiff asserts—living conditions, failure to train, failure to protect, excessive force, solitary confinement, etc.

9. Plaintiff relies on <u>allegations</u> in other legal proceedings and news articles regarding use of force, assaults, and living conditions. At best, Plaintiff alleges someone else alleged something similar to Plaintiff. That is insufficient. Plaintiff must plead <u>facts</u>. *Iqbal* at 678. The allegations in other legal proceedings or articles are not sufficient to defeat a 12(b)(6) motion. The Court may not consider factual <u>allegations</u> outside of the complaint. *Dorsey v. Portfolio Equities, Inc.* 540 F.3d 333, 338 (5th Cir. 2008); *Hernandez v. Baylor University*, 274 F.Supp.3d 602, 609 (W.D. Tex. 2017). *See also* Fed. R. Evid. 201.

10. **Conclusory.** Plaintiff's allegations are also conclusory. For example, Plaintiff alleges a bed bug infestation, inappropriate air circulation, and the presence of feces and blood. She does not explain how she concluded there was a bed bug infestation, inappropriate air circulation, or the presence of feces and blood. She does not allege she suffered bites from bed bugs. She does not allege she witnessed blood and feces being applied to the ceiling or a blanket. Plaintiff does not allege she measured the temperature in the jail. (Plaintiff did allege she was pregnant. The Court can take judicial notice that pregnant women frequently suffer from hot flashes due to hormonal changes.) Her allegations about living conditions are conclusions with no supporting facts.

11. The same is true of her allegations regarding the failure to train, uses of force, and assaults. There are no specific allegations of how particular officers were not trained correctly. The use of force in a jail does not violate the Constitution per se. In fact, law enforcement officers frequently use force consistent with the Constitution and the law. And Plaintiff pleads no specific facts that

show other instances involving the use of force or other assaults were due to or resulted in a constitutional violation.

12. **Movants' Reaction.** Plaintiff's own allegations regarding living conditions show that complaints were rectified. Movants liability is not plausible under the alleged facts because Plaintiff alleges Movants rectified each reported issue. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This is the exact opposite of what Plaintiff should plead under *Monell*. Further, she does not identify any injury or damages from the alleged substandard living conditions. DE 52.

13. Plaintiff repeatedly refers to instances where HCSO employees were disciplined or indicted. These allegations, taken as true, bar *Monell* liability. Plaintiff's allegations show the Defendants punish misconduct. To accept these allegations as sufficient for *Monell* liability turns *Monell* on its head. See, e.g., *Peterson v. City of Fort Worth*, 588 F.3d 838, 850 (5th Cir. 2009). Failure to discipline might trigger *Monell* liability if the policymaker is aware of the misconduct. But disciplining misconduct cannot be a basis for the County's liability.

14. As to failure to protect and excessive force, Plaintiff's own allegations show she was moved to various housing units while in custody. She eventually ended up in a cell alone. Given Plaintiff's request to be housed alone, the alleged history of assaults and her alleged medical and mental health issues, the only "reasonable inference" that can be drawn from her allegations is that Plaintiff should have been housed in a unit with limited contact with other inmates and where she could be closely monitored. I.e. protected. That is exactly what happened in this case. In fact, Plaintiff admits that Harris County Sheriff's Office (HCSO) staff <u>prevented</u> her suicide while she was under close supervision. Plaintiff's conclusory allegations regarding the effects of solitary confinement are insufficient. Plaintiff cannot diagnose herself, nor does she allege those conclusions came from a qualified medical provider.

5

15. **Policymaker.** Plaintiff alleges Sheriff Gonzalez is the final policymaker for Harris County. DE 52 para. 1750, 129, and 146. Plaintiff does not identify any policymaker other than Sheriff Gonzalez. Consequently, Plaintiff's allegation is that Sheriff Gonzalez is responsible for or had notice of every incident referenced in the complaint. *See* DE 52, para. 17, 50, 129, and 146.

