UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MIKAYLA CHEYENNE SAVAGE, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> HARRIS COUNTY, TEXAS; SHERIFF ED § <br> GONZALES, in his official capacity; § <br> DETENTION OFFICER ARNOLDO § <br> MARTINEZ, in his individual capacity; § <br> DETENTION OFFICER ANDREW RADA, § <br> in his individual capacity; DETENTION § <br> ADMINISTRATIVE OPERATIONS § <br> OFFICER DANIKA MATHEWS, in her § <br> individual capacity; DETENTION OFFICER§ <br> OZALYNN LOZANO, in his individual § <br> capacity; DETENTION OFFICER § <br> TRUCELL LAGARDE, in her individual § <br> capacity; DETENTION OFFICER TAYLOR§ <br> HODGES, in his individual capacity; § <br> DETENTION OFFICER GLORIA § <br> EZEOKE, in her individual capacity; LAW § <br> ENFORCEMENT OFFICER MICHAEL § <br> THOMAS, in his individual capacity; LAW § <br> ENFORCEMENT OFFICER LAKISHA § <br> CHEATHAM, in her individual capacity; § <br> and DETENTION OFFICER MARILYN § <br> JOHN, her individual capacity § <br> individual capacities. § <br>     Defendants. § | Civil Action No.: 4:24-cv-00666 |

### DEFENDANTS ARNOLDO MARTINEZ AND ANDREW RADA'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendants Arnoldo Martinez (hereafter "Martinez") and Andrew Rada (hereafter "Rada") file this Reply in Support of their Motion to Dismiss Plaintiff's Amended Complaint. In support of said motion, Defendants Martinez and Rada would respectfully show the Court as follows:

# I. ARGUMENTS AND AUTHORITIES

1. Savage fails to plead facts that are sufficient to permit a reasonable inference that her constitutional rights were violated by Martinez or Rada. The allegations as pled by Savage are speculative, conclusory, and unsupported by plausible facts. Thus, Martinez and Rada are entitled to qualified immunity.

## A. Excessive Force Claim.

2. "To succeed on an excessive force claim, a plaintiff bears the burden of showing (1) an injury (2) which resulted directly and only from the use of force that was excessive to the need and (3) the force used was objectively unreasonable." *Glenn*, 242 F.3d at 314. Officials are justified in using some degree of force "in a good-faith effort to maintain or restore discipline" where a prisoner refuses to cooperate with legitimate directives of an official. *Gonzales v. Rowe*, No. 5:20-CV-052-BQ, 2020 WL 4811005, at *3 (N.D. Tex. July 27, 2020) (finding "some degree of force" by officers was justified where inmate "refus[ed] to comply with the Officers' repeated orders to lie on the cell's floor" because "[d]isobeying orders poses a threat to the order and security of an institution") (citing *Minix v. Blevins*, No. 6:06-CV-306, 2007 WL 1217883, at *24 (E.D. Tex. Apr. 23, 2007)) (recognizing that even where prisoner believes an order to be unjustified or improper, such belief does not give him the right to disobey at his whim); *Calhoun v. Wyatt*, No. 6:11-CV-4, 2013 WL 1882367, at *6 (E.D. Tex. May 2, 2013) (noting that inmate's *511 refusal to obey orders "set the stage for the use of force"); *Rios v. McBain*, No. 5:04-CV-84, 2005 WL 1026192, at *7 (E.D. Tex. Apr. 28, 2005) (noting that "open defiance of orders plainly poses a threat to the security of the institution, regardless of whether or not the defiance is emanating from within a locked cell"), *R. & R.* adopted by 2005 WL 1026192 (E.D. Tex. Apr. 28, 2005).

3. To defeat qualified immunity and prevail on a claim under the Fourteenth Amendment a prisoner must show that force was "purposely or knowingly used against him" in a manner that

was "objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 397, 135 S.Ct. 2466, 192 L.Ed.2d 416 (2015) (clarifying that "the appropriate standard for a pretrial detainee's excessive force claim is solely an objective one"); see also *Thompson v. Beasley*, 309 F.R.D. 236, 246–47 (N.D. Miss. 2015) (calling into question pre-*Kingsley* precedent from the Fifth Circuit) (citations omitted). A pretrial detainee can prevail only if he shows that the defendants applied force in a manner that was not "rationally related to a legitimate nonpunitive governmental purpose" or that the actions were "excessive in relation to that purpose." *Kingsley*, 576 U.S. at 397, 135 S.Ct. 2466 (quoting *Bell v. Wolfish*, 441 U.S. 520, 540, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)).

