# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

Mikayla Cheyenne Savage,

        *Plaintiff*,

v.

Harris County, Texas; Sheriff Ed Gonzales, in his official capacity; Detention Officer Arnoldo Martinez, in his individual capacity; Detention Officer Andrew Rada, in his individual capacity; Administrative Operations Officer  Danika Mathews, in her individual capacity;  Detention Officer Ozalynn Lozano, in his individual capacity; Detention Officer Trucell Lagarde, in her individual capacity; Detention Officer Taylor Hodges, in his individual capacity; Detention Officer Gloria Ezeoke, in her individual capacity; Law Enforcement Officer Michael Thomas, in his individual capacity; Law Enforcement Officer Lakisha Cheatham, in her individual capacity; and Detention Officer Marilyn John, her individual capacity,

        *Defendants.*

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

**CIVIL ACTION NO. 4:24-cv-00666**

## PLAINTIFF'S OPPOSITION TO THE MOTION
## TO DISMISS OF DEFENDANT TAYLOR HODGES

I.     INTRODUCTION ........................................................................................................ 1

II.    NATURE OF THE CASE AND STAGE OF PROCEEDINGS ....................................... 2

III.   STATEMENT OF THE ISSUE..................................................................................... 2

IV.   SUMMARY OF ARGUMENT ..................................................................................... 2

V.    FACTUAL ALLEGATIONS ........................................................................................ 3

VI.   STANDARD OF REVIEW .......................................................................................... 4

VII.  DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED................................ 4

       A.    THE CLAIM AGAINST DEFENDANT HODGES IS NOT BARRED BY
             THE STATUTE OF LIMITATIONS ................................................................... 5

       B.    PLAINTIFF SUFFICIENTLY PLEADED AN UNCONSTITUTIONAL
             CONDITIONS OF CONFINEMENT CLAIM ...................................................... 8

       C.    DEFENDANT HODGES IS NOT ENTITLED TO QUALIFIED
             IMMUNITY..................................................................................................... 12

VIII. MOTION TO STAY.................................................................................................. 15

IX.   CONCLUSION......................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)...................................................................................4

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)...............................................................................4, 10

*Burnett v. N.Y. Cent. R.R.,*
    380 U.S. 424 (1964)...................................................................................5

*Christianson v. Colt Indus. Operating Corp.,*
    486 U.S. 800 (1988).................................................................................7, 8

*Duvall v. Dall. Cty., Tex.,*
    631 F.3d 203 (5th Cir. 2011) ......................................................................9

*Free v. Abbott Labs., Inc.,*
    164 f. 3d 270 (5th Cir. 1999) ......................................................................7

*Garza v. City of Donna,*
    922 F.3d 626 (5th Cir. 2019) ..................................................................9, 10

*Gates v. Cook,*
    376 F.3d 323 (5th Cir. 2004) ....................................................................10

*Green v. Doe,*
    260 F. App'x 717 ......................................................................................5

*Hare v. City of Corinth,*
    74 F.3d 633 (5th Cir. 1996) (en banc) ...................................................9, 10, 13

*Heckford v. City of Pasadena,*
    No. 4:20-CV-4366, 2021 WL 2517405 (S.D. Tex. June 18, 2021)...................6

*Holland v. Florida,*
    560 U.S. 631 (2010)...................................................................................6

*Hope v. Harris,*
    861 F. App'x 571 (5th Cir. 2021) ..........................................................10, 14

*Hope v. Pelzer,*
    536 U.S. 730 (2002)..................................................................................13

*Jacobsen v. Osborne*,
133 F.3d 315 (5th Cir. 1998) ...................................................................5

*Lambert v. United States*,
44 F.3d 296 (5th Cir. 1995) .....................................................................5

*Lindquist v. City of Pasadena*,
525 F.3d 383 (5th Cir. 2008) ...................................................................4

*McCord v. Maggio*,
927 F.2d 844 (5th Cir. 1991) .................................................................10

*Montoya v. FedEx Ground Package Sys., Inc.*,
614 F.3d 145 (5th Cir. 2010) ...................................................................4

