**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| Mikayla Cheyenne Savage, <br><br> Plaintiff, <br><br> v. <br><br> Harris County, Texas; Sheriff Ed Gonzalez, in his official capacity; Detention Officer Arnoldo Martinez, in his individual capacity; Detention Officer Andrew Rada, in his individual capacity; Administrative Operations Officer Danika Mathews, in her individual capacity;  Detention Officer Ozalynn Lozano, in his individual capacity; Detention Officer Trucell Lagarde, in her individual capacity; Detention Officer Taylor Hodges, in his individual capacity; Detention Officer Gloria Ezeoke, in her individual capacity; Law Enforcement Officer Michael Thomas, in his individual capacity; Law Enforcement Officer Lakisha Cheatham, in her individual capacity; and Detention Officer Marilyn John, her individual capacity, <br><br> Defendants. | Case No. 4:24-cv-00666 |

**MOTION TO EXTEND TIME TO SERVE AMENDED COMPLAINT**

Plaintiff Mikayla Savage ("Plaintiff") files this Motion to Extend Time to Serve her Amended Complaint on Defendants Lakisha Cheatham, Gloria Ezeoke, Marilyn John, Trucell Lagarde, Ozalynn Lozano, and Michael Thomas (collectively "Unserved Defendants").

**I.      Background**

Plaintiff filed her Amended Complaint on September 5, 2024. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the ninety (90) day deadline for Plaintiff to serve her Amended Complaint on Unserved Defendants is December 4, 2024. For the reasons set forth below and for

1

good cause as shown herein and in the accompanying Declaration of Karley Buckley dated December 4, 2024 ("Buckley Dec."), Plaintiff requests that the Court extend this deadline by sixty (60) days, making the new deadline for service of the Amended Complaint on Unserved Defendants February 2, 2025.

The Amended Complaint added Defendant Taylor Hodges in addition to Unserved Defendants. Shortly after the Amended Complaint was filed, Defendant Hodges was successfully served on September 12, 2024. *See* Buckley Dec. ¶ 5. But Plaintiff's process server made numerous unsuccessful service attempts on each of the Unserved Defendants at Harris County Jail, their last known place of employment. *See id.* ¶¶ 6-11. These attempts were unsuccessful when the process server was told the Unserved Defendants were either out of the office, unavailable for service, or no longer employed by Harris County Jail. *See id.* In that same time period of service attempts, Plaintiff's counsel and counsel for the Defendants who have appeared have been engaged in ongoing discussions regarding alternative means of service, including whether defense counsel would accept service and whether defense counsel would provide home addresses for the Unserved Defendants, either voluntarily or pursuant to a protective order. *Id.* at ¶¶ 12-18. Notwithstanding these multiple diligent efforts, service on the Unserved Defendants has not been made, necessitating this brief additional extension of time.

## II.     Analysis

Rule 4(m) of the Federal Rules of Civil Procedure states that if a plaintiff can show good cause for her failure to serve a defendant within ninety (90) days of filing, the Court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Rule 4(m) further vests the Court with discretion to extend the time of service for an appropriate period, even in the absence of good cause, if the Court believes the case should not be dismissed without prejudice. *See*

*Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). "In the Fifth Circuit, a discretionary extension of time is warranted 'if the defendant is evading service or conceals a defect in attempted service.'" *Castro v. Collier*, Civ. Action H-19-2348, 2020 WL 2736592, at *2 (S.D. Tex. May 26, 2020) (quoting *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008)).

In this case, Plaintiff has made multiple attempts to personally serve Unserved Defendants at their last known place of employment. *See* Buckley Dec. ¶¶ 6-11. Each time, the process server is told the Defendants are either out of the office, not available for service, or no longer employed at the Harris County Jail. *See id.* In addition, Plaintiff's counsel has diligently attempted to either ask the defense counsel who has appeared in this case on behalf of other individually named officer defendants to accept service or obtain the home addresses of Unserved Defendants through defense counsel; defense counsel has rebuffed or impeded these efforts as well. *See id.* ¶¶ 12-18. Plaintiff notes that defense counsel's only suggestion with regard to Unserved Defendants who are current employees was that they could be served at work—despite Plaintiff's counsel's previous efforts to do exactly that. *See id.* ¶ 14.

