# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| Mikayla Cheyenne Savage, <br><br> Plaintiff, <br><br> v. <br><br> Harris County, Texas; Sheriff Ed Gonzalez, in his official capacity; Detention Officer Arnoldo Martinez, in his individual capacity; Detention Officer Andrew Rada, in his individual capacity; Administrative Operations Officer Danika Mathews, in her individual capacity; Detention Officer Ozalynn Lozano, in his individual capacity; Detention Officer Trucell Lagarde, in her individual capacity; Detention Officer Taylor Hodges, in his individual capacity; Detention Officer Gloria Ezeoke, in her individual capacity; Law Enforcement Officer Michael Thomas, in his individual capacity; Law Enforcement Officer Lakisha Cheatham, in her individual capacity; and Detention Officer Marilyn John, her individual capacity, <br><br> Defendants. | Case No. 4:24-cv-00666 |

## DECLARATION OF KARLEY BUCKLEY IN SUPPORT OF PLAINTIFF'S MOTION TO EXTEND TIME TO SERVE AMENDED COMPLAINT

I, Karley Buckley, hereby declare as follows:

1. I am employed by the law firm DLA Piper LLP (US), counsel of record for Plaintiff Mikayla Savage in this action. I am familiar with the facts set forth herein and submit this declaration in support of Plaintiff's Motion to Extend Time to Serve her Amended Complaint.

2. Plaintiff's Amended Complaint was filed on September 5, 2024.

1

3. The Amended Complaint newly identified Defendant Taylor Hodges, along with Defendants Lakisha Cheatham, Gloria Ezeoke, Marilyn John, Trucell Lagarde, Ozalynn Lozano, and Michael Thomas (other than Hodges, collectively "Unserved Defendants").

4. On September 10, 2024, summonses were issued for Defendant Taylor Hodges and the Unserved Defendants.

5. On September 12, 2024, Defendant Taylor Hodges was successfully served with the Amended Complaint.

6. On September 11, 2024, Plaintiff's counsel attempted service on Defendant Lakitha Cheatham at Defendant's last known place of employment, Harris County Jail, via process server, but our process server was informed that Defendant Cheatham was terminated with current whereabouts unknown.

7. On September 11, 2024, Plaintiff's counsel attempted service on Defendant Gloria Ezeoke at Defendant's last known place of employment, Harris County Jail, via process server, but our process server was informed that Defendant Ezeoke was out of town. Service of process was attempted again on October 1, 2024 and October 3, 2024, however, both times we were informed that Defendant Ezeoke was not available for service.

8. On September 11, 2024, Plaintiff's counsel attempted service on Defendant Marilyn John at Defendant's last known place of employment, Harris County Jail, via process server. Our process server was informed that Defendant John had resigned with current whereabouts unknown.

9. On September 11, 2024, Plaintiff's counsel attempted service on Defendant Trucell Lagarde at Defendant's last known place of employment, Harris County Jail, via process server,

but our process server was informed that Defendant Lagarde was terminated or resigned with current whereabouts unknown.

10. On September 11, 2024, Plaintiff's counsel attempted service on Defendant Ozalynn Lozano at Defendant's last known place of employment, Harris County Jail, via process server, but our process server was informed that Defendant Lozano was not available for service. We further attempted service on September 12, 16, and 17, 2024; however, each time we were informed that Defendant Lozano was out of the office.

11. On September 11, 2024, Plaintiff's counsel attempted service on Defendant Michael Thomas at Defendant's last known place of employment, Harris County Jail, via process server. Our process server was told there was a deputy and sergeant with this name and would need a badge number or middle initial. After determining the badge number, we further attempted service on October 1, 2024 and October 3, 2024; however, each time we were informed that Defendant Thomas was not available for service.

12. On September 13, 2024, in an effort to avoid further futile and costly service of process efforts, Plaintiff's counsel emailed defense counsel Greg Burnett, who had appeared in this case for Defendants Martinez, Rada, and Mathews, to inquire whether he would be able to accept service on behalf of Unserved Defendants. Mr. Burnett said he was not able to accept service as he did not represent Unserved Defendants.

13. After multiple further failed attempts to serve Unserved Defendants, Plaintiff's counsel emailed defense counsel on October 1, 2024 requesting the last known addresses for each of the Unserved Defendants.

14. On October 7, 2024, Harris County Attorney Frank Ford responded that "home addresses are confidential" and indicated that the Unserved Defendants other than Defendants John and Lagarde could be served at work.

15. On October 11, 2024, Plaintiff's counsel inquired if defense counsel had a standard Protective Order for use under these circumstances. Defense counsel did not respond to this inquiry.

16. On November 13, 2024, Plaintiff's counsel sent defense counsel a proposed protective order for the limited purpose of obtaining home addresses for each of the Unserved Defendants in order to complete service of process on the Unserved Defendants.

17. On November 19, 2024, Mr. Ford responded that the office "does not voluntarily disclose the home address of current employees" nor "[Personally Identifiable Information] of current or former employees."

18. On December 2, 2024, in response to Mr. Ford's email and specifically addressing his stated concerns, Plaintiff's counsel emailed defense counsel with a revised protective order that: (a) removed any mention of PII; (b) acknowledged that Harris County would not voluntarily disclose home addresses for current employees; (c) required Harris County to provide the home addresses for the Unserved Defendants; (d) limited the disclosure of the home addresses to Plaintiff's counsel and their process server vendor; and (e) provided sanctions for violating the order.

19. The December 2, 2024 email further informed defense counsel that Plaintiff's counsel, out of an abundance of caution, would be making the instant Motion today to extend the time to serve Unserved Defendants and requested defense counsel to advise whether they would consent to, or opposed, the relief sought.

20. No response to the December 2, 2024 email was received by close of business December 3, 2024, so Plaintiff's counsel followed up with another email on the evening of December 3, 2024, requesting a response by noon on December 4, 2024.

21. Following the December 3, 2024 follow-up email, counsel for recently-dismissed (without prejudice) Defendants Harris County and Sheriff Gonzalez, Mr. Ford, responded to indicate Defendant Hodges' counsel was out on vacation and that given Mr. Ford's client's status, he would not confer on the motion, but if an appropriate protective order was entered, he would agree to produce the home addresses of former employees in response to a subpoena.

22. No response from the other defense counsel to the December 3, 2024 follow-up email was received by noon on December 4, 2024.

23. Plaintiff's counsel then informed defense counsel via email that Plaintiff would be making the instant Motion.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on: December 4, 2024

/s/ Karley Buckley _____
Karley Buckley

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing document has been served electronically via the Court's CM/ECF system on December 4, 2024 on all counsel of record.

/s/ Karley Buckley _____
Karley Buckley