UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Mikayla Cheyenne Savage | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Case No. H-4:24-cv-00666 |
| Harris County, Texas, et al. | § § § | |
| Defendants. | § | |

## PLAINTIFF'S MOTION FOR SUBSTITUTE SERVICE OF PROCESS

Plaintiff Mikayla Savage ("Plaintiff") files this motion seeking an order permitting Plaintiff to employ a substitute method of serving her Amended Complaint on Defendants Lakisha Cheatham, Gloria Ezeoke, Marilyn John, Trucell Lagarde, Ozalynn Lozano, and Michael Thomas (collectively "Unserved Defendants").

### Summary

Plaintiff has diligently, but unsuccessfully, attempted to serve the Unserved Defendants through traditional means. In addition to numerous service attempts, Plaintiff's counsel and counsel for the Defendants who have appeared have been engaged in ongoing discussions regarding alternative means of service. Notwithstanding these multiple diligent efforts, service on the Unserved Defendants has not been made, necessitating service by substitute means. By this motion, Plaintiff seeks an Order from this Court authorizing service in a manner reasonably effective to give Unserved Defendants notice of this suit.

### Legal Standard

If personal service is unsuccessful, "a court may authorize another method of service." *Indeed, Inc. v. Kahn*, No. 1:21-CV-356-RP, 2021 WL 7630529, at *1 (W.D. Tex. May 28, 2021)

(Pitman, J.) (citing Tex. R. Civ. P. 106(b)).  "A plaintiff seeking substitute service must file a motion supported by an affidavit stating the location of the defendant's usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that personal service or service by certified mail has been attempted at the location named in such affidavit but has not been successful." *Id*. (citation and quotation omitted).

If a plaintiff files a motion complying with Rule 106(b), "the Court may authorize service 'in any other manner that the affidavit or other evidence ... shows will be reasonably effective to give the defendant notice of the suit.'" *Id*. (quoting Tex. R. Civ. P. 106(b)(2)).

### Service Attempts and Diligence

Plaintiff has diligently attempted service through traditional methods, as outlined in the Declaration of Karley Buckley executed on January 24, 2025. ("Buckley Dec."). The Amended Complaint, filed on September 5, 2024, newly identified Defendant Taylor Hodges, along with Defendants Lakisha Cheatham, Gloria Ezeoke, Marilyn John, Trucell Lagarde, Ozalynn Lozano, and Michael Thomas (other than Hodges, collectively "Unserved Defendants"). *See* Buckley Dec. ¶ 2-3. On September 10, 2024, summonses were issued for Defendant Hodges and the Unserved Defendants. *Id.* ¶ 4. On September 12, 2024, Defendant Hodges was successfully served with the Amended Complaint. *Id.* ¶ 5. Defense counsel James Butt, a Harris County Assistant County Attorney, thereafter entered an appearance on behalf of Defendant Hodges. *Id.*

On September 11, 2024, Plaintiff's counsel attempted service on the Unserved Defendants at their last known place of employment, Harris County Jail, via process server. *Id.* ¶¶ 5-11. On September 11, 2024, the process server was informed that Defendant Cheatham was terminated, Defendant John had resigned, and Defendant Lagarde was terminated or resigned, all with current whereabouts unknown. *Id.* ¶¶ 6, 8 and 9. The process server was further informed that Defendant

2

Ezeoke was out of town, and that Defendant Lozano was not available for service. *Id.* ¶¶ 7 and 10. The process server was also told there was a deputy and sergeant with the name Michael Thomas, so Plaintiff identified the proper person before further service attempts. *Id.* ¶ 11.

Plaintiff further attempted service on September 12, 16, and 17, 2024; however, each time the process server was informed that Defendant Lozano was out of the office. *Id.* ¶ 10. Service of process was attempted once again on October 1, 2024, October 3, 2024, October 7, 2024, and October 15, 2024, however, each time the process server was informed that Defendants Ezeoke and Thomas were not available for service. *Id.* ¶¶ 7 and 11.

On September 13, 2024, in an effort to avoid further futile and costly service of process efforts, Plaintiff's counsel emailed defense counsel Greg Burnett, another Harris County Assistant County Attorney, who had appeared in this case for Defendants Martinez, Rada, and Mathews, to inquire whether he would be able to accept service on behalf of Unserved Defendants. Mr. Burnett said he was not able to accept service as he did not represent Unserved Defendants. *Id.* ¶ 12.

After multiple further failed attempts to serve Unserved Defendants, Plaintiff's counsel served a subpoena on counsel for Harris County Jail for documents sufficient to show the home addresses of Defendants Mathews, Lozano, Lagarde, Ezeoke, Thomas, Cheatham, and John. Counsel for Defendants responded on December 20, 2024, indicating that only Defendants John and Lagarde are former employees, and providing their last known addresses. As noted above, the process servers were also informed that Defendant Cheatham was terminated, however no address for Defendant Cheatham was provided. *Id.* ¶ 13.

With the last known addresses provided by Harris County for Defendants Lagarde and John, Plaintiff attempted service on January 8, 2025. Per the building manager, Defendant

3

Largarde's address was no longer valid. Similarly, service was unsuccessful on Defendant John, for whom the last known address provided was a college dorm building. *Id.* ¶¶ 14-15.

## Argument

The Court should allow substitute service on the Unserved Defendants because traditional service has been unsuccessful. Plaintiff has no reason to believe that additional efforts at these addresses would be effective, and Plaintiff is not aware of any other addresses at which service could be attempted.

