IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Mikayla Cheyenne Savage | § § § |
| Plaintiff, | § § |
| vs. | §   Case No. H-4:24-cv-00666 § |
| Harris County, Texas, et al. | § § |
| Defendants. | § § |

### DECLARATION OF KARLEY BUCKLEY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUBSTITUTE SERVICE OF PROCESS

I, Karley Buckley, hereby declare as follows:

1. I am employed by the law firm DLA Piper LLP (US), counsel of record for Plaintiff Mikayla Savage in this action. I am familiar with the facts set forth herein and submit this declaration in support of Plaintiff's Motion for Substitute Service of Process.

2. Plaintiff's Amended Complaint was filed on September 5, 2024.

3. The Amended Complaint newly identified Defendant Taylor Hodges, along with Defendants Lakisha Cheatham, Gloria Ezeoke, Marilyn John, Trucell Lagarde, Ozalynn Lozano, and Michael Thomas (other than Hodges, collectively "Unserved Defendants").

4. On September 10, 2024, summonses were issued for Defendant Taylor Hodges and the Unserved Defendants.

5. On September 12, 2024, Defendant Taylor Hodges was successfully served with the Amended Complaint. Defense counsel James Butt, a Harris County Assistant County Attorney, thereafter entered an appearance on behalf of Defendant Hodges.

1

6. On September 11, 2024, Plaintiff's counsel attempted service on Defendant Lakitha Cheatham at Defendant's last known place of employment, Harris County Jail, via process server, but the process server was informed that Defendant Cheatham was terminated with current whereabouts unknown. This is verified by the Affidavit of Non-Service by Keli Baltazar, executed on October 9, 2024, and attached hereto as Exhibit A.

7. On September 11, 2024, Plaintiff's counsel attempted service on Defendant Gloria Ezeoke at Defendant's last known place of employment, Harris County Jail, via process server, but the process server was informed that Defendant Ezeoke was out of town. Service of process was attempted again on October 1, 2024, October 3, 2024, and October 7, 2024, however, each time we were informed that Defendant Ezeoke was not available for service. This is verified by the Affidavit of Non-Service by Keli Baltazar, executed on January 22, 2025, and attached hereto as Exhibit B.

8. On September 11, 2024, Plaintiff's counsel attempted service on Defendant Marilyn John at Defendant's last known place of employment, Harris County Jail, via process server. The process server was informed that Defendant John had resigned with current whereabouts unknown. This is verified by the Affidavit of Non-Service by Keli Baltazar, executed on October 9, 2024, and attached hereto as Exhibit C.

9. On September 11, 2024, Plaintiff's counsel attempted service on Defendant Trucell Lagarde at Defendant's last known place of employment, Harris County Jail, via process server, but the process server was informed that Defendant Lagarde was terminated or resigned with current whereabouts unknown. This is verified by the Affidavit of Non-Service by Keli Baltazar, executed on October 9, 2024, and attached hereto as Exhibit D.

10. On September 11, 2024, Plaintiff's counsel attempted service on Defendant Ozalynn Lozano at Defendant's last known place of employment, Harris County Jail, via process server, but the process server was informed that Defendant Lozano was not available for service. We further attempted service on September 12, 16, and 17, 2024; however, each time we were informed that Defendant Lozano was out of the office. This is verified by the Affidavit of Non-Service by Keli Baltazar, executed on September 24, 2024, and attached hereto as Exhibit E.

11. On September 11, 2024, Plaintiff's counsel attempted service on Defendant Michael Thomas at Defendant's last known place of employment, Harris County Jail, via process server. The process server was told there was a deputy and sergeant with this name and would need a badge number or middle initial. After determining the badge number, we further attempted service on October 1, 2024, October 3, 2024, October 7, 2024, and October 15, 2024; however, each time we were informed that Defendant Thomas was not available for service. This is verified by the Affidavit of Non-Service by Keli Baltazar, executed on January 22, 2025, and attached hereto as Exhibit F.

12. On September 13, 2024, in an effort to avoid further futile and costly service of process efforts, Plaintiff's counsel emailed defense counsel Greg Burnett, another Harris County Assistant County Attorney who had appeared in this case for Defendants Martinez, Rada, and Mathews, to inquire whether he would be able to accept service on behalf of Unserved Defendants. Mr. Burnett said he was not able to accept service as he did not represent Unserved Defendants.

13. After multiple further failed attempts to serve Unserved Defendants, Plaintiff's counsel served a subpoena on counsel for Harris County Jail for documents sufficient to show the home addresses of Defendants Mathews, Lozano, Lagarde, Ezeoke, Thomas, Cheatham, and John. Harris County (through defense counsel Frank Ford, another Harris County Assistant County

3

Attorney) responded on December 20, 2024, indicating that only Defendants John and Lagarde are former employees, and providing their last known addresses. As noted above, the process servers were also informed that Defendant Cheatham was terminated, however no address for Defendant Cheatham was provided.

14. On January 8, 2025, Plaintiff's counsel attempted service via process server on Defendant Lagarde at the last known address provided by Harris County. The process server was informed by the building manager that Defendant Lagarde's address was no longer valid.

15. On January 8, 2025, Plaintiff's counsel attempted service via process server on Defendant John at the last known address provided by Harris County. The process server was unable to effect service, and informed counsel that the address was a college dorm building.

16. The affidavits attesting to our process server's attempts at service are attached hereto as Exhibit A.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on: January 24, 2025

                                                */s/ Karley Buckley*
                                                Karley Buckley

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing document has been served electronically via the Court's CM/ECF system on January 24, 2025 on all counsel of record.

>  */s/ Karley Buckley*
>  Karley Buckley