UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIKAYLA CHEYENNE SAVAGE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: 4:24-cv-00666 |
| | § | |
| HARRIS COUNTY, TEXAS; SHERIFF ED GONZALES, in his official capacity; DETENTION OFFICER ARNOLDO MARTINEZ, in his individual capacity; DETENTION OFFICER ANDREW RADA, in his individual capacity; DETENTION ADMINISTRATIVE OPERATIONS OFFICER DANIKA MATHEWS, in her individual capacity; DETENTION OFFICER OZALYNN LOZANO, in his individual capacity; DETENTION OFFICER TRUCELL LAGARDE, in her individual capacity; DETENTION OFFICER TAYLOR HODGES, in his individual capacity; DETENTION OFFICER GLORIA EZEOKE, in her individual capacity; LAW ENFORCEMENT OFFICER MICHAEL THOMAS, in his individual capacity; LAW ENFORCEMENT OFFICER LAKISHA CHEATHAM, in her individual capacity; and DETENTION OFFICER MARILYN JOHN, her individual capacity individual capacities. | § | |
|     Defendants. | § | |

### DEFENDANT LAKISHA CHEATHAM'S
### MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
### AND MOTION TO STAY

TO THE HONORABLE JUDGE OF SAID COURT:

    Defendant Lakisha Cheatham (hereafter "Cheatham") files this Motion to Dismiss Plaintiff's Amended Complaint (DE #52), pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure. In support of said motion and motion to stay, Defendant Cheatham would respectfully show the Court as follows:

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ ii

TABLE OF AUTHORTIES ........................................................................................................... ii

I. Statement Of The Nature and Stage of Proceedings ......................................................... 1

II. Statement of Issues AND STANDARD OF REVIEW ...................................................... 1

    A. Statement of Issues. ................................................................................................ 1
    B. Standard of Review. ................................................................................................ 1

III. SUMMARY OF THE ARGUMENT ................................................................................. 3

IV. Argument and Authorities.................................................................................................. 4

    C. Statute of Limitations.............................................................................................. 4
    D. No Plausible Claim Against Cheatham................................................................... 5
    E. Cheatham's Entitlement to Qualified Immunity...................................................... 8

V. Conclusion ........................................................................................................................ 10

CERTIFICATE OF CONFERENCE........................................................................................... 12

CERTIFICATE OF SERVICE ..................................................................................................... 12

**TABLE OF AUTHORTIES**

Page(s)

Cases

*Alderson v. Concordia Par. Corr. Facility*,
   848 F.3d 415 (5th Cir. 2017) ................................................................................................... 6

*Anderson v. Creighton*,
   483 U.S. 635 ........................................................................................................................ 8, 9

*Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*,
   300 F.3d 620 (5th Cir. 2001) ................................................................................................... 3

