# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **MIKAYLA CHEYENNE SAVAGE,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.: 4:24-cv-00666** |
| | § | |
| **HARRIS COUNTY, TEXAS; SHERIFF ED** | § | |
| **GONZALES, in his official capacity;** | § | |
| **DETENTION OFFICER ARNOLDO** | § | |
| **MARTINEZ, in his individual capacity;** | § | |
| **DETENTION OFFICER ANDREW RADA,** | § | |
| **in his individual capacity; DETENTION** | § | |
| **ADMINISTRATIVE OPERATIONS** | § | |
| **OFFICER DANIKA MATHEWS, in her** | § | |
| **individual capacity; DETENTION OFFICER** | § | |
| **OZALYNN LOZANO, in his individual** | § | |
| **capacity; DETENTION OFFICER** | § | |
| **TRUCELL LAGARDE, in her individual** | § | |
| **capacity; DETENTION OFFICER TAYLOR** | § | |
| **HODGES, in his individual capacity;** | § | |
| **DETENTION OFFICER GLORIA** | § | |
| **EZEOKE, in her individual capacity; LAW** | § | |
| **ENFORCEMENT OFFICER MICHAEL** | § | |
| **THOMAS, in his individual capacity; LAW** | § | |
| **ENFORCEMENT OFFICER LAKISHA** | § | |
| **CHEATHAM, in her individual capacity;** | § | |
| **and DETENTION OFFICER MARILYN** | § | |
| **JOHN, her individual capacity** | § | |
| **individual capacities.** | § | |
| **Defendants.** | § | |

## DEFENDANT GLORIA EZEOKE'S
## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Gloria Ezeoke (hereafter "Ezeoke") files this Motion to Dismiss Plaintiff Mikayla Cheyenne Savage's (hereinafter "Savage" or "Plaintiff") Amended Complaint [Doc. #52], pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of said motion, Defendant Ezeoke would respectfully show the Court as follows:

# **TABLE OF CONTENTS**

Table of Authorities .................................................................................................... iii

 Statement of the Nature and Stage of Proceedings ...................................................1

I. Statement of the Issues, Summary of the Argument & Standard of Review ............................1

II. Argument & Authorities.......................................................................................4

   A. Plaintiff's Claims are Time Barred ......................................................................4

   B. No Plausible Claim for Failure to Intervene Against Ezeoke .................................7

   C. Ezeoke is Entitled to Qualified Immunity...........................................................10

III. Conclusion .......................................................................................................13

Certificate of Service .............................................................................................14

# TABLE OF AUTHORITIES

Page(s)

Cases

*Anderson v. Creighton,*
   483 U.S. 635 (1987) ...................................................................................11

*Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.,*
   300 F.3d 620 (5th Cir. 2001) ..................................................................... 4

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ........................................................................... 2, 3, 10

*Baker v. Putnal,*
   75 F.3d 190 (5th Cir.1996) ........................................................................ 9

*Balle v. Nueces Co.,*
   952 F.3d 552 (5th  Cir. 2017) .................................................................... 6

*Beckwith v. City of Houston,*
   790 Fed. Appx. 568 (5th Cir. 2019) ....................................................... 4, 5

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ........................................................................... 2, 3, 4

*Blackburn v. City of Marshall,*
   42 F.3d 925 (5th Cir. 1995) ...................................................................... 4

*Brown v. Coulston,*
   463 F.Supp.3d 762 (E.D. Tex. May 29, 2020)......................................... 10

*Butz v. Economou,*
   438 U.S. 478  (1978) ................................................................................11

*Cantu v. Jones,*
   293 F.3d 839 (5th Cir. 2002) .................................................................... 7

*Clark v. Thompson,*
   850 F.Appx. 203 (5th Cir. 2021) .............................................................. 6

*Cuadra v. Houston Indep. Sch. Dist.,*
   626 F.3d 808 ............................................................................................. 4

