UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MIKAYLA CHEYENNE SAVAGE,** § <br> Plaintiff, § <br> § <br> v. § <br> § <br> **HARRIS COUNTY, TEXAS; SHERIFF ED** § <br> **GONZALES, in his official capacity;** § <br> **DETENTION OFFICER ARNOLDO** § <br> **MARTINEZ, in his individual capacity;** § <br> **DETENTION OFFICER ANDREW RADA,** § <br> **in his individual capacity; DETENTION** § <br> **ADMINISTRATIVE OPERATIONS** § <br> **OFFICER DANIKA MATHEWS, in her** § <br> **individual capacity; DETENTION OFFICER** § <br> **OZALYNN LOZANO, in his individual** § <br> **capacity; DETENTION OFFICER** § <br> **TRUCELL LAGARDE, in her individual** § <br> **capacity; DETENTION OFFICER TAYLOR** § <br> **HODGES, in his individual capacity;** § <br> **DETENTION OFFICER GLORIA** § <br> **EZEOKE, in her individual capacity; LAW** § <br> **ENFORCEMENT OFFICER MICHAEL** § <br> **THOMAS, in his individual capacity; LAW** § <br> **ENFORCEMENT OFFICER LAKISHA** § <br> **CHEATHAM, in her individual capacity;** § <br> **and DETENTION OFFICER MARILYN** § <br> **JOHN, her individual capacity** § <br> **individual capacities.** § <br> Defendants. § | **Civil Action No.: 4:24-cv-00666** |

### DEFENDANT GLORIA EZEOKE'S PARTIALLY OPPOSED
### MOTION TO STAY DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

     Defendant Gloria Ezeoke (hereinafter "Ezeoke") files this Partially Opposed Motion to Stay Discovery. Ezeoke respectfully requests that the Court stay all discovery against Ezeoke pending the Court's ruling on Ezeoke's Motion to Dismiss, asserting qualified immunity [Doc. #91], and whether Plaintiff has stated a claim against Ezeoke. Additionally, Ezeoke requests this

1

Court postpone depositions pending the resolution of Ezeoke's qualified immunity analysis, as continuing forward, would inevitable force Ezeoke into discovery. In support of said motion, Defendant Ezeoke would respectfully show the Court as follows:

1. Ezeoke asserts her entitlement to qualified immunity and requests the Court stay all discovery against her pending resolution of that issue. "The qualified immunity defense affords governmental officials not just immunity from liability, but immunity from suit." *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996). Defendant Ezeoke is entitled to qualified immunity. One of the benefits of an immunity defense is "avoiding the costs and general consequences of subjecting public officials to the risks of discovery." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143-144 (1993). The benefit of avoiding the burden of discovery is lost when Defendant is forced to move forward with discovery before their immunity defense has been resolved. *See Id.* at 145; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684-86 (2009) (recognizing "serious and legitimate reasons" for the basic thrust of qualified immunity—to free government officials from the concerns of litigation, including disruptive discovery, and noting that permitting discovery to proceed as to other Defendants would prejudice Defendants who have asserted qualified immunity).

2. The Fifth Circuit recognized in *Carswell* that "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Carswell v. Camp*, 54 F.4th 307, 312–13 (5th Cir. 2022) (emphasis and citation omitted); *see also Robinson v. Escorza*, No. SA-23-CV-734-OLG-HJB, 2024 WL 1079781, at *3 (W.D. Tex. Jan. 2, 2024), report and recommendation adopted, No. SA23CV00734OLGHJB, 2024 WL 1079063 (W.D. Tex. Mar. 11, 2024). Immunity is meaningless if Ezeoke is forced to participate in discovery before the Court rules on a pending

motion to dismiss asserting immunity. Because Ezeoke has raised qualified immunity, discovery cannot be permitted against the immunity-asserting defendant before this Court rules on the pending motion to dismiss. *See Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022).

3.      Ezeoke also requests this Court stay oral depositions, as any currently pending depositions between the parties will require Ezeoke's involvement and therefore, inevitable participation in discovery, which should be stayed until this Court rules upon her Motion to Dismiss [Doc. # 91]. So not only should any discovery, written or oral against Ezeoke be stayed, but also any further depositions against other defendants postponed, until Defendant's qualified immunity analysis has been resolved.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Gloria Ezeoke respectfully requests that the Court stay all discovery against her pending the Court's determination of whether Plaintiff has stated a claim against Ezeoke and whether qualified immunity applies. Defendant Ezeoke also respectfully requests all other appropriate relief, including postponing depositions of other defendants so that Ezeoke may fully participate.

Date: February 27, 2025

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, &

          REAL ESTATE DIVISIONS

By:   */s/Veronica L. Jones*
**VERONICA L. JONES**
Assistant County Attorney
**ATTORNEY-IN-CHARGE**
State Bar No. 24097902
Federal ID No. 3639763
Tel: (713) 274-5181 (direct)
Veronica.Jones@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress
Houston, Texas 77002
**Attorney for Defendant Gloria Ezeoke**

## CERTIFICATE OF CONFERENCE

I certify that on February 26, 2025, I conferred via email with counsel for Plaintiff on Defendant's Partially Opposed Motion to Stay Discovery, and counsel was in agreement with staying written discovery against Gloria Ezeoke, but opposed to postponing pending depositions against other named defendants and did not state they were in agreement with staying oral depositions against Ezeoke until Ezeoke's qualified immunity analysis has been ruled upon.

          */s/ Veronica L. Jones*
          **Veronica L. Jones**

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached was filed with the clerk of the court using CM/ECF system, which will send electronic notification for those listed of record who receive electronically filed documents.

          */s/ Veronica L. Jones*
          **Veronica L. Jones**