IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Mikayla Cheyenne Savage, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | |
| Harris County, Texas; Sheriff Ed Gonzales, in his official capacity; Detention Officer Arnoldo Martinez, in his individual capacity; Detention Officer Andrew Rada, in his individual capacity; Administrative Operations Officer Danika Mathews, in her individual capacity; Detention Officer Ozalynn Lozano, in his individual capacity; Detention Officer Trucell Lagarde, in her individual capacity; Detention Officer Taylor Hodges, in his individual capacity; Detention Officer Gloria Ezeoke, in her individual capacity; Law Enforcement Officer Michael Thomas, in his individual capacity; Law Enforcement Officer Lakisha Cheatham, in her individual capacity; and Detention Officer Marilyn John, her individual capacity, | § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:24-cv-00666 |
| *Defendants*. | § § | |

**PLAINTIFF'S OPPOSITION TO THE MOTION
TO DISMISS AND MOTION TO STAY OF
<u>DEFENDANT LAKISHA CHEATHAM</u>**

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................... 1
II. NATURE OF THE CASE AND STAGE OF PROCEEDINGS ....................................... 2
III. STATEMENT OF THE ISSUE .................................................................................. 2
IV. SUMMARY OF ARGUMENT .................................................................................. 2
V. FACTUAL ALLEGATIONS ..................................................................................... 3
VI. STANDARD OF REVIEW ....................................................................................... 4
VII. DEFENDANT's MOTION TO DISMISS SHOULD BE DENIED ................................. 4
    A. THE CLAIM AGAINST DEFENDANT CHEATHAM IS NOT BARRED BY THE STATUTE OF LIMITATIONS ............................................................. 4
    B. PLAINTIFF SUFFICIENTLY PLEADED A FAILURE TO PROTECT CLAIM ................................................................................................................. 8
    C. DEFENDANT CHEATHAM IS NOT ENTITLED TO QUALIFIED IMMUNITY .................................................................................................... 11
VIII. MOTION TO STAY ............................................................................................. 13
IX. CONCLUSION .................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adames v. Perez*,
　331 F.3d 508 (5th Cir. 2003) ...................................................................................................8

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ................................................................................................................4

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) ................................................................................................................4

*Burnett v. N.Y. Cent. R.R.*,
　380 U.S. 424 (1964) ................................................................................................................5

*Cardona v. Taylor*,
　828 F. App'x 198 (5th Cir. 2020) .......................................................................................9, 12

*Carswell v. Camp*,
　54 F.4th 307 (5th Cir. 2022) .................................................................................................13

*Christianson v. Colt Indus. Operating Corp.*,
　486 U.S. 800 (1988) ................................................................................................................7

*Farmer v. Brennan*,
　511 U.S. 825 (1994) ..........................................................................................................8, 12

*Free v. Abbott Labs., Inc.*,
　164 F.3d 270 (5th Cir. 1999) ..................................................................................................7

*Green v. Doe*,
　260 F. App'x 717 (5th Cir. 2007) ............................................................................................5

*Hare v. City of Corinth*,
　74 F.3d 633 (5th Cir. 1996) .......................................................................................8, 10, 12

*Heckford v. City of Pasadena*,
　No. 4:20-CV-4366, 2021 WL 2517405 (S.D. Tex. June 18, 2021) ..........................................5

*Holland v. Florida*,
　560 U.S. 631 (2010) ................................................................................................................6

*Hope v. Pelzer*,
　536 U.S. 730 (2002) ..............................................................................................................11

*Jacobsen v. Osborne*,
　133 F.3d 315 (5th Cir. 1998) ..................................................................................................5

*Kingsley v. Hendrickson*,
    576 U.S. 389 (2015) .................................................................................................9, 11

*Lambert v. United States*,
    44 F.3d 296 (5th Cir. 1995) ..............................................................................................5

*Lindquist v. City of Pasadena*,
    525 F.3d 383 (5th Cir. 2008) ............................................................................................4

*Longoria v. Texas*,
    473 F.3d 586 (5th. Cir. 2006) ...........................................................................................8

*Montoya v. FedEx Ground Package Sys., Inc.*,
    614 F.3d 145 (5th Cir. 2010) ............................................................................................4

*Rodriguez v. City of Austin*,
    No. 1-21-CV-01087-RP, 2024 WL 3242279 (W.D. Tex. June 26, 2024) ........................6

