UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MIKAYLA CHEYENNE SAVAGE,<br>    Plaintiff,<br><br>v.<br><br>HARRIS COUNTY, TEXAS; SHERIFF ED GONZALES, in his official capacity; DETENTION OFFICER ARNOLDO MARTINEZ, in his individual capacity; DETENTION OFFICER ANDREW RADA, in his individual capacity; DETENTION ADMINISTRATIVE OPERATIONS OFFICER DANIKA MATHEWS, in her individual capacity; DETENTION OFFICER OZALYNN LOZANO, in his individual capacity; DETENTION OFFICER TRUCELL LAGARDE, in her individual capacity; DETENTION OFFICER TAYLOR HODGES, in his individual capacity; DETENTION OFFICER GLORIA EZEOKE, in her individual capacity; LAW ENFORCEMENT OFFICER MICHAEL THOMAS, in his individual capacity; LAW ENFORCEMENT OFFICER LAKISHA CHEATHAM, in her individual capacity; and DETENTION OFFICER MARILYN JOHN, her individual capacity individual capacities.<br>    Defendants. | §<br>§<br>§<br>§   Civil Action No.: 4:24-cv-00666<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANT LAKISHA CHEATHAM'S**
**REPLY IN SUPPORT OF HER MOTION TO DISMISS PLAINTIFF'S AMENDED**
**COMPLAINT AND MOTION TO STAY**

TO THE HONORABLE JUDGE OF SAID COURT:

   Defendant Lakisha Cheatham (hereafter "Cheatham") files this her Reply in Support of

Her Motion to Dismiss Plaintiff's Amended Complaint (DE #52), pursuant to Rule 12(b)(6) of the

1

Federal Rules of Civil Procedure. In support of said motion and motion to stay, Defendant Cheathams would respectfully show the Court as follows:

### I. STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

1. This lawsuit stems from allegations of physical, mental, and emotional abuse inflicted on Mikayla Savage ("Savage" or "Plaintiff") by inmates at the Harris County Jail and by Harris County Jail Detention Officers while she was detained at the Harris County Jail on or about June 2, 2022, through September 1, 2022. Savage brings this 42 U.S.C. Section 1983 claim against Cheatham alleging she violated her Fourteenth Amendment right to the U.S. Constitution as a condition of confinement claim (Claim VII). She makes no claim of physical injury against Cheatham.

2. Savage filed this lawsuit in federal court on February 26, 2024 [DE #1]. Savage filed her amended complaint on September 5, 2024 [DE #52].

3. Defendant Cheatham now respectfully replies to Plaintiff's response on Cheatham's motion to dismiss.

### II. STATEMENT OF ISSUES AND ARGUMENT

**A.  Statement of Issues.**

4. The issue to be ruled upon by the Court regarding Cheatham are:

   (a)  Whether the claims against Cheatham are barred by limitations?
   (b)  Whether Plaintiff has stated a claim upon which relief can be granted against Cheatham?
   (c)  Whether Cheatham is entitled to qualified immunity?

**B.  Argument**

5. Cheatham contends that equitable tolling should not apply. *See Gaia v. Smith,* 2011 WL 96578, *4 (S.D. Tex. Jan.11, 2011) (finding no entitlement to equitable tolling where defendants

were added to suit after limitations had expired because suit was filed two months before limitations period ran and plaintiff did not begin discovery to determine defendants' identities until after limitations expired); *Nazerzadeh v. Harris County,* 2010 WL 3817849, slip. op. at *36 (S.D. Tex. Sept. 27, 2010) (finding no entitlement to equitable tolling as to "John Doe" officers where suit was filed on last day of limitations period, too late to permit discovery into their identities before limitations ran).

6. Cheatham further contends the law of the case doctrine does not apply. The "law-of-the-case doctrine does not operate to prevent a district court from reconsidering prior rulings," and it functions to "prevent unnecessary reconsideration of previously decided issues." *Zarnow v. City of Wichita Falls, Tex.,* 614 F.3d 161, 171 (5th Cir. 2010). However, this rule "yields to adequate reason." *Id.* (citations omitted). Courts are permitted to review and reconsider their prior interlocutory decisions "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id.* (quotations and citations omitted).

