IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Mikayla Cheyenne Savage, § § *Plaintiff*, § § v. § § Harris County, Texas; Sheriff Ed Gonzales, in his official capacity; Detention Officer Arnoldo Martinez, in his individual capacity; Detention Officer Andrew Rada, in his individual capacity; Administrative Operations Officer Danika Mathews, in her individual capacity; Detention Officer Ozalynn Lozano, in his individual capacity; Detention Officer Trucell Lagarde, in her individual capacity; Detention Officer Taylor Hodges, in his individual capacity; Detention Officer Gloria Ezeoke, in her individual capacity; Law Enforcement Officer Michael Thomas, in his individual capacity; Law Enforcement Officer Lakisha Cheatham, in her individual capacity; and Detention Officer Marilyn John, her individual capacity, § § § § § § § § § § § § § § § § § *Defendants*. § | **CIVIL ACTION NO. 4:24-cv-00666** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT GLORIA EZEOKE'S MOTION TO STAY DISCOVERY**

Before the Court is a motion to stay discovery filed by Defendant Gloria Ezeoke. Dkt. 92. Defendant Ezeoke asserts a qualified immunity defense, *id.* ¶ 1, and argues that such defense must be resolved by this Court before Plaintiff may conduct discovery on any of the other party or non-party witnesses, *see id.* ¶¶ 2–3. Plaintiff strongly opposes this broad request to stay discovery

Plaintiff does not oppose staying written discovery served on Defendant Ezeoke until her assertion of immunity is resolved, as well as staying any deposition of Defendant Ezeoke. However, Plaintiff opposes any stay on discovery that would impact her ability to conduct discovery of other Defendants in this case whose claims of qualified immunity have already been resolved, as well as any non-parties.

Defendant Ezeoke has no support for the broad stay ruling she requests. She points to *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022), to support her request to stay *all* discovery, including "depositions against other defendants," "until [her] qualified immunity analysis has been resolved." Dkt. 92 ¶ 3. In *Carswell*, the plaintiff sought to depose eight individually named defendants asserting qualified immunity. 54 F.4th at 310. The district court's scheduling order purportedly allowed narrow discovery related to qualified immunity. *Id.* at 309–10. The defendants appealed and moved for a stay of all discovery pending appeal. *Id.* at 310. The Fifth Circuit held that a district court "may not permit discovery against the immunity-asserting defendants before it rules on their defense," yet reaffirmed the "careful procedure" by which discovery related to the immunity asserted is permitted. *Id.* at 311. This procedure itself permits some discovery of the objecting defendant, though only that discovery related to qualified immunity. Nothing in *Carswell* allows a defendant, such as Defendant Ezeoke, who is *not* being deposed, to stay the discovery or deposition of another party or non-party witness. Defendant Ezeoke has pointed to no case law that supports such a broad request on her part, and this Court

1

should limit the relief to which she may be entitled only to this Defendant.

Defendant Ezeoke's argument that all discovery should be stayed so that her "involvement and . . . inevitable participation" will not be "require[d]," Dkt. 92 ¶ 3, makes little sense within the structure of the present case. Here, Defendant Ezeoke has been named in only one count in Plaintiff's complaint, Count V, and the allegations against her involve one time-limited incident of assault against Plaintiff. She is not alleged to have been involved in any of the other incidents detailed in the Complaint, and discovery into those incidents should have no bearing on any liability she may face. It makes no sense that she would "inevitably" be "required" to participate in discovery unrelated to her own liability or the discrete fact pattern in which she is involved. Staying all discovery here would thus be an inefficient use of judicial resources and of party resources, and it would risk the loss of evidence and fading witness memories during the pendency of the stay.

For the foregoing reasons, Defendant Ezeoke's Motion to Stay Discovery should be denied as to any other parties or non-party witnesses.

Dated: March 18, 2025               Respectfully submitted,

                                    */s/ Karley T. Buckley*
                                    Karley T. Buckley
                                    DLA Piper LLP (US)
                                    Texas Bar No. 24123596
                                    845 Texas Avenue, Suite 3800
                                    Houston, Texas 77002
                                    (713) 425-8421
                                    karley.buckley@us.dlapiper.com

                                    Miriam R. Nemeth* (DC Bar #1028529)
                                    D Dangaran* (DC Bar #90023981)
                                    Rights Behind Bars
                                    1800 M Street NW, Front 1 #33821
                                    Washington, DC 20033
                                    (202) 455-4399

2

miriam@rightsbehindbars.org
d@rightsbehindbars.org

David H. Bamberger*
DLA Piper LLP (US)
DC Bar #362285
500 Eighth Street, NW
Washington, DC 20004
(202) 799-4500
david.bamberger@us.dlapiper.com

John C. Canoni*
DLA Piper LLP (US)
Texas Bar No. 24117335
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
(214) 743-4500
john.canoni@us.dlapiper.com

Kaylee Hoffner
DLA Piper LLP (US)
Texas Bar No. 24127036
845 Texas Avenue, Suite 3800
Houston, Texas 77002
(713) 425-8424
Kaylee.hoffner@us.dlapiper.com

* admitted *pro hac vice*

**ATTORNEYS FOR PLAINTIFF
MIKAYLA CHEYENNE SAVAGE**

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record. Any other counsel of record will be served by first class U.S. mail.

          */s/ Karley T. Buckley*
          Karley T. Buckley