IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MIKAYLA CHEYENNE SAVAGE,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-00666 |
| | § | |
| **HARRIS COUNTY, TEXAS; SHERIFF ED GONZALES,** in his official capacity; **DETENTION OFFICER ARNOLDO MARTINEZ,** in his individual capacity; **DETENTION OFFICER ANDREW RADA,** in his individual capacity; **DETENTION OFFICER DANIKA MATHEWS,** in her individual capacity; **DETENTION OFFICER OZALYNN LOZANO,** in his individual capacity; **DETENTION OFFICER TRUCELL LAGARDE,** in her individual capacity; **DETENTION OFFICER TAYLOR RODGERS,** in his individual capacity; **DETENTION OFFICER GLORIA EZEOKE,** in her individual capacity; **LAW ENFORCEMENT OFFICER MICHAEL THOMAS,** in his individual capacity; **LAW ENFORCEMENT OFFICER LAKISHA CHEATHAM,** in her individual capacity; and **DETENTION OFFICER TAYLOR MARILYN JOHN,** in her individual capacity; | § | **JURY DEMANDED** |
| | § | |
| *Defendants.* | § | |

## NON-PARTY HARRIS COUNTY'S MOTION TO QUASH SUBPOENA

Harris County files this Motion to Quash Plaintiff's Subpoena for Documents and respectfully show the Court as follows:

## I.     NATURE AND STAGE OF PROCEEDING

1. Plaintiff filed suit on February 26, 2024. Docket Entry (DE) 1.

2. During the course of discovery, Harris County answered over 50 interrogatories and produced 3146 pages of documents, policies, photographs, audio recordings and other information to Plaintiff.

3. Plaintiff filed her First Amended Complaint on September 6, 2024. DE 51.

4. The Court dismissed the claims against Harris County on November 22, 2024.

5. Defendant Gloria Ezeoke filed a Motion to Stay Discovery on February 27, 2025. Docket Entry (DE) 92.

6. Plaintiff attempted to serve non-party Harris County with a subpoena on March 17, 2025. Exhibit A. Nothing on the face of the document indicates Plaintiff served any of the Defendants with this subpoena. An email from Plaintiff's Counsel to Movant's Counsel with a copy of the subpoena did not include Defense Counsel. Exhibit B. And, defense counsel confirmed Plaintiff did not serve any of them with Exhibit A. (Note that item 16 of Exhibit A requests the Defendants' personnel files.)

7. The deadline to object to this subpoena per Fed. R. Civ. P. 45(c)(2)(b) is March 31, 2025. Harris County timely objects and moves to quash. See Exhibit C, which is incorporated by reference for all purposes.

8.     The deadline for Harris County to provide material responsive to the subpoena is April 11, 2025, at 10:00 a.m.

9.     Plaintiff indicated she would "reissue" the subpoena. It is unclear what that means. Further, as of the time of filing this motion, it is unclear whether Plaintiff has served Defendants with the subpoena.

## II.   SUMMARY OF ISSUES

10.    Whether Plaintiff properly served the Defendants and Harris County with the subpoena.

11.    Whether the subpoena in unduly burdensome, harassing, an impermissible fishing expedition, seeks information outside the scope of discovery or is otherwise objectionable as set forth in Exhibit C.

12.    Whether the subpoena is appropriate given the pending Motion to Stay Discovery.

## III.   SUMMARY OF ARGUMENT

13.    Plaintiff failed to timely serve the Defendants with the subpoena as required by Fed. R. Civ. P. 45(a)(4) and deprived the Defendants of their right to object or otherwise challenge the subpoena. Consequently, Plaintiff was not authorized to serve, and did not properly serve, the subpoena on Harris County.

14.    The subpoena exceeds the scope of discovery and is objectionable as indicated in Exhibit C.

15. Under the holding of *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022), the subpoena is not permitted at this juncture of the case.

