UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIKAYLA CHEYENNE SAVAGE,<br>    Plaintiff,<br><br>v.<br><br>HARRIS COUNTY, TEXAS; SHERIFF ED GONZALES, in his official capacity; DETENTION OFFICER ARNOLDO MARTINEZ, in his individual capacity; DETENTION OFFICER ANDREW RADA, in his individual capacity; DETENTION ADMINISTRATIVE OPERATIONS OFFICER DANIKA MATHEWS, in her individual capacity; DETENTION OFFICER OZALYNN LOZANO, in his individual capacity; DETENTION OFFICER TRUCELL LAGARDE, in her individual capacity; DETENTION OFFICER TAYLOR HODGES, in his individual capacity; DETENTION OFFICER GLORIA EZEOKE, in her individual capacity; LAW ENFORCEMENT OFFICER MICHAEL THOMAS, in his individual capacity; LAW ENFORCEMENT OFFICER LAKISHA CHEATHAM, in her individual capacity; and DETENTION OFFICER MARILYN JOHN, her individual capacity individual capacities.<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.: 4:24-cv-00666 |

## DEFENDANT TAYLOR HODGES' ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Taylor Hodges ("Hodges") files this her answer, defenses, and affirmative defenses to Plaintiff's Second Amended Complaint ("Complaint") [Doc. #108] and jury demand.

In support of said answer, defenses and affirmative defenses, Hodges would respectfully show this Court as follows:

## I. Answer

1. With respect to the first numbered paragraph Hodges denies each and every allegation as they relate to herself.

2. With respect to paragraphs 2-3, Hodges admits Plaintiff brings this lawsuit, denies the remaining allegations and specifically denies the allegations as they relate to herself.

3. With respect to paragraphs 4-6, Hodges denies the allegations as they relate to herself.

4. Hodges denies the allegations in paragraphs 7-12.

5. With respect to paragraphs 13 and 15 Hodges admits that venue and subject matter jurisdiction are proper. And is without sufficient information or knowledge to admit or deny the remaining allegations.

6. With respect to paragraph 14, Hodges denies that she is liable to Plaintiff under state law.

7. With respect to the allegations in paragraphs 16-17, Hodges admits that previously Plaintiff was confined to the Harris County jail and that Sheriff Gonzalez is the final policymaker for that jail. Hodges is without sufficient information or knowledge to admit or deny the remaining allegations.

8. Hodges is without sufficient information or knowledge to admit or deny the allegations in paragraphs 18-22 and 24-27.

9. Hodges admits that she is a detention sergeant at the Harris County jail in response to paragraph 23, but denies the remaining allegations.

10. In answer to paragraphs 28-29, Hodges admits that at all times she acted under color of state law but denies the remaining allegations.

11. In answer to paragraphs 30-31, Hodges admits Harris County jail is a large facility and is without sufficient information or knowledge to admit or deny the remaining allegations.

12. Hodges denies the allegations in paragraphs 32-33.

13. Hodges is without sufficient information or knowledge to admit or deny the allegations in paragraphs 34-54.

14. Hodges is without sufficient information or knowledge to admit or deny the allegations in paragraph 55-57, except Hodges denies the allegation4 as they relate to herself.

15. Hodges denies the allegations in paragraphs 58-63 as they relate to Hodges.

16. Hodges denies the allegations in paragraphs 64-65 as they relate to Hodges.

17. Hodges is without sufficient information or knowledge to admit or deny the allegations in paragraphs 66 and 69.

18. Hodges denies the allegations in paragraphs 67-68 as they relate to Hodges.

19. Paragraphs 70-103 relate to other detention officers. Hodges is without sufficient information or knowledge to admit or deny those allegations, except she denies the allegations as they relate to Hodges.

20. Hodges denies the allegations in paragraph 104.

21. Hodges denies the allegations in paragraphs 105-111 as they relate to herself.

22. In answer to paragraphs 112-114, Hodges is without sufficient information or knowledge to admit or deny the allegations in paragraphs Hodges denies the allegations as they relate to herself.

23. With respect to the allegations in paragraph 115, Hodges admits Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Hodges reasserts her answers to those paragraphs and denies the remaining allegations.

24. Hodges is without sufficient information or knowledge to admit or deny the allegations in paragraphs 116-120.

25. With respect to the allegations in paragraph 121 Hodges admits Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Hodges reasserts her answers to those paragraphs and denies the remaining allegations.

26. Hodges is without sufficient information or knowledge to admit or deny the allegations in paragraphs 122-126.

27. With respect to the allegations in paragraph 127, Hodges admits Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Hodges reasserts her answers to those paragraphs and denies the remaining allegations.

28. Hodges is without sufficient information or knowledge to admit or deny the allegations in paragraphs 128-133, except she denies the allegations as they relate to Hodges.

29. With respect to the allegations in paragraph 134, Hodges admits Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Hodges reasserts her answers to those paragraphs and denies the remaining allegations.

30. Hodges is without sufficient information or knowledge to admit or deny the allegations in paragraphs 135-139, except she asserts that the allegations in paragraph 136 contain a proposition of law to which no answer is required.

