IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MIKAYLA CHEYENNE SAVAGE,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 4:24-cv-00666** |
| | § | |
| **HARRIS COUNTY, TEXAS; SHERIFF ED** | § | **JURY DEMANDED** |
| **GONZALES, in his official capacity;** | § | |
| **DETENTION OFFICER ARNOLDO** | § | |
| **MARTINEZ, in his individual capacity;** | § | |
| **DETENTION OFFICER ANDREW** | § | |
| **RADA, in his individual capacity;** | § | |
| **DETENTION OFFICER DANIKA** | § | |
| **MATHEWS, in her individual capacity;** | § | |
| **DETENTION OFFICER OZALYNN** | § | |
| **LOZANO, in his individual capacity;** | § | |
| **DETENTION OFFICER TRUCELL** | § | |
| **LAGARDE, in her individual capacity;** | § | |
| **DETENTION OFFICER TAYLOR** | § | |
| **RODGERS, in his individual capacity;** | § | |
| **DETENTION OFFICER GLORIA** | § | |
| **EZEOKE, in her individual capacity; LAW** | § | |
| **ENFORCEMENT OFFICER MICHAEL** | § | |
| **THOMAS, in his individual capacity; LAW** | § | |
| **ENFORCEMENT OFFICER LAKISHA** | § | |
| **CHEATHAM, in her individual capacity;** | § | |
| **and DETENTION OFFICER TAYLOR** | § | |
| **MARILYN JOHN, in her individual** | § | |
| **capacity;** | § | |
| | § | |
| *Defendants.* | § | |

## NON-PARTY HARRIS COUNTY'S MOTION
## TO QUASH PLAINTIFF'S SECOND SUBPOENA

Non-Party Harris County files this Motion to Quash Plaintiff's Second Subpoena for Documents and respectfully show the Court as follows:

## I.    NATURE AND STAGE OF PROCEEDING

1. Plaintiff filed suit on February 26, 2024. Docket Entry (DE) 1.

2. During the course of discovery, Harris County answered over 50 interrogatories and produced 5438 pages of documents, policies, photographs, training records, disciplinary records, audio recordings, and other information to Plaintiff. (Harris County erroneously reported 3146 pages in DE 102). Harris County Sheriff's Office policies are also available online at https://hcsopolicy.com.

3. Plaintiff filed her First Amended Complaint on September 6, 2024. DE 51.

4. The Court dismissed the claims against Harris County on November 22, 2024.

5. Defendant Gloria Ezeoke filed a Motion to Stay Discovery on February 27, 2025. DE 92.

6. Plaintiff attempted to serve non-party Harris County with a subpoena on March 17, 2025. Plaintiff failed to serve the Defendants with this subpoena as required by Fed. R. Civ. P. 45(a)(4). Harris County pointed this out, along with other deficiencies. Exhibit A, email chain. On March 31, 2025—the deadline for Harris County to formally object to the subpoena—Plaintiff indicated she would "reissue" the subpoena and offered to confer at a later time. Exhibit A, E-mail chain.

7. In order to avoid waiving any objections or challenges to the subpoena, Harris County served Objections and a Motion to Quash on March 31, 2025. DE 102.

8. On March 31, 2025, at 10:32 p.m., Plaintiff emailed Movant's counsel a "new" subpoena and finally withdrew the March 17 Subpoena. Exhibit A, E-mail chain and Exhibit B, Subpoena. Plaintiff views the email as service on Movant. *Id.* At some point prior to 10:32 p.m., Plaintiff apparently served Defense counsel the "new" subpoena. The "new" subpoena is substantively the same as the withdrawn subpoena.

9. As far as counsel is aware, Plaintiff has not properly served Harris County with the "new" subpoena. I.e., service through the County Judge. Further, Plaintiff did not provide Defense counsel a reasonable amount of time to object to the subpoena before e-mailing it to Movant's counsel.

10. On April 2, 2025, Harris County attempted to confer again and reiterated the deficiencies with the subpoena. Exhibit A, E-mail chain.

11. On or about April 3, 2025, the Defendants that Plaintiff finally served with the subpoena objected to the subpoena. It is unclear whether those objections have been resolved.

