**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| Mikayla Cheyenne Savage, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| Harris County, Texas; Sheriff Ed Gonzales, | § | **CIVIL ACTION NO. 4:24-cv-00666** |
| in his official capacity; Detention Officer | § | |
| Arnoldo Martinez, in his individual capacity; | § | |
| Detention Officer Andrew Rada, in his | § | |
| individual capacity; Administrative | § | |
| Operations Officer Danika Mathews, in her | § | |
| individual capacity; Detention Officer | § | |
| Ozalynn Lozano, in his individual capacity; | § | |
| Detention Officer Trucell Lagarde, in her | § | |
| individual capacity; Detention Officer Taylor | § | |
| Hodges, in his individual capacity; Detention | § | |
| Officer Gloria Ezeoke, in her individual | § | |
| capacity; Law Enforcement Officer Michael | § | |
| Thomas, in his individual capacity; Law | § | |
| Enforcement Officer Lakisha Cheatham, in | § | |
| her individual capacity; and Detention | § | |
| Officer Marilyn John, her individual | § | |
| capacity, | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S OPPOSITION TO THE MOTION
TO DISMISS OF
<u>DEFENDANT GLORIA EZEOKE</u>**

## <u>TABLE OF CONTENTS</u>

I.  INTRODUCTION ................................................................................................ 1

II.  NATURE OF THE CASE AND STAGE OF PROCEEDINGS ...................................... 2

III.  STATEMENT OF THE ISSUES ............................................................................ 2

IV.  SUMMARY OF ARGUMENT .............................................................................. 2

V.  FACTUAL ALLEGATIONS ................................................................................ 3

VI.  STANDARD OF REVIEW .................................................................................. 4

VII.  DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED ................................ 4

    A.  THE CLAIM AGAINST DEFENDANT EZEOKE IS NOT BARRED BY THE STATUTE OF LIMITATIONS .................................................................. 5

    B.  PLAINTIFF SUFFICIENTLY PLEADED A FAILURE-TO-PROTECT CLAIM ........................................................................................................ 8

    C.  DEFENDANT EZEOKE IS NOT ENTITLED TO QUALIFIED IMMUNITY .................................................................................................. 11

    D.  PLAINTIFF IS ENTITLED TO PUNITIVE DAMAGES. ................................ 13

VIII.  CONCLUSION .................................................................................................. 16

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Adames v. Perez,* 331 F.3d 508 (5th Cir. 2003) ..................................................................... 9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................................... 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)................................................................. 4

*Burnett v. N.Y. Cent. R.R.*, 380 U.S. 424 (1964) .................................................................. 5

*Cardona v. Taylor*, 828 F. App'x 198 (5th Cir. 2020) ............................................... 9, 12, 13

*Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800 (1988) ..................................... 8

*Cowart v. Erwin*, No. 3:10-CV-1800-G, 2015 WL 1578108 (N.D. Tex. Apr. 9, 2015), *aff'd* 837
F.3d 444 (5th Cir. 2016). .......................................................................................... 15, 16

*Fielder v. Bosshard*, 590 F.2d 105 (5th Cir. 1979)......................................................... 14, 15

*Free v. Abbott Labs., Inc.*, 164 F.3d 270 (5th Cir. 1999)...................................................... 8

*Green v. Doe*, 260 F. App'x 717 (5th Cir. 2007) .................................................................. 5

*Hale v. Townley*, 45 F.3d 914 (5th Cir. 1995) ................................................................... 16

*Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) .................................... 8, 9, 11, 12

*Heaney v. Roberts*, 846 F.3d 795 (5th Cir. 2017) ...................................................... 13, 14, 15

*Heckford v. City of Pasadena*, No. 4:20-CV-4366, 2021 WL 2517405 (S.D. Tex. June 18, 2021) 6

*Holland v. Florida*, 560 U.S. 631 (2010) ........................................................................... 6

*Hope v. Pelzer*, 536 U.S. 730 (2002) ................................................................................ 12

*Jacobsen v. Osborne*, 133 F.3d 315 (5th Cir. 1998).............................................................. 6

*Kingsley v. Hendrickson*, 576 U.S. 389 (2015)................................................................ 9, 11

*Kolstad v. Am. Dental Ass'n*, 527 U.S. 526 (1999) ........................................................... 14

*Lambert v. United States*, 44 F.3d 296 (5th Cir. 1995) ........................................................ 5

*Lindquist v. City of Pasadena*, 525 F.3d 383 (5th Cir. 2008).............................................. 4

*McKinney v. Johnson County*, No. 3:22-CV-2264-N, 2023 WL 8816385 (N.D. Tex. Dec. 19,
2023) ......................................................................................................................... 15

