AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

RECEIVED
MAY 07 2025
[signature]
HARRIS COUNTY JUDGE
LINA HIDALGO

| Mikayla Cheyenne Savage | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:24-cv-00666 |
| Harris County, Texas, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Harris County, Texas, c/o Lina Hidalgo, Harris County Judge, 1001 Preston Street, Houston, Texas 77002

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A

| Place: DLA Piper LLP (US)<br>845 Texas Avenue, Suite 2800<br>Houston, Texas 77002 | Date and Time:<br>May 15, 2025 @ 10:00 a.m. CT |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: May 1, 2025

CLERK OF COURT

OR

_____       _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff Mikayla Cheyenne Savage                    , who issues or requests this subpoena, are:
DLA Piper LLP (US), Karley Buckley, 845 Texas Avenue, Suite 2800, Houston, Texas 77002, (713) 425-8421, karley.buckley@us.dlapiper.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

[signature] Zachary Thibodeaux
PSC-13486
5/2/2025 5/7/2025   5/7/2025

Exhibit B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:24-cv-00666

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

1. "Any" shall mean one or more.

2. "Action" means the above captioned litigation matter.

3. "Complaint" means Plaintiff's First Amended Complaint (ECF 52) filed in the above-captioned action on September 5, 2024.

4. "You," "Your," or "Yourself" means Harris County or any of its agents, servants, employees, or other individuals acting on its behalf.

5. "Document(s)" shall mean and refer to any information, data, records, images, or Communication that is written, printed, typed, or recorded in any medium, whether paper or electronic, including, without limitation, any drafts, originals, or copies of papers, notes, books, letters, labels (and other identifying markings), correspondence, diaries, journals, emails, text messages, voicemails, social media posts or messages, photographs, pictures, diagrams, drawings, sketches, video or audio recordings, reports, charts, invoices, receipts, transcripts, or any other electronically stored information.

6. "Communication(s)" shall mean and refer to every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer, or exchange of information, whether made or accomplished orally or by Document, whether in person, by telephone, text message, mail, facsimile, email or other electronic Communication, personal delivery, or otherwise.

7. Any capitalized terms used but not defined herein shall have the same meaning as assigned to them in their regular usage.

## DOCUMENTS TO BE PRODUCED

1. All booking records, including intake forms and classification documents, for Plaintiff Mikayla Savage (SPN #02880810).

2. All incident reports with associated documentation, communications, and video footage relating to Plaintiff Mikayla Savage (SPN #02880810), including specifically for each incident alleged in paragraphs 59-114 of Plaintiff's Complaint.

3. Surveillance, body camera, or other video footage of the court call line-up on the mornings of June 6-7, 2022 for the 4L housing unit, Ms. Savage's cell in the 4L unit during her detention there in June 2022, and of each of the assaults in other housing units described in paragraphs 85-104 of Plaintiff's Complaint.

4. All documents regarding any housing and/or classification decisions made with respect to Plaintiff Mikayla Savage (SPN #02880810), including but not limited to her initial housing

assignment, each housing assignment following an alleged assault, and the use of solitary confinement.

5. All documents regarding any discipline, termination, investigation, or suspension of each person who was an employee or an independent contractor, who was serving or working at Harris County Jail from January 1, 2015, to present.

6. All training manuals and materials used for any Jail staff working within Harris County Jail effective January 1, 2015, to present.

7. The employee handbook for Harris County Jail in effect on January 1, 2020, and all revised versions to the present date.

8. All policies and procedures in place from January 1, 2020, to the present that provide or seek to provide detainees with protection from serious physical harm and from life and other safety hazards while at Harris County Jail.

9. All policies and procedures for determining the classification of detainees and determining their placement within the Jail, including any medical and/or mental health analysis, observation requirement determination, determinations as to their safety, and need for medical treatment and/or observation.

10. Documents sufficient to identify and describe all reports or incidents of physical or sexual assault by personnel or detainees within the Jail from January 1, 2015 to present.

11. Documents sufficient to identify all reports or incidents of suicide or attempted suicide within the Jail from January 1, 2015.

12. Documents sufficient to identify and describe all reports or incidents of use of force on detainees from January 1, 2015, particularly on female and/or pregnant detainees.

13. All policies and procedures in place at the Jail from January 1, 2020, to present to prevent physical or sexual assaults from occurring by personnel or detainees within the Jail.

14. All policies and procedures in place at the Jail from January 1, 2020, to present to prevent the use of excessive force while subduing a detainee and the proper techniques to avoid serious bodily injury to detainees.

15. All policies and procedures in place at the Jail from January 1, 2020, to present concerning the use of force by Harris County Jail staff and employees against detainees.

16. The employment files, training records, full disciplinary files, and associated communications for the following individuals named as Defendants in the Complaint:

    a. Detention Officer Arnoldo Martinez;
    b. Detention Officer Andrew Rada;

2

    c. Administrative Operations Officer Danika Mathews;
    d. Detention Officer Ozalynn Lozano;
    e. Detention Officer Trucell Lagarde;
    f. Detention Officer Taylor Hodges;
    g. Detention Officer Gloria Ezeoke;
    h. Law Enforcement Officer Michael Thomas;
    i. Law Enforcement Officer Lakisha Cheatham; and
    j. Detention Officer Marilyn John.

17. All investigative reports including any internal investigations or investigations by the Texas Rangers, Texas Commission on Jail Standards, Attorney General's Office, local or state legislature/legislators, or another law enforcement agency on whether a use of force was justified and in line with standard practices.

18. All Communications between Jail staff and external agencies such as the Department of Justice (DOJ), the Texas Rangers, the Texas Office of the Attorney General, or the Texas Commission on Jail Standards (TCJS) relating to complaints, incidents, or investigations concerning Plaintiff Mikayla Savage (SPN #02880810).

19. All Communications between the Texas Jail Project and Jail staff concerning Plaintiff Mikayla Savage (SPN #02880810).

20. Documents sufficient to identify and describe all complaints, incidents, and investigations concerning excessive use of force and unconstitutional conditions of confinement at the Jail from January 1, 2015 to present.

21. All communications and documentation pertaining to any Jail staff members or employees who were disciplined or charged with an excessive use of force against a detainee since January 1, 2015.

22. All complaints, concerns, or issues raised by Jail staff and/or employees concerning the condition of detention cells within the Jail since January 1, 2015.

23. All reports, investigations, records, documentation, and/or communications pertaining to suicides or attempted suicides by detainees since January 1, 2015.

24. All reports, investigations, records, documentation, and/or communications pertaining to use of force on detainees—including female and/or pregnant detainees—since January 1, 2015.

25. All reports, investigations, records, documentation, and/or communications pertaining to unsanitary or unsafe living conditions in the Jail since January 1, 2015.

26. All previous incident records including incident reports and/or records of any past complaints or lawsuits against the Jail or the officers identified in Request No. 16.

3

27. All corrective action documentation regarding corrective actions taken, including criminal prosecution or other discipline, of Jail staff relating to their treatment of or interactions with Plaintiff Mikayla Savage (SPN #02880810).

28. All discovery produced in the case captioned *Wagner, et. al. v. Harris County*, No. 4:23-cv-02886 (S.D. Tex.).