# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **MIKAYLA CHEYENNE SAVAGE,** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | **CIVIL ACTION NO. 4:24-cv-** |
| § | **00666** |
| **HARRIS COUNTY, TEXAS;** § | |
| **SHERIFF ED GONZALES, in his** § | **JURY DEMANDED** |
| official capacity; **DETENTION** § | |
| **OFFICER ARNOLDO MARTINEZ,** § | |
| in his individual capacity; § | |
| **DETENTION OFFICER ANDREW** § | |
| **RADA, in his individual capacity;** § | |
| **DETENTION OFFICER DANIKA** § | |
| **MATHEWS, in her individual** § | |
| capacity; **DETENTION OFFICER** § | |
| **OZALYNN LOZANO, in his** § | |
| individual capacity; **DETENTION** § | |
| **OFFICER TRUCELL LAGARDE, in** § | |
| her individual capacity; § | |
| **DETENTION OFFICER TAYLOR** § | |
| **HODGES, in his individual capacity;** § | |
| **DETENTION OFFICER GLORIA** § | |
| **EZEOKE, in her individual capacity;** § | |
| **LAW ENFORCEMENT OFFICER** § | |
| **MICHAEL THOMAS, in his** § | |
| individual capacity; **LAW** § | |
| **ENFORCEMENT OFFICER** § | |
| **LAKISHA CHEATHAM, in her** § | |
| individual capacity; and § | |
| **DETENTION OFFICER MARILYN** § | |
| **JOHN, in her individual capacity;** § | |

*Defendants.*

Exhibit C

# NON PARTY HARRIS COUNTY'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S THIRD SUBPOENA FOR DOCUMENTS

TO: Mikayla Cheyenne Savage, Plaintiff, c/o Karley T. Buckley, 845 Texas Avenue, Suite 3800, Houston, Texas 7002, karley.buckley@us.dlapiper.com.

COMES NOW NON-PARTY HARRIS COUNTY and provides its objections and responses to Plaintiff's subpoena for documents in the above-numbered and styled cause and pursuant to the Rule 45(d) of the Federal Rules of Civil Procedure.

Date: May 8, 2025

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY
**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT
**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, & REAL
ESTATE DIVISIONS
By: /s/ *Frank J. Ford*
**FRANK J. FORD**
Assistant County Attorney
State Bar No. 24012642
Fed. Bar No. 565385
Phone: (832) 570-7582 (direct)
frank.ford@harriscountytx.gov
Office of the Harris County Attorney
1019 Congress
Houston, Texas 77002
**ATTORNEY FOR NON-PARTY HARRIS COUNTY**

2

## **CERTIFICATE OF SERVICE**

I certify that Harris County's Objections and Responses to Plaintiff's Third Subpoena was served via e-mail on the following parties on May 8, 2025:

Karley T. Buckley
Kaylee Hoffner
DLA Piper LLP (US) Texas
845 Texas Avenue, Suite 3800
Houston, Texas 77002
(713) 425-8421
karley.buckley@us.dlapiper.com
kaylee.hoffner@us.dlapiper.com

David H. Bamberger
DLA Piper LLP (US)
500 Eighth Street, NW
Washington, DC 20004
(202) 799-4500
(202) 799-4500
david.bamberger@us.dlapiper.com

Gregory Burnett
Charles David Shaw, Jr.
1019 Congress
Houston, Texas, 77002
gregory.burnett@harriscountytx.gov
charles.shaw@harriscountytx.gov

Veronica L. Jones
1019 Congress
Houston, Texas 77002
Tel: (713) 274-5181 (direct)
Veronica.Jones@harriscountytx.gov

D Dangaran
Lydia A. Wright
RIGHTS BEHIND BARS
416 Florida Avenue, NW #26152
Washington, D.C. 20001
(202) 455-4399
d@rightsbehindbars.org
lydia@rightsbehindbars.org

John C. Canoni
Taylor Reed
DLA Piper LLP (US)
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
(214) 743-4500
john.canoni@us.dlapiper.com
taylor.reed@us.dlapiper.com

James C. Butt
Phone: (713) 274-5133 (direct)
james.butt@harriscountytx.gov
Office of the Harris County Attorney
1019 Congress
Houston, Texas 77002

                                                    /s/*Frank J. Ford*
                                                    Frank J. Ford

# OBJECTIONS AND RESPONSES
# TO PLAINTIFF'S THIRD SUBPOENA

**GENERAL OBJECTIONS:**

Harris County objects to any definitions or instructions that attempt to impose any obligation on Harris County beyond what is required by the Federal Rules of Civil Procedure.

