**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| Mikayla Cheyenne Savage, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| Harris County, Texas; Sheriff Ed Gonzales, | § | **CIVIL ACTION NO. 4:24-cv-00666** |
| in his official capacity; Detention Officer | § | |
| Arnoldo Martinez, in his individual capacity; | § | |
| Detention Officer Andrew Rada, in his | § | |
| individual capacity; Administrative | § | |
| Operations Officer Danika Mathews, in her | § | |
| individual capacity; Detention Officer | § | |
| Ozalynn Lozano, in his individual capacity; | § | |
| Detention Officer Trucell Lagarde, in her | § | |
| individual capacity; Detention Officer Taylor | § | |
| Hodges, in his individual capacity; Detention | § | |
| Officer Gloria Ezeoke, in her individual | § | |
| capacity; Law Enforcement Officer Michael | § | |
| Thomas, in his individual capacity; Law | § | |
| Enforcement Officer Lakisha Cheatham, in | § | |
| her individual capacity; and Detention | § | |
| Officer Marilyn John, her individual | § | |
| capacity, | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S OPPOSITION TO THE MOTION
TO DISMISS AND MOTION TO STAY OF
<u>DEFENDANT OZALYNN LOZANO</u>**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     STATEMENT OF THE ISSUE............................................................................ 2

III.    SUMMARY OF ARGUMENT ........................................................................... 2

IV.     FACTUAL ALLEGATIONS .............................................................................. 3

V.      STANDARD OF REVIEW ................................................................................ 4

VI.     DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED................................ 4

        A.      THE CLAIM AGAINST DEFENDANT LOZANO IS NOT BARRED
                BY THE STATUTE OF LIMITATIONS................................................. 4

        B.      PLAINTIFF SUFFICIENTLY PLEADED A CONDITIONS-OF-
                CONFINEMENT CLAIM .................................................................... 8

                1.      Defendant Lozano's Failure to Alleviate Ms. Savage's Unsanitary
                        Housing Conditions Demonstrate Such Conditions Were Intended
                        or Extended ................................................................................. 9

                2.      Defendant Lozano's Acts and Omissions Were Deliberately
                        Indifferent ................................................................................. 11

        C.      PLAINTIFF SUFFICIENTLY PLEADED A FAILURE TO PROTECT
                CLAIM........................................................................................ 11

        D.      DEFENDANT LOZANO IS NOT ENTITLED TO QUALIFIED
                IMMUNITY................................................................................... 13

VII.    RESPONSE TO MOTION TO STAY .............................................................. 16

VIII.   CONCLUSION.............................................................................................. 16

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adames v. Perez*,
    331 F.3d 508 (5th Cir. 2003) ..............................................12

*Alexander v. S. Health Partners, Inc.*,
    No. 3:22-cv-395, 2023 WL 3961704 (N.D. Tex. June 12, 2023)..........................15

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..............................................4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..............................................4, 8, 9, 10

*Bell v. Wolfish*,
    441 U.S. 520 (1979)..............................................8

*Burnett v. N.Y. Cent. R.R.*,
    380 U.S. 424 (1964)..............................................5

*Carswell v. Camp*,
    54 F.4th 307 (5th Cir. 2022) ..............................................16

*Christianson v. Colt Indus. Operating Corp.*,
    486 U.S. 800 (1988)..............................................7

*Farmer v. Brennan*,
    511 U.S. 825 (1994)..............................................12, 15

*Free v. Abbott Labs., Inc.*,
    164 F.3d 270 (5th Cir. 1999) ..............................................7

*Garza v. City of Donna*,
    922 F.3d 626 (5th Cir. 2019) ..............................................9

*Green v. Doe*,
    260 F. App'x 717 (5th Cir. 2007) ..............................................5

*Hare v. City of Corinth*,
    74 F.3d 633 (5th Cir. 1996) (en banc) .............................................. *passim*

*Heckford v. City of Pasadena*,
    No. 4:20-CV-4366, 2021 WL 2517405 (S.D. Tex. June 18, 2021)..........................5

*Estate of Henson v. Wichita County*,
    795 F.3d 456 (5th Cir. 2015) ................................................................. 8, 9

*Hinojosa v. Livingston*,
    807 F.3d 657 (5th Cir. 2015) ................................................................. 15

*Holland v. Florida*,
    560 U.S. 631 (2010) ............................................................................... 6

*Hope v. Harris*,
    861 F. App'x 571 (5th Cir. 2021) ......................................................... 9, 14

*Hope v. Pelzer*,
    536 U.S. 730 (2002) ............................................................................... 14

*Jacobsen v. Osborne*,
    133 F.3d 315 (5th Cir. 1998) ................................................................. 5

