UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MIKAYLA CHEYENNE SAVAGE,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: 4:24-cv-00666 |
| | § | |
| **HARRIS COUNTY, TEXAS; SHERIFF ED GONZALES**, in his official capacity; **DETENTION OFFICER ARNOLDO MARTINEZ**, in his individual capacity; **DETENTION OFFICER ANDREW RADA**, in his individual capacity; **DETENTION ADMINISTRATIVE OPERATIONS OFFICER DANIKA MATHEWS**, in her individual capacity; **DETENTION OFFICER OZALYNN LOZANO**, in his individual capacity; **DETENTION OFFICER TRUCELL LAGARDE**, in her individual capacity; **DETENTION OFFICER TAYLOR HODGES**, in his individual capacity; **DETENTION OFFICER GLORIA EZEOKE**, in her individual capacity; **LAW ENFORCEMENT OFFICER MICHAEL THOMAS**, in his individual capacity; **LAW ENFORCEMENT OFFICER LAKISHA CHEATHAM**, in her individual capacity; and **DETENTION OFFICER MARILYN JOHN**, her individual capacity individual capacities. | § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § | |

## DEFENDANT OZALYNN LOZANO'S
## REPLY IN SUPPORT OF HER MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND MOTION TO STAY

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Ozalynn Lozano (hereafter "Lozano") files this her Reply in Support of

Her Motion to Dismiss Plaintiff's Second Amended Complaint (DE #108), pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of said motion and motion to stay, Defendant Lozano would respectfully show the Court as follows:

## I.    STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

1. This lawsuit stems from allegations of physical, mental, and emotional abuse inflicted on Mikayla Savage ("Savage" or "Plaintiff") by inmates at the Harris County Jail and by Harris County Jail Detention Officers while she was detained at the Harris County Jail on or about June 2, 2022, through September 1, 2022. Savage brings this 42 U.S.C. Section 1983 claim against Lozano alleging she violated her Fourteenth Amendment right to the U.S. Constitution as a condition of confinement claim/failure to protect claim (Claims V and VII). She makes no claim of physical injury against Lozano.

2. Savage filed this lawsuit in federal court on February 26, 2024 [DE #1]. Savage filed her amended complaint on September 5, 2024 [DE #52] and her second amended complaint on April 9, 2025 [DE #108].

3. Defendant Lozano now respectfully replies to Plaintiff's response on Lozano's motion to dismiss [DE #129.]

## II. STATEMENT OF ISSUES AND ARGUMENT

**A.    Statement of Issues.**

4. The issue to be ruled upon by the Court regarding Lozano are:

    (a)    Whether the claims against Lozano are barred by limitations?
    (b)    Whether Plaintiff has stated a claim upon which relief can be granted against Lozano?
    (c)    Whether Lozano is entitled to qualified immunity?

**B. Argument**

5. Lozano contends that equitable tolling should not apply. *See Gaia v. Smith,* 2011 WL 96578, *4 (S.D. Tex. Jan.11, 2011) (finding no entitlement to equitable tolling where defendants were added to suit after limitations had expired because suit was filed two months before limitations period ran and plaintiff did not begin discovery to determine defendants' identities until after limitations expired); *Nazerzadeh v. Harris County,* 2010 WL 3817849, slip. op. at *36 (S.D. Tex. Sept. 27, 2010) (finding no entitlement to equitable tolling as to "John Doe" officers where suit was filed on last day of limitations period, too late to permit discovery into their identities before limitations ran).

6. Lozano further contends the law of the case doctrine does not apply. The "law-of-the-case doctrine does not operate to prevent a district court from reconsidering prior rulings," and it functions to "prevent unnecessary reconsideration of previously decided issues." *Zarnow v. City of Wichita Falls, Tex.,* 614 F.3d 161, 171 (5th Cir. 2010). However, this rule "yields to adequate reason." *Id.* (citations omitted). Courts are permitted to review and reconsider their prior interlocutory decisions "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id.* (quotations and citations omitted).

