IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| *Mikayla Cheyenne Savage*,<br><br>     Plaintiff,<br><br>v.<br><br>*Harris County, Texas, et al.*,<br><br>     Defendants. | Case No. 4:24-cv-00666 |

**PLAINTIFF'S OPPOSITION TO
NON-PARTY HARRIS COUNTY'S THIRD MOTION TO QUASH**

In its Third Motion to Quash, Dkt. 134, Harris County attempts to dodge a properly served subpoena seeking information pertaining to the longstanding constitutional violations and officer-involved violence plaguing the Harris County Jail (HCJ). The County does not dispute the relevance of the requested information. Instead, it advances meritless procedural arguments and slings mud at Plaintiff Mikayla Savage and her mother. There is ample good cause to enforce the subpoena and no basis to relieve the County of its discovery obligations. Accordingly, and for the reasons that follow, the County's motion should be denied and the County should be ordered to respond to the subpoena within 14 days.

I.   **FACTUAL BACKGROUND**

HCJ is among the most violent jails in the country. *See, e.g.*, Dkt. 108 (Second Amended Complaint) ¶ 32 (discussing 2009 DOJ findings of "systemic deficiencies" that expose HCJ detainees to harm or risk of harm from excessive use of force); *id.* ¶ 33 (discussing the 2015 Houston Chronicle investigation of excessive force incidents at HCJ); *id.* ¶ 34 (discussing HCJ's decision to disband its internal affairs department in 2016 following several excessive force

1

incidents); *id.* ¶ 37 (discussing reports of violence, medical neglect, and deaths in HCJ between 2019 and 2023); *id.* ¶¶ 39-40 (discussing leaked footage of HCJ officers beating detainees on different occasions in 2024). Like many other men and women, Savage was subjected to assault, rape, excessive force, and unconstitutional conditions during her detention at HCJ. In fact, she was brutalized in *at least* seven separate assaults by Harris County officers and others over only three months. *Id.* ¶ 170.

Savage filed this civil rights action on February 26, 2024. Dkt. 1 (Complaint). On November 22, 2024, the Court dismissed without prejudice her claims against Harris County, including those for excessive force and failure to protect in violation of the Fourteenth Amendment and 42 U.S.C. § 1983. *See* Dkt. No. 56 (Harris County Motion to Dismiss). At the motion hearing, the Court observed that Savage may choose to replead those claims after conducting additional discovery.

Savage has sought that additional discovery from the County. In the pending subpoena, she generally seeks three categories of information. The first pertains to her own detention at HCJ, which lasted from around June 2, 2022, until September 1, 2022. Dkt. 1 ¶ 16; *see, e.g.*, Dkt. 134-2 (Subpoena) at 4-5, ¶¶ 1-4 (seeking Savage's booking records, incident reports, housing records, and footage of specific incidents); *id.* at 6, ¶¶ 18-19 (seeking communications concerning Savage).

The second tranche of documents relates to Harris County's training, supervision, and discipline of HCJ officers. *See, e.g., id.* at 5, ¶¶ 5-9 (seeking training manuals, employee handbooks, policies and procedures, and officer disciplinary records); *see also id.* at 5-6, ¶ 16 (seeking training records and disciplinary files of the Defendant officers).

The final category of information—and the largest—seeks data and documentation necessary to prove Harris County's liability for policies, practices, and customs that have caused

widespread constitutional deprivations at HCJ. *See id.* at 5-7. That includes information pertaining to unconstitutional conditions of confinement, use of excessive force, physical and sexual assault, jail suicides, and the provision of medical and mental healthcare at HCJ. *Id.*

On March 31, 2025, Savage notified via email all Defendants who had appeared in the action of her intent to serve the County with the instant subpoena. *See* Declaration of Karley Buckley ("Buckley Decl."), Ex. A. The County refused to accept service via email. *Id.*, ¶ 3. Some individual defendants have served written objections to the subpoena, but none have filed any motions regarding it.

On May 7, 2025, Savage properly served the subpoena on the County via personal service on Judge Lina Hidalgo's office. *See* Buckley Decl., Ex. B. On May 12, 2025, the County filed the instant motion to quash and sought a protective order. Dkt. 134.

