IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIKAYLA CHEYENNE SAVAGE, § § | | |
| *Plaintiff,* § § | | |
| v. § § | CIVIL ACTION NO. 4:24-cv-00666 | |
| HARRIS COUNTY, TEXAS; SHERIFF ED GONZALES, in his official capacity; DETENTION OFFICER ARNOLDO MARTINEZ, in his individual capacity; DETENTION OFFICER ANDREW RADA, in his individual capacity; DETENTION OFFICER DANIKA MATHEWS, in her individual capacity; DETENTION OFFICER OZALYNN LOZANO, in his individual capacity; DETENTION OFFICER TRUCELL LAGARDE, in her individual capacity; DETENTION OFFICER TAYLOR HODGES, in his individual capacity; DETENTION OFFICER GLORIA EZEOKE, in her individual capacity; LAW ENFORCEMENT OFFICER MICHAEL THOMAS, in his individual capacity; LAW ENFORCEMENT OFFICER LAKISHA CHEATHAM, in her individual capacity; and DETENTION OFFICER MARILYN JOHN, in her individual capacity; § § § § § § § § § § § § § § § § § § § § § § § | JURY DEMANDED | |
| *Defendants.* § § § | | |

## **NON-PARTY HARRIS COUNTY'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO QUASH AND FOR PROTECTIVE ORDER**

TO THE HONORABLE JUDGE ELLISON:

Non-Party Harris County files this reply to Docket Entry (DE) 147, Plaintiff's response to the Motion to Quash Subpoena and shows the Court the following:

1

1.  Plaintiff's response (DE 147) is all hat and no cattle. In large part, it is a rehash of Plaintiff's allegations that failed to state a claim against Harris County in a futile attempt to expand the scope of discovery beyond what is allowed under Fed. R. Civ. P. 26. The Court did not change the requirements of Rule 26 or grant Plaintiff a fishing license. Plaintiff improperly seeks discovery that has no bearing on the claims she asserts in this lawsuit. The response is essentially an admission that Plaintiff is engaging in bad faith discovery tactics.

2.  Plaintiff refused to confer on this matter as required by L.R. 7.1(D). Movant attempted to confer with Plaintiff four times—including three sets of detailed written objections. Plaintiff's response? Silence. Silence which necessitated filing three motions to quash and for protective order. This is bad faith. The failure to confer by itself demands quashing the subpoena and granting a protective order.

3.  Plaintiff's complaint that she is required to properly serve a subpoena on the County is laughable. Harris County is a large organization with thousands of employees. The County requires strict compliance with the rules for service to ensure all legal matters are properly tracked and routed. Plaintiff's convenience is not a consideration.

4.  The plain language of Fed. R. Civ. P. 45(a)(4) requires Plaintiff to serve all Defendants in this case with the subpoena before serving it on Harris County. The requirement is not limited to Defendants that have appeared. Plaintiff cites no case

law indicating the plain language of Rule 45 does not mean what it says. Further, before Movant objected to the subpoena, Plaintiff failed to serve <u>any</u> of the Defendants—even though Plaintiff seeks their personnel files. This is inappropriate.

5. Plaintiff's tactics are bad faith discovery abuse. For example:

   a. Plaintiff is already in possession of the documents and information pertaining to her incarceration at the Harris County Jail.

   b. Plaintiff is already in possession of relevant training and disciplinary records.

   c. HCSO policies are available on a public website, which Movant has provided to Plaintiff multiple times. Further, Movant previously provided copies of policies.

6. Plaintiff subpoenaed information already in her possession. It is clear Plaintiff has not reviewed the 5438 pages of documents, policies, photographs, training records, disciplinary records, audio recordings, and other information already in her possession, or the public website with Harris County Sheriff's Office policies. Plaintiff acts as if she never received the information produced in discovery and is unable to access the internet.

7. Plaintiff was caught discussing how to fabricate claims for this lawsuit. Her counsel has no explanation for this behavior and provides no substantive response.

The Court can and should consider the burden of discovery on Harris County in light of Plaintiff's demonstrated proclivities to fabricate claims.

8. In addition to the phone calls wherein Plaintiff discussed falsifying claims, the Court should consider the following:

    a. Plaintiff knowingly asserted baseless claims of unlawful detention when Plaintiff had actual knowledge of the date her charges were dismissed and the date of her release. And, public records were available to show the claim was baseless.

    b. Plaintiff initially sued 31 John Does. This is an oddly specific number that one would assume had a factual basis. However, the amended complaints assert claims against less than 15 individuals. This indicates the number 31 was pulled out of thin air.

    c. Plaintiff claims that an alleged assault (that apparently no one else witnessed) caused her miscarriage. But, Plaintiff admitted no medical professional provided her an opinion supporting that allegation. Meanwhile, Plaintiff has two diagnosed medical conditions that studies show cause miscarriages.

    d. In her Motion for Substituted Service, Plaintiff represented to the Court that she made "diligent" efforts to serve former HCSO employees John and Lagarde at the Jail starting in September 2024. In May 2024, Harris

County advised Plaintiff John and Lagarde were former employees. Plaintiff's definition of "diligence" is interesting given Texas law on the subject.

e. The Court dismissed more of Plaintiff's claims on June 6, 2025, which necessarily affects the scope of discovery and the subpoena at issue.

## CONCLUSION

9. For the forgoing reasons, Harris County's Motion to Quash and for Protective Order should be granted in full.

WHEREFORE, Harris County respectfully requests this Court quash the subpoena, enter a protective order, and grant other further relief to which it is justly entitled.

Date: June 9, 2025.

                                      Respectfully submitted,

                                      **CHRISTIAN D. MENEFEE**
                                      HARRIS COUNTY ATTORNEY
                                      **JONATHAN G. C. FOMBONNE**
                                      DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT
                                      **NATALIE G. DELUCA**
                                      MANAGING COUNSEL,
                                      DEFENSIVE LITIGATION, EMPLOYMENT, & REAL ESTATE DIVISIONS

                    By:  */s/ Frank Ford*
                                      **FRANK FORD**
                                      Senior Assistant County Attorney
                                      ATTORNEY-IN-CHARGE

>Federal ID No. 565385
>State Bar No. 24012642
>Tel: (832) 570-7582 (direct)
>frank.ford@harriscountytx.gov
>**RACHEL FRASER**
>Senior Assistant County Attorney
>ATTORNEY TO BE NOTICED
>State Bar No. 24079725
>Fed Bar No. 4067195
>Tel: (713) 274-5383 (direct)
>rachel.fraser@harriscountytx.gov
>
>**OFFICE OF THE HARRIS COUNTY ATTORNEY**
>1019 Congress
>Houston, Texas 77002
>
>**ATTORNEYS FOR HARRIS COUNTY**

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, I served a true copy of this instrument on each party to this cause via the CM/ECF system, which will automatically serve a Notice of Electronic Filing to the parties.

>*/s/ Frank Ford*
>FRANK FORD