UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MIKAYLA CHEYENNE SAVAGE, § <br>     Plaintiff, § <br> § <br> v. § <br> § <br> § <br> HARRIS COUNTY, TEXAS; SHERIFF ED § <br> GONZALES, in his official capacity; § <br> DETENTION OFFICER ARNOLDO § <br> MARTINEZ, in his individual capacity; § <br> DETENTION OFFICER ANDREW RADA, § <br> in his individual capacity; DETENTION § <br> ADMINISTRATIVE OPERATIONS § <br> OFFICER DANIKA MATHEWS, in her § <br> individual capacity; DETENTION OFFICER § <br> OZALYNN LOZANO, in his individual § <br> capacity; DETENTION OFFICER § <br> TRUCELL LAGARDE, in her individual § <br> capacity; DETENTION OFFICER TAYLOR § <br> HODGES, in his individual capacity; § <br> DETENTION OFFICER GLORIA § <br> EZEOKE, in her individual capacity; LAW § <br> ENFORCEMENT OFFICER MICHAEL § <br> THOMAS, in his individual capacity; LAW § <br> ENFORCEMENT OFFICER LAKISHA § <br> CHEATHAM, in her individual capacity; § <br> and DETENTION OFFICER MARILYN § <br> JOHN, her individual capacity § <br> individual capacities. § <br>     Defendants. § | Civil Action No.: 4:24-cv-00666 |

**DEFENDANT OZALYNN LOZANO'S ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT AND JURY DEMAND**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

    Defendant Ozalynn Lozano ("Lozano") files this her answer, defenses, and affirmative defenses to Plaintiff's Third Amended Complaint ("Complaint") [Doc. #155]

and jury demand. In support of said answer, defenses and affirmative defenses, Lozano would respectfully show this Court as follows:

### I. Answer

1. With respect to the first numbered paragraph Lozano denies each and every allegation as they relate to herself.

2. With respect to paragraphs 2-3, Lozano admits Plaintiff brings this lawsuit, denies the remaining allegations and specifically denies the allegations as they relate to herself.

3. With respect to paragraphs 4-6, Lozano denies the allegations as they relate to herself.

4. Lozano denies the allegations in paragraphs 7-12.

5. With respect to paragraphs 13 and 15 Lozano admits that venue and subject matter jurisdiction are proper. And is without sufficient information or knowledge to admit or deny the remaining allegations.

6. With respect to paragraph 14, Lozano denies that she is liable to Plaintiff under state law.

7. With respect to the allegations in paragraphs 16-17, Lozano admits that previously Plaintiff was confined to the Harris County jail and that Sheriff Gonzalez is the final policymaker for that jail. Lozano is without sufficient information or knowledge to admit or deny the remaining allegations.

8. Lozano is without sufficient information or knowledge to admit or deny the allegations in paragraphs 18-20 and 22-27.

9. Lozano admits that she is a detention officer at the Harris County jail in response to paragraph 21, but denies the remaining allegations.

10. In answer to paragraphs 28-29, Lozano admits that at all times she acted under color of state law but denies the remaining allegations.

11. In answer to paragraphs 30-31, Lozano admits Harris County jail is a large facility and is without sufficient information or knowledge to admit or deny the remaining allegations.

12. Lozano denies the allegations in paragraphs 32-33.

13. Lozano is without sufficient information or knowledge to admit or deny the allegations in paragraphs 34-54.

14. Lozano is without sufficient information or knowledge to admit or deny the allegations in paragraph 55-57, except Lozano denies the allegation4 as they relate to herself.

15. Lozano denies the allegations in paragraphs 58-63 as they relate to Lozano.

16. Lozano denies the allegations in paragraphs 64-65 as they relate to Lozano.

17. Lozano is without sufficient information or knowledge to admit or deny the allegations in paragraphs 66 and 69.

18. Lozano denies the allegations in paragraphs 67-68 as they relate to Lozano.

19. Paragraphs 70-103 relate to other detention officers. Lozano is without sufficient information or knowledge to admit or deny those allegations, except she denies the allegations as they relate to Lozano.

20. Lozano denies the allegations in paragraph 104.

21. Lozano denies the allegations in paragraphs 105-111 as they relate to herself.

22. In answer to paragraphs 112-114, Lozano is without sufficient information or knowledge to admit or deny the allegations in paragraphs Lozano denies the allegations as they relate to herself.

23. With respect to the allegations in paragraph 115, Lozano admits Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Lozano reasserts her answers to those paragraphs and denies the remaining allegations.

24. Lozano is without sufficient information or knowledge to admit or deny the allegations in paragraphs 116-120.

25. With respect to the allegations in paragraph 121 Lozano admits Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Lozano reasserts her answers to those paragraphs and denies the remaining allegations.

26. Lozano is without sufficient information or knowledge to admit or deny the allegations in paragraphs 122-126.

27. With respect to the allegations in paragraph 127, Lozano admits Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Lozano reasserts her answers to those paragraphs and denies the remaining allegations.

28. Lozano is without sufficient information or knowledge to admit or deny the allegations in paragraphs 128-133, except she denies the allegations as they relate to Lozano.

29. With respect to the allegations in paragraph 134, Lozano admits Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Lozano reasserts her answers to those paragraphs and denies the remaining allegations.

30. Lozano is without sufficient information or knowledge to admit or deny the allegations in paragraphs 135-139, except she asserts that the allegations in paragraph 136 contain a proposition of law to which no answer is required.

