# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **MIKAYLA CHEYENNE SAVAGE,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.: 4:24-cv-00666** |
| | § | |
| **HARRIS COUNTY, TEXAS; SHERIFF ED** | § | |
| **GONZALES, in his official capacity;** | § | |
| **DETENTION OFFICER ARNOLDO** | § | |
| **MARTINEZ, in his individual capacity;** | § | |
| **DETENTION OFFICER ANDREW RADA,** | § | |
| **in his individual capacity; DETENTION** | § | |
| **ADMINISTRATIVE OPERATIONS** | § | |
| **OFFICER DANIKA MATHEWS, in her** | § | |
| **individual capacity; DETENTION OFFICER** | § | |
| **OZALYNN LOZANO, in his individual** | § | |
| **capacity; DETENTION OFFICER** | § | |
| **TRUCELL LAGARDE, in her individual** | § | |
| **capacity; DETENTION OFFICER TAYLOR** | § | |
| **HODGES, in his individual capacity;** | § | |
| **DETENTION OFFICER GLORIA** | § | |
| **EZEOKE, in her individual capacity; LAW** | § | |
| **ENFORCEMENT OFFICER MICHAEL** | § | |
| **THOMAS, in his individual capacity; LAW** | § | |
| **ENFORCEMENT OFFICER LAKISHA** | § | |
| **CHEATHAM, in her individual capacity;** | § | |
| **and DETENTION OFFICER MARILYN** | § | |
| **JOHN, her individual capacity** | § | |
| **individual capacities.** | § | |
| **Defendants.** | § | |

## DEFENDANT DANIKA MATHEW'S
## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Danika Mathews (hereafter "Mathews") files this Motion to Dismiss Plaintiff

Mikayla Cheyenne Savage's (hereinafter "Savage" or "Plaintiff") Third Amended Complaint

[Doc. #155], pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of said

motion, Defendant Mathews would respectfully show the Court as follows:

## <u>TABLE OF CONTENTS</u>

Table of Authorities ................................................................................................... iii

I.  Statement of the Nature & Stage of the Proceedings .................................................1

II. Statement of Issue, Summary of Argument and Standard of Review ........................1

II. Arguments and Authorities ......................................................................................4

    A.  Plaintiff's Claims are Time Barred ....................................................................4

    B.  No Plausible Claim for Failing to Intervene Against Matthews .........................9

    C.  Matthews is Entitled to Qualified Immunity....................................................12

Conclusion. ...............................................................................................................14

Certificate of Service .................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Creighton,*
    483 U.S. 635 (1987)......................................................................................... 13

*Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.,*
    300 F.3d 620 (5th Cir. 2001) ............................................................................ 4

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ..................................................................................... 2, 3

*Beckwith v. City of Houston,*
    790 Fed. Appx. 568 (5th Cir. 2019) ............................................................. 5, 6

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)................................................................................... 2, 3, 4

*Blackburn v. City of Marshall,*
    42 F.3d 925 (5th Cir. 1995) .............................................................................. 4

*Brown v. Coulston,*
    463 F.Supp.3d 762 (E.D. Tex. May 29, 2020) ............................................... 12

*Butler v. Ross,*
    836 S.W.2d 833 (Tex. 1992) ............................................................................ 7

*Butz v. Economou,*
    438 U.S. 478  (1978)........................................................................................ 13

*Cantu v. Jones,*
    293 F.3d 839 (5th Cir. 2002) ............................................................................ 9

*Cuadra v. Houston Indep. Sch. Dist.,*
    626 F.3d 808 (5th Cir. 2010) ............................................................................ 5

*Darden v Forth Worth,*
    880 F.3d 722 (5th Cir. 2018) ..................................................................... 13, 14

*DeLaughter v. Woodall,*
    909 F.3d 130 (5th Cir. 2018)........................................................................... 11

*Domino v. Texas Dep't of Crim. Justice,*
    239 F.3d 752 (5th Cir. 2001) ............................................................................ 9

*Edmonds v. Oktibbeha Cnty.,*
    675 F.3d 911 (5th Cir. 2012) ............................................................................ 5