16. The Sheriff of Harris County is an individual. Not an elected body. So, when Plaintiff refers to Sheriff Gonzalez as the policymaker, that puts Sheriff Gonzalez's policies at issue. Plaintiff then proceeds to refer to incidents that occurred before Sheriff Gonzalez was ever elected. Many incidents pre-date Sheriff Gonzalez by years. Sheriff Gonzalez's policymaking authority cannot pre-date his election. Further, Plaintiff failed to make any factual allegations regarding Sheriff Gonzalez's knowledge of incidents that occurred prior to his election. Consequently, any allegations relating to incidents before Sheriff Gonzalez' election do not implicate *Monell* liability.

17. **Statute of Limitations.** A Fed. R. Civ. P. 12(b)(6) motion allows a Defendant to seek dismissal of claims that are not plausible. *Ashcroft v. Iqbal*, 566 U.S. 662, 663 (2009). Defendants are allowed to challenge any claim claims that are barred by limitations. Allowing barred claims is detrimental to Movants. Additional Defendants would increase the discovery burden, for example.

18. Plaintiff asserted claims against eight new Defendants that are barred by limitations. Plaintiff was aware that Movants only agreed to extend the deadline to amend pleadings in the scheduling order. Exhibit A. Although not necessary, Defendants explicitly retained the right to challenge or object to the First Amended Complaint on other grounds. *Id.* At least one of Plaintiff's five attorneys of record must be familiar with the rule prohibiting relation back of pleadings set forth in *Jacobsen v. Osborne*, 133 F.3d 315, 320-322 (5th Cir. 1998) and *Winzer v. Kaufman*, 916 F.3d 464, 470-471 (5th Cir. 2019). Plaintiff had no good faith basis to believe limitations were

tolled for claims against <u>unidentified and unrepresented non-parties</u>. That assertion defies common sense. DE 60 pg. 14. Defendants lack of opposition Plaintiff's request to extend the deadline to amend pleadings cannot preclude a current or future defendant from challenging the amended pleading based on any other basis.

19. **Tolling.** The Court made no finding that the Plaintiff's complied with the Statute of Limitations or that tolling applied to this case. The Court (before Defendants' deadline to respond to the Motion for Leave) ordered the filing of the First Amended Complaint without addressing the statute of limitations or tolling. It appears the Court based the decision solely on the timeliness of the motion per the extended deadline in the scheduling order. DE 51.

20. Texas state law governs tolling because the statute of limitations for this case comes from Texas state law. Plaintiff failed to cite (or attempt to distinguish) the binding statutory authority and case law showing Texas law does not allow tolling under these facts. *See* Tex. Civ. Prac. & Rem. Code §16.001, Tex. Gov't Code §22.0035, *Misc. Docket No. 24-9042*, (Tex. 2024) and *Gonzales v. Wyatt*, 157 F.3 1016, 1020 (5th Cir. 1998).

21. There is no tolling where detainee was not under a disability <u>when the cause of action accrued</u>. *Bagley v. Montgomery Co.*, 516 F.Supp.3d 688, 690-692 (S.D. Tex. 2021). Plaintiff's claims against the individual defendants accrued no later than August 22, 2022. Plaintiff makes no allegations she was under a legal disability at the time the causes of action accrued.

22. The State of Texas did not toll limitations for Plaintiff's claim due to Hurricane Beryl. *See* Tex. Gov't Code §22.0035 and *Misc. Docket No. 24-9042*, (Tex. 2024). . And the State of Texas did not extend any deadline beyond July 26, 2024. *Id*.

23. Plaintiff's incarceration did not toll limitations. *See* Tex. Civ. Prac. & Rem. Code §16.001 (defining disability) and *Gonzales v. Wyatt*, 157 F.3 1016, 1020 (5th Cir. 1998) (imprisonment

does not toll limitations citing Tex. Civ. Prac. & Rem. Code §16.001). *See also Hernandez v. Lubbock Police Dept.*, 2019 WL 1243906 *3 (N.D. Tex. 2019), (citing *Gonzales v. Wyatt* and holding detention and incarceration do not toll limitations).

24. In addition, even if Plaintiff were suffering a legal disability, tolling would not apply in this case. At the time of the alleged legal disability, Plaintiff was represented by five attorneys and four of those attorneys were not in cities affected by Hurricane Beryl. Further, Plaintiff had already filed suit and was actively litigating the case.