4. The Supreme Court has observed that "[e]nsuring security and order at [an] institution is a permissible nonpunitive objective, whether the facility houses pretrial detainees, convicted inmates, or both." *Bell*, 441 U.S. at 561, 99 S.Ct. 1861.

5. **Officer Martinez.** For the June 6 or 7, 2022 incident, Savage fails to allege plausible facts that Martinez purposely or knowingly used force against her for a nonpunitive objective in a manner that was objectively unreasonable. Savage instead asserts that Martinez singled her out for no apparent reason and proceeded to shove her into a wall. Further, Savage makes no assertion that she informed jail staff of an injury from being shoved into the wall. Instead, Savage makes a speculative, conclusory statement that she suffered a miscarriage due to being shoved into the wall. Savage alleges she was informed by hospital staff on or around June 17 that her miscarriage had occurred within the prior two weeks. (Doc. #52, ¶ 74). Savage attributes the miscarriage to being thrown up against the wall. Savage has pled no plausible facts to show that Martinez was the cause of her alleged miscarriage that occurred within this two-week period. Savage's allegations are simply conclusory. Savage has failed to state a claim against Martinez for a violation of her Fourteenth Amendment rights.

6.      For the additional assault alleged against Martinez, Savage fails to state an exact date that this second assault allegedly occurred. Savage only alleges that this second assault occurred within a day or two of a gang rape that occurred on July 12th. (Doc. #52, ¶¶ 89, 90). Savage alleges Martinez watched her be assaulted by prisoners in her housing unit. Savage alleges it took her some time to get off the floor, where her assailants had left her. (Doc. #52, ¶ 91). Savage alleges that Martinez then decided to step in and continued the assault against her, yelling to stand up. Savage alleges Martinez yanked her off the floor, handcuffed her, and pushed her against the wall, before dragging her into a holding cell. *Id.* Savage alleges Martinez shoved his knee into her back in a way that forced her knees into the metal bars on the bed in the cell and bit her on her back. *Id*. Again, Savage fails to allege plausible facts that Martinez purposely or knowingly used force against her for a nonpunitive objective in a manner that was objectively unreasonable. Therefore, Martinez is entitled to qualified immunity and the claim for excessive force against Martinez should be dismissed.

7.      **Officer Rada**. For the June 6 or 7, 2022 incident, Savage fails to allege facts that Rada used force on her. Savage alleges Rada told Martinez to grab her. (Doc. #52, ¶ 69). This lone allegation does not state a claim because there is no allegation that Rada failed to act. There are also no allegations that would demonstrate that Rada subjectively intended Savage to be harmed by telling Martinez to "grab her". Taking Savage's pleading as true, Savage has failed to plead facts that support her claim that Rada used excessive force against her. Therefore, Savage's claim for excessive force against Rada should be dismissed.

**B.      Retaliation Claim.**

8.      Savage alleges Martinez retaliated by assaulting her, handcuffing her, biting her in the back, and telling her, "Now bitch, tell your mama I did that!" (Doc. #52, ¶¶ 91, 135). Savage's

retaliatory claim against Martinez is merely conclusory and unsupported by sufficient plausible facts.

9. Some acts, though maybe motivated by retaliatory intent, are so de minimis that they would not deter the ordinary person from further exercise of his rights. Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim. *Morris v. Powell*, 449 F.3d 682, 684-86 (5th Cir. 2006). "Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Id*. at 686. Because Martinez was responding to an assaultive incident involving Savage and another inmate, his actions if any were for a nonpunitive objective. Savage has not pled facts to show that Martinez would not have taken the action that he took absent the alleged retaliatory motive. Savage's retaliation claim against Martinez should be dismissed.

**C. Failure to Protect Claim.**

10. It is well established that prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates. See *Farmer v. Brennan*, 511 U.S. 825, 832–33, 114 S.Ct. 1970, 1976–77, 128 L.Ed.2d 811 (1994). Under *Farmer*, an inmate "must show that he is incarcerated under conditions posing a substantial risk of serious harm" and that prison officials were deliberately indifferent to an inmate's safety. *Id*. at 834, 114 S.Ct. at 1977. An official act with the requisite deliberate indifference if he is aware of an "excessive risk to inmate ... safety" and disregards that risk. *Id*. at 837, 114 S.Ct. at 1979. In this context, an officer's awareness of the risk is evaluated subjectively. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must in fact also have drawn the inference. *Id*. No liability exists, however, if an official reasonably responded to a known substantial risk, "even if the harm was ultimately not averted." *Id*. at 844, 114 S.Ct. at

5

1983.