*Rodriguez v. City of Austin*,
No. 1-21-CV-01087-RP, 2024 WL 3242279 (W.D. Tex. June 26, 2024) ................................6

*Saucier v. Katz*,
533 U.S. 194 (2001) ................................................................................12

*Schweitzer v. Dagle*,
No. 3:22-cv-00273, 2024 WL 1144265024 (S.D. Tex. Mar. 14, 2024) .................................11

*Scott v. Moore*,
114 F.3d 51 (5th Cir. 1997) (en banc) ...................................................10

*Shepherd v. Dallas County*,
591 F.3d 445 (5th Cir. 2009) ...................................................................9

*Smith v. Dunbar*,
No. 6:22cv-422, 2024 WL 1228986 (E.D. Tex. Feb. 27, 2024) ...........................12

*United States v. Lawrence*,
179 F.3d 343 (5th Cir. 1999) ...................................................................7

**Rules and Statutes**

42 U.S.C. § 1983 ...........................................................................................2

Fed. R. Civ. P. 12(b)(6) ................................................................................4

HCJ's "Inmate Care and Concerns" ............................................................4

U.S. Const. amend VIII...............................................................9, 10, 13, 14

U.S. Const. amend XIV .......................................................................... *passim*

# I.    INTRODUCTION

Before the Court is a motion to dismiss filed by Defendant Taylor Hodges ("Hodges" or "Defendant").  In her First Amended Complaint, Dkt. 52, Plaintiff Mikayla Savage ("Ms. Savage" or "Plaintiff") alleges that on or about June 3, 2022, she was detained in cell 4L1, which was visibly covered with feces, ridden with bed bugs, had blood on the ceiling, and had no air circulation.  When she asked for cleaning supplies to rid the cell of her vomit and the blood and feces, Defendant Hodges retorted "What do you think this is, the Hilton?"  These facts and the reasonable inferences that may be drawn therefrom are properly presented in Ms. Savage's well-pleaded Complaint, which this Court should determine withstands Defendant Hodges's motion to dismiss.  As shown herein, Plaintiff has alleged more than sufficient facts that Defendant Hodges knowingly and purposely refused to provide Ms. Savage with cleaning supplies to clean her cell, depriving her of her basic human needs and posing an unreasonable risk to her health and/or safety. Defendant Hodges's actions were malicious or made with reckless disregard for Plaintiff's constitutional rights. As explained below, Defendant Hodges makes a bare-bones argument that the allegations against her are "inherently speculative," without explaining how or why Plaintiff failed to state a claim.  Defendant recites elements of claims with no reference to Plaintiff's pleading and makes only a conclusory and inaccurate statement that "Plaintiff fail[ed] to allege specific actions" to support her claim. Defendant does not deny any of the facts alleged in the Complaint, which in fact support a well-pled claim against Defendant Hodges.

In a final attempt to evade responsibility for her unconstitutional conduct and horrifying treatment of Ms. Savage, Defendant puts forth threadbare and conclusory assertions that she is entitled to immunity, but she has not come close to meeting her burden of proof.  Plaintiff has adequately alleged facts showing that Defendant Hodges violated her Fourteenth Amendment rights, rendering qualified immunity unavailable.

Defendant Hodges's attempt to evade responsibility for her unconstitutional conduct toward Plaintiff at the pleading stage, before any discovery, should be denied.

## II.     NATURE OF THE CASE AND STAGE OF PROCEEDINGS

Plaintiff filed her Complaint on February 26, 2024.  Dkt. 1.  Plaintiff filed her First Amended Complaint naming Defendant Hodges on September 5, 2024.  Dkt. 52.  Defendant Hodges filed her Motion to Dismiss on October 2, 2024.  Dkt. 58.  Because the First Amended Complaint names Defendant Hodges in only one claim—Count VII (unconstitutional conditions of confinement)—this Motion addresses only Count VII.

## III.    STATEMENT OF THE ISSUE

1. Whether Plaintiff's claim against Defendant Hodges is barred by the statute of limitations.

2. Whether Plaintiff pleaded facts in her Complaint sufficient to state a claim against Defendant Hodges for constitutional violations under 42 U.S.C. § 1983.