Plaintiff's counsel remains committed to addressing defense counsel's stated concerns regarding disclosure of the Unserved Defendants' home addresses and plans to submit a limited protective order to the Court this month that should resolve the issue and enable service to be completed on Unserved Defendants who are former employees well before the requested February 2, 2025 deadline. Counsel for Harris County and Sherrif Gonzalez indicated just last night—on December 3, 2024—that if an appropriate protective order was entered, he would agree to produce the home addresses of former employees in response to a subpoena. *See* Buckley Dec. ¶ 21. Plaintiff will simultaneously submit a motion for substituted service on the Unserved Defendants who are current employees, which, if granted, will enable all service efforts to be completed by

3

the requested February 2, 2025 deadline. That date was chosen because of the upcoming holidays and the potential for motion practice around the limited protective order or the substituted service. With the Court's recent denial of the motions to dismiss by the detention officer Defendants, Plaintiff is eager to commence discovery and prosecute her case fully.

Plaintiff has demonstrated good cause for the requested extension, given the diligent efforts at service described herein and in the Buckley Declaration. But even if this Court should somehow determine that good cause has not been shown, the Court should exercise its discretion to extend the deadline. First, the Court could infer that Unserved Defendants have been evading service by playing games with the process server, who has made multiple attempts at service in the traditionally understood methods at Harris County Jail, the only address made available to Plaintiff's counsel for service of process. Second, Plaintiff has proposed a logical alternative means of service by seeking Unserved Defendants' home addresses and has proposed a limited protective order that will enable such service, with plans to submit same to the Court in short order, possibly with defense counsel's consent. *See* Buckley Dec. ¶ 18, 21. Third, defense counsel could have accepted service on behalf of the Unserved Defendants who are current employees, and simply provided an agreeable protective order and provided the other Unserved Defendants' home addresses to Plaintiff's counsel following this Court's entry of that order, which would have obviated the need for this Motion.

WHEREFORE, Plaintiff prays that the Court extend the deadline to serve her Amended Complaint on Unserved Defendants by sixty (60) days to February 2, 2025.

[*signature page follows*]

Dated: December 4, 2024						Respectfully submitted,

/s/ Karley Buckley	_____
Karley Buckley
DLA Piper LLP (US)
Texas Bar No. 24123596
845 Texas Avenue, Suite 3800
Houston, Texas 77002
(713) 425-8421
karley.buckley@us.dlapiper.com

Miriam R. Nemeth (DC Bar #1028529)
D Dangaran (MA BBO #708195)
(admitted *pro hac vice*)
Rights Behind Bars
1800 M Street NW Front 1 #33821
Washington, D.C. 20033
(202) 455-4399
miriam@rightsbehindbars.org
d@rightsbehindbars.org

David H. Bamberger
DLA Piper LLP (US)
DC Bar #362285
(admitted *pro hac vice*)
500 Eighth Street, NW
Washington, DC 20004
(202) 799-4500
david.bamberger@us.dlapiper.com

John C. Canoni
DLA Piper LLP (US)
Texas Bar No. 24117335
(admitted *pro hac vice*)
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
(214) 743-4500

john.canoni@us.dlapiper.com

*Attorneys for Plaintiff Mikayla Cheyenne Savage*

**CERTIFICATE OF CONFERENCE**

On December 2, 2024, counsel for Plaintiff attempted to confer on Plaintiff's Motion via email to counsel for Defendants. On December 3, 2024, Plaintiff's counsel again sought to confer on Plaintiff's Motion via email to counsel for Defendants. On December 4, 2024, Plaintiff's counsel again sought to confer on Plaintiff's Motion via email to counsel for Defendants. Each email detailed the relief sought and requested counsel for Defendants to indicate whether they consented to, or opposed the relief sought by Plaintiff's Motion. No response was received to any of the emails, other than a response on the evening of December 3, 2024 from counsel for Harris County and Sheriff Gonzalez, who indicated that given his clients' status, he would not confer on the Motion.

*/s/ Karley Buckley* _____
Karley Buckley

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing document has been served electronically via the Court's CM/ECF system on December 4, 2024 on all counsel of record.

*/s/ Karley Buckley* _____
Karley Buckley