Under the Texas Rules of Civil Procedure, if personal service or service by mail is unsuccessful, the court can authorize other methods of service in any manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit, including leaving the documents with someone of older than sixteen a specified location. Tex. R. Civ. P. 106(b).

Plaintiff has made "reasonably diligent" efforts in attempting to locate and personally serve the Unserved Defendants. *See, e.g., Salazar v. Tri-Lam Roofing & Waterproofing, Inc.*, No. 3:19-CV-0823-K, 2019 WL 13200034, at *2 (N.D. Tex. June 12, 2019) ("Because Plaintiff has exercised reasonable diligence in attempting to effect personal service for both Defendants, the Court GRANTS the motion for substitute service."). Plaintiff has made attempts at personal service on at least eight dates over four months, incurring additional costs for each unsuccessful attempt. Plaintiff has also spent significant time and resources conducting research into the Unserved Defendants' whereabouts. Courts have regularly found plaintiffs to have exercised "reasonable diligence" for the purposes of alternative service with similar or fewer efforts. *See Patin v. Impact Pro. Grp.*, No. 3:20-CV-3312-K, 2021 WL 4240478 (N.D. Tex. Jan. 5, 2021) (allowing substituted service by posting on the front door following six separate unsuccessful attempts and confirmation

from neighbor that defendant resided at address); *Lambert v. New Era Invs. 1 LLC*, No. 6:22-CV-00397-ADA-DTG, 2023 WL 3724793 (W.D. Tex. May 30, 2023) (finding plaintiff had exercised "reasonable diligence" following six unsuccessful attempts at service).

Courts have found that alternative service is appropriate where it would "avoid further significant delays and additional expenses incurred." *DIRECTV, LLC v. WNK Assocs., Inc.*, No. 6:22-CV-00423-JDK, 2023 WL 2025039, at *3 (E.D. Tex. Feb. 15, 2023) (collecting cases). Plaintiff has expended significant time and money in attempting to serve the Unserved Defendants via traditional means, spending months attempting service, conducting research into the Unserved Defendants whereabouts, and attempting to come to a resolution with opposing counsel for defendants that have been successfully served in the present matter. Alternative service would keep Plaintiff from investing further resources into futile attempts at traditional service.

Despite Plaintiff's diligent service attempts on the Unserved Defendants, Plaintiff has been unable to achieve service via traditional means. All conditions precedent for substituted service have been fulfilled, and Plaintiff asks that the Court authorize service of process on the Unserved Defendants by leaving a true copy of the citation, with a petition attached, with anyone over sixteen years of age at Harris County Jail, or at the Office of the Harris County Attorney. This Court can take judicial notice that after service has been effected on individual defendants employed by Harris County Jail (such as Defendants Martinez, Rada, Mathews, and Hodges), Harris County Assistant County Attorneys (such as Greg Burnett and James Butt) have appeared in this case on their behalf. *See, e.g.,* ECF Nos. 21, 42, 43, 58; *JSW Steel (USA) Inc. v. Nucor Corp.*, 586 F. Supp. 3d 585, 594 (S.D. Tex. 2022) (Ellison, J.) (court may take judicial notice of a document filed in court). There is no reason why that would not be the case for the Unserved Defendants, further demonstrating that Plaintiff's requested substitute service method is "reasonably effective to give

the defendant[s] notice of the suit." Tex. R. Civ. P. 106(b)(2). That is all that is required for this Court to grant the motion and authorize the substitute method of service of process.

## **Conclusion**

Plaintiff respectfully requests that the Court enter an order allowing Plaintiff to serve the Unserved Defendants by leaving a copy of the service documents with the Harris County Jail front desk or anyone over the age of sixteen (16) employed at Harris County Jail, or with anyone over the age of sixteen (16) at the Office of the Harris County Attorney, or failing that, by attaching a true copy of the citation and the Amended Complaint to the door of this location. *See* Tex. R. Civ. P. 106(b).

Dated: January 24, 2025                                Respectfully submitted,

*/s/ Karley Buckley*
Karley Buckley
DLA Piper LLP (US)
Texas Bar No. 24123596
845 Texas Avenue, Suite 3800
Houston, Texas 77002
(713) 425-8421
karley.buckley@us.dlapiper.com

Miriam R. Nemeth (DC Bar #1028529)
D Dangaran (MA BBO #708195)
(admitted *pro hac vice*)
Rights Behind Bars
1800 M Street NW Front 1 #33821
Washington, D.C. 20033
(202) 455-4399
miriam@rightsbehindbars.org
d@rightsbehindbars.org

David H. Bamberger (DC Bar #362285)
DLA Piper LLP (US)
(admitted *pro hac vice*)
500 Eighth Street, NW
Washington, DC 20004
(202) 799-4500
david.bamberger@us.dlapiper.com

John C. Canoni
DLA Piper LLP (US)
Texas Bar No. 24117335
(admitted *pro hac vice*)
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
(214) 743-4500
john.canoni@us.dlapiper.com

*Attorneys for Plaintiff Mikayla Cheyenne Savage*

## **CERTIFICATE OF CONFERENCE**

On January 23, 2025, counsel for Plaintiff attempted to confer on Plaintiff's motion via email to counsel for Defendants. Counsel for Defendant Taylor Hodges indicated that they take no position on the present Motion.

>             */s/ Karley Buckley*
>             Karley Buckley

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing document has been served electronically via email on January 24, 2025 on all defense counsel of record.

>             */s/ Karley Buckley*
>             Karley Buckley