*Ashcroft v. Iqbal*,

| | |
|---|---|
| 556 U.S. 662 (2009) | 2, 3, 10 |
| *Balle v. Nueces Co.*, | |
| 952 F.3d 552 (5th Cir. 2017) | 4 |
| *Beckwith v. City of Houston*, | |
| 790 Fed. Appx. 568 (5th Cir. 2019) | 4 |
| *Bell Atl. Corp. v. Twombly*, | |
| 550 U.S. 544 (2007) | 2, 3 |
| *Blackburn v. City of Marshall*, | |
| 42 F.3d 925 (5th Cir. 1995) | 3 |
| *Butz v. Economou*, | |
| 438 U.S. 478 (1978) | 8 |
| *Carswell v. Camp*, | |
| 54 F.4th 307 (5th Cir. 2022) | 10 |
| *Clark v. Thompson*, | |
| 850 F.Appx. 203 (5th Cir. 2021) | 4 |
| *Darden v Forth Worth*, | |
| 880 F.3d 722 (5th Cir. 2018) | 10 |
| *Domino v. Texas Dep't of Crim. Justice*, | |
| 239 F.3d 752 (5th Cir. 2001) | 5, 6 |
| *Dyer v. Houston*, | |
| 964 F.3d 374 (5th Cir. 2020) | 6 |
| *Estate of Bonilla v. Orange Cnty*, | |
| 982 F.3d 209 (5th Cir. 2020) | 5, 6 |
| *Fernandez-Montes v. Allied Pilots Ass'n.*, | |
| 987 F.2d 278 (5th Cir. 1993) | 3 |
| *First Emergency Order Regarding Covid*, | |
| 596 S.W.3d 265 (Tex. 2020) | 4, 5 |
| *Groh v. Ramirez*, | |
| 540 U.S. 551 (2004) | 8 |
| *Hale v. King*, | |
| 642 F.3d 492 (5th Cir. 2011) | 3 |
| *Hand v. Stevens Transp., Inc. Employee Benefit Plan*, | |
| 83 S.W.3d 286 (Tex. App. 2002) | 5 |
| *Hare v City of Corinth*, | |
| 74 F.3d 633 (5th Cir. 1995) | 5 |
| *Harlow v. Fitzgerald*, | |
| 457 U.S. 800, (1982) | 8 |
| *Hopkins v. Stice,* | |
| 916 F.2d 1029 (5th Cir. 1990) | 9 |
| *Hunter v. Bryant*, | |
| 502 U.S. 224 (1991) | 8 |
| *Hyatt v. Thomas*, | |
| 843 F.3d 172 (5th Cir. 2016) | 6 |
| *Ibarra v. Harris County*, | |
| 243 F. Appx 830 (5th Cir. 2007) | 7 |
| *Jackson v. Procunier,* | |

    789 F.2d 307 (5th Cir. 1986) .................................................................................................. 1
*Jacobsen v. Osborne*,
    133 F.3d 315 (5th Cir. 1998) .................................................................................................. 4
*King–White v. Humble Indep. Sch. Dist.*,
    803 F.3d 754 (5th Cir. 2015) .................................................................................................. 5
*Leal v. McHugh*,
    731 F.3d 405 (5th Cir. 2013) .................................................................................................. 2
*Longoria v. Texas*,
    473 F.3d 586 (5th Cir. 2006) .................................................................................................. 7
*Malley v. Briggs,*
    475 U.S. 335 (1986) ............................................................................................................... 9
*McClendon v. City of Columbia*,
    305 F.3d 314 (5th Cir. 2002) .................................................................................................. 9
*Mitchell v. Forsyth*,
    472 U.S. 511 (1985) ............................................................................................................... 8
*Montoya v. FedEx Ground Package Sys., Inc.*,
    614 F.3d 145 (5th Cir. 2010) .................................................................................................. 2
*Morgan v Swanson*,
    659 F.3d 359 (5th Cir. 2011) .................................................................................................. 9
*Morin v. Caire*,
    77 F.3d 116 (5th Cir. 1996) .................................................................................................... 2
*Mosely v. Bexar Cty.*,
    Civil Action No. SA-17-cv-583-XR, 2020 WL 589540 (W.D. Tex. Feb. 5, 2020) ................... 6
*Pearson v. Callahan*,
    555 U.S. 223 (2009) ............................................................................................................... 9
*Pena v. City of Rio Grande*,
    879 F.3d 6123 (5th Cir. 2018) ................................................................................................ 7
*Perniciaro v. Lea*,
    901 F.3d 241 (5th Cir. 2018) .................................................................................................. 6
*Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*,
    506 U.S. 139 (1993) ............................................................................................................. 10
*Ramming v. US,*
    281 F.3d 158 (5th Cir. 2001) .................................................................................................. 1
*Shaw v. Villanueva*,
    918 F.3d 414 (5th Cir. 2019) .................................................................................................. 3
*Taylor v. Books A Million, Inc.*,
    296 F.3d 376 (5th Cir. 2002) ............................................................................................. 2, 3
*Tiede v. Salazar*,
    518 F. Supp. 3d 955 (W.D. Tex. 2021) ................................................................................ 10
*U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.*,
    336 F.3d 375 (5th Cir. 2003) .................................................................................................. 2
*Wagner v. Bay City, Tex.*,
    227 F.3d 316 (5th Cir. 2000) .................................................................................................. 5
*Waters v. City of Hearne*,
    629 F.App'x. 606 (5th Cir. 2015) ........................................................................................... 4
*Whitley v. Hanna*,