*Darden v Forth Worth,*
   880 F.3d 722 (5th Cir. 2018) ..............................................................11, 12

*Domino v. Texas Dep't of Crim. Justice,*
   239 F.3d 752 (5th Cir. 2001) .................................................................... 8

*Edmonds v. Oktibbeha Cnty.*,
  675 F.3d 911 (5th Cir. 2012) ................................................................. 4

*Estate of Bonilla v. Orange Cnty*,
  982 F.3d 209 (5th Cir. 2020) ................................................................. 8
\
*Farmer v. Brennan*,
  511 U.S. 825 (1994) ........................................................................... 7, 8

*Fernandez-Montes v. Allied Pilots Ass'n.*,
  987 F.2d 278 (5th Cir. 1993) ................................................................. 4

*First Emergency Order Regarding Covid*,
  596 S.W.3d 265 (Tex. 2020) ................................................................. 6

*Griffin v. New Orleans City*,
  628 Fed. App'x 300 (5th Cir. 2016) ........................................................ 5

*Groh v. Ramirez*,
  540 U.S. 551 (2004) ............................................................................11

*Hale v. King*,
  642 F.3d 492 (5th Cir. 2011) ............................................................. 3, 4

*Hand v. Stevens Transp., Inc. Employee Benefit Plan*,
  83 S.W. 3d 286 (Tex. App. 2002) ........................................................... 7

*Hare v. City of Corinth*,
  74 F.3d 633 (5th Cir. 1995) ............................................................... 7, 8

*Harlow v. Fitzgerald*,
  457 U.S. 800, (1982) ..................................................................... 10, 12

*Heaney v. Roberts*,
  846 F.3d 795 (5th Cir. 2017) ............................................................... 12

*Humphreys v. City of Ganado*,
  467 Fed .App'x. 252 (5th Cir. 2012) ........................................................ 5

*Ibarra v. Harris County*,
  243 F. Appx 830 (5th Cir. 2007) ............................................................. 8

*Jackson v. City of Hearne, Tex.*,
  959 F.3d 194 (5th Cir. 2020) ................................................................11

*Jackson v. Procunier*,
  789 F.2d 307 (5th Cir. 1986) ................................................................. 2

*Jacobsen v. Osborne,*
   133 F.3d 315 (5th Cir. 1998) ................................................................ 6

*Jones v. Bock,*
   549 U.S. 199 (2007) ............................................................................... 4

*King–White v. Humble Indep. Sch. Dist.,*
   803 F.3d 754 (5th Cir. 2015) ................................................................ 7

*Kitty Hawk Aircargo, Inc. v. Chao,*
   418 F.3d 453 (5th Cir. 2005) ................................................................ 6

*Leal v. McHugh,*
   731 F.3d 405 (5th Cir. 2013) ................................................................ 2

*Longoria v. Texas,*
   473 F.3d 586 (5th Cir. 2006) ................................................................ 8

*McClendon v. City of Columbia,*
   305 F.3d 314 (5th Cir. 2002) ..............................................................11

*Montoya v. FedEx Ground Package Sys., Inc.,*
   614 F.3d 145 (5th Cir. 2010) ................................................................ 3

*Morin v. Caire,*
   77 F.3d 116 (5th Cir. 1996) .................................................................. 2

*Neals v. Norwood,*
   59 F.3d 530 (5th Cir. 1995) .................................................................. 7

*Oliver v. Collins,*
   914 F.2d 56 (5th Cir. 1990) .................................................................. 7

*Oliver v. Scott,*
   276 F.3d 736 (5th Cir. 2002) ................................................................ 9

*Owens v. Okure,*
   488 U.S. 235 (1989) ............................................................................... 4

*Piotrowski v. City of Houston,*
   237 F.3d 567 (5th Cir. 2001) ........................................................... 4, 5

*Ramming v. United States,*
   281 F.3d 158 (5th Cir. 2001) ................................................................ 2