*Saucier v. Katz*,
    533 U.S. 194 (2001) ........................................................................................................11

*Smith v. Dunbar*,
    No. 6:22cv442, 2024 WL 1228986 (E.D. Tex. Feb. 27, 2024) ..................................9, 11

*United States v. Hinds Cnty. Bd. of Supervisors*,
    120 F.4th 1246 (5th Cir. 2024) .......................................................................................12

*United States v. Lawrence*,
    179 F.3d 343 (5th Cir. 1999) ............................................................................................7

*Westmoreland v. Butler County*,
    29 F.4th 721 (6th Cir. 2022) .............................................................................................9

*Winslow v. Harris County*,
    No. H-07-767, 2009 U.S. Dist. LEXIS 143825 ................................................................9

**Statutes**

42 U.S.C. § 1983 ........................................................................................................................2

Fed. R. Civ. P. 12(b)(6) ..............................................................................................................4

**Other Authorities**

Eighth Amendment .....................................................................................................................9

Fourteenth Amendment ..................................................................................................... *passim*

## I.  INTRODUCTION

Before the Court is a motion to dismiss filed by Defendant Lakisha Cheatham ("Cheatham" or "Defendant"). In her First Amended Complaint, Dkt. 52, Plaintiff Mikayla Savage ("Ms. Savage" or "Plaintiff") alleges that on or about June 26-27, 2022, only one or two days after she was discharged from the hospital, officers at HCJ moved Mikayla to cell 4H1, where she was physically and/or sexually assaulted by several other detainees. Despite having a clear view of these assaults, Defendant Cheatham failed to do anything to intervene and further failed to send Ms. Savage to the medical unit for treatment. When Ms. Savage was eventually transferred to a new cell a few days later, she was again assaulted by her cellmate in full view of Defendant Cheatham. On this occasion too, Defendant Cheatham did nothing to protect Ms. Savage or help her obtain medical treatment for her injuries.

These facts and the reasonable inferences that may be drawn therefrom are properly presented in Ms. Savage's well-pleaded Complaint, which this Court should determine withstands Defendant Cheatham's motion to dismiss. As shown herein, Plaintiff has alleged more than sufficient facts that Defendant Cheatham acted with deliberate indifference to Ms. Savage's needs when she failed to protect her from violence at the hands of other detainees.

In a final attempt to evade responsibility for her unconstitutional conduct and horrifying treatment of Ms. Savage, Defendant puts forth threadbare and conclusory assertions that she is entitled to qualified immunity, but she has not come close to meeting her burden of proof. Plaintiff has adequately alleged facts showing that Defendant Cheatham violated Plaintiff's clearly established Fourteenth Amendment rights, rendering qualified immunity unavailable.

Defendant Cheatham's attempt to evade responsibility for her unconstitutional conduct toward Plaintiff at the pleading stage, before any discovery, should be denied.

## II.      NATURE OF THE CASE AND STAGE OF PROCEEDINGS

Plaintiff filed her Complaint on February 26, 2024. Dkt. 1. Plaintiff filed her First Amended Complaint naming Defendant Cheatham on September 5, 2024. Dkt. 52. Defendant Cheatham filed her Motion to Dismiss on February 12, 2025. Dkt. 87. Because the First Amended Complaint raises allegations that support only one claim against Defendant Cheatham—Count V (failure to protect)—this Motion addresses only Count V.[1]

## III.    STATEMENT OF THE ISSUE

1. Whether Plaintiff's claim against Defendant Cheatham is barred by the statute of limitations.

2. Whether Plaintiff pleaded facts in her Amended Complaint sufficient to state a claim against Defendant Cheatham for constitutional violations under 42 U.S.C. § 1983.