**Conditions of Confinement Claim**.

7. Plaintiff's allegations against Cheatham do not appear to assert physical injury. A prisoner's exposure to horrendous conditions of confinement alone, however, is insufficient to proceed on a § 1983 claim. Savage must also allege that the unlawful practices or conditions caused her harm or injury. *Harold v. Tagipahoa Parrish Sheriff Office*, Civil 20-2220, 2021 WL 2920513 at *14 (E.D. La. June 18, 2021). See also, *Alexander v. Tippah Cnty.*, 351 F.3d 626, 631 (5th Cir. 2003)

8. "Absent an established rule, a jail condition claim exists only where there is 'extended or pervasive misconduct,' establishing a pattern, which the Fifth Circuit has recognized is a heavy

burden that has rarely been met in its caselaw." *Tiede v. Salazar*, 518 F.Supp.3d 955, 964 (W.D. Tex. 2021).

**Qualified Immunity**.

9. Because qualified immunity is "an immunity from suit rather than a mere defense to liability ... it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis deleted). Indeed, we have made clear that the "driving force" behind creation of the qualified immunity doctrine was a desire to ensure that " 'insubstantial claims' against government officials [will] be resolved prior to discovery." *Anderson v. Creighton*, 483 U.S. 635, 640, n. 2 (1987). Accordingly, "we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam).

10. Thus, taking as true Plaintiff's allegations about Defendant Cheatham in her individual capacity, Plaintiff has failed to plead a constitutional violation by Cheatham. In the absence of a constitutional violation, Cheatham is entitled to a dismissal based on qualified immunity. *Darden. 880 F.3d at 727; see also, Tiede v. Salazar*, 518 F. Supp. 3d 955, 966–67 (W.D. Tex. 2021), *appeal dismissed sub nom. Tiede v. Martinez,* No. 21-50234, 2021 WL 4301278 (5th Cir. Aug. 26, 2021).

### III.    CONCLUSION

11. For the reasons stated herein, Plaintiff has failed to state any claim upon which relief can be granted against Defendant Cheatham. Accordingly, Cheatham is entitled to dismissal of Plaintiff's claims against her as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant LAKISHA CHEATHAM requests the Court grant her motion and enter an order dismissing Plaintiff's claim against her and grant all other relief to which this Defendant is entitled.

Date: March 11, 2025

Case 4:24-cv-00666   Document 95   Filed on 03/11/25 in TXSD   Page 4 of 5

burden that has rarely been met in its caselaw." *Tiede v. Salazar*, 518 F.Supp.3d 955, 964 (W.D. Tex. 2021).

**Qualified Immunity**.

9. Because qualified immunity is "an immunity from suit rather than a mere defense to liability ... it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis deleted). Indeed, we have made clear that the "driving force" behind creation of the qualified immunity doctrine was a desire to ensure that " 'insubstantial claims' against government officials [will] be resolved prior to discovery." *Anderson v. Creighton*, 483 U.S. 635, 640, n. 2 (1987). Accordingly, "we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam).

10. Thus, taking as true Plaintiff's allegations about Defendant Cheatham in her individual capacity, Plaintiff has failed to plead a constitutional violation by Cheatham. In the absence of a constitutional violation, Cheatham is entitled to a dismissal based on qualified immunity. *Darden. 880 F.3d at 727; see also, Tiede v. Salazar*, 518 F. Supp. 3d 955, 966–67 (W.D. Tex. 2021), *appeal dismissed sub nom. Tiede v. Martinez,* No. 21-50234, 2021 WL 4301278 (5th Cir. Aug. 26, 2021).

### III.    CONCLUSION

11. For the reasons stated herein, Plaintiff has failed to state any claim upon which relief can be granted against Defendant Cheatham. Accordingly, Cheatham is entitled to dismissal of Plaintiff's claims against her as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant LAKISHA CHEATHAM requests the Court grant her motion and enter an order dismissing Plaintiff's claim against her and grant all other relief to which this Defendant is entitled.

Date: March 11, 2025

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, & REAL ESTATE DIVISIONS

Respectfully submitted,

By:   */s/ James C. Butt*
**JAMES C. BUTT**
Sr. Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 24040354
Fed. Bar No. 725423
Phone:  (713) 274-5133 (direct)
james.butt@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
Harris County Attorney's Office
1019 Congress
Houston, Texas 77002
**ATTORNEYS FOR DEFENDANT LAKISHA CHEATHAM**

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached was filed with the clerk of the court using CM/ECF system, which will send electronic notification for those listed of record who receive electronically filed documents.

*/s/ Jim Butt*
Jim Butt