### IV. ARGUMENT AND AUTHORITIES

16. Plaintiff failed to serve this subpoena on the other parties to the litigation as required by Fed. R. Civ. P. 45(a)(4). See Exhibits A and B. Plaintiff deprived the Defendants of their right to object and/or challenge the subpoena. Consequently, Plaintiff failed to satisfy a condition precedent to serving this subpoena on Harris County. See the Committee Notes for Rule 45:

> Committee Notes on Rules—2013 Amendment
>
> Rule 45 was extensively amended in 1991. The goal of the present amendments is to clarify and simplify the rule…Rule 45(a)(4) is added to highlight and slightly modify a notice requirement first included in the rule in 1991. Under the 1991 amendments, Rule 45(b)(1) required prior notice of the service of a "documents only" subpoena to the other parties. Rule 45(b)(1) was clarified in 2007 to specify that this notice must be served before the subpoena is served on the witness.
>
> The Committee has been informed that parties serving subpoenas frequently fail to give the required notice to the other parties. The amendment moves the notice requirement to a new provision in Rule 45(a) and requires that the notice include a copy of the subpoena. The amendments are intended to achieve the original purpose of enabling the other parties to object or to serve a subpoena for additional materials…

17. Plaintiff has not complied with the letter or the spirit of the rule. Therefore, Plaintiff was not authorized to serve, and has not properly served, this subpoena on Harris County as required by Fed. R. Civ. P. 45. Given that item 16 in the

4

subpoena requests the Defendants' personnel files which contain all manner of private information that has no bearing on this case, Plaintiff's failure is not a harmless error. Plaintiff must properly serve the subpoena and give the Defendants an opportunity to object before Plaintiff can serve Harris County or receive a response to the subpoena. Fed. R. Civ. P. 45(a)(4).

18. Further, subpoenas issued under Fed. R. Civ. P. 45 are subject to the scope of discovery limitations in Fed. R. Civ. P. 26. E.g., *Kendrick v. Heckler*, 778 F.2d 253, 257 (5th Cir. 1985) (the scope of a subpoena is governed by Rule 26). Again, Harris County incorporates the attached objections to the subpoena (Exhibit C) into this motion for all purposes. Harris County served the objections on Plaintiff on March 31, 2025.

19. Finally, there is at least one pending Motion to Stay based on qualified immunity. DE 92. Presumably the Court has prohibited or will prohibit discovery while that motion is pending. *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022).

## V. PROTECTIVE ORDER

20. Harris County requests a protective order relieving it of any obligation to respond to this subpoena for the reasons provided above and in Exhibit C.

## VI. CONCLUSION

21. Plaintiff's subpoena is objectionable and inappropriate as indicated in the above and in the attached. It should be quashed. The Court should enter a protective order

WHEREFORE, Harris County respectfully requests this Court quash the subpoena, enter a protective order, and grant all other relief to which it is justly entitled.

Date: March 31, 2025

                                            Respectfully submitted,

                                            **CHRISTIAN D. MENEFEE**
                                            HARRIS COUNTY ATTORNEY

                                            **JONATHAN G. C. FOMBONNE**
                                            DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

                                            **NATALIE G. DELUCA**
                                            MANAGING COUNSEL,
                                            DEFENSIVE LITIGATION, EMPLOYMENT, & REAL ESTATE DIVISIONS
                                            Respectfully submitted,

By:   */s/ Frank Ford*
        **FRANK FORD**
        Senior Assistant County Attorney
        ATTORNEY-IN-CHARGE
        Federal ID No. 565385
        State Bar No. 24012642
        Phone: 713-274-5166 (direct)
        frank.ford@harriscountytx.gov
        **RACHEL FRASER**

Senior Assistant County Attorney
ATTORNEY TO BE NOTICED
State Bar No. 24079725
Fed Bar No. 4067195
Tel: (713) 274-5383 (direct)
rachel.fraser@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
Harris County Attorney's Office
1019 Congress
Houston, Texas 77002

**ATTORNEYS FOR HARRIS COUNTY**

## CERTIFICATE OF CONFERENCE

Counsel conferred on March 27, 2025, and March 31, 2025. Plaintiff's counsel indicated she would re-issue the subpoena. But, refused to address the substantive deficiencies beyond offering to confer again at a later date. Since the deadline to object to the current subpoena and file a Motion to Quash is March 31, 2025, this motion is necessary. See Exhibit D, email chain.

*/s/ Frank Ford*
FRANK FORD

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, I served a true copy of this instrument on each party to this cause via the CM/ECF system, which will automatically serve a Notice of Electronic Filing to the parties.

*/s/ Frank Ford*
FRANK FORD