31. With respect to the allegations in paragraph 140, Hodges admits Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Hodges reasserts her answers to those paragraphs and denies the remaining allegations.

32. Hodges is without sufficient information or knowledge to admit or deny the allegations in paragraphs 141-142.

33. With respect to the allegations in paragraph 143, Hodges admits Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Hodges reasserts her answers to those paragraphs and denies the remaining allegations.

34. Hodges is without sufficient information or knowledge to admit or deny the allegations in paragraphs 144-150, except she denies the allegations as they relate to Hodges.

35. With respect to the allegations in paragraph 151, Hodges admits Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Hodges reasserts her answers to those paragraphs and denies the remaining allegations.

36. Hodges denies the allegations in paragraphs 152-157.

37. With respect to the allegations in paragraph 158, Hodges admits Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Hodges reasserts her answers to those paragraphs and denies the remaining allegations.

38. Hodges denies the allegations in paragraphs 159-164 as they relate to Hodges.

39. With respect to the allegations in paragraph 165, Hodges admits Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Hodges reasserts her answers to those paragraphs and denies the remaining allegations.

40. Hodges denies the allegations in paragraphs 166-173 as they relate to Hodges.

41. With respect to the allegations in paragraph 174, Hodges admits Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Hodges reasserts her answers to those paragraphs and denies the remaining allegations.

42. With respect to the allegations in paragraphs 175-177, Hodges is without sufficient information or knowledge to admit or deny the allegations.

43. With respect to the allegations in paragraph 178, Hodges admits Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Hodges reasserts her answers to those paragraphs and denies the remaining allegations.

44. Hodges is without sufficient information or knowledge to admit or deny the allegations in paragraphs 179-184.

45. Hodges denies each and every request in the request for relief.

46. Hodges denies all previously unanswered allegations.

47. Hodges requests trial by jury.

## II. Defenses and Affirmative Defenses.

48. Hodges states that the Court lacks subject matter jurisdiction because she is cloaked by qualified immunity and thus, immune from suit.

49. Hodges asserts the defense of statute of limitations.

50. Hodges asserts the defense of qualified immunity because (a) her actions on the day in question were done within the scope of her discretionary authority and done in the course of her official responsibilities; (b) her actions were objectively reasonable; and (c) her actions did not violate clearly established constitutional or statutory rights of which a reasonable officer would have known.

51. Hodges states that at all relevant times, she did not observe a fellow deputy violate Plaintiff's constitutional rights.

52. Hodges asserts that at all times she acted in good faith as the term is used in Texas jurisprudence relating to the defense of official immunity and is entitled to official immunity for any state law claims.

53. Hodges further asserts the limitation set forth in Section 108.002 of the Texas Civil Practice & Remedies Code.

54. Hodges asserts that no deprivation of Plaintiff's state rights and/or federal rights occurred in connection with the incident made the basis of this lawsuit.

55. Hodges denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards.

56. If Plaintiff was injured or damaged as alleged, such injuries were the result of her own intentional, illegal, or otherwise wrongful conduct.

57. If Plaintiff was injured and damaged as alleged in the complaint, such injuries and damages were the result of her own sole or contributory negligence and/or her assumption of risk.

58. If Plaintiff was injured or damaged as alleged in the complaint, such injuries and damages were the result of a person or persons other than Hodges acting within the scope of her employment.

59. If Plaintiff was injured or otherwise damaged as alleged in the complaint, such injuries and/or damages were the result of the Plaintiff's sole, joint, or concurring negligence with a person or persons other than Hodges acting within the scope of her employment.

60. Plaintiff may have failed to fully comply with the mandatory notice requirement of the Texas Tort Claims Act.

61. Plaintiff may have failed to mitigate her damages.

### III. Jury Demand

62. Hodges requests trial by jury.

63. Hodges reserves the right to amend or supplement her Answer at a later date.

WHEREFORE, PREMISES CONSIDERED, Defendant Taylor Hodges prays that Plaintiff take nothing by Plaintiff's suit, that Hodges recover her costs and all other relief she may be entitled to in law and equity.

Date: April 10, 2025

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, & REAL ESTATE DIVISIONS

Respectfully submitted,

By: */s/ James C. Butt*
**JAMES C. BUTT**
Sr. Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 24040354
Fed. Bar No. 725423
Phone: (713) 274-5133 (direct)
james.butt@harriscountytx.gov
**VERONICA L. JONES**
Assistant County Attorney
ATTORNEY TO BE NOTICED
State Bar No. 24097902
Federal ID No. 3639763
Tel: (713) 274-5181 (direct)
Veronica.Jones@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
Harris County Attorney's Office
1019 Congress
Houston, Texas 77002
**ATTORNEYS FOR DEFENDANT TAYLOR HODGES**

**CERTIFICATE OF SERVICE**

       I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached was filed with the clerk of the court using CM/ECF system, which will send electronic notification for those listed of record who receive electronically filed documents.

                                       */s/ Jim Butt*
                                       Jim Butt