12. On April 9, 2025, Harris County served Plaintiff with updated objections to the subpoena. Exhibit A, E-mail chain and Exhibit C, Objections.

13. Since Plaintiff has not properly served the subpoena and has not withdrawn it, Harris County files this motion. Assuming, arguendo, Plaintiff will assert she served the subpoena on March 31, 2025, the deadline for Harris County to provide material responsive to the subpoena is April 14, 2025. And, the deadline to object to this subpoena per Fed. R. Civ. P. 45(c)(2)(b) is also April 14, 2025. Harris County timely objects and moves to quash.

## II.   SUMMARY OF ISSUES

14. Whether Plaintiff properly served all the Defendants and Harris County with the subpoena.

15. Whether the subpoena in unduly burdensome, harassing, an impermissible fishing expedition, seeks information outside the scope of discovery or is otherwise objectionable as set forth below and in the objections to the subpoena. Exhibit C.

16. Whether the subpoena is permitted given the pending Motion to Stay Discovery and Defendants' apparently unresolved objections.

17. Whether Plaintiff is engaging in abusive discovery tactics.

## III.   SUMMARY OF ARGUMENT

18. It appears Plaintiff failed to timely serve all the Defendants with the subpoena as required by Fed. R. Civ. P. 45(a)(4) and deprived the unserved Defendants of their right to object or otherwise challenge the subpoena. Plaintiff

4

was not authorized to serve and did not properly serve the subpoena on Harris County.

19. The subpoena exceeds the scope of discovery and is objectionable as indicated in Exhibit C and below.

20. Under the holding of *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022), the subpoena is not permitted at this juncture of the case. Further, it is unclear whether the served Defendants' objections to the subpoena were resolved.

21. Plaintiff has manufactured this lawsuit. Therefore, the subpoena is an abusive discovery tactic.

## IV.   ARGUMENT AND AUTHORITIES

22. It appears Plaintiff failed to serve this subpoena on all the other parties to the litigation as required by Fed. R. Civ. P. 45(a)(4). Plaintiff deprived the unserved Defendants of their right to object and/or challenge the subpoena. Consequently, Plaintiff failed to satisfy a condition precedent to serving this subpoena on Harris County. See the Committee Notes for Rule 45:

> Committee Notes on Rules—2013 Amendment
>
> Rule 45 was extensively amended in 1991. The goal of the present amendments is to clarify and simplify the rule…Rule 45(a)(4) is added to highlight and slightly modify a notice requirement first included in the rule in 1991. Under the 1991 amendments, Rule 45(b)(1) required prior notice of the service of a "documents only" subpoena to the other parties. Rule 45(b)(1) was clarified in 2007 to specify that this notice must be served before the subpoena is served on the witness.

> The Committee has been informed that parties serving subpoenas frequently fail to give the required notice to the other parties. The amendment moves the notice requirement to a new provision in Rule 45(a) and requires that the notice include a copy of the subpoena. The amendments are intended to achieve the original purpose of enabling the other parties to object or to serve a subpoena for additional materials…

23. Although Counsel was unable to find binding authority on the issue, the plain language of Rule 45(a)(4) requires Plaintiff to serve "each party". The duty to serve is not limited to parties that have appeared in the case. There are multiple non-binding cases that indicate Plaintiff must serve subpoenas on parties that have not appeared with the subpoena. *E.g., Dish Network, LLC v. One Box TV, LLC*, 2019 WL 13262545 *2 (M. D. Fla. 2019); *Moore v. Westlake Svcs. LLC*, 2019 WL 13185420 *1 (M.D. Fla. 2019). This interpretation is consistent with the both the letter and the spirit of the rule—especially considering Plaintiff seeks the Defendants' personnel files.

24. Plaintiff has not complied with the letter or the spirit of the rule, Plaintiff was not authorized to serve and to date has not properly served this subpoena on Harris County as required by Fed. R. Civ. P. 45. Given that item 16 in the subpoena requests the Defendants' personnel files which contain all manner of private information that has no bearing on this case, Plaintiff's failure is not a harmless error. Plaintiff must properly serve the subpoena and give all the Defendants an opportunity to object before Plaintiff can serve Harris County or

receive a response to the subpoena. Fed. R. Civ. P. 45(a)(4). Further, Plaintiff must serve the Harris County Judge Lina Hidalgo with the subpoena.