Montoya v. FedEx Ground Package Sys., Inc., 614 F.3d 145 (5th Cir. 2010)............................ 4

*Rios v. Scott*, 100 F. App'x 270 (5th Cir. 2004) .......................................................... 12, 13

*Rodriguez v. City of Austin*, No. 1-21-CV-01087-RP, 2024 WL 3242279 (W.D. Tex. June 26,
2024) ........................................................................................................................... 7

*Saucier v. Katz*, 533 U.S. 194 (2001)............................................................................... 11

*Smith v. Dunbar*, No. 6:22cv442, 2024 WL 1228986 (E.D. Tex. Feb. 27, 2024).................... 9, 11

*Smith v. Wade*, 461 U.S. 30 (1983).................................................................................. 13

*United States v. Hinds Cnty. Bd. of Supervisors*, 128 F.4th 616 (5th Cir. 2025)...................... 12

*United States v. Lawrence*, 179 F.3d 343 (5th Cir. 1999) .................................................... 7

*Westmoreland v. Butler County*, 29 F.4th 721 (6th Cir. 2022) ............................................. 9

*Winslow v. Harris County*, No. H-07-767, 2009 U.S. Dist. LEXIS 143825 (S.D. Tex. June, 8
2009) ........................................................................................................................... 9

## I.    INTRODUCTION

Before the Court is a motion to dismiss filed by Defendant Gloria Ezeoke ("Ezeoke" or "Defendant").  In her Second Amended Complaint, Dkt. 108, Plaintiff Mikayla Savage ("Ms. Savage" or "Plaintiff") alleges that in the evening of July 11-12, 2022, women in unit 4C2 of the Harris County Jail (HCJ) tied up Ms. Savage and physically and sexually assaulted her.  Officer Ezeoke was in her post in the "picket" and could see into unit 4C2 during the assault.  Despite having a clear view of these assaults, Defendant Ezeoke failed to do anything to intervene and further failed to send Ms. Savage to the medical unit for treatment following this brutal assault.

These facts and the reasonable inferences that may be drawn therefrom are properly presented in Ms. Savage's well-pleaded Complaint, which this Court should determine withstands Defendant Ezeoke's motion to dismiss.  As shown herein, Plaintiff has alleged more than sufficient facts that Defendant Ezeoke acted with deliberate indifference to Ms. Savage's needs when she failed to protect her from violence at the hands of other detainees.

Defendant puts forth conclusory assertions that she is entitled to qualified immunity, but she has not come close to meeting her burden of proof.  Plaintiff has adequately alleged facts showing that Defendant Ezeoke violated Plaintiff's clearly established Fourteenth Amendment rights, rendering qualified immunity unavailable.

Finally, Defendant makes a threadbare argument that Plaintiff should not be entitled to seek punitive damages because Plaintiff failed to show malice.  But that is not the appropriate legal standard for punitive damages, which is instead a "callous indifference" showing.  Plaintiff is able to meet that standard and, in any event, decisions on punitive damages are not ripe at this stage. This Court should allow Plaintiff's punitive damages claim based on Defendant's failure to intervene in the face of a brutal assault to proceed to discovery.

Defendant Ezeoke's attempt to evade responsibility for her unconstitutional conduct

toward Plaintiff at the pleading stage, before any discovery, should be denied.

## II.    NATURE OF THE CASE AND STAGE OF PROCEEDINGS

Plaintiff filed her Complaint on February 26, 2024.  Dkt. 1.  Plaintiff sought leave to amend her Complaint for the first time on August 29, 2024, Dkt. 50, in compliance with this Court's scheduling order, *see* Dkt. 41, 51, and she filed her First Amended Complaint naming Defendant Ezeoke on September 5, 2024.  Dkt. 52.  Defendant Ezeoke filed her Motion to Dismiss on February 24, 2025.  Dkt. 91.  Plaintiff sought leave to amend her Complaint for the second time on March 7, 2025.  Dkt. 94.  None of the proposed amendments affect the claims against Defendant Ezeoke.  This Court granted leave, Dkt. 105, and Plaintiff filed her Second Amended Complaint on April 9, 2025. Dkt. 108.  Defendant Ezeoke filed her Motion to Dismiss the Second Amended Complaint on April 27, 2025. Dkt. 116. Because the Second Amended Complaint names Defendant Ezeoke in only one claim—Count V (failure to intervene)—this Motion addresses only Count V.

## III.    STATEMENT OF THE ISSUES

1. Whether Plaintiff's claim against Defendant Ezeoke is barred by the statute of limitations.

2. Whether Plaintiff pleaded facts in her Amended Complaint sufficient to state a claim against Defendant Ezeoke for constitutional violations under 42 U.S.C. § 1983.