It appears Plaintiff failed to timely and/or properly serve this subpoena on all of the other parties to the litigation as required by Fed. R. Civ. P. 45(a)(4). Consequently, Plaintiff failed to satisfy a condition precedent to serving this subpoena on Harris County. Plaintiff was not authorized to serve and has not properly served this subpoena on Harris County as required by Fed. R. Civ. P. 45. Plaintiff must properly serve the subpoena in order to receive a substantive response.

This subpoena is largely duplicative of Rule 26 Disclosures and discovery requests from Plaintiff to Harris County. Harris County incorporates by reference all of Harris County's Rule 26 Disclosures and objections and responses to discovery and subpoenas previously served in this matter.

To the extent the requested records exist, this subpoena is unduly burdensome and harassing. It seeks information outside the scope of discovery per Fed. R. Civ. P. 26. E.g., *Kendrick v. Heckler*, 778 F.2d 253, 257 (5th Cir. 1985) (the scope of a subpoena is governed by Rule 26). It seeks information that both pre-dates the current administration and pre-dates and post-dates Plaintiff's incarceration. It seeks information that has no bearing on the claims and defenses in this case. It is an impermissible fishing expedition.

There are multiple pending Motions to Stay Discovery. Discovery, including the subpoena at issue, is not permitted at this juncture. E.g. *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022).

Further, based on the telephone calls Plaintiff made in the Harris County jail, it is clear that Plaintiff and her mother conspired to manufacture this lawsuit for pecuniary gain. As such, Plaintiff's discovery in this case is bad faith, harassing, and abusive.

**SPECIFIC OBJECTIONS AND RESPONSES:**

1. All booking records, including intake forms and classification documents, for Plaintiff Mikayla Savage (SPN #02880810).

   **OBJECTION:**

   This request is duplicative of Rule 26 Disclosures and Plaintiff's discovery requests to Harris County. Thus, this subpoena is unduly burdensome and harassing. Harris County incorporates by reference all of Harris County's Rule 26 Disclosures and objections and responses to discovery and subpoenas previously served in this matter.

2. All incident reports with associated documentation, communications, and video footage relating to Plaintiff Mikayla Savage (SPN #02880810), including specifically for each incident alleged in paragraphs 59-114 of Plaintiff's Complaint.

   **OBJECTION:**

   This request is duplicative of Rule 26 Disclosures and Plaintiff's discovery requests to Harris County. Thus, this subpoena is unduly burdensome and harassing. Harris County incorporates by reference all of Harris County's Rule 26 Disclosures and objections and responses to discovery and subpoenas previously served in this matter.

3. Surveillance, body camera, or other video footage of the court call line-up on the mornings of June 6-7, 2022, for the 4L housing unit, Ms. Savage's cell in the 4L unit during her detention there in June 2022, and of each of the assaults in other housing units described in paragraphs 85-104 of Plaintiff's Complaint.

   **OBJECTION:**

   This request is duplicative of Rule 26 Disclosures and Plaintiff's discovery requests to Harris County. Thus, this subpoena is unduly burdensome and harassing. Harris County incorporates by reference all of Harris County's Rule 26 Disclosures and objections and responses to discovery and subpoenas previously served in this matter.

4. All documents regarding any housing and/or classification decisions made with respect to Plaintiff Mikayla Savage (SPN #02880810), including but not limited to her initial housing assignment, each housing assignment following an alleged assault, and the use of solitary confinement.