*Lambert v. United States*,
    44 F.3d 296 (5th Cir. 1995) ................................................................... 5

*Lindquist v. City of Pasadena*,
    525 F.3d 383 (5th Cir. 2008) ................................................................. 4

*Longoria v. Texas*,
    473 F.3d 586 (5th. Cir. 2006) ............................................................... 11

*McCord v. Maggio*,
    927 F.2d 844 (5th Cir. 1991) ................................................................. 9

*Montoya v. FedEx Ground Package Sys., Inc.*,
    614 F.3d 145 (5th Cir. 2010) ................................................................. 4

*Rodriguez v. City of Austin*,
    No. 1-21-CV-01087-RP, 2024 WL 3242279 (W.D. Tex. June 26, 2024) ................. 6

*Saucier v. Katz*,
    533 U.S. 194 (2001) ............................................................................... 13

*Scott v. Moore*,
    114 F.3d 51 (5th Cir. 1997) (en banc) ................................................. 10, 14

*Shepherd v. Dallas County*,
    591 F.3d 445 (5th Cir. 2009) ................................................................. 8, 9

*Smith v. Dunbar*,
    No. 6:22cv422, 2024 WL 1228986 (E.D. Tex. Feb. 27, 2024) ................. 13

*Taylor v. Riojas*,
    592 U.S. 7 (2020) ..................................................................................................14

*United States v. Hinds Cnty. Bd. of Supervisors*,
    120 F.4th 1246 (5th Cir. 2024) ...........................................................................15

*United States v. Lawrence*,
    179 F.3d 343 (5th Cir. 1999) ..................................................................................7

*Westmoreland v. Butler County*,
    29 F.4th 721 (6th Cir. 2022) ................................................................................12

*Winslow v. Harris County*,
    No. H-07-767, 2009 U.S. Dist. LEXIS 143825 ...................................................12

**Statutes**

42 U.S.C. § 1983 ..........................................................................................................2

Fed. R. Civ. P. 12(b)(6) ...............................................................................................4

## I.    INTRODUCTION

Before the Court is a motion to dismiss filed by Defendant Ozalynn Lozano ("Lozano" or "Defendant"). In her Second Amended Complaint, Dkt. 108, Plaintiff Mikayla Savage ("Ms. Savage" or "Plaintiff") alleges that Defendant Lozano purposefully and knowingly placed Ms. Savage in a cell covered in feces, vomit, blood stains, and vermin, and without air circulation, for several weeks when she first arrived in Harris County Jail ("HCJ") in June 2022. Living in such a setting amounts to unconstitutional conditions of confinement. The Second Amended Complaint further alleges that Defendant Lozano knew of and disregarded a substantial risk to Mikayla's health and safety by failing to intervene when she was repeatedly assaulted by other prisoners under the custody and supervision of Defendant. Specifically, Defendant Lozano, among others, informed those incarcerated women who assaulted Ms. Savage that Ms. Savage's mother submitted complaints to HCJ. These facts and the reasonable inferences that may be drawn therefrom are properly presented in Ms. Savage's well-pleaded Complaint, which this Court should determine withstands Defendant Lozano's motion to dismiss. As shown herein, Plaintiff has alleged more than sufficient facts that Defendant Lozano acted with deliberate indifference to Ms. Savage's needs when she subjected her to unconstitutional conditions of confinement and failed to protect her from violence at the hands of other detainees.

In a final attempt to evade responsibility for her unconstitutional conduct and horrifying treatment of Ms. Savage, Defendant puts forth threadbare and conclusory assertions that she is entitled to qualified immunity, but she has not come close to meeting her burden of proof. Plaintiff has adequately alleged facts showing that Defendant Lozano violated Plaintiff's clearly established Fourteenth Amendment rights, rendering qualified immunity unavailable.

Defendant Lozano's attempt to evade responsibility for her unconstitutional conduct toward Plaintiff at the pleading stage, before any discovery, should be denied.

## II.    STATEMENT OF THE ISSUE

1. Whether Plaintiff's claim against Defendant Lozano is barred by the statute of limitations.

2. Whether Plaintiff pleaded facts in her Second Amended Complaint sufficient to state a conditions-of-confinement claim against Defendant Lozano under 42 U.S.C. § 1983.

3. Whether Plaintiff pleaded facts in her Second Amended Complaint sufficient to state a failure-to-protect claim against Defendant Lozano under 42 U.S.C. § 1983.