7. Savage's authorities are not applicable. *Westmorland v. Butler County*, 29 F.4th 721, 727 (6th Cir. 2022) is an extra-circuit case which relies upon a circuit-split deliberate indifference standard which is inconsistent with the standard of the Fifth Circuit (subjective deliberate indifference).

**Failure to Protect**.

8.      Plaintiff's shotgun pleading in paragraphs 85-87, betrays her lack of specificity and speculative allegations against Lozano.  Indeed, the allegations against Lozano would require vision of the mythic figure, Argus Panoptes.  When suing multiple defendants, a plaintiff must make a showing of specific conduct of each defendant sued and identify the actions of each defendant that allegedly constitutes a constitutional deprivation. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002); *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir.1996). Plaintiff cannot simply lump Lozano into a group of general "officials" without stating her specific action. Therefore, Plaintiff's pleading is deficient and has failed to state a claim. The lack of plausibility is further highlighted by the gender fluidity in Plaintiff's Response to Lozano's motion. DE 143.  On page 11 Plaintiff references Lozano with the male pronoun "his" and elsewhere uses "her".

**Condition of Confinement**.

9.      A prisoner's exposure to horrendous conditions of confinement alone, however, is insufficient to proceed on a section 1983 claim. Savage must also allege that the unlawful practices or conditions caused her harm or injury.  *Harold v. Tagipahoa Parrish Sheriff Office*, Civil 20-2220, 2021 WL 2920513 at *14 (E.D. La. June 18, 2021).   See also, *Alexander v. Tippah Cnty.*, 351 F.3d 626, 631 (5th Cir. 2003)

10.     "Absent an established rule, a jail condition claim exists only where there is 'extended or pervasive misconduct,' establishing a pattern, which the Fifth Circuit has recognized is a heavy burden that has rarely been met in its caselaw." *Tiede v. Salazar*, 518 F.Supp.3d 955, 964 (W.D. Tex. 2021).  Plaintiff has not plausibly pled a conditions of

4

confinement claim.

**Qualified Immunity**.

11.     Because qualified immunity is "an immunity from suit rather than a mere defense to liability ... it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis deleted). Indeed, we have made clear that the "driving force" behind creation of the qualified immunity doctrine was a desire to ensure that " 'insubstantial claims' against government officials [will] be resolved prior to discovery." *Anderson v. Creighton*, 483 U.S. 635, 640, n. 2 (1987). Accordingly, "we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam).

12.     Thus, taking as true Plaintiff's allegations about Defendant Lozano in her individual capacity, Plaintiff has failed to plead a plausible constitutional violation by Lozano. In the absence of a constitutional violation, Lozano is entitled to a dismissal based on qualified immunity. *Darden v City of Fort Worth.* 880 F.3d 772, 727 (5th Cir. 2018)*; see also, Tiede v. Salazar*, 518 F. Supp. 3d 955, 966–67 (W.D. Tex. 2021), *appeal dismissed sub nom. Tiede v. Martinez,* No. 21-50234, 2021 WL 4301278 (5th Cir. Aug. 26, 2021).

### III.     CONCLUSION

13.     For the reasons stated herein, Plaintiff has failed to state any claim upon which relief can be granted against Defendant Lozano. Accordingly, Lozano is entitled to dismissal of Plaintiff's claims against her as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant OZALYNN LOZANO requests the Court grant her motion and enter an order dismissing Plaintiff's claim against her and grant all other relief to which this Defendant is entitled.

Date: May 27, 2025

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, & REAL ESTATE DIVISIONS

Respectfully submitted,

By:   */s/ James C. Butt*
**JAMES C. BUTT**
Sr. Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 24040354
Fed. Bar No. 725423
Phone: (713) 274-5133 (direct)
james.butt@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
Harris County Attorney's Office
1019 Congress
Houston, Texas 77002
**ATTORNEYS FOR DEFENDANT OZALYNN LOZANO**

### CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the

instrument to which this certificate is attached was filed with the clerk of the court using CM/ECF system, which will send electronic notification for those listed of record who receive electronically filed documents.

*/s/ Jim Butt*
Jim Butt