## II. LEGAL STANDARD

In most cases, parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). District courts are afforded wide discretion in handling discovery matters, but they must also "adhere to the liberal spirit of the Rules." *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) (quoting *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 305 (5th Cir. 1973)). And while the Federal Rules of Civil Procedure grant district courts the power to limit discovery, the rules start with the presumption that parties will at least be given an opportunity to conduct discovery. *See* Fed. R. Civ. P. 26(b)(2) (enumerating instances in which district courts may limit frequency or extent of discovery).

Rule 45 permits the Court to quash or modify a non-party subpoena where, inter alia, the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). The scope of discovery under a subpoena is the same as the scope of discovery under Federal Rule of Civil Procedure

26(b). *See Kendrick v. Heckler*, 778 F.2d 253, 256 (5th Cir. 1985); *Donaldson v. Crisp*, No. 1:22-CV-lll, 2023 WL 6201372, at *3 (E.D. Tex. Sept. 21, 2023).

Under Rule 26, the ultimate question is whether the benefits of discovery to the requesting party outweigh the burdens on the recipient of the request. *See Crosby v. Louisiana Health Serv. and Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011); *Donaldson*, 2023 WL 6201372, at *3. The party resisting discovery—here, Harris County—has the burden to show specifically how each discovery request at issue is not relevant or is overly broad, unduly burdensome, or oppressive. *Barnett v. Stafford Transp. of Louisiana,* No. 1:20-CV-280, 2020 WL 10314640, at *2 (E.D. Tex. Sept. 10, 2020).

### III.  ARGUMENT

#### A. The Subpoena is Relevant, Necessary, and Proportional.

Savage is entitled to a full and fair opportunity to discover information essential to her claims and defenses against both the County and the individually named Defendants in this case. Since the County holds much of that information, Savage has no alternative way to establish the County's deliberate indifference to the unconstitutional conditions at HCJ. The County does not meaningfully contest any of this. *See generally* Dkt. 134. Because this Court has dismissed Harris County without prejudice, Savage exercises her right under Federal Rule 45 to seek further evidence relevant to her claims.

#### B. The County Fails to Carry Its Burden.

Ignoring—or, perhaps, because of—the facts in this case, the County hopes to avoid producing highly relevant information about its operation of HCJ in response to a properly served subpoena. It has not raised a single valid argument in this attempt.

*First*, the County claims the subpoena is impermissible because some Defendants have asserted a qualified immunity defense. *See* Dkt. 134 ¶ 30 (citing *Carswell v. Camp*, 54 F.4th 307

4

(5th Cir. 2022)). But this Court has already ruled that *other* Defendants are not entitled to qualified immunity on Savage's pending claims. *See* Dkt. 55 (denying motions to dismiss by Defendants Martinez, Rada, and Hodges). Discovery has been appropriate at least since the Court entered the Scheduling Order on February 21, 2025. Dkt. 90.

The County's reliance on *Carswell* does not change this result. There, the Fifth Circuit held that a district court "may not permit discovery against the immunity-asserting defendants before it rules on their defense," yet reaffirmed the "careful procedure" by which discovery related to the immunity asserted is permitted. *Carswell*, 54 F.4th at 311. But nothing in *Carswell* allows the County, a non-party, to evade Savage's properly served subpoena.

*Second*, the County does not meaningfully dispute that Savage properly served the subpoena on Harris County Judge Lina Hidalgo on May 7, 2025. *See* Dkt. 134 ¶ 28 ("Plaintiff must serve the Harris County Judge Lina Hidalgo with the subpoena."); Dkt. 134-2 (Motion to Quash, Ex. B). Instead, the County argues that Savage "must serve subpoenas on parties that have not appeared." Dkt. 134 ¶ 27. In fact, Savage fully complied with Rule 45(a)(4) by providing notice to every Defendant required to receive it. *See* Buckley Decl., A. As the County concedes, there is no authority permitting a third party to evade a subpoena simply because it was not first served on three defendants—each a former County employee—who failed to appear or defend themselves in the action. *See* Dkt. 134 ¶ 27; Dkt. 96 (seeking entry of default against Defendants LaGarde, John, and Thomas for failure to answer).