31. With respect to the allegations in paragraph 140, Lozano admits Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Lozano reasserts her answers to those paragraphs and denies the remaining allegations.

32. Lozano is without sufficient information or knowledge to admit or deny the allegations in paragraphs 141-142.

33. With respect to the allegations in paragraph 143, Lozano admits Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Lozano reasserts her answers to those paragraphs and denies the remaining allegations.

34. Lozano is without sufficient information or knowledge to admit or deny the allegations in paragraphs 144-150, except she denies the allegations as they relate to Lozano.

35. With respect to the allegations in paragraph 151, Lozano admits Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Lozano reasserts her answers to those paragraphs and denies the remaining allegations.

36. Lozano denies the allegations in paragraphs 152-157.

37. With respect to the allegations in paragraph 158, Lozano admits Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Lozano reasserts her answers to those paragraphs and denies the remaining allegations.

38. Lozano denies the allegations in paragraphs 159-164 as they relate to Lozano.

39. With respect to the allegations in paragraph 165, Lozano admits Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Lozano reasserts her answers to those paragraphs and denies the remaining allegations.

40. Lozano denies the allegations in paragraphs 166-173 as they relate to Lozano.

41. With respect to the allegations in paragraph 174, Lozano admits Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Lozano reasserts her answers to those paragraphs and denies the remaining allegations.

42. With respect to the allegations in paragraphs 175-177, Lozano is without sufficient information or knowledge to admit or deny the allegations.

43. With respect to the allegations in paragraph 178, Lozano admits Plaintiff purports to incorporate by reference the allegations in the earlier paragraphs. Lozano reasserts her answers to those paragraphs and denies the remaining allegations.

44. Lozano is without sufficient information or knowledge to admit or deny the allegations in paragraphs 179-184.

45. Lozano denies each and every request in the request for relief.

46. Lozano denies all previously unanswered allegations.

47. Lozano requests trial by jury.

## II. Defenses and Affirmative Defenses.

48. Lozano states that the Court lacks subject matter jurisdiction because she is cloaked by qualified immunity and thus, immune from suit.

49. Lozano asserts the defense of statute of limitations.

50. Lozano asserts the defense of qualified immunity because (a) her actions at all times were done within the scope of her discretionary authority and done in the course of her official responsibilities; (b) her actions were objectively reasonable; and (c) her actions did not violate clearly established constitutional or statutory rights of which a reasonable officer would have known.

51. Lozano states that at all relevant times, she did not observe a fellow deputy violate Plaintiff's constitutional rights.

52. Lozano asserts that at all times she acted in good faith as the term is used in Texas jurisprudence relating to the defense of official immunity and is entitled to official immunity for any state law claims.

53. Lozano further asserts the limitation set forth in Section 108.002 of the Texas Civil Practice & Remedies Code.

54. Lozano asserts that no deprivation of Plaintiff's state rights and/or federal rights occurred in connection with the incident made the basis of this lawsuit.

55. Lozano denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards.

56. If Plaintiff was injured or damaged as alleged, such injuries were the result of her own intentional, illegal, or otherwise wrongful conduct.

57. If Plaintiff was injured and damaged as alleged in the complaint, such injuries and damages were the result of her own sole or contributory negligence and/or her assumption of risk.

58. If Plaintiff was injured or damaged as alleged in the complaint, such injuries and damages were the result of a person or persons other than Lozano acting within the scope of her employment.

59. If Plaintiff was injured or otherwise damaged as alleged in the complaint, such injuries and/or damages were the result of the Plaintiff's sole, joint, or concurring negligence with a person or persons other than Lozano acting within the scope of her employment.

60. Plaintiff may have failed to fully comply with the mandatory notice requirement of the Texas Tort Claims Act.

61. Plaintiff may have failed to mitigate her damages.

### III. Jury Demand

62. Lozano requests trial by jury.

63. Lozano reserves the right to amend or supplement her Answer at a later date.

WHEREFORE, PREMISES CONSIDERED, Defendant Ozalynn Lozano prays that Plaintiff take nothing by Plaintiff's suit, that Lozano recover her costs and all other relief she may be entitled to in law and equity.

Date: July 3, 2025.

Respectfully submitted,

        **CHRISTIAN D. MENEFEE**
        HARRIS COUNTY ATTORNEY

        **JONATHAN G. C. FOMBONNE**
        DEPUTY COUNTY ATTORNEY AND FIRST
        ASSISTANT

        **NATALIE G. DELUCA**
        MANAGING COUNSEL,
        DEFENSIVE LITIGATION, EMPLOYMENT, & REAL
        ESTATE DIVISIONS

By:   */s/ James C. Butt*
        **JAMES C. BUTT**
        Assistant County Attorney
        ATTORNEY-IN-CHARGE
        State Bar No. 24040354
        Fed. Bar No. 725423
        Phone:  (713) 274-5133 (direct)
        james.butt@harriscountytx.gov

        **OFFICE OF THE HARRIS COUNTY ATTORNEY**
        1019 Congress
        Houston, Texas 77002

        **ATTORNEY FOR DEFENDANT LOZANO**

## **CERTIFICATE OF SERVICE**

I certify that the above and foregoing was electronically filed with the Clerk of the court using the CM/ECF system will send notification for those listed of record.

/s/*James C. Butt*
James C. Butt