*Estate of Bonilla v. Orange Cnty,*
    982 F.3d 209 (5th Cir. 2020) ............................................................................ 9

*Estelle v. Gamble,*
    429 U.S. 97 (1976)........................................................................................... 11

*Farmer v. Brennan,*
    511 U.S. 825 (1994) .................................................................................... 9, 10

*Fernandez-Montes v. Allied Pilots Ass'n.,*
    987 F.2d 278 (5th Cir. 1993) ............................................................................ 4

*Gant v. DeLeon,*
    786 S.W.2d 259 (Tex. 1990) ........................................................................ 7, 8

*Gobert v. Caldwell,*
    463 F.3d 339 (5th Cir. 2006)........................................................................... 11

*Griffin v. New Orleans City*,
  628 Fed. App'x 300 (5th Cir. 2016) ............................................................. 5

*Grogan v. Kumar*,
  873 F.3d 273 (5th Cir. 2017) ................................................................... 11

*Groh v. Ramirez*,
  540 U.S. 551 (2004) ............................................................................ 13

*Hale v. King*,
  642 F.3d 492 (5th Cir. 2011) ............................................................... 3, 4

*Hand v. Stevens Transp., Inc. Employee Benefit Plan*,
  83 S.W. 3d 286 (Tex. App. 2002) ............................................................. 8

*Hansler v. Mainka*,
  807 S.W.2d 3 ................................................................................... 7

*Hare v. City of Corinth*,
  74 F.3d 633 (5th Cir. 1995) .................................................................... 9

*Harlow v. Fitzgerald*,
  457 U.S. 800, (1982) ..................................................................... 12, 14

*Heaney v. Roberts*,
  846 F.3d 795 (5th Cir. 2017) ................................................................. 14

*Hernandez v. Velasquez*,
  522 F.3d 556 (5th Cir. 2008) ................................................................. 11

*Humphreys v. City of Ganado*,
  467 Fed .App'x. 252 (5th Cir. 2012) .......................................................... 5

*Hyatt*,
  843 F.3d .......................................................................................... 10

*Ibarra v. Harris County*,
  243 F. Appx 830 (5th Cir. 2007) ............................................................. 10

*Jackson v. City of Hearne, Tex.*,
  959 F.3d 194 (5th Cir. 2020) ................................................................. 13

*Jackson v. Procunier*,
  789 F.2d 307 (5th Cir. 1986) ................................................................... 2

*Jones v. Bock*,
  549 U.S. 199 (2007) ............................................................................. 4

*King–White v. Humble Indep. Sch. Dist.*,
  803 F.3d 754 (5th Cir. 2015) ................................................................... 8

*Leal v. McHugh*,
  731 F.3d 405 (5th Cir. 2013) ................................................................... 2

*Longoria v. Texas*,
  473 F.3d 586 (5th Cir. 2006) .............................................................. 10, 11

*McClendon v. City of Columbia*,
  305 F.3d 314 (5th Cir. 2002) ................................................................. 13

*Mendoza v. Lynaugh*,
  989 F.2d 191 (5th Cir. 1993) ................................................................. 11

*Montoya v. FedEx Ground Package Sys., Inc.*,
  614 F.3d 145 (5th Cir. 2010) ................................................................... 3

*Morin v. Caire*,
  77 F.3d 116 (5th Cir. 1996) .................................................................... 2