25. If the Court did grant Plaintiff equitable tolling, then the Movants request reconsideration of that decision given the law cited above and, in the Motion, to Dismiss and because Movants were not given the opportunity to respond to the Motion for Leave to Amend. Further, given the requirement that the Court use Texas law to evaluate tolling and Texas' statutory scheme, it appears there is no "equitable" tolling in Texas at all. Tolling is a function of law in Texas, not equity. *I.e.* Tex. Gov't Code §22.0035 and Tex. Civ. Prac. & Rem. Code §16.001.

26. **Discovery.** In DE 60 pg. 6, Plaintiff claims no discovery has been conducted in this case. Defendant served Rule 26 Disclosures, Responses to 54 Interrogatories (despite the Court only allowing 50 and not counting the "requests for production" that were phrased as Interrogatories), and Responses to Requests for Production. In all, Plaintiff received over 3100 bates stamped documents, including recordings, photographs of officers, officer work schedules and assignments, disciplinary files, training records, medical records, incident reports, policies, etc. That is substantial discovery.

## CONCLUSION

27. In short, Plaintiff's claims for *Monell* liability fail because Plaintiff confuses her allegations against the individual Defendants with allegations of municipal liability. Plaintiff's own

8

allegations regarding the numbers of deaths, disciplinary actions, lawsuits, etc., if true, actually vitiate her *Monell* claim. Plaintiff also confuses her reference to allegations in other legal proceedings and articles with factual allegations. Plaintiff's complaint as to the Movants is insufficient under Fed. R. Civ. P. 12(b)(6) and should be dismissed with prejudice.

Date: October 18, 2024.

                Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY
**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT
**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, & REAL ESTATE DIVISIONS
Respectfully submitted,

By: */s/ Frank Ford*
**FRANK FORD**
Senior Assistant County Attorney
ATTORNEY-IN-CHARGE
Federal ID No. 565385
State Bar No. 24012642
Tel: (832) 570-7582 (direct)
frank.ford@harriscountytx.gov
**RACHEL FRASER**
Senior Assistant County Attorney
ATTORNEY TO BE NOTICED
State Bar No. 24079725
Fed Bar No. 4067195
Tel: (713) 274-5383 (direct)
rachel.fraser@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress
Houston, Texas 77002
**ATTORNEYS FOR DEFENDANTS HARRIS COUNTY AND SHERIFF ED GONZALEZ**

# CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following:

Karley T. Buckley
DLA Piper LLP (US) Texas
Bar No. 24123596
845 Texas Avenue, Suite 3800
Houston, Texas 77002
(713) 425-8421
karley.buckley@us.dlapiper.com

David H. Bamberger
DLA Piper LLP (US)
DC Bar #362285*
500 Eighth Street, NW
Washington, DC 20004
(202) 799-4500
david.bamberger@us.dlapiper.com

Gregory Burnett
State Bar No. 24057785
Fed. Bar No. 3785139
Tel: (713) 274-5224 (direct)
gregory.burnett@harriscountytx.gov
Charles David Shaw, Jr.
State Bar No. 24085951
Fed. Bar No. 3193599
Tel.: (713) 274-3068 (direct)
charles.shaw@harriscountytx.gov
Office of the Harris County Attorney
1019 Congress
Houston, Texas 77002

Miriam R. Nemeth (DC Bar #1028529)*
D Dangaran (BBO #708195)*
RIGHTS BEHIND BARS
416 Florida Avenue, NW #26152
Washington, D.C. 20001
(202) 455-4399
miriam@rightsbehindbars.org
d@rightsbehindbars.org

John C. Canoni
DLA Piper LLP (US)
Texas Bar No. 24117335*
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
(214) 743-4500
john.canoni@us.dlapiper.com

James C. Butt
State Bar No. 24040354
Phone: (713) 274-5133 (direct)
james.butt@harriscountytx.gov
Office of the Harris County Attorney
1019 Congress
Houston, Texas 77002

*/s/ Frank Ford*
FRANK FORD