11.     Savage fails to plead sufficient facts that Martinez had actual knowledge that several other women detainees would assault Savage and he disregarded an excessive risk to Savage's safety. When viewing the facts in the light most favorable to Savage, Martinez is entitled to qualified immunity. *Johnson v. Jones*, 515 U.S. 304, 319, 115 S.Ct. 2151, 2159, 132 L.Ed.2d 238 (1995); *Beltran v. City of El Paso*, 367 F.3d 299, 302 (5th Cir.2004). Savage's failure to protect claim against Martinez should be dismissed.

**D.     Conditions of Confinement Claim Against Martinez and Rada.**

12.     To prevail on her underlying constitutional claim, Savage has to allege and prove (1) "a rule or restriction or ... the existence of an identifiable intended condition or practice ... [or] that the jail official's acts or omissions were sufficiently extended or pervasive"; (2) which was not reasonably related to a legitimate governmental objective; and (3) which caused the violation of Savage's constitutional rights. *Hare v. City of Corinth*, 74 F.3d 633 (5th Cir.1996) (en banc). Savage fails to plead plausible facts that Martinez and Rada created a condition of confinement that was so egregious that it violated her Fourteenth Amendment right. Savage fails to allege that Martinez and Rada were policy makers or that they created a policy or practice with deliberate indifference to Savage's constitutional rights that was the moving force behind the alleged violation. Savage fails to plead a pervasive pattern. Savage further fails to plead plausible facts that Martinez and Rada were aware of the alleged harmful conditions and consciously disregarded them. The allegation that Martinez, Rada, and other detention officers were aware of and disregarded this unreasonable risk is conclusory. (Doc. #52, ¶ 154). Savage's conditions of confinement claim against Martinez and Rada should be dismissed.

**E.     Plaintiff's State Law Claims.**

13. Under Texas law, tort claims based on a police officer's conduct within the general scope of his employment are considered to be against the officer in his official capacity only, requiring the suit against the officer to be dismissed unless amended to be against the governmental unit only. Tex. Civ. Prac. & Rem. Code § 101.106(f); see also *Garza v. Harrison*, 574 S.W.3d 389, 400 (Tex. 2019) ("section 101.106(f) essentially prevents an employee from being sued at all for work-related torts and instead provides for a suit against the governmental employer.").

14. Section 101.106(f) of the Texas Tort Claims Act "foreclose[s] suit against a government employee in his individual capacity if he was acting within the scope of employment" and the claims must be brought against the state agency even if it is immune from those claims. *Franka v Velasquez*, 332 S.W.3d 367, 382 (Tex. 2011). "If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.". *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f).

15. Savage alleges Martinez was a Detention Officer in HCJ at all times relevant to this case. (Doc. #52, ¶ 18). Martinez was acting within the scope of his duties during the alleged events. Because Martinez was acting within the general scope of his employment as a detention officer at the time of the alleged state law violations, the state-law tort claims are thus subject to section 101.106(f). Texas law requires Savage's state-law claims for assault and battery to be dismissed. *See* Tex. Civ. Prac. & Rem. Code § 101.106(f).

## II.  CONCLUSION

For the reasons stated herein, Plaintiff has failed to state any claim upon which relief can be granted against Defendant Martinez and Rada. Accordingly, Martinez and Rada are entitled to dismissal of Plaintiff's claims against them as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendants Arnoldo Martinez and Andrew Rada request the Court grant their motion and enter an order dismissing Plaintiff's claim against them and grant all other relief to which these Defendants are entitled.

Date: October 18, 2024.

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, & REAL ESTATE DIVISIONS

By: */s/ Gregory Burnett*
**GREGORY BURNETT**
Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 24057785
Fed. Bar No. 3785139
Tel: (713) 274-5224 (direct)
gregory.burnett@harriscountytx.gov
**CHARLES DAVID SHAW, JR.**
Assistant County Attorney
ATTORNEY TO BE NOTICED
State Bar No. 24085951
Fed. Bar No. 3193599
Tel.: (713) 274-3068 (direct)
charles.shaw@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**

1019 Congress Street
Houston, Texas 77002
**ATTORNEYS FOR ARNOLDO MARTINEZ
AND ANDREW RADA**

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached was filed with the clerk of the court using CM/ECF system, which will send electronic notification for those listed of record who receive electronically filed documents.

*/s/ Gregory Burnett*
GREGORY BURNETT