## IV.     SUMMARY OF ARGUMENT

Equitable tolling allows Plaintiff to bring her conditions-of-confinement claim against Defendant Hodges.  The Court has already allowed for the addition of the newly identified Doe Officers through its Order granting Plaintiff's Motion to File the Amended Complaint.  *See* Dkt. 51 (finding "Plaintiff's Motion was timely, was not made in bad faith or with a dilatory motive, and will not unduly prejudice Defendants, particularly since the Court granted Plaintiff's Unopposed Motion to Extend Time to File Consolidated Amended Complaint").  As previously argued in Plaintiff's Motion to Amend, and not refuted by Defendant Hodges anywhere in her Motion to Dismiss, this Court may apply the doctrine of equitable tolling to allow Plaintiff to bring her claims against the newly named defendants, because the delay in determining the identity of the Doe Officers is not attributable to Plaintiff's lack of diligence.  The Court has done so, and—

without proper challenge by the Defendants to that Order—this ruling is now the law of the case.

Defendant's Motion to Dismiss fails to mount a valid challenge to Plaintiff's claim for unconstitutional conditions of confinement. Defendant Hodges also raises a cursory and unsupported qualified immunity defense. Plaintiff has alleged that the horrors to which she was subjected at HCJ and the constitutional violations she suffered were the result of Defendant Hodges's behavior and that Defendant Hodges had the requisite knowledge of those conditions when she undertook that behavior. These allegations are sufficient to state a constitutional claim against Defendant Hodges. Thus, Defendant's Motion should be denied.

## V.    FACTUAL ALLEGATIONS

Plaintiff Mikayla Savage was detained in the Harris County Jail from June 2, 2022, through September 1, 2022.[1] First Am. Compl., Dkt. 52, ¶ 16 (hereinafter, "Compl."). During the first few weeks of that time, Ms. Savage—who was pregnant at the beginning of her incarceration—was detained in a cell identified as 4L1, starting on or around June 3. *Id.* ¶ 59. The cell was visibly covered in feces, ridden with bed bugs, had blood on the ceiling, and had no air circulation. *Id.* The smell was so bad that Ms. Savage vomited in the cell and at another point passed out and hit her head. *Id.* ¶¶ 60–61. When Ms. Savage asked for cleaning supplies, Defendant Hodges retorted, "What do you think this is, the Hilton?" *Id.* ¶ 64. Defendant Hodges did not bring her cleaning supplies or attempt to help her clean her cell, even though the noxious conditions and their impact on Ms. Savage were clearly visible to Defendant Hodges, an inference that this Court may reasonably draw from the allegations in the Complaint. *Id.* Ms. Savage had to clean the cell with her only blanket and, when she asked for a clean one, was brought one that had feces in it. *Id.* ¶ 62. In July 2022, the Texas Commission on Jail Standards confirmed in a letter following an

---

[1] Defendants curiously make an issue of an alleged wrongful detention claim in Plaintiff's Complaint. No such claim exists, *see generally* Dkt. 52, and it is not clear why Defendants are making this argument.

investigation that Ms. Savage had been brought a soiled blanket in violation of minimum jail standards. *Id.*

Plaintiff filed numerous complaints about the lack of air flow in her cell and the bed bugs that she described as eating her up. *Id.* ¶ 64. Her mother made numerous calls and complaints to HCJ on her behalf, including a formal complaint through HCJ's Inmate Care and Concerns portal on or around June 10, 2022. *Id.* ¶ 65. Inmate Care and Concerns staff admitted that Ms. Savage had received a dirty blanket, but that it had since been replaced. *Id.* Shortly after this complaint was made, Ms. Savage's only clean blanket was taken away from her. *Id.* After yet another complaint, an investigator informed Plaintiff's mother that her cell had been inspected by a jail staff member. *Id.* ¶ 66. Despite these conditions and numerous complaints, Plaintiff remained in the squalid cell for about two weeks, until on or around June 16, 2022. *Id.* ¶ 67.