    726 F.3d 631 (5th Cir. 2013) ............................................................................................... 7
*Winzer v. Kaufman Co.*,
    916 F.3d 464 (5th Cir. 2019) ............................................................................................... 4

**Statutes**

42 U.S.C. Section 1983 ................................................................................................... 1, 4, 5, 7
Tex. Gov't Code §22.0035 ..................................................................................................... 4

**Rules**

Fed. R. Civ. P. 8(a)(2) .......................................................................................................... 2
Fed. R. Civ. P. 15 ................................................................................................................. 4
Rule 12(b)(6) of the Federal Rules of Civil Procedure ........................................... i, 1, 2, 3

## I. STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

1. This lawsuit stems from allegations of physical, mental, and emotional abuse inflicted on Mikayla Savage ("Savage" or "Plaintiff") by inmates at the Harris County Jail and by Harris County Jail Detention Officers while she was detained at the Harris County Jail on or about June 2, 2022, through September 1, 2022. Savage brings this 42 U.S.C. Section 1983 claim against numerous detention personnel but there is no Count against Cheatham.

2. Savage filed this lawsuit in federal court on February 26, 2024 [DE #1]. Savage filed her amended complaint on September 5, 2024 [DE #52].

3. Defendant Cheatham now respectfully moves this Court to dismiss Plaintiff's claims against her.

## II. STATEMENT OF ISSUES AND STANDARD OF REVIEW

**A.  Statement of Issues.**

4. The issue to be ruled upon by the Court regarding Cheatham are:

    (a) Whether the claims against Cheatham are barred by limitations?
    (b) Whether Plaintiff has stated a claim upon which relief can be granted against Cheatham?
    (c) Whether Cheatham is entitled to qualified immunity?

**B.  Standard of Review.**

5. **Rule 12(b)(6).** If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); *see also Ramming v. US,* 281 F.3d 158, 161 (5th Cir. 2001) (a Rule 12(b)(6) motion is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim"). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the complaint and must be evaluated solely on the basis of the pleadings. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986);

*Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft,* 556 U.S. at 678-679. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

6. Surviving a motion to dismiss, therefore, requires more than hinting at "a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*.

7. "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (internal citation omitted). However,

courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *See Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("plaintiff must allege facts that support the elements of the cause of action in order to make out a valid claim").

8. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 544. Thus, dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *See Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)); *see also Hale*, 642 F.3d at 499. Conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *Taylor*, 296 F.3d at 378 (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

### III. SUMMARY OF THE ARGUMENT

9. Plaintiff fails to state a viable individual capacity claim against Cheatham for a constitutional violation. Plaintiff's claims are barred by limitations. Plaintiff's pleadings are devoid of any facts that are sufficient to state a plausible claim that Cheatham had personal knowledge of a substantial risk of serious harm to her and responded with deliberate indifference to that risk. Rather, Plaintiff relies on conclusory statements that cannot survive a motion to dismiss. Even if the Plaintiff's pleadings are found to be sufficient, Plaintiff has failed to establish a waiver of qualified immunity. Therefore, Plaintiff's claim against Cheatham should be dismissed.

## IV. ARGUMENT AND AUTHORITIES

### C. Statute of Limitations

10. Plaintiff's amended complaint which asserts claims against Cheatham, one of the newly named defendants, is futile and should be dismissed. In the Amended Complaint, Plaintiff named—for the first time—Lakisha Cheatham as a Defendant. The claims against Cheatham are barred by the statute of limitations and should be dismissed. Plaintiff continues to overreach rather than litigate the case based on the cognizable claims.

11. The statute of limitations for a 42 U.S.C §1983 claim in Texas is two years. *Beckwith v. City of Houston*, 790 Fed. Appx. 568, 572-73 (5th Cir. 2019). Plaintiff does not allege any wrongful conduct by Cheatham after July 8, 2022. DE 52 paras. 85-87. The date that limitations ran for Cheatham is two years from the date of the last alleged act or omission attributed to that individual. *Beckwith v. City of Houston*, 790 Fed. Appx. 568, 572-73 (5th Cir. 2019).