*Reichle v. Howards,*
   566 U.S. 658 (2012) ............................................................................. 10

*Rios v. Scott,*
    100 F. App'x 270 (5th Cir. 2004) ................................................................. 12

*Roberts v. City of Shreveport,*
    397 F.3d 287 (5th Cir. 2005) ................................................................. 10

*Rojero v. El Paso County,*
    226 F.Supp.3d 768 (W.D. Tex. Apr 28, 2016) .........................................11

*Shaw v. Villanueva,*
    918 F.3d 414 (5th Cir. 2019) ................................................................. 3

*Smith v. Reg'l Transit Auth.,*
    827 F.3d 412 (5th Cir. 2016) ................................................................. 5

*Stanley v. Foster,*
    464 F.3d  565 (5th Cir. 2006) ................................................................. 4

*Taylor v. Books A Million, Inc.,*
    296 F.3d 376 (5th Cir. 2002) ............................................................. 3, 4

*Thompson v. City of Starkville,*
    901 F.2d 456 (5th Cir. 1990) ................................................................. 10

*Thompson v. Steele,*
    709 F.2d 381 (5th Cir. 1983) ................................................................. 10

*Tiede v. Salazar,*
    518 F. Supp. 3d 955 (W.D. Tex. 2021) .................................................11

*Torres v. Livingston,*
    972 F.3d 660 (5th Cir. 2020) ................................................................. 8

*U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,*
    336 F.3d 375 (5th Cir. 2003) ................................................................. 3

*Wallace v. Kato,*
    549 U.S. 384 (2007) ................................................................. 5

*Waters v. City of Hearne*
    629 F.App'x. 606 (5th  Cir. 2015) ................................................................. 6

*Whitt v. Stephens Cnty.,*
    529 F.3d 278 (5th Cir. 2008) ................................................................. 6

*Williams v. Banks,*
    956 F.3d 808 (5th Cir. 2020) ................................................................. 8

*Williams v. Hampton*,
   797 F.3d 276 (5th Cir. 2015) ...................................................................... 8

*Winzer v. Kaufman Co.*,
   916 F.3d 464 (5th Cir. 2019) ...................................................................... 6

Statutes
Tex. Civ. Prac. & Rem. Code §16.003 ............................................................ 4
Tex. Gov't Code §22.0035 .............................................................................. 6

Rules
Fed. R. Civ. P. 8(a)(2) ................................................................................... 2
Fed. R. Civ. P. 8(c) ....................................................................................... 4
Fed. R. Civ. P. 12(b)(6) ........................................................................ 2, 3, 4
Fed. R. Civ. P. 15 ......................................................................................... 6
Fed. R. Evid. 201 .......................................................................................... 6

**STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS**

1.      This lawsuit stems from allegations of physical, mental, and emotional abuse inflicted on Mikayla Savage ("Savage" or "Plaintiff") by inmates at the Harris County Jail and by Harris County Jail Detention Officers while she was detained at the Harris County Jail on or about June 2, 2022, through September 1, 2022. Savage brings this 42 U.S.C. Section 1983 claim against Detention Officer Ezeoke alleging she violated her Fourteenth Amendment right to the U.S. Constitution, asserting a claim for failure to intervene. [Doc.# 52 at ¶ 141].

2.      Savage generally alleges that multiple detention officers, including Ezeoke, failed to intervene when Savage was assaulted numerous times while in the Harris County Jail on unspecified dates. [Doc. #52 at ¶ 85]. Savage specifically alleges Ezeoke failed to intervene on July 12, 2022, when she was allegedly sexually assaulted in her unit. [Doc. # 52 at ¶¶ 88-89]. That is the only date that Plaintiff specifically alleges Ezeoke failed to intervene.

3.      Savage filed this lawsuit in federal court on February 26, 2024 [Doc. #1]. Savage filed her amended complaint on September 5, 2024 [Doc. #52].  Defendant Ezeoke was served on February 1, 2025, and now respectfully moves this Court to dismiss Plaintiff's claims against her.