## IV.    SUMMARY OF ARGUMENT

Equitable tolling allows Plaintiff to bring her failure-to-protect claim against Defendant Cheatham. The Court has already allowed for the addition of the newly identified Defendants Lakisha Cheatham, Gloria Ezeoke, Marilyn John, Trucell Lagarde, Ozalynn Lozano, and Michael Thomas (collectively "Doe Officers") through its Order granting Plaintiff's Motion to File the Amended Complaint. *See* Dkt. 51 (finding "Plaintiff's Motion was timely, was not made in bad faith or with a dilatory motive, and will not unduly prejudice Defendants, particularly since the Court granted Plaintiff's Unopposed Motion to Extend Time to File Consolidated Amended

---

[1] The First Amended Complaint alleges that Defendant Cheatham failed to protect or intervene Plaintiff. *See* Dkt. 52 ¶¶ 85–87. Defendant Cheatham's Motion to Dismiss acknowledges these claims as being raised against her under a failure-to-protect theory. *See* Dkt. 87 ¶ 15. As Defendant Cheatham points out, Plaintiff inadvertently did not list Defendant Cheatham in Count V when she identified and replaced the Doe Officers. Plaintiff did, however, name Defendant Cheatham as a new party, *see* Dkt. 52 ¶ 26, provide clear allegations against her, *id.* ¶¶ 85–87, and incorporate those allegations in Count V, *id.* ¶ 140. Defendant Cheatham is not prejudiced if this Court addresses construes Count V as asserted against her.

2

Complaint"). As previously argued in Plaintiff's Motion to Amend, and not refuted by Defendant Cheatham anywhere in her Motion to Dismiss, this Court may apply the doctrine of equitable tolling to allow Plaintiff to bring her claims against the newly named defendants, because the delay in determining the identity of the Doe Officers is not attributable to Plaintiff's lack of diligence. The Court has done so, and—without proper challenge by the Defendant to that Order—this ruling is now the law of the case.

Defendant's Motion to Dismiss fails to mount a valid challenge to Plaintiff's claim for failure to protect. Defendant Cheatham also raises a cursory and unsupported qualified immunity defense. Plaintiff has alleged that the horrors to which she was subjected at HCJ and the constitutional violations she suffered were the result of Defendant Cheatham's behavior and that Defendant Cheatham had the requisite knowledge of those conditions when she undertook that behavior. These allegations are sufficient to state a constitutional claim against Defendant Cheatham. Thus, Defendant's Motion should be denied.

## V. FACTUAL ALLEGATIONS

Plaintiff Mikayla Savage was detained in the Harris County Jail from June 2, 2022, through September 1, 2022. First Am. Compl., Dkt. 52, ¶ 16 (hereinafter, "Am. Compl."). After enduring weeks of squalid living conditions and an assault by Defendant Martinez that resulted in Ms. Savage having an abortion, Ms. Savage was transferred to cell 4H1 after her release from the hospital. *Id.* ¶ 86. In cell 4H1, Ms. Savage was physically and/or sexually assaulted by her fellow detainees. The assaults were visible by guards on their post at the "picket," including by Defendant Cheatham. *Id.* ¶ 89. Despite having view of the assaults, Defendant Cheatham did nothing to intervene to protect Ms. Savage from violence, nor did she take Ms. Savage for medical care. *Id.* ¶ 87. Ms. Savage was eventually relocated to cell 4F2, where she was assaulted by another fellow detainee over an argument about moving bunks. *Id.* Again, Defendant Cheatham did

3

nothing to protect Ms. Savage and did not take her to the medical unit for treatment until the *next day*. *Id.* When she was finally taken to the medical unit, Ms. Savage complained of pain in her head and pain in her right arm that limited her range of motion and left her unable to raise her hand. *Id.*

VI. **STANDARD OF REVIEW**

When evaluating a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded facts in the complaint as true and views those facts in the light most favorable to the plaintiff. *See Lindquist v. City of Pasadena*, 525 F.3d 383, 386 (5th Cir. 2008). Plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010).

VII. **DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED**

Plaintiff's Amended Complaint describes in detail the ways in which Defendant Cheatham violated her constitutional rights and readily meets the pleading standard for this stage of the case. For all the reasons set forth below, Defendant's scattershot and threadbare Motion to Dismiss should be denied.

 A. **THE CLAIM AGAINST DEFENDANT CHEATHAM IS NOT BARRED BY THE STATUTE OF LIMITATIONS**

This Court has already ruled that Plaintiff was allowed to amend the Complaint and bring her previously pled claims against newly identified Doe Officers. *See* Dkt. 51. On July 15, 2024, this Court granted Plaintiff's Unopposed Motion for Extension of Time to File Consolidated Amended Complaint and identify the Doe Officers, allowing Plaintiff until August 29, 2024, to

identify the Doe Officers and amend her complaint. Dkt. 49. The Court subsequently granted Plaintiff's Opposed Motion for Leave to File First Amended Complaint, in which Plaintiff explained how the doctrine of equitable tolling permits her claims against the newly identified defendant officers to proceed. Dkt. 50.