25. In addition, subpoenas issued under Fed. R. Civ. P. 45 are subject to the scope of discovery limitations in Fed. R. Civ. P. 26. E.g., *Kendrick v. Heckler*, 778 F.2d 253, 257 (5th Cir. 1985) (the scope of a subpoena is governed by Rule 26). Again, Harris County incorporates the attached objections to the subpoena (Exhibit C) into this motion for all purposes. Harris County served objections on Plaintiff on March 31, 2025, referred Plaintiff to those objections on April 2, 2025, and served objections to the "new" subpoena on April 9, 2025. Exhibit A, email chain. Plaintiff has not provided a substantive response.

26. In addition, there is at least one pending Motion to Stay based on qualified immunity. DE 92. Presumably the Court has prohibited or will prohibit discovery while that motion is pending. *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022). And, multiple Defendants have objected to the subpoena. It is unclear whether those objections have been resolved.

27. Also, Plaintiff made multiple phone calls while in the Harris County jail which indicate this lawsuit was manufactured and has been brought in bad faith. Consequently, this subpoena is abusive. Harris County produced the attached telephone call recordings to Plaintiff on May 13, 2024, as HC 2664-HC 3060. In these recordings, it is evident that Plaintiff and her mother conspired to

manufacture this lawsuit. See Exhibit D, Audio Recordings. (Movant filed exhibit D under seal in case the recordings contain sensitive information not relevant to this motion.) These phone calls occurred from early June to late August 2022, roughly <u>two years before</u> Plaintiff filed suit. Note:

> a. HC 3051—Plaintiff comments how big the lawsuit will be (12:50-12:58) and Plaintiff and her mother discuss whether Plaintiff should throw herself down the stairs so she can assert a claim. The mother advised against it since their phone call was being recorded. (20:35-20:55);
> b. HC 2784—Plaintiff and her mother discuss becoming wealthy, living in mansion, and, the number of lawsuits they have. (2:00-3:11);
> c. HC 2665—Plaintiff states that filing lawsuits runs in the family. (13:20-14:00);

28. Finally, over 2 ½ years after the alleged assault, Plaintiff admits no medical provider has told her the miscarriage at issue was caused by trauma to her abdomen. Exhibit E, Response 23. That piece of evidence should have been obtained before filing suit.

29. Clearly, Plaintiff brought this suit in bad faith and all discovery pertaining to it is abusive.

## V. PROTECTIVE ORDER

30. Harris County requests a protective order relieving it of any obligation to respond to this subpoena for the reasons provided above and in Exhibit C.

## VI. CONCLUSION

31. Plaintiff's subpoena is objectionable and unenforceable as indicated above and in the attached. It should be quashed. The Court should enter a protective order relieving Harris County of any duty to respond to the subpoena.

WHEREFORE, Harris County respectfully requests this Court quash the subpoena, enter a protective order, and grant all other relief to which it is justly entitled.

Date: April 11, 2025

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, &
REAL
ESTATE DIVISIONS
Respectfully submitted,

By: */s/ Frank Ford*
**FRANK FORD**
Senior Assistant County Attorney
ATTORNEY-IN-CHARGE
Federal ID No. 565385
State Bar No. 24012642
Phone: (832) 570-7582 (direct) (direct)
frank.ford@harriscountytx.gov
**RACHEL FRASER**

Senior Assistant County Attorney
ATTORNEY TO BE NOTICED
State Bar No. 24079725
Fed Bar No. 4067195
Tel: (713) 274-5383 (direct)
rachel.fraser@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
Harris County Attorney's Office
1019 Congress
Houston, Texas 77002

**ATTORNEYS FOR HARRIS COUNTY**

## CERTIFICATE OF CONFERENCE

Movant conferred on March 27, 2025, March 31, 2025, and April 2, 2025. Movant served objections on April 9, 2025, before 10 a.m., as well. Plaintiff has not provided a substantive response. This motion is necessary. See Exhibit A, email chain.

*/s/ Frank Ford*
FRANK FORD

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, I served a true copy of this instrument on each party that has appeared in this cause via the CM/ECF system.

*/s/ Frank Ford*
FRANK FORD