3. Whether it is clearly established that Defendant Ezeoke violated Ms. Savage's Fourteenth Amendment rights by failing to intervene while in direct view of a sexual assault.

4. Whether Plaintiff is entitled to seek punitive damages against Defendant Ezeoke.

## IV.    SUMMARY OF ARGUMENT

Equitable tolling allows Plaintiff to bring her failure-to-intervene claim against Defendant Ezeoke.  This Court has already allowed for the addition of the newly identified Defendants Lakisha Cheatham, Gloria Ezeoke, Marilyn John, Trucell Lagarde, Ozalynn Lozano, and Michael

Thomas (collectively "Doe Officers") through its Order granting Plaintiff's Motion to File the Amended Complaint. *See* Dkt. 51 (finding "Plaintiff's Motion was timely, was not made in bad faith or with a dilatory motive, and will not unduly prejudice Defendants, particularly since the Court granted Plaintiff's Unopposed Motion to Extend Time to File Consolidated Amended Complaint"). As previously argued in Plaintiff's Motion to Amend, this Court may apply the doctrine of equitable tolling to allow Plaintiff to bring her claims against the newly named defendants, because the delay in determining the identity of the Doe Officers is not attributable to Plaintiff's lack of diligence. The Court has done so, and—without proper challenge by the Defendant to that Order—this ruling is now the law of the case.

Defendant's Motion to Dismiss fails to mount a valid challenge to Plaintiff's claim for failure to protect. Defendant Ezeoke also raises a cursory and unsupported qualified immunity defense. Plaintiff has alleged that the horrors to which she was subjected at HCJ and the constitutional violations she suffered were the result of Defendant Ezeoke's behavior and that Defendant Ezeoke had the requisite knowledge of those conditions when she undertook that behavior. These allegations are sufficient to state a constitutional claim against Defendant Ezeoke, to withstand qualified immunity, and to entitle Plaintiff to seek punitive damages. Thus, Defendant's Motion should be denied.

## V.      FACTUAL ALLEGATIONS

Plaintiff Mikayla Savage was detained in the Harris County Jail from June 2, 2022 through September 1, 2022. Second Am. Compl., Dkt. 108, ¶ 16 (hereinafter, "Am. Compl."). After enduring weeks of squalid living conditions, *id.* ¶¶ 59–68, an assault by Defendant Officer Martinez that resulted in Ms. Savage suffering a spontaneous abortion of her known pregnancy, *id.* ¶¶ 69–84, and numerous physical and sexual assaults, *id.* ¶¶ 86–87, Ms. Savage was transferred to cell 4C2 on or around July 9. *Id.* ¶ 88. In cell 4C2, on the evening of July 11-12, Ms. Savage

was tied up and sexually assaulted by her fellow detainees, who penetrated Ms. Savage vaginally and anally with a foreign object. *Id.* This extremely upsetting sexual assault was visible by guards on their post at the "picket," including by Defendant Ezeoke. *Id.* ¶ 89. Despite having view of the assaults, Defendant Ezeoke did nothing to intervene to protect Ms. Savage from violence, nor did she take Ms. Savage for medical care. *Id.* Another officer brought Ms. Savage to the medical unit hours later in the mid-afternoon of July 12, only after Ms. Savage lodged a Prison Rape Elimination Act complaint and officers were forced to respond to that documentation. *Id.* After Ms. Savage received a Sexual Assault Nurse's Exam and prophylactic medication, officers—potentially including Defendant Ezeoke—returned Ms. Savage to cell 4C2 on July 13, despite (by inference drawn in Ms. Savage's favor) the knowledge that she had just been brutally assaulted there and their awareness that such an assault could happen again, where she spent another unprotected and terrifying night with her assailants and where she was assaulted again within a day or two. *Id.* ¶¶ 89–90.

## VI.    STANDARD OF REVIEW

When evaluating a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded facts in the complaint as true and views those facts in the light most favorable to the plaintiff. *See Lindquist v. City of Pasadena*, 525 F.3d 383, 386 (5th Cir. 2008). Plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010).

## VII.   DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED

Plaintiff's Amended Complaint describes in detail the ways in which Defendant Ezeoke

4

violated Plaintiff's constitutional rights and readily meets the pleading standard for this stage of the case. For all the reasons set forth below, Defendant's scattershot and threadbare Motion to Dismiss should be denied.