**OBJECTION:**

This request is duplicative of Rule 26 Disclosures and Plaintiff's discovery requests to Harris County. Thus, this subpoena is unduly burdensome and harassing. Harris County incorporates by reference all of Harris County's Rule 26 Disclosures and objections and responses to discovery and subpoenas previously served in this matter.

5. All documents regarding any discipline, termination, investigation, or suspension of each person who was an employee or an independent contractor, who was serving or working at Harris County Jail from January 1, 2015, to present.

**OBJECTION:**

This request is duplicative of Rule 26 Disclosures and Plaintiff's discovery requests to Harris County. Thus, this subpoena is unduly burdensome and harassing. Harris County incorporates by reference all of Harris County's Rule 26 Disclosures and objections and responses to discovery and subpoenas previously served in this matter.

This request seeks information that is irrelevant and outside the scope of discovery. It is overbroad and harassing. It is not sufficiently limited in time. This information is not relevant to and has no bearing on the claims or defenses in this case. It is vague and ambiguous. It violates the personal privacy rights of individuals that are not parties to this suit and have not consented to the release of their personal health and/or personal identifying information. It partially encompasses public records. Further, the burden of production is disproportionate to needs of this case. It is an impermissible fishing expedition.

6. All training manuals and materials used for any Jail staff working within Harris County Jail effective January 1, 2015, to present.

**OBJECTION:**

This request is partly duplicative of Rule 26 Disclosures and Plaintiff's discovery requests to Harris County. It seeks information that is at least partly public record. Thus, this subpoena is unduly burdensome and harassing. Harris County incorporates by reference all of Harris County's Rule 26 Disclosures and objections and responses to discovery and subpoenas previously served in this matter.

This request seeks information that is irrelevant and outside the scope of discovery. It is overbroad and harassing. This information is not relevant to and has no bearing on the claims or defenses in this case. It is not sufficiently limited in time. Further, the burden of production is disproportionate to needs of this case. It is an impermissible fishing expedition.

7. The employee handbook for Harris County Jail in effect on January 1, 2020, and all revised versions to the present date.

   **OBJECTION:**

   This request is partly duplicative of Rule 26 Disclosures and Plaintiff's discovery requests to Harris County. It seeks information that is at least partly public record. Thus, this subpoena is unduly burdensome and harassing. Harris County incorporates by reference all of Harris County's Rule 26 Disclosures and objections and responses to discovery and subpoenas previously served in this matter.

   This request seeks information that is irrelevant and outside the scope of discovery. It is overbroad and harassing. This information is not relevant to and has no bearing on the claims or defenses in this case. It is not sufficiently limited in time. Further, the burden of production is disproportionate to needs of this case. It is an impermissible fishing expedition.

8. All policies and procedures in place from January 1, 2020, to the present that provide or seek to provide detainees with protection from serious physical harm and from life and other safety hazards while at Harris County Jail.

   **OBJECTION:**

   This request is partly duplicative of Rule 26 Disclosures and Plaintiff's discovery requests to Harris County. It seeks information that is at least partly

public record. Thus, this subpoena is unduly burdensome and harassing. Harris County incorporates by reference all of Harris County's Rule 26 Disclosures and objections and responses to discovery and subpoenas previously served in this matter.

This request seeks information that is irrelevant and outside the scope of discovery. It is overbroad and harassing. This information is not relevant to and has no bearing on the claims or defenses in this case. Further, the burden of production is disproportionate to needs of this case. It is an impermissible fishing expedition. It is vague and ambiguous.

9. All policies and procedures for determining the classification of detainees and determining their placement within the Jail, including any medical and/or mental health analysis, observation requirement determination, determinations as to their safety, and need for medical treatment and/or observation.

   **OBJECTION:**

   This request is partly duplicative of Rule 26 Disclosures and Plaintiff's discovery requests to Harris County. It seeks information that is at least partly public record. Thus, this subpoena is unduly burdensome and harassing. Harris County incorporates by reference all of Harris County's Rule 26 Disclosures and objections and responses to discovery and subpoenas previously served in this matter.