## III.    SUMMARY OF ARGUMENT

Equitable tolling allows Plaintiff to bring her failure-to-protect claim against Defendant Lozano. The Court has already allowed for the addition of Defendant Lozano and other newly identified Defendants Gloria Ezeoke, Marilyn John, Trucell Lagarde, and Michael Thomas (collectively "Doe Officers") through its Order granting Plaintiff's Motion to File the Amended Complaint. *See* Dkt. 51 (finding "Plaintiff's Motion was timely, was not made in bad faith or with a dilatory motive, and will not unduly prejudice Defendants, particularly since the Court granted Plaintiff's Unopposed Motion to Extend Time to File Consolidated Amended Complaint"). As previously argued in Plaintiff's Motion to Amend, and not refuted by Defendant Lozano anywhere in her Motion to Dismiss, this Court may apply the doctrine of equitable tolling to allow Plaintiff to bring her claims against the newly named defendants, because the delay in determining the identity of the Doe Officers is not attributable to Plaintiff's lack of diligence. The Court has done so, and—without proper challenge by the Defendant to that Order—this ruling is now the law of the case.

Defendant's Motion to Dismiss fails to mount a valid challenge to Plaintiff's claims for unconstitutional conditions of confinement and failing to protect her from harm. Defendant Lozano also raises a cursory and unsupported qualified immunity defense. Plaintiff has alleged that the

horrors to which she was subjected at HCJ and the constitutional violations she suffered were the result of Defendant Lozano's behavior and that Defendant Lozano had the requisite knowledge of those conditions when she undertook that behavior. These allegations are sufficient to state a constitutional claim against Defendant Lozano. Thus, Defendant's Motion should be denied.

## IV.    FACTUAL ALLEGATIONS

Plaintiff Mikayla Savage was detained in the Harris County Jail from June 2, 2022, through September 1, 2022. Second Am. Compl., Dkt. 108, ¶ 16 (hereinafter, "Am. Compl."). On June 3, Defendant Officer Lozano detained Ms. Savage in cell 4L1, which was visibly covered with feces, ridden with bed bugs, had blood on the ceiling, and had no air circulation. *Id.* ¶ 59. While in this cell, Ms. Savage vomited because the smell of the feces was so horrible. *Id.* Lozano declined to bring her any cleaning supplies, forcing her to live with the stench of her vomit, in addition to the horrid smell of feces, in a cell with no air circulation. *Id.* ¶ 60. Ms. Savage passed out and hit her head because of the stench. *Id.* ¶ 61. Lozano also failed to house Ms. Savage in the special housing unit set aside for pregnant women, despite knowing she was pregnant. *See id.* ¶¶ 60, 67.

After enduring weeks of squalid living conditions and an assault by Defendant Martinez that resulted in Ms. Savage having an abortion, Ms. Savage was transferred to cell 4H1 after her release from the hospital. *Id.* ¶ 86. In cell 4H1, Ms. Savage was physically and/or sexually assaulted by her fellow detainees. Ms. Savage was eventually relocated to cell 4F2, where she was assaulted by another fellow detainee over an argument about moving bunks. *Id.* At some point, other detainees called Mikayla's mother and told her that the assailants were bragging about beating up Mikayla due to her mother's complaints. *Id.* ¶ 104. Upon information and belief, Defendant Officer Lozano told Mikayla's assailants about Ms. Savage's mother's complaints to HCJ supervisors. *Id.*

## V.    STANDARD OF REVIEW

When evaluating a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded facts in the complaint as true and views those facts in the light most favorable to the plaintiff. *See Lindquist v. City of Pasadena*, 525 F.3d 383, 386 (5th Cir. 2008). Plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010).

## VI.    DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED

Plaintiff's Second Amended Complaint describes in detail the ways in which Defendant Lozano violated her constitutional rights and readily meets the pleading standard for this stage of the case. For all the reasons set forth below, Defendant's scattershot and threadbare Motion to Dismiss should be denied.

### A.    THE CLAIM AGAINST DEFENDANT LOZANO IS NOT BARRED BY THE STATUTE OF LIMITATIONS

This Court has already ruled that Plaintiff was allowed to amend the Complaint and bring her previously pled claims against newly identified Doe Officers. *See* Dkt. 51. On July 15, 2024, this Court granted Plaintiff's Unopposed Motion for Extension of Time to File Consolidated Amended Complaint and identify the Doe Officers, allowing Plaintiff until August 29, 2024, to identify the Doe Officers and amend her complaint. Dkt. 49. The Court subsequently granted Plaintiff's Opposed Motion for Leave to File First Amended Complaint, in which Plaintiff explained how the doctrine of equitable tolling permits her claims against the newly identified defendant officers to proceed. Dkt. 50.