The only cases relied upon by the County are easily distinguishable. *See DISH Network, LLC v. One Box TV, LLC*, No. 8:19-cv-2147-T-30SPF, 2019 WL 13262545, at *2 (M. D. Fla. Oct. 21, 2019) (finding good cause to permit plaintiff to serve a third-party subpoena before the Rule 26(f) conference); *Moore v. Westlake Servs. LLC*, No. 8:19-cv-2301-T-60JSS, 2019 WL

5

13185420, at *2 (M.D. Fla. Dec. 12, 2019) (same). If anything, those unpublished, out-of-circuit cases demonstrate that a third-party subpoena is permissible where, as here, the administration of justice outweighs any possible prejudice to the responding party.

*Third*, the County contends—without citation to authority—that it need not respond to a properly served subpoena where "multiple Defendants have objected to the subpoena." Dkt. 134 ¶ 30. The Federal Rules of Civil Procedure do not contemplate such a procedure. *See* Fed. R. Civ. P. 45(d)(3). In any event, not a single defendant has moved to quash or sought a protective order. *See Total RX Care, LLC v. Great N. Ins. Co.*, 318 F.R.D. 587, 594 (N.D. Tex. 2017).

*Fourth*, the County is not alleviated from responding to the Subpoena simply because it seeks "private information" of current or former Harris County employees. Dkt. 134 ¶ 28. A protective order—like the one already in effect, *see generally* Dkt. 106—is the proper vehicle to prevent disclosure of sensitive information. Quashing a subpoena is not.

*Finally*, the County's accusations against Savage and her mother should be seen for what they are: mud-slinging, not argument. By cherry-picking recordings and then wildly mischaracterizing those conversations in a public filing, the County has weaponized information in its sole possession in order to intimidate a Plaintiff in a civil rights lawsuit. *See* Dkt. 134 ¶ 31 ("[I]t is evident that Plaintiff and her mother conspired to manufacture claims."). If anything, the County's actions demonstrate the ease with which it can produce information responsive to the subpoena. If the County believes that Savage's claims of rape and assault at HCJ are "manufactured," *see* Dkt. 134 ¶¶ 25, 31-33, then the County should have no reason to quash the subpoena.

## IV. CONCLUSION

For the foregoing reasons, the County's motion to quash and for a protective order should be denied, and the County should be required to respond to the subpoena within fourteen days.

*Signature page follows*

Dated: June 2, 2025						Respectfully submitted,

/s/ Karley T. Buckley
Karley Buckley
Kaylee Hoffner
DLA Piper LLP (US)
845 Texas Avenue, Suite 3800
Houston, Texas 77002
(713) 425-8421
karley.buckley@us.dlapiper.com
kaylee.hoffner@us.dlapiper.com

Lydia Wright (LA Bar #37926)
D Dangaran (MA BBO #708195)
(admitted *pro hac vice*)
Rights Behind Bars
416 Florida Avenue, NW #26152
Washington, D.C. 20001
(202) 455-4399
lydia@rightsbehindbars.org
d@rightsbehindbars.org

David H. Bamberger
DLA Piper LLP (US)
DC Bar #362285
(admitted *pro hac vice*)
500 Eighth Street, NW
Washington, DC 20004
(202) 799-4500
david.bamberger@us.dlapiper.com

John C. Canoni
DLA Piper LLP (US)
Texas Bar No. 24117335
(admitted *pro hac vice*)
Taylor O. Reed
Texas Bar No. 24101958
S.D. Tex. Bar No. 3895240
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
(214) 743-4500
john.canoni@us.dlapiper.com
taylor.reed@us.dlapiper.com

*Attorneys for Plaintiff Mikayla Cheyenne Savage*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing document has been served electronically via the Court's CM/ECF system on June 2, 2025 on all counsel of record.

*/s/ Karley T. Buckley*
Karley T. Buckley