*Neals v. Norwood,*
  59 F.3d 530 (5th Cir. 1995) ................................................................................... 9
*Oliver v. Collins,*
  914 F.2d 56 (5th Cir. 1990) ..................................................................................... 9
*Owens v. Okure,*
  488 U.S. 235 (1989) ................................................................................................ 5
*Piotrowski v. City of Houston,*
  237 F.3d 567 (5th Cir. 2001) ................................................................................... 5
*Proulx v. Wells,*
  235 S.W.3d 213 (Tex. 2007) ................................................................................... 7
*Ramming v. United States,*
  281 F.3d 158 (5th Cir. 2001) ................................................................................... 2
*Reichle v. Howards,*
  566 U.S. 658 (2012) .............................................................................................. 12
*Riston v. Doe,*
  161 S.W.3d 525 (Tex. App.—Houston [14th Dist.] 2004) ...................................... 7
*Rodriguez v. Tinsman & Houser, Inc.,*
  13 S.W.3d 47 (Tex. App.—San Antonio 1999) ...................................................... 7
*Rojero v. El Paso County,*
  226 F.Supp.3d 768 (W.D. Tex. Apr 28, 2016) ..................................................... 12
*Sharp v. Kroger Texas L.P.,*
  500 S.W.3d 117 (Tex. App.—Houston [14th Dist.] 2016) .................................. 7, 8
*Shaw v. Villanueva,*
  918 F.3d 414 (5th Cir. 2019) ................................................................................... 3
*Smith v. Reg'l Transit Auth.,*
  827 F.3d 412 (5th Cir. 2016) ................................................................................... 5
*Stanley v. Foster,*
  464 F.3d  565 (5th Cir. 2006) .................................................................................. 5
*Taylor v. Books A Million, Inc.,*
  296 F.3d 376 (5th Cir. 2002) ............................................................................... 3, 4
*Tiede v. Salazar,*
  518 F. Supp. 3d 955 (W.D. Tex. 2021) ................................................................ 13
*Torres v. Livingston,*
  972 F.3d 660 (5th Cir. 2020) ................................................................................. 10
*U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,*
  336 F.3d 375 (5th Cir. 2003) ................................................................................... 3
*Wallace v. Kato,*
  549 U.S. 384 (2007) ............................................................................................. 5, 6
*Webster v. Thomas,*
  5 S.W.3d 287 (Tex. App—Houston [14th Dist.] 1999, no pet.) ............................. 7
*Williams v. Banks,*
  956 F.3d 808 (5th Cir. 2020) ................................................................................. 10
*Williams v. Hampton,*
  797 F.3d 276 (5th Cir. 2015) ................................................................................. 10
*Zale Corp. v. Rosenbaum,*
  520 S.W.2d 889 (Tex. 1975) ................................................................................... 7

*Zive v. Sandberg*,
   610 S.W.3d 44 (Tex. App.—Dallas 2020, pet. filed) ............................................... 7

**Statutes**

42 U.S.C. Section 1983 ...................................................................................... 1, 5

Tex. Civ. Prac. & Rem. Code §16.003 .................................................................. 5

**Rules**

Fed. R. Civ. P. 8(a)(2) ........................................................................................ 2

Fed. R. Civ. P. 8(c) ............................................................................................ 4

Fed. R. Civ. P. 12(b)(6) ............................................................................... 2, 3, 4

## I.    STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

1.    This lawsuit stems from allegations of physical, mental, and emotional abuse inflicted on Mikayla Savage ("Savage" or "Plaintiff") by inmates at the Harris County Jail and by Harris County Jail Detention Officers while she was detained at the Harris County Jail on or about June 2, 2022, through September 1, 2022. Savage brings this 42 U.S.C. Section 1983 claim against Detention Officer Mathews alleging she violated her Fourteenth Amendment right to the U.S. Constitution, asserting a claim for failure to intervene. [Doc.#155 at ¶ 141].

2.    Savage generally alleges that multiple detention officers, including Mathews, failed to intervene when Savage was assaulted numerous times while in the Harris County Jail on two different dates. [Doc.# 155 at ¶¶ 87; 103]. Savage specifically alleges Mathews failed to intervene on or about July 8, 2022, and August 18, 2022, when she was allegedly assaulted by other inmates her unit. [*Id*].

3.    Savage filed this lawsuit in federal court on February 26, 2024 [Doc. #1]. Savage filed her amended complaint on September 5, 2024 [Doc. #52].  Savage then filed her Second Amended Complaint on April 9, 2025 [Doc. # 108]. Savage filed her Third Amended Complaint on June 23, 2025. [Doc. #155]. Mathews was finally served this lawsuit on June 30, 2025 [Doc. #166], and now respectfully moves this Court to dismiss Plaintiff's claims against her.

## II.    STATEMENT OF ISSUE, SUMMARY OF ARGUMENT AND STANDARD OF REVIEW

4.    **Statement of Issue.** The issues to be ruled upon by the Court regarding Mathews are:

(A)    Whether the claims against Mathews are barred by the statute of limitations?