## VI. STANDARD OF REVIEW

When evaluating a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded facts in the complaint as true and views those facts in the light most favorable to the plaintiff. *See Lindquist v. City of Pasadena*, 525 F.3d 383, 386 (5th Cir. 2008). Plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010).

## VII. DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED

Plaintiff's Complaint describes in detail the ways in which Defendant Hodges violated her constitutional rights and readily meets the pleading standard for this stage of the case. For all the reasons set forth below, Defendant's scattershot and threadbare Motion to Dismiss should be

denied.

## A. THE CLAIM AGAINST DEFENDANT HODGES IS NOT BARRED BY THE STATUTE OF LIMITATIONS

This Court has already ruled that Plaintiff was allowed to amend the Complaint and bring her previously pled claims against newly identified Doe defendants. *See* Dkt. 51. On July 15, 2024, this Court granted Plaintiff's Unopposed Motion for Extension of Time to File Consolidated Amended Complaint and identify the Doe defendants, allowing Plaintiff until August 29, 2024, to identify the Doe Defendants and amend her complaint. Dkt. 49. The Court subsequently granted Plaintiff's Opposed Motion for Leave to File First Amended Complaint, in which Plaintiff explained how the doctrine of equitable tolling permits her claims against the newly identified defendant officers to proceed. Dkt. 50.

A plaintiff seeking leave to amend to name a defendant in place of a John Doe defendant may be able to show that a statutory limitations period has been equitably tolled. *See Green v. Doe*, 260 F. App'x 717, 719 (5th Cir. 2007). To be entitled to equitable tolling, the plaintiff must have diligently sought to discover the identity of the unknown defendant and amend the complaint. *Id.* at 719. "The doctrine of equitable tolling preserves a plaintiff's claim when strict application of the statute of limitations would be inequitable." *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995) (citing *Burnett v. N.Y. Cent. R.R.*, 380 U.S. 424, 428 (1964)).

This Court granted early discovery to allow Plaintiff to identify Doe defendants. *See* Minute Entry for Motion Hearing held on May 6, 2024. The Court issued a scheduling order that set the deadline for new parties as July 15, 2024. Plaintiff sought an unopposed extension, which the Court granted, permitting new parties to be added by August 29, 2024. *See* Dkt. 49. Plaintiff operated under the belief that this deadline would be operative for a timely filing of amended pleadings naming Doe defendants. *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998) (noting

plaintiff added defendants five months after the court-ordered deadline for amended pleadings). Because Plaintiff was working to meet these deadlines, she believed the statutory deadlines would be tolled.

Defendants presented initial disclosures with certain records on May 13, 2024, several months before the statute of limitations expired. *See Heckford v. City of Pasadena*, No. 4:20-CV-4366, 2021 WL 2517405, at *2 (S.D. Tex. June 18, 2021) (granting equitable tolling where plaintiff made requests for the disclosure of officers' identities several months prior to the statute of limitations expiring). Plaintiff's counsel then worked diligently to identify Doe defendants using those records. When they were unable to confirm identities of certain defendants through those means, they worked with Plaintiff herself to review photographs of the officers and confirm identities in that way. This was a multi-stage process of document review and data collation, as well as client meetings conducted in person.

Throughout this period, Plaintiff has been homeless, has not had access to a mobile or home phone, has been incarcerated in county jail, and has been severely affected by a major hurricane and the resulting widespread damage. Her mother's home, where she was living for a portion of this period, was destroyed in the hurricane. Plaintiff has had no access to a working computer on which she could have reviewed any discovery sent to her via email by Plaintiff's counsel. Plaintiff's counsel was able to meet with Plaintiff to identify defendants on July 29, 2024, shortly after the statutory tolling period for a number of Doe Defendants. Plaintiff operated under the belief that she had the remaining month to amend the Complaint to add those defendants.

The touchpoint for equitable tolling is reasonable diligence. *Holland v. Florida*, 560 U.S. 631, 653, (2010) ("The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'") (citations omitted); *see also Rodriguez v. City of Austin,* No.