12. Plaintiff's claims against Cheatham <u>do not</u> relate back to the claims against the John Does. The case law from the 5th Circuit is crystal clear on this issue. Fed. R. Civ. P. 15; *Jacobsen v. Osborne*, 133 F.3d 315, 320-321 (5th Cir. 1998); *Winzer v. Kaufman Co.*, 916 F.3d 464, 470-471 (5th Cir. 2019); *Balle v. Nueces Co.*, 952 F.3d 552, 556-558 (5th Cir. 2017); *Waters v. City of Hearne,* 629 F.App'x. 606, 610 (5th Cir. 2015); *Clark v. Thompson*, 850 F.Appx. 203, 206-207 (5th Cir. 2021).

13. The last act or omission Plaintiff attributes to Cheatham occurred on July 8, 2022. DE 52 para. 87. Plaintiff sought leave to amend on August 29, 2024, more than two years after the events attributed to Cheatham. These claims are barred.

14. There is no basis to toll the statute of limitations for the claims asserted against Cheatham. Tex. Gov't Code §22.0035 covers tolling due to a natural disaster. The state legislature empowered the Texas Supreme Court to toll limitations if necessary. See, e.g., *First

*Emergency Order Regarding Covid*, 596 S.W.3d 265 (Tex. 2020). In response to Hurricane Beryl, the Texas Supreme Court did <u>not</u> extend the statute of limitations that applies to a §1983 claim. The Court only extended deadlines for cases in the Justice Courts in a few counties. *Id.* Even if the Hurricane Beryl Emergency Order could be interpreted to extend the applicable statute of limitations, that extension expired on July 26, 2024—over a month before Plaintiff sought leave to file DE 50-1. Furthermore, equitable tolling is inappropriate in this case. The "equitable tolling principles" of the forum state "control in § 1983 cases." *King–White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 764 (5th Cir. 2015). Under Texas law, "equitable tolling is a 'sparingly' invoked doctrine," to be used only in cases where the plaintiff has "excusable ignorance of the limitations period" and has shown "diligence in pursuing one's rights." *Hand v. Stevens Transp., Inc. Employee Benefit Plan*, 83 S.W.3d 286, 293 (Tex. App. 2002).

**D.     No Plausible Claim Against Cheatham.**

15.     Pretrial detainees such as Savage are entitled to have the essentials of their wellbeing tended while in custody, including the provision of medical care and protection. *Hare v City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1995). Claims for denial of medical care and for failure to protect are treated the same of for purposes of measuring constitutional liability. *Id.* at 643. "Liability for failing to provide such care attaches if the plaintiff can show that a state official acted with deliberate indifference to a substantial risk of serious medical harm and that injuries resulted." *Wagner v. Bay City, Tex.*, 227 F.3d 316, 324 (5th Cir. 2000) (citing *Hare v. City of Corinth*, 74 F.3d 633, 647-48 (5th Cir.1996) (en banc)). "Deliberate indifference is an extremely high standard." *Estate of Bonilla v. Orange Cnty*, 982 F.3d 209, 305 (5th Cir. 2020)(citing *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). To prove deliberate indifference, a plaintiff must show that the prison official was "aware of facts from which the