**I.      STATEMENT OF ISSUE, SUMMARY OF ARGUMENT
AND STANDARD OF REVIEW**

4.      **Statement of Issue.** The issues to be ruled upon by the Court regarding Ezeoke are:

    (A)    Whether the claims against Ezeoke are barred by the statute of limitations?

    (B)    Whether Plaintiff has stated a claim upon which relief can be granted against Ezeoke?

    (C)    Whether Ezeoke is entitled to qualified immunity?

5.      **Summary of Argument**. Ezeoke respectfully submits that under Rule 12(b)(6), Plaintiff's claims against her must be dismissed because the claims are barred by statute of limitations and

because Plaintiff has failed to state a viable individual capacity claim for any constitutional violations. Plaintiff's pleadings are devoid of facts that are sufficient to state a plausible claim that Ezeoke had personal knowledge of a substantial risk of serious harm to her and responded with deliberate indifference to that risk. It is clear from the face of Plaintiff's pleadings that all claims must be dismissed as a matter of law because Plaintiff's claims against Ezeoke are nothing more than general, conclusory allegations masquerading as factual conclusions, which cannot survive a motion to dismiss. As such, Plaintiff has failed to state any facts to establish liability against Ezeoke. Additionally, Ezeoke is cloaked by qualified immunity. Thus, Plaintiff has failed to state a claim against Ezeoke and all claims against her must be dismissed as a matter of law.

6.      **Standard of Review.**  If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (a Rule 12(b)(6) motion is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim").  A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the complaint and must be evaluated solely on the basis of the pleadings. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft,* 556 U.S. at 678-679. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

7.      Surviving a motion to dismiss, therefore, requires more than hinting at "a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*.

8.      "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (internal citation omitted). However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *See Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim").

9.      "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of

action." *Twombly*, 550 U.S. at 544. Thus, dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)); *see also Hale*, 642 F.3d at 499. Conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *Taylor*, 296 F.3d at 378 (quoting *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993)).

## II.    ARGUMENT AND AUTHORITIES

### A.  Plaintiff's Claims are Time Barred.

10**.**    Plaintiff's Amended Complaint asserts claims against Ezeoke for the very first time, as she is one of the newly named defendants in this case. The claims against Ezeoke must be dismissed as they are barred by the statute of limitations. A Rule 12(b)(6) motion is a proper procedural vehicle to seek dismissal when "it is evident from the plaintiff's pleadings that the action is barred, and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc*., 3339 F.3d 359, 366 (5th Cir. 2003); *see also Jones v. Bock,* 549 U.S. 199, 215 (2007); Fed. R. Civ. P. 8(c).

11.    "Because no specified federal statute of limitations exists for §1983 suits, federal courts borrow from the forum state's general or residual personal-injury limitations period." *Edmonds v. Oktibbeha Cnty.*, 675 F.3d 911, 916 (5th Cir. 2012) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In Texas, the general statute of limitations for personal-injury claims, like a §1983 claim, is two years. *Beckwith v. City of Houston*, 790 Fed. Appx. 568, 572-73 (5th Cir. 2019); *see Cuadra v. Houston Indep. Sch. Dist.,* 626 F.3d 808, 814 n. 7 (5th Cir. 2010) ; *Stanley v. Foster*, 464 F.3d  565, 568 (5th Cir. 2006); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); *See* Tex. Civ. Prac. & Rem. Code §16.003.

12.     While Texas law governs the limitations period, "the accrual date of a §1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Humphreys v. City of Ganado*, 467 Fed .App'x. 252, 255 (5ᵗʰ Cir. 2012) (per curiam). "Federal law, however, determines the date of accrual for the limitations period, which occurs when the plaintiff knows, or should have known, of the acts that form the basis of the claim." *Griffin v. New Orleans City*, 628 Fed. App'x 300, 301 (5th Cir. 2016); *see also Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cir. 2016); *Piotrowski*, 237 F.3d at 576. A plaintiff does "not need to know [she] has a legal cause of action; [she] need know only the facts that would ultimately support a claim. *Piotrowski*, 237 F.3d at 576 (internal citation omitted).