A plaintiff seeking leave to amend to name a defendant in place of a John Doe defendant may be able to show that a statutory limitations period has been equitably tolled. *See Green v. Doe*, 260 F. App'x 717, 719 (5th Cir. 2007). To be entitled to equitable tolling, the plaintiff must have diligently sought to discover the identity of the unknown defendant and amend the complaint. *Id.* at 719. "The doctrine of equitable tolling preserves a plaintiff's claim when strict application of the statute of limitations would be inequitable." *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995) (citing *Burnett v. N.Y. Cent. R.R.*, 380 U.S. 424, 428 (1964)).

This Court granted early discovery to allow Plaintiff to identify Doe Officers. *See* Minute Entry for Motion Hearing held on May 6, 2024. The Court issued a scheduling order that set the deadline for new parties as July 15, 2024. Plaintiff sought an unopposed extension, which the Court granted, permitting new parties to be added by August 29, 2024. *See* Dkt. 49. Plaintiff operated under the belief that this deadline would be operative for a timely filing of amended pleadings naming Doe Officers. *Cf. Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998) (noting plaintiff added defendants five months after the court-ordered deadline for amended pleadings). Because Plaintiff was working to meet these deadlines, she believed the statutory deadlines would be tolled.

Defendants presented initial disclosures with certain records on May 13, 2024, several months before the statute of limitations expired. *See Heckford v. City of Pasadena*, No. 4:20-CV-4366, 2021 WL 2517405, at *2 (S.D. Tex. June 18, 2021) (granting equitable tolling where plaintiff

5

made requests for the disclosure of officers' identities several months prior to the statute of limitations expiring). Plaintiff's counsel then worked diligently to identify the Doe Officers using those records. When they were unable to confirm identities of certain defendants through those means, they worked with Plaintiff herself to review photographs of the officers and confirm identities in that way. This was a multi-stage process of document review and data collation, as well as client meetings conducted in person.

Throughout this period, Plaintiff has been homeless, has not had regular access to a mobile or home phone, has been incarcerated in a county jail, and has been severely affected by a major hurricane and the resulting widespread damage. Her mother's home, where she was living for a portion of this period, was destroyed in the hurricane. Plaintiff has had no access to a working computer on which she could have reviewed any discovery sent to her via email by Plaintiff's counsel. Plaintiff's counsel was able to meet with Plaintiff to identify defendants on July 29, 2024, shortly after the statutory tolling period for a number of Doe Officers. Plaintiff operated under the belief that she had the remaining month to amend the Complaint to add those defendants.

The touchpoint for equitable tolling is reasonable diligence. *Holland v. Florida*, 560 U.S. 631, 653, (2010) ("The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'") (citations omitted); *see also Rodriguez v. City of Austin,* No. 1-21-CV-01087-RP, 2024 WL 3242279, at *4 (W.D. Tex. June 26, 2024) (finding reasonable diligence where the plaintiff did not seek formal discovery but went to "great lengths to discover the identities of the responsible officers in a timely manner" including combing through voluminous video footage even though he "could have sought formal discovery sooner."). Here, Plaintiff was reasonably diligent in serving early discovery requests and reviewing individual officer photographs to identify Doe Officers despite the challenges she faced during this period,

6

including multiple natural disasters and lack of access to shelter and cellular communication. Plaintiff diligently sought to discover the identity of the unknown defendants and amended the complaint to identify these defendants once able.

For these reasons, Plaintiff requested in her Motion to Amend the Complaint that the Court grant equitable tolling to allow her to bring her claims against the newly identified Doe Officers. Without equitable tolling, Plaintiff would have been prejudiced in that she would not be able to seek redress for grievous harms—including multiple physical and sexual assaults that could and should have been prevented by Defendants—and would be unable to seek full relief for a situation that never should have happened to her. This Court granted Plaintiff's request for equitable tolling, "find[ing] that Plaintiff's Motion was timely, was not made in bad faith or with a dilatory motive, and will not unduly prejudice Defendants, particularly since the Court granted Plaintiff's Unopposed Motion to Extend Time to File Consolidated Amended Complaint." Dkt. 51.