### A.  THE CLAIM AGAINST DEFENDANT EZEOKE IS NOT BARRED BY THE STATUTE OF LIMITATIONS

This Court has already ruled that Plaintiff was allowed to amend the Complaint and bring her previously pled claims against newly identified Doe Officers. *See* Dkt. 51. On July 15, 2024, this Court granted Plaintiff's Unopposed Motion for Extension of Time to File Consolidated Amended Complaint and identify the Doe Officers, allowing Plaintiff until August 29, 2024 to identify the Doe Officers and amend her complaint. Dkt. 49. The Court subsequently granted Plaintiff's Opposed Motion for Leave to File First Amended Complaint, in which Plaintiff explained how the doctrine of equitable tolling permits her claims against the newly identified defendant officers to proceed. Dkt. 50, 51. In doing so, the Court specifically noted that the extension of this deadline had been unopposed by Defendants and concluded that equitable tolling was properly applied to this deadline. Dkt. 51.

A plaintiff seeking leave to amend to name a defendant in place of a Doe defendant may be able to show that a statutory limitations period has been equitably tolled. *See Green v. Doe*, 260 F. App'x 717, 719 (5th Cir. 2007). To be entitled to equitable tolling, the plaintiff must have diligently sought to discover the identity of the unknown defendant and amend the complaint. *Id.* at 719. "The doctrine of equitable tolling preserves a plaintiff's claim when strict application of the statute of limitations would be inequitable." *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995) (citing *Burnett v. N.Y. Cent. R.R.*, 380 U.S. 424, 428 (1964)).

This Court granted early discovery to allow Plaintiff to identify the Doe Officers that she had named as Defendants in her Complaint. *See* Minute Entry for Motion Hearing held on May

6, 2024. The Court issued a scheduling order that set the deadline for new parties as July 15, 2024. Plaintiff sought an unopposed extension, which the Court granted, permitting new parties to be added by August 29, 2024. *See* Dkt. 49. Plaintiff operated under the belief that this deadline would be operative for a timely filing of amended pleadings naming Doe Officers because of this Court's order to that effect. *Cf. Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998) (noting plaintiff added defendants five months after the court-ordered deadline for amended pleadings). Because Plaintiff was working to meet these deadlines, she believed the statutory deadlines would be tolled.

Defendants presented initial disclosures with certain records on May 13, 2024, several months before the statute of limitations expired. *See Heckford v. City of Pasadena*, No. 4:20-CV-4366, 2021 WL 2517405, at *2 (S.D. Tex. June 18, 2021) (granting equitable tolling where plaintiff made requests for the disclosure of officers' identities several months prior to the statute of limitations expiring). Plaintiff's counsel then worked diligently to identify the Doe Officers using those records. When they were unable to confirm the identities of certain defendants through those means, they worked with Plaintiff herself to review photographs of the officers and confirm identities in that way. This was a multi-stage process of document review and data collation, as well as client meetings conducted in person.

Throughout this period, Plaintiff was homeless, did not have regular access to a mobile or home phone, had been incarcerated in a county jail, and had been severely affected by a major hurricane and the resulting widespread damage. Her mother's home, where she was living for a portion of this period, was destroyed in the hurricane. Plaintiff had no access to a working computer on which she could have reviewed any discovery sent to her via email by Plaintiff's counsel. Plaintiff's counsel was able to meet with Plaintiff to identify defendants on July 29, 2024, shortly after the statutory tolling period for a number of Doe Officers. Plaintiff operated under the

belief that she had the remaining month to amend the Complaint to add those defendants.

The touchpoint for equitable tolling is reasonable diligence. *Holland v. Florida*, 560 U.S. 631, 653 (2010) ("The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'") (citations omitted); *see also Rodriguez v. City of Austin*, No. 1-21-CV-01087-RP, 2024 WL 3242279, at *4 (W.D. Tex. June 26, 2024) (finding reasonable diligence where the plaintiff did not seek formal discovery but went to "great lengths to discover the identities of the responsible officers in a timely manner" including combing through voluminous video footage even though he "could have sought formal discovery sooner."). Here, Plaintiff was reasonably diligent in serving early discovery requests and reviewing individual officer photographs to identify Doe Officers despite the challenges she faced during this period, including multiple natural disasters and lack of access to shelter and cellular communication. Plaintiff diligently sought to discover the identity of the unknown defendants and amended the complaint to identify these defendants once able.

For these reasons, Plaintiff requested in her Motion to Amend the Complaint that the Court grant equitable tolling to allow her to bring her claims against the newly identified Doe Officers. Without equitable tolling, Plaintiff would have been prejudiced in that she would not have been able to seek redress for grievous harms—including multiple physical and sexual assaults that could and should have been prevented by Defendants—and would be unable to seek full relief for a situation that never should have happened to her. This Court granted Plaintiff's request for equitable tolling, "find[ing] that Plaintiff's Motion was timely, was not made in bad faith or with a dilatory motive, and will not unduly prejudice Defendants, particularly since the Court granted Plaintiff's Unopposed Motion to Extend Time to File Consolidated Amended Complaint." Dkt. 51.