   This request seeks information that is irrelevant and outside the scope of discovery. It is overbroad and harassing. This information is not relevant to and has no bearing on the claims or defenses in this case. Further, the burden of production is disproportionate to needs of this case. It is an impermissible fishing expedition. It is vague and ambiguous.

10. Documents sufficient to identify and describe all reports or incidents of physical or sexual assault by personnel or detainees within the Jail from January 1, 2015 to present.

    **OBJECTION:**

    This request is partly duplicative of Rule 26 Disclosures and Plaintiff's discovery requests to Harris County. Thus, this subpoena is unduly burdensome

and harassing. Harris County incorporates by reference all of Harris County's Rule 26 Disclosures and objections and responses to discovery and subpoenas previously served in this matter.

This request seeks information that is irrelevant and outside the scope of discovery. It is overbroad and harassing. This information is not relevant to and has no bearing on the claims or defenses in this case. It is vague and ambiguous. It violates the personal privacy rights of individuals that are not parties to this suit and have not consented to the release of their private, personal health and/or personal identifying information. It partially encompasses public records. It is not sufficiently limited in time. Further, the burden of production is disproportionate to needs of this case. It is an impermissible fishing expedition.

11. Documents sufficient to identify all reports or incidents of suicide or attempted suicide within the Jail from January 1, 2015.

    **OBJECTION:**

    This request is partly duplicative of Rule 26 Disclosures and discovery requests Plaintiff served on Harris County when Harris County was still a party to this lawsuit. Thus, this subpoena is unduly burdensome and harassing. Harris County incorporates by reference all of Harris County's Rule 26 Disclosures, Objections and Responses to discovery and subpoenas previously served in this matter.

    This request seeks information that is irrelevant and outside the scope of discovery. It is overbroad and harassing. This information is not relevant to and has no bearing on the claims or defenses in this case. It is vague and ambiguous. It violates the personal privacy rights of individuals that are not parties to this suit and have not consented to the release of their private, personal health and/or personal identifying information. It is not sufficiently limited in time. It partially encompasses public records. Further, the burden of production is disproportionate to needs of this case. It is an impermissible fishing expedition.

12. Documents sufficient to identify and describe all reports or incidents of use of force on detainees from January 1, 2015, particularly on female and/or pregnant detainees.

    **OBJECTION:**

This request is partly duplicative of Rule 26 Disclosures and Plaintiff's discovery requests to Harris County. Thus, this subpoena is unduly burdensome and harassing. Harris County incorporates by reference all of Harris County's Rule 26 Disclosures and objections and responses to discovery and subpoenas previously served in this matter.

This request seeks information that is irrelevant and outside the scope of discovery. It is overbroad and harassing. This information is not relevant to and has no bearing on the claims or defenses in this case. It is vague and ambiguous. It violates the personal privacy rights of individuals that are not parties to this suit and have not consented to the release of their personal health and/or personal identifying information. It partially encompasses public records. It seeks information from a prior administration Further, the burden of production is disproportionate to needs of this case. It is an impermissible fishing expedition.

13. All policies and procedures in place at the Jail from January 1, 2020, to present to prevent physical or sexual assaults from occurring by personnel or detainees within the Jail.

**OBJECTION:**

This request is partly duplicative of Rule 26 Disclosures and Plaintiff's discovery requests to Harris County. Thus, this subpoena is unduly burdensome and harassing. Harris County incorporates by reference all of Harris County's Rule 26 Disclosures and objections and responses to discovery and subpoenas previously served in this matter.

This request seeks information that is irrelevant and outside the scope of discovery. It is overbroad and harassing. This information is not relevant to and has no bearing on the claims or defenses in this case. It is vague and ambiguous. It at least partially encompasses public records. Further, the burden of production is disproportionate to needs of this case. It is an impermissible fishing expedition.

14. All policies and procedures in place at the Jail from January 1, 2020, to present to prevent the use of excessive force while subduing a detainee and the proper techniques to avoid serious bodily injury to detainees.