A plaintiff seeking leave to amend to name a defendant in place of a John Doe defendant may be able to show that a statutory limitations period has been equitably tolled. *See Green v. Doe*, 260 F. App'x 717, 719 (5th Cir. 2007). To be entitled to equitable tolling, the plaintiff must have diligently sought to discover the identity of the unknown defendant and amend the complaint. *Id.* at 719. "The doctrine of equitable tolling preserves a plaintiff's claim when strict application of the statute of limitations would be inequitable." *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995) (citing *Burnett v. N.Y. Cent. R.R.*, 380 U.S. 424, 428 (1964)).

This Court granted early discovery to allow Plaintiff to identify Doe Officers. *See* Minute Entry for Motion Hearing held on May 6, 2024. The Court issued a scheduling order that set the deadline for new parties as July 15, 2024. Plaintiff sought an unopposed extension, which the Court granted, permitting new parties to be added by August 29, 2024. *See* Dkt. 49. Plaintiff operated under the belief that this deadline would be operative for a timely filing of amended pleadings naming Doe Officers. *Cf. Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998) (noting plaintiff added defendants five months after the court-ordered deadline for amended pleadings). Because Plaintiff was working to meet these deadlines, she believed the statutory deadlines would be tolled.

Defendants presented initial disclosures with certain records on May 13, 2024, several months before the statute of limitations expired. *See Heckford v. City of Pasadena*, No. 4:20-CV-4366, 2021 WL 2517405, at *2 (S.D. Tex. June 18, 2021) (granting equitable tolling where plaintiff made requests for the disclosure of officers' identities several months prior to the statute of limitations expiring). Plaintiff's counsel then worked diligently to identify the Doe Officers using those records. When they were unable to confirm identities of certain defendants through those means, they worked with Plaintiff herself to review photographs of the officers and confirm identities in that way. This was a multi-stage process of document review and data collation, as

well as client meetings conducted in person.

Throughout this period, Plaintiff has been homeless, has not had regular access to a mobile or home phone, has been incarcerated in a county jail, and has been severely affected by a major hurricane and the resulting widespread damage. Her mother's home, where she was living for a portion of this period, was destroyed in the hurricane. Plaintiff has had no access to a working computer on which she could have reviewed any discovery sent to her via email by Plaintiff's counsel. Plaintiff's counsel was able to meet with Plaintiff to identify defendants on July 29, 2024, shortly after the statutory tolling period for a number of Doe Officers. Plaintiff operated under the belief that she had the remaining month to amend the Complaint to add those defendants.

The touchpoint for equitable tolling is reasonable diligence. *Holland v. Florida*, 560 U.S. 631, 653, (2010) ("The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'") (citations omitted); *see also Rodriguez v. City of Austin,* No. 1-21-CV-01087-RP, 2024 WL 3242279, at *4 (W.D. Tex. June 26, 2024) (finding reasonable diligence where the plaintiff did not seek formal discovery but went to "great lengths to discover the identities of the responsible officers in a timely manner" including combing through voluminous video footage even though he "could have sought formal discovery sooner."). Here, Plaintiff was reasonably diligent in serving early discovery requests and reviewing individual officer photographs to identify Doe Officers despite the challenges she faced during this period, including multiple natural disasters and lack of access to shelter and cellular communication. Plaintiff diligently sought to discover the identity of the unknown defendants and amended the complaint to identify these defendants once able.

For these reasons, Plaintiff requested in her Motion to Amend the Complaint that the Court grant equitable tolling to allow her to bring her claims against the newly identified Doe Officers.

Without equitable tolling, Plaintiff would have been prejudiced in that she would not be able to seek redress for grievous harms—including multiple physical and sexual assaults that could and should have been prevented by Defendants—and would be unable to seek full relief for a situation that never should have happened to her. This Court granted Plaintiff's request for equitable tolling, "find[ing] that Plaintiff's Motion was timely, was not made in bad faith or with a dilatory motive, and will not unduly prejudice Defendants, particularly since the Court granted Plaintiff's Unopposed Motion to Extend Time to File Consolidated Amended Complaint." Dkt. 51.

The Court's ruling on equitable tolling is now the law of the case. *See United States v. Lawrence*, 179 F.3d 343, 351 (5th Cir. 1999) (explaining the law-of-the-case doctrine "expresses the practice of courts generally to refuse to reopen what has been decided"); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."); *cf. Free v. Abbott Labs., Inc.*, 164 F.3d 270, 272–73 (5th Cir. 1999) (noting that courts do not recognize a "jurisdiction exception" to the law-of-the-case doctrine).