(B)    Whether Plaintiff has stated a claim upon which relief can be granted against Mathews?

(C)    Whether Mathews is entitled to qualified immunity?

5.    **Summary of Argument**. Mathews respectfully submits that under Rule 12(b)(6),

1

Plaintiff's claims against her must be dismissed because the claims are barred by statute of limitations and because Plaintiff has failed to state a viable individual capacity claim for any constitutional violations. It is clear from the face of Plaintiff's pleadings that all claims must be dismissed as a matter of law because Plaintiff's claims against Mathews are barred by limitations and are nothing more than general, conclusory allegations masquerading as factual conclusions, which cannot survive a motion to dismiss. As such, Plaintiff has failed to state any facts to establish liability against Mathews. Additionally, Mathews is cloaked by qualified immunity. Thus, Plaintiff has failed to state a claim and all claims against Mathews must be dismissed as a matter of law.

6.  **Standard of Review.**  If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (a Rule 12(b)(6) motion is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim").  A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the complaint and must be evaluated solely on the basis of the pleadings. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft,* 556 U.S. at 678-679. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

7.     Surviving a motion to dismiss, therefore, requires more than hinting at "a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. (quoting *Twombly*, 550 U.S. at 570).  A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*.

8.     "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (internal citation omitted). However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *See Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim").

9.     "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of

action." *Twombly*, 550 U.S. at 544. Thus, dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)); *see also Hale*, 642 F.3d at 499. Conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *Taylor*, 296 F.3d at 378 (quoting *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993)).

### III.     ARGUMENT AND AUTHORITIES

### A. Plaintiff's Claims are Time Barred.

10**.**     Plaintiff's asserted claims against Mathews in her Third Amended Complaint must be dismissed because they are time barred by the statute of limitations. In this instance, although Plaintiff filed suit in this case before the statute of limitations ran, Plaintiff did not use due diligence attempting to serve Danika Mathews, who was finally served nearly a year after the statute of limitations had run. A Rule 12(b)(6) motion is a proper procedural vehicle to seek dismissal when "it is evident from the plaintiff's pleadings that the action is barred, and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 3339 F.3d 359, 366 (5th Cir. 2003); *see also Jones v. Bock,* 549 U.S. 199, 215 (2007); Fed. R. Civ. P. 8(c).

11.     Unlike the other added defendants who asserted that claims against them were time barred due to the statute of limitations, Mathews' basis is unique and has a different factual scenario which requires dismissal. Unlike the other newly added defendants from Plaintiff's First Amended Complaint, [Doc. #52] throughout this case Plaintiff failed to even request issuance of a summons upon Mathews until **after** Plaintiff's Second Amended Complaint was filed, which was nearly 9 months **after** the statute of limitations had run on Plaintiff's claims against Mathews. Plaintiff's

Third Amended Complaint was filed on June 23, 2025 [Doc.#155], and it wasn't until June 30, 2025 [Doc. #166] that Danika Mathews was finally ever served in this case.

12.      "Because no specified federal statute of limitations exists for §1983 suits, federal courts borrow from the forum state's general or residual personal-injury limitations period." *Edmonds v. Oktibbeha Cnty*., 675 F.3d 911, 916 (5th Cir. 2012) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In Texas, the general statute of limitations for personal-injury claims, like a §1983 claim, is two years. *Beckwith v. City of Houston*, 790 Fed. Appx. 568, 572-73 (5th Cir. 2019); *see Cuadra v. Houston Indep. Sch. Dist.,* 626 F.3d 808, 814 n. 7 (5th Cir. 2010) ; *Stanley v. Foster*,  464 F.3d  565, 568 (5th Cir. 2006); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); *See* Tex. Civ. Prac. & Rem. Code §16.003.