1-21-CV-01087-RP, 2024 WL 3242279, at *4 (W.D. Tex. June 26, 2024) (finding reasonable diligence where the plaintiff did not seek formal discovery but went to "great lengths to discover the identities of the responsible officers in a timely manner" including combing through voluminous video footage even though he "could have sought formal discovery sooner."). Here, Plaintiff was reasonably diligent in serving early discovery requests and reviewing individual officer photographs to identify Doe defendants despite the challenges she faced during this period, including multiple natural disasters and lack of access to shelter and cellular communication. Plaintiff diligently sought to discover the identity of the unknown defendants and amended the complaint to identify these defendants once able.

For these reasons, Plaintiff requested in her Motion to Amend the Complaint that the Court grant equitable tolling to allow her to bring her claims against the newly identified Doe Defendants. Without equitable tolling, Plaintiff would have been prejudiced in that she would not be able to seek redress for grievous harms—including her detention in a putrid and uninhabitable cell in HCJ that have left her deeply scarred to this day—and would be unable to seek full relief for a situation that never should have happened to her. This Court granted Plaintiff's request for equitable tolling, stating "[t]he Court finds that Plaintiff's Motion was timely, was not made in bad faith or with a dilatory motive, and will not unduly prejudice Defendants, particularly since the Court granted Plaintiff's Unopposed Motion to Extend Time to File Consolidated Amended Complaint." Dkt. 51.

The Court's ruling on equitable tolling is now the law of the case. *See United States v. Lawrence*, 179 F.3d 343, 351 (5th Cir. 1999) (explaining the law-of-the-case doctrine "expresses the practice of courts generally to refuse to reopen what has been decided"); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same

case."); *cf. Free v. Abbott Labs., Inc.*, 164 f. 3d 270, 272-73 (5th Cir. 1999) (noting that court do not recognize a "jurisdiction exception" to the law-of-the-case doctrine).

Defendant Hodges will not suffer a "manifest injustice" by now being formally named in this case, which is necessary for this Court to review its equitable tolling ruling now. *Christianson*, 486 U.S. at 817 ("as a rule courts should be loathe to [revisit its prior decisions] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice" (internal citation and quotation marks omitted)). The complaint names specific incidents and dates—here, an open and obvious noxious housing condition in a housing unit where Defendant Hodges worked on the relevant days in question—and even quotes Defendant Hodges herself. Additionally, the investigation conducted by senior leadership at HCJ (both during summer 2022 and after the commencement of this case) and the Texas Commission on Jail Standards in summer 2022 should have provided notice to Defendant Hodges of the potential claims against her. Therefore, Defendant Hodges cannot show that naming her as one of the Doe defendants—who was already identified by her conduct in Plaintiff's complaint—constitutes a manifest injustice that would counsel in favor of revisiting this Court's equitable tolling ruling.

Defendant Hodges's arguments about the statute of limitations should therefore be rejected.

## B.   PLAINTIFF SUFFICIENTLY PLEADED AN UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT CLAIM

Plaintiff has sufficiently pleaded an unconstitutional conditions of confinement claim against Defendant Hodges. Defendant Hodges does not truly dispute this fact. Instead, Defendant's Motion to Dismiss includes a recital of the elements of a conditions of confinement claim, without any reference to Plaintiff's complaint or claim. *See* Dkt. 58, ¶¶ 16–18. Defendant Hodges also recites the elements of an episodic act-or-omission claim but does not analyze the

well-pleaded allegations in the Complaint against this standard. Instead, Defendant Hodges states only that "Plaintiff fails to allege specific actions committed by Hodges" and that Plaintiff's allegations are "inherently speculative." *Id.* ¶ 21. This is entirely inaccurate, as detailed below, and Defendant's failure to address the specific allegations supporting Plaintiff's claim means that she has failed to carry her initial burden to support her Motion to Dismiss.

Although Defendant Hodges does not clearly raise an argument that Plaintiff has failed to plead an unconstitutional conditions of confinement claim, nor apply it to the facts of the case, Plaintiff responds here more fully in the event that Defendant Hodges did intend to raise this as an argument supporting her request for dismissal of the claims against her.