inference could be drawn that a substantial risk of serious harm exists, that the official actually drew the inference and disregarded that risk by failing to abate it." *Id.* (citing *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016)). It is a subjective standard that "requires that a prison official has actual knowledge of a serious risk of harm and then consciously disregard that risk." *Mosely v. Bexar Cty.*, Civil Action No. SA-17-cv-583-XR, 2020 WL 589540, at *8 (W.D. Tex. Feb. 5, 2020) (internal citation omitted); *see also Perniciaro v. Lea*, 901 F.3d 241, 257 (5th Cir. 2018) ("knowledge, in this context, requires that an official is both aware of facts from which an inference of harm could be drawn and actually draws that inference"). In paragraphs 85-87, Plaintiff alleges that she suffered five physical and sexual assaults over a two month period and alleges Cheatham primarily supervised the units Savage was in and failed to intervene and instead denied her access to medical care. Such conclusory claims are patently insufficient to establish deliberate indifference. To succeed on a deliberate indifference claim, a plaintiff must show that (1) the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and (2) the official actually drew that indifference. *Dyer v. Houston*, 964 F.3d 374, 380 (5th Cir. 2020). The official's conduct must demonstrate subjective awareness of a substantial risk of serious harm and a failure to take reasonable measures to abate this risk. *Domino v. Tex. Dept of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001). Here Plaintiff has not alleged facts which show that Cheatham "refused to treat her, ignored his complaints, intentionally treated her incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical need." *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017). Plaintiff has conclusorily alleged that as a supervisor, Cheatham denied Savage access to medical care and failed to intervene. The allegations has no factual support.

16.     An officer may be liable under § 1983 under a theory of bystander liability where the officer "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013). Even if a plaintiff can show that the officer was present, a bystander liability claim is not made unless the plaintiff also shows that the officer "acquiesced" in the conduct so as to functionally participate in the act itself.[30] Similarly, to state a claim of supervisor liability for constitutional violations committed by subordinates, Plaintiff is required to plead specific facts which show the "supervisor acted, or failed to act, with deliberate indifference to violations of others' constitutional rights committed by their subordinates." *Pena v. City of Rio Grande*, 879 F.3d 6123, 620 (5th Cir. 2018).

17.     Because this claim requires an evaluation of both subjective knowledge and objective reasonableness, the court must consider each officer's role in the alleged events. *Longoria v. Texas*, 473 F.3d 586, 593 (5th Cir. 2006). It is improper to analyze the claim based upon the alleged role of an entire group of officers. *Id. see also Ibarra v. Harris County*, 243 F. Appx 830, 835 (5th Cir. 2007).

18.     Here, Plaintiff does not allege facts sufficient to show that Defendant Cheatham was present and in a position during any assault such that she (1) knew that another officer was violating Savage's rights, and (2) had a reasonable opportunity to intervene to prevent the harm. Indeed, Plaintiff's only allegations of bystander (or supervisor) liability against Defendant Cheatham are conclusory and are improperly pled in the collective. *See* Dkt. 52, ¶¶ 85-88. Plaintiff does not allege facts showing that Cheatham had knowledge and an ability to intervene. For instance, Plaintiff does not allege where and when, if at all, Cheatham physically was that would have provided her with a reasonable opportunity to intervene and prevent a constitutional deprivation by another jailer. Plaintiff also alleges no facts that specifically show that Cheatham

"acquiesced in" the alleged conduct.

**E.     Cheatham's Entitlement to Qualified Immunity**

19.     The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982). Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. The protection of qualified immunity applies regardless of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Groh v. Ramirez*, 540 U.S. 551, 567 (2004) (quoting *Butz v. Economou*, 438 U.S. 478, 507 (1978), for the proposition that qualified immunity covers "mere mistakes in judgment, whether the mistake is one of fact or one of law").

20.     Because qualified immunity is "an immunity from suit rather than a mere defense to liability ... it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis deleted). Indeed, we have made clear that the "driving force" behind creation of the qualified immunity doctrine was a desire to ensure that " 'insubstantial claims' against government officials [will] be resolved prior to discovery." *Anderson v. Creighton*, 483 U.S. 635, 640, n. 2 (1987). Accordingly, "we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam).

21.     Even if the complaint sufficiently pleads the violation of a clearly established federal or constitutional right, the court must nonetheless determine if a reasonable public official could have decided that the alleged conduct was lawful, because a public official is nonetheless entitled

to qualified immunity if a "reasonable official would be left uncertain of the application of the standard to the facts confronting him." *Hopkins v. Stice,* 916 F.2d 1029, 1031 (5th Cir. 1990). In this case, the viability of Plaintiff's failure to render medical aid claim, and the bystander liability claim, turn on the issues whether Cheatham is entitled to qualified immunity based upon the undisputed, and undisputable, facts.