13.     The last alleged date of misconduct by Ezeoke mentioned in Plaintiff's Amended Complaint was on July 12, 2022. [Doc. #52 at ¶¶ 88-89]. The date that limitations ran for Ezeoke is two years from the date of the last alleged act or omission attributed to that individual, which at the latest would be July 12, 2022 [Doc. #52 at ¶ 88-89], as alleged in Plaintiff's Amended Complaint. *Beckwith*, 790 Fed. Appx. at 572-73. On that date, Plaintiff was clearly aware of any alleged misconduct by Ezeoke to form the basis of a claim against her. Plaintiff does not allege any misconduct from any of the newly named defendants, including Ezeoke, after August 18, 2022, and does not specifically name Ezeoke for being involved in any alleged misconduct after July 12, 2022. [Doc. #52, at ¶ 103]. In fact, the last specific event Plaintiff describes occurred on August 22, 2022. [Doc. #52 at ¶ 109]. However, Plaintiff does not attribute that event to any of the eight new defendants, including Ezeoke. Plaintiff did not seek leave to amend her complaint until August 29, 2024 [Doc. #50], more than two years after the events on July 12, 2022, that Plaintiff attributes to Ezeoke. Thus, these claims against Ezeoke are barred by the statute of limitations and must be dismissed.

14.    **Plaintiff's Claims Do Not Relate Back.** Plaintiff's claims against Ezeoke <u>do not</u> relate back to the claims against the John Does from Plaintiff's Original Complaint. [Doc. #1]. The Fifth Circuit has settled this issue and has clearly held that "an amendment to substitute a named party for a John Doe does not relate back under Rule 15(c)." *Whitt v. Stephens Cnty*., 529 F.3d 278, 282-83 (5th Cir. 2008). Thus, to the extent unknown officers are sued, a Plaintiff cannot use these "John Doe" claims to now substitute in the names of a defendant after the limitations period. *Id*; Fed. R. Civ. P. 15; *Jacobsen v. Osborne*, 133 F.3d 315, 320-321 (5th Cir. 1998); *Winzer v. Kaufman Co.*, 916 F.3d 464, 470-471 (5th Cir. 2019); *Balle v. Nueces Co.*, 952 F.3d 552, 556-558 (5th Cir. 2017); *Waters v. City of Hearne,* 629 F.App'x. 606, 610 (5th Cir. 2015);*Clark v. Thompson*, 850 F.Appx. 203, 206-207 (5th Cir. 2021). Thus, any argument that claims against Ezeoke relate back to Plaintiff's Original Complaint against John Doe defendants fail and are still barred by the statute of limitations.

15.    **No Basis for Tolling.** There is no basis to toll the statute of limitations for the claims asserted against Ezeoke. Tex. Gov't Code §22.0035 covers tolling due to a natural disaster. The state legislature empowered the Texas Supreme Court to toll limitations if necessary. *See, e.g.*, *First Emergency Order Regarding Covid*, 596 S.W.3d 265 (Tex. 2020). In response to Hurricane Beryl, the Texas Supreme Court did <u>not</u> extend the statute of limitations that applies to a §1983 claim.[1] The Court only extended deadlines for cases in the Justice Courts in a few counties.[2] Even if the Hurricane Beryl Emergency Order could be interpreted to extend the applicable statute of limitations, that extension expired on July 26, 2024—over a month before Plaintiff sought leave

---

[1] Defendant requests that the Court take judicial notice under Fed. R. Evid. 201 The Supreme Court of Texas order issuing an emergency order authorizing the modification of deadlines in certain justice courts affected by Hurricane Beryl on July 12, 2024. *See Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005).
[2] *Id*.