The Court's ruling on equitable tolling is now the law of the case. *See United States v. Lawrence*, 179 F.3d 343, 351 (5th Cir. 1999) (explaining the law-of-the-case doctrine "expresses the practice of courts generally to refuse to reopen what has been decided"); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."); *cf. Free v. Abbott Labs., Inc.*, 164 F.3d 270, 272–73 (5th Cir. 1999) (noting that courts do not recognize a "jurisdiction exception" to the law-of-the-case doctrine).

Defendant Cheatham will not suffer a "manifest injustice" by now being formally named in this case, which is necessary for this Court to review its equitable tolling ruling now. *Christianson*, 486 U.S. at 817 ("[A]s a rule courts should be loathe to [revisit their prior decisions] in the absence of extraordinary circumstances such as where the initial decision was clearly

7

erroneous and would work a manifest injustice" (internal citation and quotation marks omitted)). The Amended Complaint names specific incidents and dates—here, several assaults on Ms. Savage by fellow detainees in cells 4H1 and 4F2—in the housing unit where Defendant Cheatham worked. Defendant Cheatham even drafted incident reports about at least one of these events. Additionally, investigation conducted by senior leadership at HCJ (both during summer 2022 and after the commencement of this case) should have provided notice to Defendant Cheatham of the potential claims against her. Therefore, Defendant Cheatham cannot show that naming her as one of the Doe Officers—who was already identified by her conduct in Plaintiff's Original Complaint—constitutes a manifest injustice that would counsel in favor of revisiting this Court's equitable tolling ruling.

Defendant Cheatham's arguments about the statute of limitations should therefore be rejected.

### B. PLAINTIFF SUFFICIENTLY PLEADED A FAILURE TO PROTECT CLAIM

The Fourteenth Amendment places a duty on guards to protect pretrial detainees from violence at the hands of other prisoners while confined. *See Hare v. City of Corinth*, 74 F.3d 633, 639, 643–44 (5th Cir. 1996); *Longoria v. Texas*, 473 F.3d 586, 592 (5th. Cir. 2006). Guards can be found liable when they "acted or failed to act with subjective deliberate indifference to the detainee's needs." *Hare*, 74 F.3d at 636, 647–48; *see also Adames v. Perez,* 331 F.3d 508, 512 (5th Cir. 2003). A prison official is deliberately indifferent to the prisoner's safety if the official knows that the prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *see also Hare*, 74 F.3d at 648–49.

Courts have found allegations similar to Plaintiff's sufficient to state a claim for failure to protect under the Fourteenth Amendment. *See, e.g.*, *Winslow v. Harris County*, No. H-07-767, 2009 U.S. Dist. LEXIS 143825, at *42–43 (S.D. Tex. June, 8 2009 ("The evidence, viewed in a light most favorable to Plaintiff, shows that Plaintiff was repeatedly kicked in the head, face and body while he lay on the floor. This is sufficient to raise a fact issue that Defendants . . . should have inferred that Plaintiff was at substantial risk for harm by the actions of the other officers. Therefore, . . . Plaintiff has stated a constitutional violation."); *see also Westmoreland v. Butler County*, 29 F.4th 721, 729–31 (6th Cir. 2022) (vacating summary judgment on failure-to-protect claim where plaintiff's mother informed defendants that plaintiff was in danger after being labeled a snitch); *Kingsley v. Hendrickson*, 576 U.S. 389, 391–92 (2015) (holding that plaintiffs need not show subjective awareness of unreasonable force to prove excessive force).

In the parallel but more exacting context under the Eighth Amendment, courts have found similar allegations sufficient to state a claim for failure to protect. *See, e.g.*, *Cardona v. Taylor*, 828 F. App'x 198, 203 (5th Cir. 2020) ("Because we determined that Cardona sufficiently stated a claim for relief regarding the officers' use of excessive force, and because he alleges that other officers, including the supervising officer, were present during the raid but failed to intervene, we conclude that he has stated a claim for relief on this ground as well."); *Smith v. Dunbar*, No. 6:22cv442, 2024 WL 1228986 at *1, *14–15 (E.D. Tex. Feb. 27, 2024) ("[T]he law was clear that an officer standing by and doing nothing while one inmate attacks another violates the Constitution. *Some* action is required . . . Defendant Matthews' alleged failure to intervene, to call for help, or to leave to obtain weapons and/or assistance constitutes a sufficient allegation of deliberate indifference to a known and obvious excessive risk to Plaintiff's safety. Plaintiff's

9

allegations, if taken as true, demonstrate that Defendant Matthews violated a clearly established constitutional right of which a reasonable correctional official would have known . . . .").