The Court's ruling on equitable tolling is now the law of the case. *See United States v. Lawrence*, 179 F.3d 343, 351 (5th Cir. 1999) (explaining the law-of-the-case doctrine "expresses the practice of courts generally to refuse to reopen what has been decided"); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."); *cf. Free v. Abbott Labs., Inc.*, 164 F.3d 270, 272–73 (5th Cir. 1999) (noting that courts do not recognize a "jurisdiction exception" to the law-of-the-case doctrine).

Defendant Ezeoke will not suffer a "manifest injustice" by now being formally named in this case, which would be necessary for this Court to review its equitable tolling ruling now. *Christianson*, 486 U.S. at 817 ("[A]s a rule courts should be loathe to [revisit their prior decisions] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice" (internal citation and quotation marks omitted)). The Amended Complaint names a specific incident—a gang rape and physical assault on Ms. Savage by fellow detainees in cell 4C2 on the evening of July 11 into the morning of July 12—in the housing unit where Defendant Ezeoke worked on that same date. Additionally, investigation conducted by senior leadership at HCJ (both during summer 2022 and after the commencement of this case) should have provided notice to Defendant Ezeoke of the potential claims against her. Therefore, Defendant Ezeoke cannot show that naming her as one of the Doe Officers—who was already identified by her conduct on a date certain in Plaintiff's Original Complaint—constitutes a manifest injustice that would counsel in favor of revisiting this Court's equitable tolling ruling.

Defendant Ezeoke's arguments about the statute of limitations should therefore be rejected.

## B.    PLAINTIFF SUFFICIENTLY PLEADED A FAILURE-TO-PROTECT CLAIM

The Fourteenth Amendment places a duty on guards to protect pretrial detainees from

violence at the hands of other prisoners while confined.  *See Hare v. City of Corinth*, 74 F.3d 633, 639, 643–44 (5th Cir. 1996).  Guards can be found liable when they "acted or failed to act with subjective deliberate indifference to the detainee's needs." *Id.* at 636, 647–48; *see also Adames v. Perez,* 331 F.3d 508, 512 (5th Cir. 2003).  A prison official is deliberately indifferent to the prisoner's safety if the official knows that the prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.  *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *see also Hare*, 74 F.3d at 648–49.

Courts have found allegations similar to Plaintiff's sufficient to state a claim for failure to protect under the Fourteenth Amendment.  *See, e.g.*, *Winslow v. Harris County*, No. H-07-767, 2009 U.S. Dist. LEXIS 143825, at *42–43 (S.D. Tex. June, 8 2009) ("The evidence, viewed in a light most favorable to Plaintiff, shows that Plaintiff was repeatedly kicked in the head, face and body while he lay on the floor.  This is sufficient to raise a fact issue that Defendants . . . should have inferred that Plaintiff was at substantial risk for harm by the actions of the other officers.  Therefore, . . . Plaintiff has stated a constitutional violation."); *see also Westmoreland v. Butler County*, 29 F.4th 721, 729–31 (6th Cir. 2022) (vacating summary judgment on failure-to-protect claim where plaintiff's mother informed defendants that plaintiff was in danger after being labeled a snitch); *Kingsley v. Hendrickson*, 576 U.S. 389, 391–92 (2015) (holding that plaintiffs need not show subjective awareness of unreasonable force to prove excessive force).

In the parallel but more exacting context under the Eighth Amendment, courts have found similar allegations sufficient to state a claim for failure to protect.  *See, e.g.*, *Cardona v. Taylor*, 828 F. App'x 198, 203 (5th Cir. 2020) ("Because we determined that Cardona sufficiently stated a claim for relief regarding the officers' use of excessive force, and because he alleges that other officers, including the supervising officer, were present during the raid but failed to intervene, we

9

conclude that he has stated a claim for relief on this ground as well."); *Smith v. Dunbar*, No. 6:22cv442, 2024 WL 1228986 at *1, *14–15 (E.D. Tex. Feb. 27, 2024) ("[T]he law was clear that an officer standing by and doing nothing while one inmate attacks another violates the Constitution. *Some* action is required . . . Defendant Matthews' alleged failure to intervene, to call for help, or to leave to obtain weapons and/or assistance constitutes a sufficient allegation of deliberate indifference to a known and obvious excessive risk to Plaintiff's safety. Plaintiff's allegations, if taken as true, demonstrate that Defendant Matthews violated a clearly established constitutional right of which a reasonable correctional official would have known . . . .").