**OBJECTION:**

This request is partly duplicative of Rule 26 Disclosures and Plaintiff's discovery requests to Harris County. Thus, this subpoena is unduly burdensome and harassing. Harris County incorporates by reference all of Harris County's Rule 26 Disclosures and objections and responses to discovery and subpoenas previously served in this matter.

This request seeks information that is irrelevant and outside the scope of discovery. It is overbroad and harassing. This information is not relevant to and has no bearing on the claims or defenses in this case. It at least partially encompasses public records. Further, the burden of production is disproportionate to needs of this case. It is an impermissible fishing expedition.

15. All policies and procedures in place at the Jail from January 1, 2020, to present concerning the use of force by Harris County Jail staff and employees against detainees.

**OBJECTION:**

This request is partly duplicative of Rule 26 Disclosures and Plaintiff's discovery requests to Harris County. Thus, this subpoena is unduly burdensome and harassing. Harris County incorporates by reference all of Harris County's Rule 26 Disclosures and objections and responses to discovery and subpoenas previously served in this matter.
This request seeks information that is irrelevant and outside the scope of discovery. It is overbroad and harassing. This information is not relevant to and has no bearing on the claims or defenses in this case. It is vague and ambiguous. It at least partially encompasses public records. Further, the burden of production is disproportionate to needs of this case. It is an impermissible fishing expedition.

16. The employment files, training records, full disciplinary files, and associated communications for the following individuals named as Defendants in the Complaint:

   a. Detention Officer Arnoldo Martinez;
   b. Detention Officer Andrew Rada;
   c. Administrative Operations Officer Danika Mathews;
   d. Detention Officer Ozalynn Lozano;
   e. Detention Officer Trucell Lagarde;

    f. Detention Officer Taylor Hodges;
    g. Detention Officer Gloria Ezeoke;
    h. Law Enforcement Officer Michael Thomas;
    i. Law Enforcement Officer Lakisha Cheatham;
    j. Detention Officer Marilyn John.

**OBJECTION:**

This request is partly duplicative of Rule 26 Disclosures and Plaintiff's discovery requests to Harris County. Thus, this subpoena is unduly burdensome and harassing. Harris County incorporates by reference all of Harris County's Rule 26 Disclosures and objections and responses to discovery and subpoenas previously served in this matter.

This request seeks information that is irrelevant and outside the scope of discovery. It is overbroad and harassing. Portions of this information are not relevant to and have no bearing on the claims or defenses in this case. It violates the personal privacy rights of individuals that have not consented to the release of their personal health and/or personal identifying information. It at least partially encompasses public records.

17. All investigative reports including any internal investigations or investigations by the Texas Rangers, Texas Commission on Jail Standards, Attorney General's Office, local or state legislature/legislators, or another law enforcement agency on whether a use of force was justified and in line with standard practices.

**OBJECTION:**

This request is partly duplicative of Rule 26 Disclosures and Plaintiff's discovery requests to Harris County. Thus, this subpoena is unduly burdensome and harassing. Harris County incorporates by reference all of Harris County's Rule 26 Disclosures and objections and responses to discovery and subpoenas previously served in this matter.

This request seeks information that is irrelevant and outside the scope of discovery. It is overbroad and harassing. This information is not relevant to and has no bearing on the claims or defenses in this case. It seeks information that is not in the custody, possession, and/or control of Harris County. It violates the personal privacy rights of individuals that are not parties to this suit and have not

consented to the release of their personal health and/or personal identifying information. It at least partially encompasses public records. Further, the burden of production is disproportionate to needs of this case. There is no way to search for this information without reviewing every incident that involved any of the listed agencies. It is an impermissible fishing expedition.

18. All Communications between Jail staff and external agencies such as the Department of Justice (DOJ), the Texas Rangers, the Texas Office of the Attorney General, or the Texas Commission on Jail Standards (TCJS) relating to complaints, incidents, or investigations concerning Plaintiff Mikayla Savage (SPN #02880810).