Defendant Lozano will not suffer a "manifest injustice" by now being formally named in this case, which is necessary for this Court to review its equitable tolling ruling now. *Christianson*, 486 U.S. at 817 ("[A]s a rule courts should be loathe to [revisit their prior decisions] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice" (internal citation and quotation marks omitted)). The Second Amended Complaint names specific incidents and dates—here, initially housing Ms. Savage in cell 4L1 on June 3, 2022, and several assaults on Ms. Savage by fellow detainees in cells 4H1 and 4F2—in the housing unit where Defendant Lozano worked. Additionally, investigation conducted by senior leadership at HCJ (both during summer 2022 and after the commencement of this case) should

7

have provided notice to Defendant Lozano of the potential claims against her. Therefore, Defendant Lozano cannot show that naming her as one of the Doe Officers—who was already identified by her conduct in Plaintiff's Original Complaint—constitutes a manifest injustice that would counsel in favor of revisiting this Court's equitable tolling ruling.

Defendant Lozano's arguments about the statute of limitations should therefore be rejected.

## B.    PLAINTIFF SUFFICIENTLY PLEADED A CONDITIONS-OF-CONFINEMENT CLAIM

Count VII of the Complaint alleges that Defendant Lozano subjected Ms. Savage to unconstitutional conditions of confinement at HCJ. Under Fifth Circuit precedent, "[c]onstitutional challenges by pretrial detainees may be brought under two alternative theories: as an attack on a 'condition of confinement' or as an 'episodic act or omission.'" *Shepherd v. Dallas County*, 591 F.3d 445, 452 (5th Cir. 2009) (citing *Hare v. City of Corinth*, 74 F.3d 633, 644–45 (5th Cir. 1996) (en banc)). "When a plaintiff is challenging a condition of confinement, this court applies the test established by the Supreme Court in *Bell v. Wolfish*, [441 U.S. 520 (1979),] and asks whether the condition is 'reasonably related to a legitimate governmental objective.'" *Estate of Henson v. Wichita County*, 795 F.3d 456, 463 (5th Cir. 2015) (citations omitted). In such cases, "the plaintiff need not demonstrate that the state actor or municipal entity acted with intent to punish." *Id.* That is because, "even where a [jail official] may not want to subject a detainee to inhumane conditions of confinement or abusive jail practices, its intent to do so is nevertheless presumed when it incarcerates the detainee in the face of such known conditions and practices." *Hare*, 74 F.3d at 644. "For the *Bell* test to apply, a jailer's act or omission must implement a rule or restriction or otherwise demonstrate the existence of an identifiable intended condition or practice." *Id.* at 645. "If a pretrial detainee is unable to point to such an established rule or restriction, then [s]he must show that the jail official's acts or omissions were sufficiently extended or pervasive, or otherwise

8

typical of extended or pervasive misconduct by other officials, to prove an intended condition or practice to which the *Bell* test can be meaningfully applied." *Id.* Otherwise, the pretrial detainee must pursue a claim based on an episodic-act-or-omission theory. *See id.*

"An episodic-acts-or-omissions claim, by contrast, 'faults specific jail officials for their acts or omissions.'" *Henson*, 795 F.3d at 463 (quoting *Shepherd*, 591 F.3d at 452). The Fifth Circuit has "h[e]ld that the episodic act or omission of a state jail official does not violate a pretrial detainee's constitutional right to be secure in his basic needs, such as medical care and safety, unless the detainee demonstrates that the official acted or failed to act with deliberate indifference to the detainee's needs." *Hare*, 74 F.3d at 647–48.

"Significantly, there is no rule barring a plaintiff from pleading both alternative theories, and a court may properly evaluate each separately." *Estate of Henson v. Wichita County*, 795 F.3d 456, 464 (5th Cir. 2015). Plaintiff puts forth both theories here.

### 1.    Defendant Lozano's Failure to Alleviate Ms. Savage's Unsanitary Housing Conditions Demonstrate Such Conditions Were Intended or Extended

It is well-established in the Fifth Circuit that subjecting detainees to "intolerable, deplorable conditions" violates the Fourteenth Amendment's prohibition on cruel and unusual punishment (by incorporation of the Eighth Amendment). *McCord v. Maggio*, 927 F.2d 844, 847 (5th Cir. 1991); *see also Garza v. City of Donna*, 922 F.3d 626, 634 (5th Cir. 2019) ("Our court has based its Fourteenth Amendment case law concerning pretrial detainees on the [United States] Supreme Court's Eighth Amendment precedent concerning prisoners."); *Hope v. Harris*, 861 F. App'x 571, 584 (5th Cir. 2021) (holding that plaintiff adequately stated a claim for unconstitutional confinement where he was subjected to "unsanitary conditions, including urine, feces, and mold on the walls, floor, and showers, insufficient cleaning supplies, and exposure to pepper spray and tear gas without decontamination"). "In many jail condition cases, the conditions themselves

constitute the harm. This is true, for example, where inadequate . . . sanitary conditions themselves constitute miserable conditions." *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997) (en banc).