13.      While Texas law governs the limitations period, "the accrual date of a §1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Humphreys v. City of Ganado*, 467 Fed .App'x. 252, 255 (5th Cir. 2012) (per curiam). "Federal law, however, determines the date of accrual for the limitations period, which occurs when the plaintiff knows, or should have known, of the acts that form the basis of the claim." *Griffin v. New Orleans City*, 628 Fed. App'x 300, 301 (5th Cir. 2016); *see also Smith v. Reg'l Transit Auth*., 827 F.3d 412, 421 (5th Cir. 2016); *Piotrowski*, 237 F.3d at 576. A plaintiff does "not need to know [she] has a legal cause of action; [she] need know only the facts that would ultimately support a claim.  *Piotrowski*, 237 F.3d at 576 (internal citation omitted).

14.      **The Statute of Limitations Ran on August 18, 2024.** The last alleged date of misconduct by Mathews mentioned in Plaintiff's Third Amended Complaint was on August 18, 2022. [Doc. #155 at ¶ 103]. On that date, Plaintiff was clearly aware of any alleged misconduct by Mathews to form the basis of a claim against her. The date that limitations ran for Mathews is two years from

the date of the last alleged act or omission attributed to that individual, which at the latest would be August 18, 2024 [*Id.*].  *Beckwith*, 790 Fed. Appx. at 572-73. The statute of limitations had run for nearly 9 months before Plaintiff ever requested summons for Mathews and had run for nearly a year before Mathews was ever served in this case.

15.     **Plaintiff failed to Use Due Diligence**. In this instance, Plaintiff did not use due diligence attempting to serve Danika Mathews. Initially when this lawsuit was filed on February 26, 2024, Plaintiff named and served the wrong Mathews as a Defendant, believing Mathews to be a male and not Danika Mathews. [Docs. #1, #15]. Plaintiff's First Amended Complaint was then filed where Danika Mathews was added and named as a Defendant for the first time. [Doc.# 52]. Plaintiff never requested issuance of a summons and citation to serve Danika Mathews, however requested summons for all the other unserved named Defendants. [Doc. #53]. After multiple attempts of service on the other named Defendants, Plaintiff filed a Motion for Substituted Service, to serve certain Defendants, which did not include Danika Mathews by serving them at the Harris County Jail. [Doc. #78]. After serving all other Defendants, Plaintiff still had not requested summons for Danika Mathews, nor requested substituted service from this Court. Thereafter, Plaintiff filed her Second Amended Complaint on April 9, 2025 [Doc. #108], and finally requested summons be issued on May 19, 2025, for Danika Mathews at the Harris County Jail. [Doc. #140]. It took over a month for Plaintiff to request a summons for Danika Mathews after the Second Amended Complaint was filed. Danika Mathews was never served. Plaintiff then filed her Third Amended Complaint [Doc. #155] and requested summons and finally achieved served on Mathews on June 30, 2025. [Doc. #166].

16.     **Texas law governs the rules regarding limitations**. *See Wallace*, 549 U.S. at 388. When a Plaintiff serves a Defendant after limitations expired, she must show she continuously exercised

due diligence in obtaining service of process. *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007); *Butler v. Ross*, 836 S.W.2d 833, 835 (Tex. 1992); *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 890 (Tex. 1975); *Zive v. Sandberg*, 610 S.W.3d 44, 48 (Tex. App.—Dallas 2020, pet. filed) (citing *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) (per curiam)); *Riston v. Doe*, 161 S.W.3d 525, 530 (Tex. App.—Houston [14th Dist.] 2004); *Hansler v. Mainka*, 807 S.W.2d 3, 5 (Tex. App.—Corpus Christi-Edinburg 1991).

17.    "A plaintiff is not required to use the highest degree of diligence to procure service but is required to use the degree of diligence that an ordinary prudent person would have used under the same or similar circumstances." *Sharp v. Kroger Texas L.P.*, 500 S.W.3d 117, 120 (Tex. App.—Houston [14th Dist.] 2016). "[T]he question of due diligence is answered by looking at: (1) the time taken to procure citation and/or service and (2) the type of effort or lack of effort the plaintiff expended in procuring service." *Id.* (citing *Webster v. Thomas*, 5 S.W.3d 287, 289-90 (Tex. App—Houston [14th Dist.] 1999, no pet.)). "A plaintiff's duty to use diligence continues from the date suit is filed until the date the defendant is served." *Rodriguez v. Tinsman & Houser, Inc.,* 13 S.W.3d 47, 50 (Tex. App.—San Antonio 1999).