The rights of pretrial detainees flow from the Due Process Clause of the Fourteenth Amendment. *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). The standard is the same as that for a prisoner under the Eighth Amendment. *Garza v. City of Donna*, 922 F.3d 626, 634 (5th Cir. 2019). A pretrial detainee may prove a constitutional violation either by demonstrating an unconstitutional condition of confinement or by demonstrating an unconstitutional episodic act or omission. *Hare*, 74 F.3d at 644–45. To prevail on a claim of unconstitutional conditions of confinement, a plaintiff must show: (1) a rule, restriction, intended condition or practice, or a jail official's sufficiently extended or pervasive acts or omissions "(2) which was not reasonably related to a legitimate governmental objective; and (3) which caused the violation of [the prisoner's] constitutional rights." *Id.* at 645. A pretrial detainee is not required to prove deliberate indifference. *Shepherd v. Dallas County*, 591 F.3d 445, 454–455 (5th Cir. 2009). Because a state may not punish a pretrial detainee, conditions of confinement for such a pretrial detainee that amount to "punishment" violate the Constitution. *Duvall v. Dall. Cty., Tex.*, 631 F.3d 203, 206 (5th Cir. 2011). To determine whether conditions of confinement rise to the level

of punishment, a plaintiff can show either that the conditions were "intentionally punitive" or, "if there is no expressly demonstrated intent to punish, the plaintiff could also show that the conditions were not reasonably related to a legitimate government purpose or were excessive in relation to that purpose." *Bell*, 441 U.S. at 538-39.

An episodic-acts-or-omissions claim faults specific jail officials for their acts or omissions. *See Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997) (en banc) ("[W]here the complained-of harm is a particular act or omission of one or more officials, the action is characterized properly as an 'episodic act or omission' case . . . ."). A jail official violates a pretrial detainee's constitutional right to be secure in their basic human needs when the official had "subjective knowledge of a substantial risk of serious harm" to the detainee and responded to that risk with deliberate indifference. *Hare*, 75 F.3d at 650. Count VII of the Complaint alleges that Plaintiff was subjected to unconstitutional conditions of confinement at HCJ. It is well-established in the Fifth Circuit that subjecting detainees to "intolerable, deplorable conditions" violates the Fourteenth Amendment's prohibition on cruel and unusual punishment (by incorporation of the Eighth Amendment). *McCord v. Maggio*, 927 F.2d 844, 847 (5th Cir. 1991); *see also Garza v. City of Donna*, 922 F.3d 626, 634 (5th Cir. 2019) ("Our court has based its Fourteenth Amendment case law concerning pretrial detainees on the [United States] Supreme Court's Eighth Amendment precedent concerning prisoners."); *Hope v. Harris*, 861 F. App'x 571, 584 (5th Cir. 2021) (holding that plaintiff adequately stated a claim for unconstitutional confinement where he was subjected to "unsanitary conditions, including urine, feces, and mold on the walls, floor, and showers, insufficient cleaning supplies, and exposure to pepper spray and tear gas without decontamination"); *see also Gates v. Cook*, 376 F.3d 323, 333 (5th Cir. 2004) (finding unconstitutional conditions of confinement where cells were covered with "crusted fecal matter,

urine, dried ejaculate, peeling and chipping pant, and old food particles").

That is precisely what Plaintiff alleges in this case. *See* Compl. ¶¶ 59–60 (describing the putrid conditions in her cell); *see also id.* ¶ 60 ("At some point during her detention in this cell, Mikayla vomited because the smell was so bad. . . . When she asked for cleaning supplies, Defendant Officer Hodges retorted, 'What do you think this is, the Hilton?' None of the Defendant Officers ever attempted to help her clean her cell . . . ."); ¶ 64 ("Mikayla filed numerous complaints about the lack of air flow in her cell—in Houston in June—and about the bed bugs that she described as eating her up."); ¶ 152 (Plaintiff was housed "in a cell covered in feces, vomit, blood stains, and vermin, and that had no air circulation, for several weeks during the summer of 2022. [Defendants] further purposefully and knowingly provided her a filthy blanket with feces in it and refused to provide her with cleaning supplies to clean her cell or a towel to dry herself off after her showers. These conditions were so horrible that Mikayla fainted and hit her head from exposure to the noxious space."). There is "no conceivable legitimate, non-punitive governmental objective" for housing Ms. Savage in such conditions. *See Schweitzer v. Dagle*, No. 3:22-cv-00273, 2024 WL 1144265024, at *40 (S.D. Tex. Mar. 14, 2024) (applying this standard in a conditions-of-confinement claim involving a freezing cell covered in feces and without a working toilet.").