22. "Qualified immunity balances two important interests–the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Since the qualified immunity doctrine is designed to protect "all but the plainly incompetent or those who knowingly violate the law" (*Malley v. Briggs,* 475 U.S. 335, 341 (1986)), courts do not deny its protection unless existing precedent places the constitutional question "beyond debate." *Morgan v Swanson*, 659 F.3d 359, 371 (5th Cir. 2011). To reiterate from above, since Cheatham has asserted the defense of qualified immunity, Plaintiff therefore bear the burden to establish that Defendant is ***not*** entitled to qualified immunity. *See, e.g., McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) ("When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense."). The relevant question is whether a reasonable public official such as Defendant could have believed that her conduct was lawful in light of clearly established law and the information possessed by her. *Creighton,* 483 U.S. at 641. Thus, an official's mistaken belief may be as to the applicable law, or the mistaken belief may be as to the facts, on which she acted. Taking as true Plaintiff's allegations about Defendant Cheatham in her individual capacity, Plaintiff has failed to plead a constitutional violation by Cheatham. In the absence of a constitutional violation, Cheatham is entitled to a

dismissal based on qualified immunity. *Darden v Forth Worth,* 880 F.3d 722, 727 (5th Cir. 2018); *see also, Tiede v. Salazar*, 518 F. Supp. 3d 955, 966–67 (W.D. Tex. 2021), *appeal dismissed sub nom. Tiede v. Martinez,* No. 21-50234, 2021 WL 4301278 (5th Cir. Aug. 26, 2021).

23. **Motion to Stay**. Cheatham asserts her entitlement to qualified immunity and requests the Court stay all discovery pending resolution of that issue. Immunity is intended to shield the defendant from the burdens of defending the suit. One of the benefits of an immunity defense is "avoiding the costs and general consequences of subjecting public officials to the risks of discovery." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143-144 (1993). The benefit of avoiding the burden of discovery is lost when Cheatham is forced to move forward with discovery before her immunity defense has been resolved. *See Id.* at 145; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684-86 (2009) (recognizing "serious and legitimate reasons" for the basic thrust of qualified immunity—to free government officials from the concerns of litigation, including disruptive discovery, and noting that permitting discovery to proceed as to other governmental officials would prejudice Cheatham who has asserted qualified immunity). Because Cheatham has raised qualified immunity, discovery cannot be permitted against the other immunity-asserting defendants before this Court rules on the pending motion to dismiss. *See Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022). Cheatham therefore, respectfully moves this Court to stay all discovery until her assertion of immunity is resolved.

## V. CONCLUSION

24. For the reasons stated herein, Plaintiff has failed to state any claim upon which relief can be granted against Defendant Cheatham. Accordingly, Cheatham is entitled to dismissal of Plaintiff's claims against her as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant LAKISHA CHEATHAM requests the Court grant her motion and enter an order dismissing Plaintiff's claim against her and grant all other relief to which this Defendant is entitled.

Date: February 12, 2025

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, & REAL ESTATE DIVISIONS

Respectfully submitted,

By: */s/ James C. Butt*
**JAMES C. BUTT**
Sr. Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 24040354
Fed. Bar No. 725423
Phone: (713) 274-5133 (direct)
james.butt@harriscountytx.gov
**VERONICA L. JONES**
Assistant County Attorney
ATTORNEY TO BE NOTICED
State Bar No. 24097902
Federal ID No. 3639763
Tel: (713) 274-5181 (direct)
Veronica.Jones@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
Harris County Attorney's Office
1019 Congress
Houston, Texas 77002
**ATTORNEYS FOR DEFENDANT LAKISHA CHEATHAM**

## CERTIFICATE OF CONFERENCE

I certify that, on Feb. 12, 2025 I conferred via email with counsel for Plaintiff on the proposed stay and motion to dismiss. Both are opposed.

*/s/ Jim Butt*
Jim Butt

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached was filed with the clerk of the court using CM/ECF system, which will send electronic notification for those listed of record who receive electronically filed documents.

*/s/ Jim Butt*
Jim Butt