to file her Amended Complaint on August 29, 2024. [Doc. #50]. Moreover, equitable tolling is inappropriate in this case. The "equitable tolling principles" of the forum state "control in § 1983 cases." *King–White v. Humble Indep. Sch. Dist*., 803 F.3d 754, 764 (5th Cir. 2015). Under Texas law, "equitable tolling is a 'sparingly' invoked doctrine," to be used only in cases where the plaintiff has "excusable ignorance of the limitations period" and has shown "diligence in pursuing one's rights." *Hand v. Stevens Transp., Inc. Employee Benefit Plan*, 83 S.W. 3d 286, 293 (Tex. App. 2002). Given the ample time Plaintiff had to find and serve the John Doe defendants, equitable tolling should not be an option here.

### B. No Plausible Claim for Failure to Intervene Against Ezeoke.

16.     There is no plausible failure to intervene claim against Ezeoke since Plaintiff's pleading fails to meet the elements and high burden of deliberate indifference. Pretrial detainees such as Savage are entitled to have the essentials of their wellbeing tended while in custody, including the provision of medical care and protection. *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1995). To prove a claim based on a failure to protect, the plaintiff must show that she is incarcerated under conditions that pose a substantial risk of serious harm and that prison officials have been deliberately indifferent to her need for protection. *See Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

17.     An official is deliberately indifferent to an inmate's need for protection if the official knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *See Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002) (citing *Farmer*, 511 U.S. at 847). Only deliberate indifference will suffice to state a failure-to-protect claim; mere negligence is not enough. *See Farmer*, 511 U.S. at 837; *see also Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (holding that a negligent failure to protect from harm does not make a claim under section 1983). The "proper inquiry is whether the official had a culpable state of

7

mind in acting or failing to act." *Hare*, 74 F.3d at 643. "Deliberate indifference is an extremely high standard." *Estate of Bonilla v. Orange Cnty*, 982 F.3d 209, 305 (5th Cir. 2020)(citing *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001)).

21.     To prove deliberate indifference, a plaintiff must show that "(1) 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' and (2) 'he must also draw the inference.'" *Williams v. Hampton*, 797 F.3d 276, 281 (5th Cir. 2015) (en banc) (citing *Farmer*, 511 U.S. at 837, 114 S. Ct. 1970).

18.     "Therefore, to avoid liability, '[p]rison officials charged with deliberate indifference might show ... that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger, or that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent.'" *Hyatt*, 843 F.3d at 177 (quoting *Farmer*, 511 U.S. at 844, 114 S. Ct. 1970). "Furthermore, evidence that an official was aware of a substantial risk to inmate safety does not alone establish deliberate indifference." *Id*. "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Torres v. Livingston*, 972 F.3d 660, 663 (5th Cir. 2020) (quoting *Williams v. Banks*, 956 F.3d 808, 811 (5th Cir. 2020)).

19.     Because this claim requires an evaluation of both subjective knowledge and objective reasonableness, the court must consider each officer's role in the alleged events. *Longoria v. Texas*, 473 F.3d 586, 593 (5th Cir. 2006).  It is improper to analyze the claim based upon the alleged role of an entire group of officers. *Id; see also Ibarra v. Harris County*, 243 F. Appx 830, 835 (5th Cir. 2007).

20.     Savage's Amended Complaint fails to plead sufficient facts that Ezeoke disregarded

an excessive risk to Savage's safety. Firstly, Plaintiff very generally alleges that she suffered approximately five physical and sexual assaults over a two-month period and alleges Ezeoke was one of many detention officers who primarily supervised the units Savage was in and failed to intervene. [Doc. #52 at ¶ 85]. There is no mention in this paragraph that Ezeoke was actually aware of or even saw any specific assault against Savage. [*Id.*].