Plaintiff alleged in her Amended Complaint that Defendant Cheatham failed to intervene when she was physically and/or sexually assaulted by several other detainees on or around June 26 or 27, 2022. *See* Am. Compl. ¶ 86. Plaintiff further alleged that Defendant Cheatham failed to intervene when Mikayla was again assaulted by another detainee who fought with her over moving bumps on or around July 8, 2022. *Id.* at ¶ 87. Defendant Cheatham did not bring Ms. Savage to the medical unit until the next day. *Id.* Because this Court can and should reasonably infer that Defendant Cheatham observed the assault on Ms. Savage, this Court should further infer that she subjectively knew of the risk to Ms. Savage and also of the harm Ms. Savage experienced. When Defendant Cheatham failed to intervene, she acted with deliberate indifference to Ms. Savage's health and safety and did not take reasonable measures to abate the risk and the harm she suffered. This failure to intervene extended to Defendant Cheatham's failure to bring Ms. Savage to the medical unit in the immediate aftermath of her assaults, leaving her in pain and without medical care overnight, exacerbating the harms she suffered as a result. *Id.* ¶ 87.

Plaintiff has alleged sufficient facts from which this Court can infer at this stage of the proceedings that Defendant Cheatham knew there was a substantial risk of serious harm. Plaintiff has alleged that Defendant Cheatham witnessed Ms. Savage's assaults, she was aware of the actualization of that risk, and, nonetheless, she did not intervene. *Id.* ¶¶ 85–86. This inaction instead contributed to Ms. Savage's harm by failing to bring her to the medical unit, the opposite of his constitutional obligation to protect her. *Hare*, 74 F.3d at 639. These allegations are far from "threadbare recitals of the elements of a cause of action," as Defendant Cheatham baselessly

10

asserts. Dkt. 87 ¶ 7. Plaintiff has alleged all elements of a failure-to-protect claim sufficient to withstand Defendant Cheatham's Motion to Dismiss.

### C. DEFENDANT CHEATHAM IS NOT ENTITLED TO QUALIFIED IMMUNITY

Lastly, Defendant Cheatham makes the cursory argument that she is "entitled to qualified immunity" and a dismissal on that ground simply based on her assertion that Ms. Savage has not met the pleading standard for a constitutional violation. Dkt. 87 ¶¶ 19–22. Plaintiff, however, has adequately alleged facts sufficient to state a claim that Defendant Cheatham violated her clearly established Fourteenth Amendment rights, rendering qualified immunity unavailable.

"[A]n officer enjoys qualified immunity . . . unless he has violated a 'clearly established' right such that 'it would [have been] clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Kingsley*, 576 U.S. at 400 (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)) (alteration in original); *see also Smith v. Dunbar*, No. 6:22cv-422, 2024 WL 1228986, at *1, *13–14 (E.D. Tex. Feb. 27, 2024) (setting out both prongs of the test: "whether the challenged conduct, viewed in the light most favorable to the plaintiff, would actually amount to a violation of [constitutional or] federal law" and "whether the defendant's actions violated clearly established statutory or constitutional rights of which a reasonable person would have known") (citations omitted). Courts have explained what a "clearly established" constitutional right looks like in the context of an alleged qualified immunity defense:

> For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

*Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quotation marks and citations omitted).

11

As discussed above, Plaintiff satisfies the first prong because Defendant Cheatham violated Plaintiff's Fourteenth Amendment rights when she failed to intervene as Ms. Savage was assaulted by other detainees in HCJ, acting with deliberate indifference to Ms. Savage's health and safety. Am. Compl. ¶ 86. Defendant Cheatham further violated Plaintiff's Fourteenth Amendment rights when she failed to intervene as Ms. Savage was assaulted a second time by another detainee over moving bunks, acting again with deliberate indifference to Ms. Savage's health and safety. *Id.* at ¶ 87. Having witnessed the assault, Defendant Cheatham was aware of the substantial risk of harm to Ms. Savage. However, she chose to ignore that risk and later refused to take Ms. Savage to the medical unit. *Id.* Plaintiff has successfully pleaded and met the first prong of demonstrating inapplicability of the qualified immunity defense.