Plaintiff alleged in her Amended Complaint that Defendant Ezeoke failed to intervene when Ms. Savage was tied up and sexually and physically assaulted by several other detainees on the evening of July 11-12, 2022, even though Defendant Ezeoke had a clear view of the assault as she sat in the picket observing the cell. *See* Am. Compl. ¶ 88–89. Defendant Ezeoke did not bring Ms. Savage to the medical unit; her colleague, Defendant Thomas, brought her there later in the following afternoon, hours after the assault. *Id.* ¶ 89. Because this Court can and should reasonably infer that Defendant Ezeoke observed the assault on Ms. Savage, this Court should further infer that she subjectively knew of the risk to Ms. Savage and also of the harm Ms. Savage experienced. When Defendant Ezeoke failed to intervene, she acted with deliberate indifference to Ms. Savage's health and safety and did not take reasonable measures to abate the risk and the harm she suffered. This failure to intervene extended to Defendant Ezeoke's failure to bring Ms. Savage to the medical unit in the immediate aftermath of her assaults, leaving her in pain and without medical care overnight and into the afternoon, exacerbating the harms she suffered as a result. *Id.* ¶ 89.

Plaintiff has alleged sufficient facts from which this Court can infer at this stage of the

proceedings that Defendant Ezeoke knew there was a substantial risk of serious harm.  Plaintiff has alleged that Defendant Ezeoke witnessed Ms. Savage's assaults, she was aware of the actualization of that risk, and, nonetheless, she did not intervene.  *Id.* ¶¶ 88–89.  This inaction instead contributed to Ms. Savage's harm by failing to bring her to the medical unit, the opposite of the constitutional obligation to protect her.  *Hare*, 74 F.3d at 639.  These allegations are far from "threadbare recitals of the elements of a cause of action," as Defendant Ezeoke baselessly asserts. Dkt. 116 ¶ 8.  Plaintiff has alleged all elements of a failure-to-protect claim sufficient to withstand Defendant Ezeoke's Motion to Dismiss.

### C.    DEFENDANT EZEOKE IS NOT ENTITLED TO QUALIFIED IMMUNITY

Defendant Ezeoke makes the cursory argument that she is "entitled to qualified immunity" and a dismissal on that ground simply based on her assertion that Ms. Savage has not met the pleading standard for a constitutional violation.  Dkt. 116 ¶¶ 23–27.  Plaintiff, however, has adequately alleged facts sufficient to state a claim that Defendant Ezeoke violated her clearly established Fourteenth Amendment rights, rendering qualified immunity unavailable.

"[A]n officer enjoys qualified immunity . . . unless he has violated a 'clearly established' right such that 'it would [have been] clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'"  *Kingsley*, 576 U.S. at 400 (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)) (alteration in original); *see also Smith*, No. 6:22cv-422, 2024 WL 1228986, at *13–14 (setting out both prongs of the test: "whether the challenged conduct, viewed in the light most favorable to the plaintiff, would actually amount to a violation of [constitutional or] federal law" and "whether the defendant's actions violated clearly established statutory or constitutional rights of which a reasonable person would have known") (citations omitted).  Courts have explained what a "clearly established" constitutional right looks like in the context of an alleged qualified

immunity defense:

> For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

*Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quotation marks and citations omitted).

As discussed above, Plaintiff satisfies the first prong because Defendant Ezeoke violated Plaintiff's Fourteenth Amendment rights when she failed to intervene as Ms. Savage was assaulted by other detainees in HCJ, acting with deliberate indifference to Ms. Savage's health and safety. Am. Compl. ¶¶ 88–89. Having witnessed the assault, Defendant Ezeoke was aware of the substantial risk of harm to Ms. Savage. However, she chose to ignore that risk and later refused to take Ms. Savage to the medical unit. *Id.* ¶ 89. Plaintiff has successfully pleaded and met the first prong of demonstrating inapplicability of the qualified immunity defense.

Second, Plaintiff satisfies the second prong because Defendant Ezeoke's actions violated clearly established constitutional rights of which a reasonable person would have known. Controlling case law has long held that a pretrial detainee's rights are violated when guards perceive and ignore a substantial risk of harm, failing to take reasonable measures to abate that harm. *Farmer*, 511 U.S. at 828. Furthermore, it is established law that prison officials must "'tak[e] reasonable measures to guarantee the safety of the inmates'—such as protecting inmates from fellow prisoners." *United States v. Hinds Cnty. Bd. of Supervisors*, 128 F.4th 616, 627 (5th Cir. 2025) (quoting *Farmer*, 511 U.S. at 832). By the time other detainees attacked Ms. Savage in plain view of Defendant Ezeoke, it was clear that a prison guard's failure to intervene was a violation of clearly established federal law. *See Cardona*, 828 F. App'x at 203; *Hare*, 74 F.3d at 648–49. This right is well established and well known.