> **OBJECTION:**
>
> This request is partly duplicative of Rule 26 Disclosures and Plaintiff's discovery requests to Harris County. Thus, this subpoena is unduly burdensome and harassing. Harris County incorporates by reference all of Harris County's Rule 26 Disclosures and objections and responses to discovery and subpoenas previously served in this matter.

19. All Communications between the Texas Jail Project and Jail staff concerning Plaintiff Mikayla Savage (SPN #02880810).

> **OBJECTION:**
>
> This request is partly duplicative of Rule 26 Disclosures and Plaintiff's discovery requests to Harris County. Thus, this subpoena is unduly burdensome and harassing. Harris County incorporates by reference all of Harris County's Rule 26 Disclosures and objections and responses to discovery and subpoenas previously served in this matter.

20. Documents sufficient to identify and describe all complaints, incidents, and investigations concerning excessive use of force and unconstitutional conditions of confinement at the Jail from January 1, 2015, to present.

> **OBJECTION:**
>
> This request is partly duplicative of Rule 26 Disclosures and Plaintiff's discovery requests to Harris County. Thus, this subpoena is unduly burdensome and harassing. Harris County incorporates by reference all of Harris County's

Rule 26 Disclosures and objections and responses to discovery and subpoenas previously served in this matter.

This request seeks information that is irrelevant and outside the scope of discovery. It is overbroad and harassing. This information is not relevant to and has no bearing on the claims or defenses in this case. It violates the personal privacy rights of individuals that have not consented to the release of their private, personal health and/or personal identifying information. It is not sufficiently limited in time. It at least partially encompasses public records. Further, the burden of production is disproportionate to needs of this case. This would require and review of every employee's personnel file, every grievance, and Internal Affairs file for the relevant time period. It is an impermissible fishing expedition.

21. All communications and documentation pertaining to any Jail staff members or employees who were disciplined or charged with an excessive use of force against a detainee since January 1, 2015.

**OBJECTION:**

This request is partly duplicative of Rule 26 Disclosures and Plaintiff's discovery requests to Harris County. Thus, this subpoena is unduly burdensome and harassing. Harris County incorporates by reference all of Harris County's Rule 26 Disclosures and objections and responses to discovery and subpoenas previously served in this matter.

This request seeks information that is irrelevant and outside the scope of discovery. It is overbroad and harassing. This information is not relevant to and has no bearing on the claims or defenses in this case. It violates the personal privacy rights of individuals that have not consented to the release of their private, personal health and/or personal identifying information. It is not sufficiently limited in time. It at least partially encompasses public records. Further, the burden of production is disproportionate to needs of this case. There is no way to search for this information without reviewing every Internal Affairs file and personnel file for the requested time period. It is an impermissible fishing expedition.

22. All complaints, concerns, or issues raised by Jail staff and/or employees concerning the condition of detention cells within the Jail since January 1, 2015.

**OBJECTION:**

This request is partly duplicative of Rule 26 Disclosures and Plaintiff's discovery requests to Harris County. Thus, this subpoena is unduly burdensome and harassing. Harris County incorporates by reference all of Harris County's Rule 26 Disclosures and objections and responses to discovery and subpoenas previously served in this matter.

This request seeks information that is irrelevant and outside the scope of discovery. It is overbroad and harassing. This information is not relevant to and has no bearing on the claims or defenses in this case. It violates the personal privacy rights of individuals that have not consented to the release of their private, personal health and/or personal identifying information. It is not sufficiently limited in time. It at least partially encompasses public records. Further, the burden of production is disproportionate to needs of this case. There is no central repository of records for complaints made by staff/employees. It is an impermissible fishing expedition.

23. All reports, investigations, records, documentation, and/or communications pertaining to suicides or attempted suicides by detainees since January 1, 2015.

**OBJECTION:**

This request is partly duplicative of Rule 26 Disclosures and Plaintiff's discovery requests to Harris County. Thus, this subpoena is unduly burdensome and harassing. Harris County incorporates by reference all of Harris County's Rule 26 Disclosures and objections and responses to discovery and subpoenas previously served in this matter.