That is precisely what Plaintiff alleges in this case. *See* Second Am. Compl. ¶¶ 59–60 (describing the putrid conditions in the cell that Officer Lozano initially housed Ms. Savage in); *see also id.* ¶ 60 ("At some point during her detention in this cell, Mikayla vomited because the smell was so bad. Defendant Officers Lozano and Lagarde declined to bring her any cleaning supplies, forcing her to live with the stench of her vomit in addition to the feces and lack of air circulation."); ¶ 64 ("Mikayla filed numerous complaints about the lack of air flow in her cell—in Houston in June—and about the bed bugs that she described as eating her up."); ¶ 152 (Plaintiff was housed "in a cell covered in feces, vomit, blood stains, and vermin, and that had no air circulation, for several weeks during the summer of 2022. [Defendants] further purposefully and knowingly provided her a filthy blanket with feces in it and refused to provide her with cleaning supplies to clean her cell or a towel to dry herself off after her showers. These conditions were so horrible that Mikayla fainted and hit her head from exposure to the noxious space."). As set forth in the Second Amended Complaint, these unconstitutional and dehumanizing conditions were reported to Defendants through numerous internal grievances and external complaints, who failed to take any action to rectify the obvious and inhumane situation for approximately two full weeks. *Id.* ¶ 162; *see also* ¶¶ 64–66, 77, 89, 108. The extended failure to remedy these squalid living conditions indicates a condition or practice, such that the *Bell* test applies. And under the *Bell* test, there is no legitimate government objective that could be reasonably related to housing Ms. Savage in a cell with feces, vomit, blood, and vermin. *See Scott*, 114 F.3d at 53.

### 2.    Defendant Lozano's Acts and Omissions Were Deliberately Indifferent

Alternatively, Plaintiff's allegations establish that Defendant Lozano's act of placing Ms. Savage in a cell covered with feces, blood, and vermin; his act of refusing to provide her with cleaning products, even after she vomited; and his omission of any support to help her to clean or get out of these inhumane living conditions all amount to deliberate indifference to the harm she experienced within these unconstitutional conditions of confinement.

Defendant inaccurately states that "Plaintiff fail[ed] to allege specific actions committed by Lozano." Indeed, Defendant's only real argument on the merits of this claim is that Ms. Savage's allegations "are inherently speculative." But Plaintiff specifically alleges that Defendant Lozano "detained Mikayla in a cell identified as 4L1, which was visibly covered with feces, ridden with bed bugs, had blood on the ceiling, and had no air circulation." *See* Second Am. Compl. ¶ 59. Plaintiff further pleaded that Lozano declined to bring her any cleaning supplies. *Id.* Defendant Lozano purposely and knowingly detained Mikayla in a cell that deprived her of her basic human needs, and, disregarding this unreasonable risk of harm to Ms. Savage acted with malice or reckless disregard for Ms. Savage's rights. Thus, even under the higher standard for showing a constitutional violation under an episodic-act-or-omission theory, Ms. Savage has established that Lozano was deliberately indifferent.

Plaintiff has alleged all elements of an unconstitutional conditions-of-confinement claim sufficient to withstand Defendant Lozano's Motion to Dismiss.

### C.    PLAINTIFF SUFFICIENTLY PLEADED A FAILURE TO PROTECT CLAIM

The Fourteenth Amendment places a duty on guards to protect pretrial detainees from violence at the hands of other prisoners while confined. *See Hare v. City of Corinth*, 74 F.3d 633, 639, 643–44 (5th Cir. 1996); *Longoria v. Texas*, 473 F.3d 586, 592 (5th. Cir. 2006). Guards can be

found liable when they "acted or failed to act with subjective deliberate indifference to the detainee's needs." *Hare*, 74 F.3d at 636, 647–48; *see also Adames v. Perez,* 331 F.3d 508, 512 (5th Cir. 2003). A prison official is deliberately indifferent to the prisoner's safety if the official knows that the prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *see also Hare*, 74 F.3d at 648–49.

Courts have found allegations similar to Plaintiff's sufficient to state a claim for failure to protect under the Fourteenth Amendment. *See, e.g.*, *Winslow v. Harris County*, No. H-07-767, 2009 U.S. Dist. LEXIS 143825, at \*42–43 (S.D. Tex. June, 8 2009 ("The evidence, viewed in a light most favorable to Plaintiff, shows that Plaintiff was repeatedly kicked in the head, face and body while he lay on the floor. This is sufficient to raise a fact issue that Defendants . . . should have inferred that Plaintiff was at substantial risk for harm by the actions of the other officers. Therefore, . . . Plaintiff has stated a constitutional violation."); *see also Westmoreland v. Butler County*, 29 F.4th 721, 729–31 (6th Cir. 2022) (vacating summary judgment on failure-to-protect claim where plaintiff's mother informed defendants that plaintiff was in danger after being labeled a snitch).