18.    **Texas Law Instructs Dismissal.** *Sharp v. Kroger Texas L.P.*, 500 S.W.3d 117 (Tex. App.—Houston [14th Dist.] 2016) is instructive. In *Sharp*, Plaintiff filed suit months before limitations expired. She did not request a citation until almost two weeks after limitations expired. *Id.* at 120. Plaintiff had a 27-day delay between receiving the citation and serving the complaint. The Court found there was a five-month delay from filing suit until Defendant was served. The Court found lack of diligence <u>as a matter of law</u> even though Plaintiff filed suit before limitations expired and Plaintiff served Defendant within roughly 40 days of limitations expiring.  *Id.* at 121.

Also, due diligence is evaluated from the date of <u>filing</u> suit. *Id.* at 120. *See also Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990).

19.    Plaintiff's actions are the exact opposite of due diligence. Similar to the *Sharp* case, Savage filed her lawsuit before the statute of limitations ran, however did not request summons until nearly 9 months after the statute of limitations had expired. Even once received, Plaintiff failed to properly serve Mathews and was not able to serve her until after the Third amended complaint. For nearly a year after the statute of limitations had expired, Plaintiff failed to even request a summons to even attempt to serve Danika Mathews with this lawsuit. Additionally, once service was effectuated, it had been nearly a year since the statute of limitations had run and over a year and half since the lawsuit had been filed. Understandably, this lack of due diligence is very different than how Plaintiff attempted service on the other unserved Defendants who they requested substitute service for. There was no effort in diligently attempting service after this suit was filed. Thus, since Plaintiff failed to use due diligence to serve Mathews, her claims must be dismissed.

20.    **No Basis for Tolling.** There is no basis to toll the statute of limitations for the claims asserted against Mathews. Unlike the situation for the other Defendants where Plaintiff requested summons and made efforts to actually serve them, there were no efforts made to even request summons until nearly 9 months after the statute of limitations had run. Moreover, equitable tolling is inappropriate in this case. The "equitable tolling principles" of the forum state "control in § 1983 cases." *King–White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 764 (5th Cir. 2015). Under Texas law, "equitable tolling is a 'sparingly' invoked doctrine," to be used only in cases where the plaintiff has "excusable ignorance of the limitations period" and has shown "diligence in pursuing one's rights." *Hand v. Stevens Transp., Inc. Employee Benefit Plan*, 83 S.W. 3d 286, 293 (Tex.

App. 2002). Given the ample time Plaintiff had to request a summons, find, and serve Mathews, as she did the other unserved defendants, equitable tolling should not be an option here.

**B. No Plausible Claim for Failure to Intervene Against Mathews.**

21.     There is no plausible failure to intervene claim against Mathews since Plaintiff's pleading fails to meet the high burden of deliberate indifference. Pretrial detainees such as Savage are entitled to have the essentials of their wellbeing tended while in custody, including the provision of medical care and protection. *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1995). To prove a claim based on a failure to protect, the plaintiff must show that she is incarcerated under conditions that pose a substantial risk of serious harm and that prison officials have been deliberately indifferent to her need for protection. *See Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

22.     An official is deliberately indifferent to an inmate's need for protection if the official knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *See Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002) (citing *Farmer*, 511 U.S. at 847). Only deliberate indifference will suffice to state a failure-to-protect claim; mere negligence is not enough. *See Farmer*, 511 U.S. at 837; *see also Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (holding that a negligent failure to protect from harm does not make a claim under section 1983). The "proper inquiry is whether the official had a culpable state of mind in acting or failing to act." *Hare*, 74 F.3d at 643. "Deliberate indifference is an extremely high standard." *Estate of Bonilla v. Orange Cnty*, 982 F.3d 209, 305 (5th Cir. 2020)(citing *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001)).

23.     To prove deliberate indifference, a plaintiff must show that "(1) 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm

exists,' and (2) 'he must also draw the inference.'" *Williams v. Hampton*, 797 F.3d 276, 281 (5th Cir. 2015) (en banc) (citing *Farmer*, 511 U.S. at 837, 114 S. Ct. 1970).