As set forth in the Complaint, these unconstitutional and dehumanizing conditions were reported through numerous internal grievances and external complaints, who failed to take any action to rectify the obvious and inhumane situation for approximately two full weeks. *Id.* ¶ 162; *see also* ¶¶ 64–66, 77, 89, 108. Defendant Hodges was individually made aware of these conditions when Ms. Savage asked for cleaning supplies to clean her cell covered with feces, blood, and vomit, to which Defendant Hodges made a snarky comment and provided no assistance. *Id.* ¶ 60. Because Defendant Hodges had knowledge of the substantial risk of harm to Ms. Savage,

by withholding basic necessities and subjecting her to these degrading conditions for this extended period, Defendant Hodges showed deliberate indifference to Ms. Savage's Fourteenth Amendment rights. *Cf.* Dkt. 58, ¶ 18 (discussing the requirements for a conditions of confinement claim). Defendant Hodges makes no effort to grapple with any of these specific allegations or to explain why they do not meet the pleading standard for the unconstitutional conditions of confinement claim against her. Simply stating that these allegations are speculative is insufficient, and it is factually false as well. Ms. Savage has alleged sufficient facts from which this Court can infer at this stage of the proceedings that Defendant Hodges subjected her to unconstitutional conditions of confinement for an extended period of time. Plaintiff has therefore alleged all required elements of a conditions-of-confinement claim and Defendant Hodges's motion to dismiss should be denied.

### C.   DEFENDANT HODGES IS NOT ENTITLED TO QUALIFIED IMMUNITY

Lastly, Defendant Hodges makes the cursory argument that she is "entitled to a dismissal based on qualified immunity" simply based on her assertion that Ms. Savage has not met the pleading standard for a constitutional violation. Dkt. 58 ¶ 24. Plaintiff, however, has adequately alleged facts sufficient to state a claim that Defendant Hodges violated her Fourteenth Amendment rights, rendering qualified immunity unavailable.

"[A]n officer enjoys qualified immunity . . . unless he has violated a 'clearly established' right such that 'it would [have been] clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Kingsley*, 576 U.S. at 400 (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)) (alteration in original); *see also Smith v. Dunbar*, No. 6:22cv-422, 2024 WL 1228986, at *1, *13–14 (E.D. Tex. Feb. 27, 2024) (setting out both prongs of the test: "whether the challenged conduct, viewed in the light most favorable to the plaintiff, would actually amount to a violation of [constitutional or] federal law" and "whether the defendant's actions violated clearly

established statutory or constitutional rights of which a reasonable person would have known.") (citations omitted). "For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quotation marks and citations omitted).

As discussed above, a pretrial detainee may prove a constitutional violation either by demonstrating an unconstitutional condition of confinement or by demonstrating an unconstitutional episodic act or omission. *Hare*, 74 F.3d at 644–45. Defendant Hodges violated Plaintiff's Fourteenth Amendment Rights when she refused to provide Ms. Savage with the cleaning supplies she needed to clean her putrid and visibly uninhabitable cell covered in feces, vomit, and bugs, even though these horrible conditions were clear and obvious. *See* Compl. ¶¶ 59-61. Instead, Defendant Hodges demonstrated her indifference by stating, "What do you think this is, the Hilton?" *Id.* ¶ 64. The risk to Ms. Savage was readily apparent just by looking in her cell, and it in fact manifested when Mikayla fainted and hit her head. *Id.* ¶¶ 60-61. Plaintiff has successfully pleaded and met the first prong of demonstrating inapplicability of the qualified immunity defense.