21.    Plaintiff generally alleges that guards as a whole, not specifically Ezeoke, could see into her unit when she was sexually assaulted overnight. [Doc. #52 at ¶¶ 88-89]. Savage then alleges Ezeoke failed to intervene and protect Savage. [*Id.*]. From the plain language of Savage's pleading in paragraphs 88-89 of Docket #52, it is not pled that Ezeoke actually knew that Savage was allegedly being sexually assaulted, saw it, or even knew intervention was needed. Generally claiming that guards could "see into the unit during the assault" is not the same as alleging that a specific defendant, Detention Officer Ezeoke saw or knew Savage was sexually assaulted in this instance. [Doc. #52 at ¶ 89]. This is an essential element of deliberate indifference which is required to state a claim. Plaintiff has failed to provide enough facts alleging the key elements for deliberate indifference. Such conclusory claims asserted by Plaintiff are insufficient to establish deliberate indifference, and therefore, her general conclusory claims against Ezeoke must be dismissed.

22.    **All Other Claims Fail.** Insofar as Plaintiff has attempted to allege any other claims in Plaintiff's Amended Complaint, they also fail against Ezeoke because Plaintiff has not met her pleading burden, when suing multiple defendants, of showing specific conduct of each defendant sued and identifying the actions of each defendant that allegedly constitutes a constitutional deprivation. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002); *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir.1996). "Because vicarious liability is inapplicable to §1983 suits, a plaintiff must

plead that each government official defendant, through the <u>official's own individual actions</u>, has violated the Constitution." *Ashcroft*, 556 U.S. at 676 (emphasis added). In other words, a defendant's personal involvement is an essential element of a §1983 claim, which must be pleaded with specific facts and not conclusory allegations. *See Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir. 2005) (citation omitted); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983); *Thompson v. City of Starkville*, 901 F.2d 456, 469 n.13 (5th Cir. 1990) (plaintiff invoking §1983 must plead specific facts that, if proved, would overcome the individual defendant's qualified immunity defense as complaints containing conclusory allegations, absent reference to material facts will not survive a motion to dismiss). Reading through Plaintiff's Amended Complaint, where there are many general assertions that the guards in general didn't intervene, failed medical care, or at some point the guards generally knew of assaults against Savage [Doc. #52 at ¶ 85; 94; 104], is not enough to state a claim specifically against Ezeoke, as the pleading standard requires more. Thus, any such claims fail as a matter of law.

## C. Ezeoke is Entitled to Qualified Immunity

23.     Plaintiff's §1983 claim against Ezeoke fails as a matter of law. Ezeoke asserts that she is immune from suit and therefore, not liable because she is cloaked by qualified immunity. The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982). Qualified immunity shields Ezeoke "from civil damages liability unless he violated a statute or constitutional right that was clearly established at the time of the challenged conduct." *Brown v. Coulston*, 463 F.Supp.3d 762 (E.D. Tex. May 29, 2020) (citing *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). "When considering a qualified immunity defense raised in the context of a Rule 12(b)(6) motion to dismiss, the Court must determine whether 'the plaintiff's pleadings assert

facts, which if true, would overcome the defense of qualified immunity.'" *Rojero v. El Paso County*, 226 F.Supp.3d 768, 776-777 (W.D. Tex. Apr 28, 2016); *see also Jackson v. City of Hearne, Tex.*, 959 F.3d 194, 201 (5th Cir. 2020).

24.    Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. The protection of qualified immunity applies regardless of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Groh v. Ramirez*, 540 U.S. 551, 567 (2004) (quoting *Butz v. Economou*, 438 U.S. 478, 507  (1978), for the proposition that qualified immunity covers "mere mistakes in judgment, whether the mistake is one of fact or one of law").