Second, Plaintiff satisfies the second prong because Defendant Cheatham's actions violated clearly established constitutional rights of which a reasonable person would have known. Controlling case law has long held that a pretrial detainee's rights are violated when guards perceive and ignore a substantial risk of harm, failing to take reasonable measures to abate that harm. *Farmer*, 511 U.S. at 828. Furthermore, it is established law that prison officials must "tak[e] reasonable measures to guarantee the safety of the inmates'—such as protecting inmates from fellow prisoner." *United States v. Hinds Cnty. Bd. of Supervisors*, 120 F.4th 1246, 1257 (5th Cir. 2024) (quoting *Farmer*, 511 U.S. at 832). By the time other detainees attacked Ms. Savage in plain view of Defendant Cheatham, it was clear that a prison guard's failure to intervene was a violation of clearly established federal law. *See Cardona*, 828 F. App'x at 203; *Hare*, 74 F.3d at 648–49. This information is well established and well known.

The Amended Complaint's factual allegations, which must be taken as true at this stage, preclude dismissal on the basis of qualified immunity for Count V. For all of these reasons, Defendant's Motion to Dismiss on the basis of qualified immunity should be rejected.

## VIII. MOTION TO STAY

Plaintiff does not oppose staying written discovery served on Defendant Cheatham until her assertion of immunity is resolved. However, Plaintiff opposes any stay on discovery that would impact her ability to conduct discovery of other Defendants in this case whose claims of qualified immunity have already been resolved, as well as any non-parties.

Defendant Cheatham has no support for the broad stay ruling she requests. She points to *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022), to support her request to stay *all* discovery, including "against the other immunity-asserting defendants," "until her assertion of immunity is resolved." Dkt. 87 ¶ 23. In *Carswell*, the plaintiff sought to depose eight individually named defendants asserting qualified immunity. 54 F.4th at 310. The district court's scheduling order purportedly allowed narrow discovery related to qualified-immunity. *Id.* at 309–10. The defendants appealed and moved for a stay of all discovery pending appeal. *Id.* at 310. The Fifth Circuit held that a district court "may not permit discovery against the immunity-asserting defendants before it rules on their defense," yet reaffirmed the "careful procedure" by which discovery related to the immunity asserted is permitted. *Id.* at 311. Nothing in *Carswell* allows a defendant, such as Defendant Cheatham, who is *not* being deposed, to stay a deposition of another party or non-party witness.

## IX. CONCLUSION

For the foregoing reasons, Defendant Lakisha Cheatham's Motion to Dismiss should be denied and her Motion to Stay should be denied as to any other parties or non-party witnesses.

13

Dated: March 5, 2025					Respectfully submitted,

							*/s/ Karley T. Buckley*
							Karley T. Buckley
							DLA Piper LLP (US)
							Texas Bar No. 24123596
							845 Texas Avenue, Suite 3800
							Houston, Texas 77002
							(713) 425-8421
							karley.buckley@us.dlapiper.com

							Miriam R. Nemeth* (DC Bar #1028529)
							D Dangaran* (DC Bar #90023981)
							Rights Behind Bars
							1800 M Street NW, Front 1 #33821
							Washington, DC 20033
							(202) 455-4399
							miriam@rightsbehindbars.org
							d@rightsbehindbars.org

							David H. Bamberger*
							DLA Piper LLP (US)
							DC Bar #362285
							500 Eighth Street, NW
							Washington, DC 20004
							(202) 799-4500
							david.bamberger@us.dlapiper.com

							John C. Canoni*
							DLA Piper LLP (US)
							Texas Bar No. 24117335
							1900 North Pearl Street, Suite 2200
							Dallas, Texas 75201
							(214) 743-4500
							john.canoni@us.dlapiper.com

							Kaylee Hoffner
							DLA Piper LLP (US)
							Texas Bar No. 24127036
							845 Texas Avenue, Suite 3800
							Houston, Texas 77002
							(713) 425-8424
							Kaylee.hoffner@us.dlapiper.com


							**\* admitted *pro hac vice***

							**ATTORNEYS FOR PLAINTIFF**
							**MIKAYLA CHEYENNE SAVAGE**

14

**CERTIFICATE OF SERVICE**

     I hereby certify that on March 5, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record. Any other counsel of record will be served by first class U.S. mail.

                                             */s/ Karley T. Buckley*
                                             Karley T. Buckley