12

Defendant Ezeoke points to the Fifth Circuit's *unpublished* decision in *Rios v. Scott*, 100 F. App'x 270 (5th Cir. 2004), in support of her claim that she did not need "to intervene given the other inmates were armed with foreign objects during the commission of Plaintiff's alleged assault." Dkt. 116 ¶ 27. In *Rios*, a "lethal attack" took place. 100 F. App'x at 271. "Rios was stabbed to death by a fellow inmate." *Id.* The officer was "armed only with a baton" and "ran to get help." *Id.* Thus, the officer had actually taken steps "to call for backup." *Id.* at 272. Here, the Second Amended Complaint does not show—nor should it be inferred at this stage—that the foreign object used to assault Ms. Savage was a weapon that could lead to a lethal attack on Defendant Ezeoke. Nor does Defendant Ezeoke indicate that she was attempting to call for backup. Further, she did not make any efforts to bring Ms. Savage to the medical unit after the attack took place. Drawing all reasonable inferences in Ms. Savage's favor, the foreign object that the other detainees used to sexually assault her was not a lethal object that could be compared to a knife. Thus, *Rios* is inapposite. And cases that post-dated it, including *Cardona v. Taylor*, 828 F. App'x 198, 203 (5th Cir. 2020), establish that officers do in fact need to intervene when they observe an assault such as the one Ms. Savage endured.

The Amended Complaint's factual allegations, which must be taken as true at this stage, preclude dismissal of Defendant Ezeoke on the basis of qualified immunity for Count V. For all of these reasons, Defendant's Motion to Dismiss on the basis of qualified immunity should be rejected.

### D.    PLAINTIFF IS ENTITLED TO PUNITIVE DAMAGES.

Finally, Defendant Ezeoke argues that punitive damages are not available because Plaintiff did not "establish that Ezeoke acted with malice toward Plaintiff or was involved in an unconstitutional violation." Dkt. 116 ¶ 28.

"Punitive damages may be awarded in § 1983 cases 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Heaney v. Roberts*, 846 F.3d 795, 803 (5th Cir. 2017) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). A defendant acts with reckless indifference when she displays "'subjective consciousness' of a risk or injury or illegality and a 'criminal indifference to civil obligations.'" *Id.* (quoting *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536 (1999)). "The decision to award or deny punitive damages is left to the finder of fact." *Id.*

Plaintiff's claim for punitive damages should not be dismissed at this early juncture. Plaintiff's Amended Complaint alleges that Defendant Ezeoke observed a gang rape and physical assault of Plaintiff and did not intervene at all or provide Plaintiff with emergency medical attention in the aftermath. *See* Am. Compl. ¶¶ 88–89. Defendant Ezeoke, like the other correctional officers, should have been on notice that Ms. Savage could be targeted for assault because she had just been transferred to cell 4C2 following an assault the day prior that required medical attention. *Id.* ¶ 88.

The Fifth Circuit has affirmed a punitive damages award in a similar case before. In *Fielder v. Bosshard*, 590 F.2d 105 (5th Cir. 1979), a jury awarded punitive damages against a sheriff and a jailer when a man died in the custody of a Texas jail within three days of his incarceration. *Id.* at 107–08. The jailer had been informed by the plaintiffs—the parents of the decedent—that the decedent was sick and needed attention. *Id.* at 107. The jailer observed the physical and mental deterioration of the decedent over the course of a day, but did nothing because he thought the decedent was malingering. *See id.* at 108. The jailer denied requests for medical attention multiple times. *See id.* In the middle of the night, the jailer notified the sheriff that the decedent was "suffering from delirium." *Id.* The sheriff asked a deputy to check on the decedent,

but the sheriff did nothing after receiving a report from the deputy. *Id.* The jailer found the decedent dead in his cell the next morning. *Id.* The Fifth Circuit found sufficient evidence in the "casual unwillingness to investigate what can be done for a man who is obviously in desperate need of help" to "support the jury's finding of cruel and unusual punishment. *Id.* The sheriff "was not so bureaucratically removed that he was unaware of what was transpiring at the jail." *Id.* at 110. He and the jailer were both responsible for the care and welfare of the decedent and others incarcerated at the jail, even though they were not physically present during the decedent's suffering. *Id.*