This request seeks information that is irrelevant and outside the scope of discovery. It is overbroad and harassing. This information is not relevant to and has no bearing on the claims or defenses in this case. It violates the personal privacy rights of individuals that have not consented to the release of their private, personal health and/or personal identifying information. It is not sufficiently limited in time. It at least partially encompasses public records. Further, the burden of production is disproportionate to needs of this case. It is an impermissible fishing expedition.

24. All reports, investigations, records, documentation, and/or communications pertaining to use of force on detainees—including female and/or pregnant detainees—since January 1, 2015.

**OBJECTION:**

This request is partly duplicative of Rule 26 Disclosures and Plaintiff's discovery requests to Harris County. Thus, this subpoena is unduly burdensome and harassing. Harris County incorporates by reference all of Harris County's Rule 26 Disclosures and objections and responses to discovery and subpoenas previously served in this matter.

This request seeks information that is irrelevant and outside the scope of discovery. It is overbroad and harassing. This information is not relevant to and has no bearing on the claims or defenses in this case. It violates the personal privacy rights of individuals that have not consented to the release of their private, personal health and/or personal identifying information. It is not sufficiently limited in time. It at least partially encompasses public records. Further, the burden of production is disproportionate to needs of this case. It is an impermissible fishing expedition.

25. All reports, investigations, records, documentation, and/or communications pertaining to unsanitary or unsafe living conditions in the Jail since January 1, 2015.

**OBJECTION:**

This request is partly duplicative of Rule 26 Disclosures and Plaintiff's discovery requests to Harris County. Thus, this subpoena is unduly burdensome and harassing. Harris County incorporates by reference all of Harris County's Rule 26 Disclosures and objections and responses to discovery and subpoenas previously served in this matter.

This request seeks information that is irrelevant and outside the scope of discovery. It is overbroad and harassing. This information is not relevant to and has no bearing on the claims or defenses in this case. It violates the personal privacy rights of individuals that have not consented to the release of their private, personal health and/or personal identifying information. It is not sufficiently limited in time. It at least partially encompasses public records. Further, the burden of production is disproportionate to needs of this case. This

would require reviewing every grievance made during the requested time period. It is an impermissible fishing expedition.

26. All previous incident records including incident reports and/or records of any past complaints or lawsuits against the Jail or the officers identified in Request No. 16.

**OBJECTION:**

This request is partly duplicative of Rule 26 Disclosures and Plaintiff's discovery requests to Harris County. Thus, this subpoena is unduly burdensome and harassing. Harris County incorporates by reference all of Harris County's Rule 26 Disclosures and objections and responses to discovery and subpoenas previously served in this matter.

This request seeks information that is irrelevant and outside the scope of discovery. It is overbroad and harassing. This information is not relevant to and has no bearing on the claims or defenses in this case. It violates the personal privacy rights of individuals that have not consented to the release of their private, personal health and/or personal identifying information. It is not sufficiently limited in time. It at least partially encompasses public records. Further, the burden of production is disproportionate to needs of this case. It is an impermissible fishing expedition.

27. All corrective action documentation regarding corrective actions taken, including criminal prosecution or other discipline, of Jail staff relating to their treatment of or interactions with Plaintiff Mikayla Savage (SPN #02880810).

**OBJECTION:**

This request is partly duplicative of Rule 26 Disclosures and Plaintiff's discovery requests to Harris County. Thus, this subpoena is unduly burdensome and harassing. Harris County incorporates by reference all of Harris County's Rule 26 Disclosures and objections and responses to discovery and subpoenas previously served in this matter.

28. All discovery produced in the case captioned *Wagner, et. al. v. Harris County*, No. 4:23- cv-02886 (S.D. Tex.).

**OBJECTION:**

This request seeks information that is irrelevant and outside the scope of discovery. This information is not relevant to or have any bearing on the Parties' claims or defenses Further, the burden of production is disproportionate to needs of this case. The request is also vague and ambiguous. Further, it seeks disclosure of personal identifying information, private information, and/or protected health information of individuals that are not parties to this case and have not consented to release said information. Finally, the requested information is subject to a Confidentiality and Protective Order.