Defendant Lozano's alleged failure to intervene to help Mikayla after being assaulted by fellow detainees, and his decision to tell other detainees at HCJ's jail about Mikayla's mothers complaints thus putting Mikayla at risk of these assaults, constitutes a sufficient allegation of deliberate indifference to a known and obvious excessive risk to Plaintiff's safety. Plaintiff's allegations, if taken as true, demonstrate that Defendant Lozano violated a clearly established constitutional right of which a reasonable correctional official would have known . . . .").

Defendant Lozano acted with deliberate indifference to Ms. Savage's health and safety and did not take reasonable measures to abate the risk and the harm she suffered. Plaintiff has alleged

sufficient facts from which this Court can infer at this stage of the proceedings that Defendant Lozano knew there was a substantial risk of serious harm. Plaintiff has alleged that Defendant Lozano was aware of and disregarded a substantial risk to Ms. Savage's health and safety, and, nonetheless, she did not intervene. In fact, she put Ms. Savage in harm's way by informing others that Ms. Savage's mother reported the incidents of assault to HCJ supervisors. These allegations are far from "threadbare recitals of the elements of a cause of action," as Defendant Lozano baselessly asserts. Dkt. 129 ¶ 7. Plaintiff has alleged all elements of a failure-to-protect claim sufficient to withstand Defendant Lozano's Motion to Dismiss.

### D.    DEFENDANT LOZANO IS NOT ENTITLED TO QUALIFIED IMMUNITY

Lastly, Defendant Lozano makes the cursory argument that she is entitled to qualified immunity and a dismissal on that ground simply based on her assertion that Ms. Savage has not met the pleading standard for a constitutional violation. Dkt. 129 ¶¶ 25-26. Plaintiff, however, has adequately alleged facts sufficient to state a claim that Defendant Lozano violated her clearly established Fourteenth Amendment rights, as discussed above, rendering qualified immunity unavailable. Notably, Defendant Lozano did *not* raise the defense that Ms. Savage failed to allege a violation that was clearly established.

"[A]n officer enjoys qualified immunity . . . unless he has violated a 'clearly established' right such that 'it would [have been] clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Kingsley*, 576 U.S. at 400 (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)) (alteration in original); *see also Smith v. Dunbar*, No. 6:22cv422, 2024 WL 1228986, at *1, *13–14 (E.D. Tex. Feb. 27, 2024) (setting out both prongs of the test: "whether the challenged conduct, viewed in the light most favorable to the plaintiff, would actually amount to a violation of [constitutional or] federal law" and "whether the defendant's actions violated clearly

established statutory or constitutional rights of which a reasonable person would have known")

(citations omitted). Courts have explained what a "clearly established" constitutional right looks

like in the context of an alleged qualified immunity defense:

> For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

*Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quotation marks and citations omitted).

As discussed above, Plaintiff satisfies the first prong because Defendant Lozano violated

Plaintiff's Fourteenth Amendment rights when she failed to protect Plaintiff. Defendant Lozano

further violated Plaintiff's Fourteenth Amendment rights by subjecting her to unconstitutional

conditions of confinement. Plaintiff has successfully pleaded and met the first prong of

demonstrating inapplicability of the qualified immunity defense.

Second, even though Defendants have thus far waived any argument that Ms. Savage's

allegations do not show violations of clearly established law, Plaintiff satisfies the second prong

because Defendant Lozano's actions violated clearly established constitutional rights of which a

reasonable person would have known. The Supreme Court held two years before Ms. Savage's

incarceration in Harris County Jail that housing a detainee in an unsanitary, feces-contaminated

cell for *six* days violated the Eighth Amendment. *Taylor v. Riojas*, 592 U.S. 7, 9 (2020). Ms. Savage

was housed in such a cell for two weeks. *Taylor*, as well as the Fifth Circuit's case law, *see Hope*

*v. Harris*, 861 F. App'x at 584; *Scott*, 114 F.3d at 53, clearly establish the violation alleged here.

Similarly, controlling case law has long held that a pretrial detainee's rights are violated

when guards perceive and ignore a substantial risk of harm, failing to take reasonable measures

to abate that harm. *Farmer*, 511 U.S. at 828. Furthermore, it is established law that prison

14

officials must "tak[e] reasonable measures to guarantee the safety of the inmates'—such as protecting inmates from fellow prisoner." *United States v. Hinds Cnty. Bd. of Supervisors*, 120 F.4th 1246, 1257 (5th Cir. 2024) (quoting *Farmer*, 511 U.S. at 832). By the time other detainees attacked Ms. Savage in plain view of Defendant Lozano, it was clear that a prison guard's failure to intervene was a violation of clearly established federal law. *See Cardona*, 828 F. App'x at 203; *Hare*, 74 F.3d at 648–49. This information is well established and well known.