24.    "Therefore, to avoid liability, '[p]rison officials charged with deliberate indifference might show ... that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger, or that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent.'" *Hyatt*, 843 F.3d at 177 (quoting *Farmer*, 511 U.S. at 844, 114 S. Ct. 1970). "Furthermore, evidence that an official was aware of a substantial risk to inmate safety does not alone establish deliberate indifference." *Id*. "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Torres v. Livingston*, 972 F.3d 660, 663 (5th Cir. 2020) (quoting *Williams v. Banks*, 956 F.3d 808, 811 (5th Cir. 2020)).

25.    Because this claim requires an evaluation of both subjective knowledge and objective reasonableness, the court must consider each officer's role in the alleged events. *Longoria v. Texas*, 473 F.3d 586, 593 (5th Cir. 2006).   It is improper to analyze the claim based upon the alleged role of an entire group of officers. *Id; see also Ibarra v. Harris County*, 243 F. Appx 830, 835 (5th Cir. 2007).

26.    Savage's Third Amended Complaint fails to plead sufficient facts that Mathews disregarded an excessive risk to Savage's safety that was not mere negligence. Firstly, Plaintiff very generally alleges that she suffered approximately five physical and sexual assaults over a two-month period and alleges Mathews was one of many detention officers who primarily supervised the units Savage was in and failed to intervene. [Doc. #155 at ¶ 85]. Additionally, Plaintiff claims Mathews saw she was assaulted and simply didn't intervene. [Doc. # 155 at ¶ 87].

Additionally, Plaintiff claims on August 18th Mathews witnessed Plaintiff being assaulted again by other inmates and did not intervene. [Doc. #155 at ¶ 103]. There is not enough to evaluate the subjective knowledge and objective reasonableness required to state a claim. *See Longoria*, 473 F.3d at 593. Deliberate indifference is required to state a claim and Plaintiff has failed to provide enough facts alleging the key elements for deliberate indifference. Such conclusory claims asserted by Plaintiff are insufficient to establish deliberate indifference, and therefore, her general conclusory claims against Mathews must be dismissed for failure to intervene.

27.    **Inadequate Medical Claim Fails.** It is unclear, and it is not explicit, however insofar as Plaintiff has attempted to allege an inadequate medical care claim it fails. "A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an 'unnecessary and wanton infliction of pain.'" *DeLaughter v. Woodall*, 909 F.3d 130, 136 (5th Cir. 2018) (citations omitted). Therefore, to establish liability for inadequate medical care under the Eighth Amendment, an inmate must adduce facts which "clearly evince" a serious medical need and the prison official's deliberate indifference to it. *Hernandez v. Velasquez*, 522 F.3d 556, 561 (5th Cir. 2008) (citation omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A plaintiff must establish that a prison official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Grogan v. Kumar*, 873 F.3d 273, 278 (5th Cir. 2017) (quoting *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006)). A "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

28.    In the instance on July 8, 2022, Plaintiff alleges that Mathews knew of the "concomitant

injuries" sustained and did not take her to medical until the next day. [Doc. # 155 at ¶ 87]. Plaintiff then explains how Savage had a headache, and right arm pain—all injuries which would not be visible nor readily perceivable when looking at someone attempting to assess injury. [*Id.*] There is no allegation that Plaintiff suffered sustained injury or even substantial harm in any alleged delay of medical care, thus this claim fails. On August 18, Plaintiff alleges again, that Mathews would not take Savage to medical after an assault until the next day. [Doc. #155 at ¶ 103]. However, Savage does not state that Mathews saw any actual injuries on her after the assault or indications that medical attention would be needed or that she was physically harmed. These are crucial factual elements which were not alleged which would show deliberate indifference required to state a claim. Additionally, any alleged delays in medical care would not be a constitutional violation, as no deliberate indifference was demonstrated, which resulted in substantial harm.