As to the second prong, in 2020, the Supreme Court issued *Taylor v. Riojas*, which reversed the Fifth Circuit's grant of qualified immunity to guards in the Texas Department of Criminal Justice who kept a plaintiff in unsanitary cells for six days. 592 U.S. 7, 7 (2020). There, the plaintiff was housed with "massive amounts of feces" in two different cells over that six-day period. *See id.* at 8 (cleaned up). The Fifth Circuit agreed that such conditions amounted to an

Eighth Amendment violation but found that there was no fair warning that leaving the plaintiff in such conditions would violate the Eighth Amendment and thus granted qualified immunity. *Id.* The Supreme Court held that "no reasonable correctional officer could have concluded that . . . it was constitutionally permissible to house Taylor in such deplorably unsanitary conditions for such an extended period of time." *Id.* at 8–9. Even without a direct case on point, then, the Supreme Court held that the "particularly egregious facts" would force "any reasonable officer" to realize that the plaintiff's "conditions of confinement offended the Constitution." *Id.* at 9.

*Taylor* provided clear notice to prison and jail guards of the unconstitutionality of keeping people in feces-covered cells. After *Taylor* was decided, the Fifth Circuit issued a decision overturning the dismissal of *Hope v. Harris*, in which it found that a defendant plausibly deprived the plaintiff of sanitary living conditions where the plaintiff lived with "urine, feces, and mold on the walls, floor, and showers" and had "insufficient cleaning supplies." 861 F. App'x 571, 583 (5th Cir. 2021). *Hope*, which is not so extreme in its facts as *Taylor*, also provided notice to the guards and leadership of Harris County Jail.

Ms. Savage was held in conditions similar to the plaintiff in *Taylor* for over a week longer than Mr. Taylor. *Taylor* informed Defendant Hodges and all other individual officers of their responsibility to keep cells free of feces and to provide overall sanitary living conditions. Defendant Hodges was aware of and disregarded the risk that Ms. Savage's cell conditions deprived her of basic human needs and instead kept Ms. Savage in conditions that were well below contemporary standards of decency. This information is well established and well known. *See Taylor*, 592 U.S. at 8–9. Therefore, Plaintiff has successfully stated a claim and met the second prong of demonstrating the inapplicability of the qualified immunity defense.

The Complaint's factual allegations, which must be taken as true at this stage, preclude

dismissal on the basis of qualified immunity for Count VII.  For all of these reasons, Defendant's Motion to Dismiss on the basis of qualified immunity should be rejected.

## VIII.    MOTION TO STAY

Plaintiff does not oppose staying discovery until Defendant Hodges's assertion of immunity is resolved.

## IX.    CONCLUSION

For the foregoing reasons, Defendant Taylor Hodges's Motion to Dismiss should be denied.

*[signature page follows]*

Dated: October 23, 2024                Respectfully submitted,

/s/ Karley T. Buckley
Karley T. Buckley
DLA Piper LLP (US)
Texas Bar No. 24123596
845 Texas Avenue, Suite 3800
Houston, Texas 77002
(713) 425-8421
karley.buckley@us.dlapiper.com

Miriam R. Nemeth (DC Bar #1028529)
(admitted *pro hac vice*)
D Dangaran (MA BBO #708195)
(admitted *pro hac vice*)
Rights Behind Bars
1800 M Street NW, Front 1 #33821
Washington, DC 20033
(202) 455-4399
miriam@rightsbehindbars.org
d@rightsbehindbars.org

David H. Bamberger
DLA Piper LLP (US)
DC Bar #362285
(admitted *pro hac vice*)
500 Eighth Street, NW
Washington, DC 20004
(202) 799-4500
david.bamberger@us.dlapiper.com

John C. Canoni
DLA Piper LLP (US)
Texas Bar No. 24117335
(admitted *pro hac vice*)
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
(214) 743-4500
john.canoni@us.dlapiper.com

**ATTORNEYS FOR PLAINTIFF
MIKAYLA CHEYENNE SAVAGE**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record. Any other counsel of record will be served by first class U.S. mail.

_/s/ Karley T. Buckley_____
Karley T. Buckley