25.    Since Ezeoke has asserted the defense of qualified immunity, Plaintiff therefore bears the burden to establish that Defendant is ***not*** entitled to qualified immunity. *See, e.g., McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) ("When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense."). The relevant question is whether a reasonable public official such as Defendant could have believed that her conduct was lawful in light of clearly established law and the information possessed by her. *Anderson v. Creighton,* 483 U.S. 635, 641 (1987). Taking as true Plaintiff's allegations about Defendant Ezeoke in her individual capacity, Plaintiff has failed to plead a constitutional violation by Ezeoke. In the absence of a constitutional violation, Ezeoke is entitled to a dismissal based on qualified immunity. *Darden v Forth Worth,* 880 F.3d 722, 727 (5th Cir. 2018); *see also, Tiede v. Salazar*, 518 F. Supp. 3d 955, 966–67 (W.D. Tex. 2021), *appeal dismissed sub nom. Tiede v. Martinez,* No. 21-50234, 2021 WL 4301278 (5th Cir. Aug. 26, 2021).

Case 4:24-cv-00666    Document 91    Filed on 02/24/25 in TXSD    Page 19 of 21

26.    **Not clearly established Law**. In addition to demonstrating a constitutional right at issue, there must also be a showing that the constitutional right at issue was clearly established at the time of the alleged constitutional violation. *Darden,* 880 F.3d at 727. A public official who violates an individual's constitutional rights is still immune from liability unless the rights in question were "clearly established" when the violation occurred. *See Harlow*, 457 U.S. at 818. Plaintiff has failed to allege this in her complaint and has not provided case law which demonstrates this alleged constitutional violation was clearly established at the time.

27.    Importantly, prevailing caselaw demonstrates that what's been specifically alleged against Ezeoke was not clearly established. Plaintiff alleges that multiple prisoners tied Plaintiff up, sexually assaulted her, and importantly used foreign objects to assault her. [Doc. #52 at ¶ 88]. The Fifth Circuit has held that officers are "entitled to qualified immunity because there is no clearly established constitutional right for an officer to immediately intervene when an armed inmate attacks another inmate, as the officer may need to call for backup or seek to avoid her own serious injury." *Rios v. Scott*, 100 F. App'x 270, 272 (5th Cir. 2004). In this instance, Plaintiff admits that the other inmates were armed with foreign objects used when assaulting Savage. Per the caselaw from the Fifth Circuit, given the facts in which Plaintiff asserts, there would be no clearly established constitutional right for Ezeoke to intervene given the other inmates were armed with foreign objects during the commission of Plaintiff's alleged assault. Thus, from prevailing caselaw, this claim cannot stand against the qualified immunity defense.

28.    **Punitive Damage Claim.**  Plaintiff's pleading fails to show any basis for an award of punitive damages against Ezeoke. *See Heaney v. Roberts*, 846 F.3d 795, 803 (5th Cir. 2017). There is no assertion within the pleadings that establish that Ezeoke acted with malice toward Plaintiff or was involved in an unconstitutional violation. Accordingly, Plaintiff has failed to state

a viable claim for punitive damages against Ezeoke and such claim should be dismissed as a matter of law.

### III.    CONCLUSION

29.    For the reasons stated herein, Plaintiff has failed to state any claim upon which relief can be granted against Defendant Ezeoke. Accordingly, Ezeoke is entitled to dismissal of Plaintiff's claims against her as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant GLORIA EZEOKE requests the Court grant her motion and enter an order dismissing Plaintiff's claim against her and grant all other relief to which this Defendant is entitled.

Date: February 24, 2025

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST
ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, &
REAL ESTATE DIVISIONS

By:    _/s/Veronica L. Jones_
**VERONICA L. JONES**
Assistant County Attorney
**ATTORNEY-IN-CHARGE**
State Bar No. 24097902
Federal ID No. 3639763
Tel: (713) 274-5181 (direct)
Veronica.Jones@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress
Houston, Texas 77002
**Attorney for Defendant Gloria Ezeoke**

13

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached was filed with the clerk of the court using CM/ECF system, which will send electronic notification for those listed of record who receive electronically filed documents.

_/s/ Veronica L. Jones_____
**Veronica L. Jones**