Just as the sheriff and jailer in *Fielder* failed to respond to clear signs of medical emergency, Defendant Ezeoke failed to respond to a sexual assault that took place right in front of her. Such callous indifference is precisely the sort of behavior that could warrant punitive damages. Plaintiff has therefore undoubtedly alleged facts that show callous indifference. This Court should give Plaintiff the opportunity to probe Defendant Ezeoke's subjective awareness and intent in discovery before denying Plaintiff's claim for punitive damages. *See Heaney*, 846 F.3d at 803 ("[E]valuations of motive and intent are generally inappropriate on a motion for *summary judgment . . . .*" (emphasis added)); *see also McKinney v. Johnson County*, No. 3:22-CV-2264-N, 2023 WL 8816385, at *10 (N.D. Tex. Dec. 19, 2023) ("Plaintiffs alleged knowing and conscious deliberate indifference to McKinney's court-ordered medical needs that ultimately resulted in his death. At the pleadings stage, Plaintiffs' allegations are sufficient to establish a claim for punitive damages against the individual defendants.").

Another district court has upheld a punitive damages remedy granted under a bystander liability theory. *See Cowart v. Erwin*, No. 3:10-CV-1800-G, 2015 WL 1578108, at *4–5 (N.D.

Tex. Apr. 9, 2015), *aff'd* 837 F.3d 444 (5th Cir. 2016).[1]  Under that theory, "an officer who is present at the scene and does not take reasonable measures to protect [someone] from another officer's use of excessive force may be liable under section 1983."  *Id.* at *4 (quoting *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995) (applying the theory in the Fourth Amendment context)).  In *Cowart*, three detention officers in a Texas jail joined in an assault after a dispute between the defendant—Detention Officer Erwin—and the plaintiff.  *Id.* at *1.  While the plaintiff sought damages against Erwin for the excessive force Erwin herself used, the plaintiff also sought punitive damages against Erwin because she did not stop the other three officers from using excessive force once "Erwin possessed 'a reasonable opportunity to realize the excessive nature of the impending force and to intervene to stop it.'"  *Id.* at *4 (quoting *Hale*, 45 F.3d at 319).  Although Ms. Savage's case arises in the slightly different context of a bystander officer failing to intervene when another detainee in the jail was assaulting Ms. Savage, the bystander liability theory in the officer assault context should guide this Court to allow Ms. Savage to bring this claim to a jury.

## VIII.  CONCLUSION

For the foregoing reasons, Defendant Gloria Ezeoke's Motion to Dismiss should be denied.

---

[1] The Fifth Circuit upheld the punitive damages award but did "not address Erwin's challenges to the jury's findings of § 1983 bystander liability . . . as Erwin's liability for excessive force is alone sufficient to uphold the verdict."  *Cowart*, 837 F.3d at 455.

Dated: April 27, 2025                    Respectfully submitted,

                                         /s/ D Dangaran
                                         D Dangaran* (DC Bar #90023981)
                                         Miriam R. Nemeth* (DC Bar #1028529)
                                         Rights Behind Bars
                                         1800 M Street NW, Front 1 #33821
                                         Washington, DC 20033
                                         (202) 455-4399
                                         d@rightsbehindbars.org
                                         miriam@rightsbehindbars.org

                                         Karley T. Buckley
                                         DLA Piper LLP (US)
                                         Texas Bar No. 24123596
                                         845 Texas Avenue, Suite 3800
                                         Houston, Texas 77002
                                         (713) 425-8421
                                         karley.buckley@us.dlapiper.com

                                         David H. Bamberger*
                                         DLA Piper LLP (US)
                                         DC Bar #362285
                                         500 Eighth Street, NW
                                         Washington, DC 20004
                                         (202) 799-4500
                                         david.bamberger@us.dlapiper.com

                                         John C. Canoni*
                                         DLA Piper LLP (US)
                                         Texas Bar No. 24117335
                                         1900 North Pearl Street, Suite 2200
                                         Dallas, Texas 75201
                                         (214) 743-4500
                                         john.canoni@us.dlapiper.com

                                         Kaylee Hoffner
                                         DLA Piper LLP (US)
                                         Texas Bar No. 24127036
                                         845 Texas Avenue, Suite 3800
                                         Houston, Texas 77002
                                         (713) 425-8424
                                         Kaylee.hoffner@us.dlapiper.com
                                         **\* admitted *pro hac vice***

                                         **ATTORNEYS FOR PLAINTIFF**
                                         **MIKAYLA CHEYENNE SAVAGE**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 27, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record. Any other counsel of record will be served by first class U.S. mail.

*/s/ D Dangaran*
D Dangaran