Finally, Defendant Lozano's last-ditch argument that the Second Amended Complaint takes an impermissible "shotgun" approach is without merit. *See* Dkt. 129 ¶ 27. Contrary to Defendant's assertions, the Second Amended Complaint identifies the claims brought against Defendant Lozano (Claims V and VII) and sets forth in detail the factual allegations supporting those claims. These detailed allegations far exceed the specificity in complaints that the Fifth Circuit has described as shotgun pleadings. *Cf. Hinojosa v. Livingston*, 807 F.3d 657, 684–85 (5th Cir. 2015) (stating that the allegations against "blanket terms covering all the defendants[] by lumping them together or calling them collectively 'TDCJ'" should be "disregarded" as "shotgun pleading"). Similarly, in the case cited by Defendants, example—an unpublished case from a different district court—the plaintiff sued "Central Officers" together as a group rather than identifying them by name or using a Doe identifier before identifying the specific defendants. *See Alexander v. S. Health Partners, Inc.*, No. 3:22-cv-395, 2023 WL 3961704, at *3–4 (N.D. Tex. June 12, 2023). That case highlights how the Second Amended Complaint is *not* an example of shotgun pleading, particularly because Plaintiff initially named Doe defendants then meticulously used discovery to connect Defendant Lozano to these particular acts, as that court suggested the plaintiff should have done to avoid a violation of pleading standards.

The Second Amended Complaint's factual allegations, which must be taken as true at this stage, preclude dismissal on the basis of qualified immunity for Counts V and VII. For all of these reasons, Defendant's Motion to Dismiss on the basis of qualified immunity should be rejected.

## VII.    RESPONSE TO MOTION TO STAY

Plaintiff does not oppose staying written discovery served on Defendant Lozano until her assertion of immunity is resolved. However, Plaintiff opposes any stay on discovery that would impact her ability to conduct discovery of other Defendants in this case whose claims of qualified immunity have already been resolved, as well as any non-parties.

Defendant Lozano has no support for the broad stay ruling she requests. She points to *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022), to support her request to stay *all* discovery, including "against the other immunity-asserting defendants," "until her assertion of immunity is resolved." Dkt. 129 ¶ 23. In *Carswell*, the plaintiff sought to depose eight individually named defendants asserting qualified immunity. 54 F.4th at 310. The district court's scheduling order purportedly allowed narrow discovery related to qualified-immunity. *Id.* at 309–10. The defendants appealed and moved for a stay of all discovery pending appeal. *Id.* at 310. The Fifth Circuit held that a district court "may not permit discovery against the immunity-asserting defendants before it rules on their defense," yet reaffirmed the "careful procedure" by which discovery related to the immunity asserted is permitted. *Id.* at 311. Nothing in *Carswell* allows a defendant, such as Defendant Lozano, who is *not* being deposed, to stay a deposition of another party or non-party witness.

## VIII.    CONCLUSION

For the foregoing reasons, Defendant Ozalynn Lozano's Motion to Dismiss should be denied and her Motion to Stay should be denied as to any other parties or non-party witnesses.

Dated: May 23, 2025                    Respectfully submitted,

*/s/ Karley T. Buckley*
Karley T. Buckley
Kaylee Hoffner
DLA Piper LLP (US)
Texas Bar No. 24123596
845 Texas Avenue, Suite 3800
Houston, Texas 77002
(713) 425-8400
karley.buckley@us.dlapiper.com
kaylee.hoffner@us.dlapiper.com

Lydia A. Wright* (LA Bar #37926)
D Dangaran* (DC Bar #90023981)
Rights Behind Bars
1800 M Street NW, Front 1 #33821
Washington, DC 20033
(202) 455-4399
lydia@rightsbehindbars.org
d@rightsbehindbars.org

David H. Bamberger*
DLA Piper LLP (US)
DC Bar #362285
500 Eighth Street, NW
Washington, DC 20004
(202) 799-4500
david.bamberger@us.dlapiper.com

John C. Canoni*
Taylor Reed
DLA Piper LLP (US)
Texas Bar No. 24117335
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
(214) 743-4500
john.canoni@us.dlapiper.com
taylor.reed@us.dlapiper.com

**\* admitted *pro hac vice***

**ATTORNEYS FOR PLAINTIFF
MIKAYLA CHEYENNE SAVAGE**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record. Any other counsel of record will be served by first class U.S. mail.

/s/ Karley T. Buckley
Karley T. Buckley