### C. Mathews is Entitled to Qualified Immunity

29.     Plaintiff's §1983 claim against Mathews fails as a matter of law. Mathews asserts that she is immune from suit and therefore, not liable because she is cloaked by qualified immunity. The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982). Qualified immunity shields Mathews "from civil damages liability unless he violated a statute or constitutional right that was clearly established at the time of the challenged conduct." *Brown v. Coulston*, 463 F.Supp.3d 762 (E.D. Tex. May 29, 2020) (citing *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). "When considering a qualified immunity defense raised in the context of a Rule 12(b)(6) motion to dismiss, the Court must determine whether 'the plaintiff's pleadings assert facts, which if true, would overcome the defense of qualified immunity.'" *Rojero v. El Paso*

*County*, 226 F.Supp.3d 768, 776-777 (W.D. Tex. Apr 28, 2016); *see also Jackson v. City of Hearne, Tex.*, 959 F.3d 194, 201 (5th Cir. 2020).

30.     Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. The protection of qualified immunity applies regardless of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Groh v. Ramirez*, 540 U.S. 551, 567 (2004) (quoting *Butz v. Economou*, 438 U.S. 478, 507  (1978), for the proposition that qualified immunity covers "mere mistakes in judgment, whether the mistake is one of fact or one of law").

31.     Since Mathews has asserted the defense of qualified immunity, Plaintiff therefore bears the burden to establish that Defendant is ***not*** entitled to qualified immunity. *See, e.g., McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) ("When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense."). The relevant question is whether a reasonable public official such as Defendant could have believed that her conduct was lawful in light of clearly established law and the information possessed by her. *Anderson v. Creighton,* 483 U.S. 635, 641 (1987). Taking as true Plaintiff's allegations about Defendant Mathews in her individual capacity, Plaintiff has failed to plead a constitutional violation by Mathews. In the absence of a constitutional violation, Mathews is entitled to a dismissal based on qualified immunity. *Darden v Forth Worth,* 880 F.3d 722, 727 (5th Cir. 2018); *see also, Tiede v. Salazar*, 518 F. Supp. 3d 955, 966–67 (W.D. Tex. 2021), *appeal dismissed sub nom. Tiede v. Martinez,* No. 21-50234, 2021 WL 4301278 (5th Cir. Aug. 26, 2021).

32.    **Not clearly established Law**. In addition to demonstrating a constitutional right at issue, there must also be a showing that the constitutional right at issue was clearly established at the time of the alleged constitutional violation. *Darden,* 880 F.3d at 727. A public official who violates an individual's constitutional rights is still immune from liability unless the rights in question were "clearly established" when the violation occurred. *See Harlow*, 457 U.S. at 818. Plaintiff has failed to allege this in her complaint and has not provided case law which demonstrates this alleged constitutional violation was clearly established at the time.

33.    **Punitive Damage Claim.**  Plaintiff's pleading fails to show any basis for an award of punitive damages against Mathews. *See Heaney v. Roberts*, 846 F.3d 795, 803 (5th Cir. 2017). There is no assertion within the pleadings that establish that Mathews acted with malice toward Plaintiff or was involved in an unconstitutional violation. Accordingly, Plaintiff has failed to state a viable claim for punitive damages against Mathews and such claim should be dismissed as a matter of law.

## IV.    CONCLUSION

34.    For the reasons stated herein, Plaintiff has failed to state any claim upon which relief can be granted against Defendant Mathews. Accordingly, Mathews is entitled to dismissal of Plaintiff's claims against her as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant DANIKA MATHEWS requests the Court grant her motion and enter an order dismissing Plaintiff's claim against her and grant all other relief to which this Defendant is entitled.

Date: July 21, 2025

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST
ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, &
REAL ESTATE DIVISIONS

By:      */s/Veronica L. Jones*
         **VERONICA L. JONES**
         Assistant County Attorney
         **ATTORNEY-IN-CHARGE**
         State Bar No. 24097902
         Federal ID No. 3639763
         Tel: (713) 274-5181 (direct)
         Veronica.Jones@harriscountytx.gov

         **OFFICE OF THE HARRIS COUNTY ATTORNEY**
         1019 Congress
         Houston, Texas 77002
         **Attorney for Defendant Danika Mathews**

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached was filed with the clerk of the court using CM/ECF system, which will send electronic notification for those listed of record who receive electronically filed documents.

                    */s/ Veronica L. Jones*
                    **Veronica L. Jones**