**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| Mikayla Cheyenne Savage, | |
| *Plaintiff*, | |
| v. | Case No. 4:24-cv-00666 |
| Harris County, Texas, et al., | |
| *Defendants*. | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT DANIKA MATHEWS' MOTION TO DISMISS

**TABLE OF CONTENTS**

I.      STATEMENT OF THE ISSUES ........................................................................... 1

II.     SUMMARY OF THE ARGUMENT ............................................................... 1

III.    BACKGROUND ....................................................................................... 1

IV.     LEGAL STANDARD .............................................................................. 3

V.      ARGUMENT .......................................................................................... 4

        A.    Defendant Mathews' Rule 12(b)(6) Motion is Procedurally Improper. ..................... 4

        B.    Plaintiff has Diligently Pursued her Claim against Defendant Mathews. ................. 5

        C.    Plaintiff has Stated a Claim for Failure to Protect. ....................................... 6

        D.    Defendant Mathews is Not Entitled to Qualified Immunity. ...................................... 8

VI.     CONCLUSION ....................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adames v. Perez*,
    331 F.3d 508 (5th Cir. 2003) ...................................................................................6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................4

*Cardona v. Taylor*,
    828 F. App'x 198 (5th Cir. 2020) .....................................................................7, 9

*Coleman v. Bank of N.Y. Mellon*,
    969 F. Supp. 2d 736 (N.D. Tex. 2013) ................................................................5

*Cuvillier v. Taylor*,
    503 F.3d 397 (5th Cir. 2007) ..............................................................................4

*Farmer v. Brennan*,
    511 U.S. 825 (1994) .........................................................................................6, 9

*Hare v. City of Corinth*,
    74 F.3d 633 (5th Cir. 1996) ...........................................................................6, 8, 9

*Hinojosa v. Livingston*,
    807 F.3d 657 (5th Cir. 2015) ..............................................................................9

*Hope v. Pelzer*,
    536 U.S. 730 (2002) ...........................................................................................9

*Jacobsen v. Osborne*,
    133 F.3d 315 (5th Cir. 1998) ..............................................................................6

*Jones v. Alcoa, Inc.*,
    339 F.3d 359 (5th Cir. 2003) ..............................................................................4

*Kingsley v. Hendrickson*,
    576 U.S. 389 (2015) .........................................................................................7, 8

*Lormand v. U.S. Unwired, Inc.*,
    565 F.3d 228 (5th Cir. 2009) ..............................................................................4

*Millan v. USAA Gen. Indem. Co.*,
    546 F.3d 321 (5th Cir. 2008) ..............................................................................6

*Piotrowski v. City of Houston*,
    237 F.3d 567 (5th Cir. 2001) ................................................................4

*Smith v. Dunbar*,
    No. 6:22cv442, 2024 WL 1228986 (E.D. Tex. Feb. 27, 2024) ...........................7, 8

*United States v. Hinds Cnty. Bd. of Supervisors*,
    120 F.4th 1246 (5th Cir. 2024) ..............................................................9

*Winslow v. Harris Cnty.*,
    No. CV H-07-767, 2009 WL 10715152 (S.D. Tex. June 8, 2009) .......................6, 7

**Statutes**

42 U.S.C. § 1983 ...............................................................................1

**Other Authorities**

Fed. R. Civ. P. 4(m) ...........................................................................2

Fed. R. Civ. P. 12(b)(5) .......................................................................5

Fed. R. Civ. P. 12(b)(6) ..................................................................1, 3, 4, 5

Fed. R. Civ. P. 15(c) ..........................................................................5

Plaintiff Mikayla Savage respectfully submits this Opposition to Defendant Danika Mathews' Motion to Dismiss, ECF 167. For the reasons that follow, the motion should be denied.

## I.    STATEMENT OF THE ISSUES

1. Whether Plaintiff's timely-filed claim against Defendant Mathews is barred by the statute of limitations.

2. Whether Plaintiff pleaded facts in her Third Amended Complaint sufficient to state a failure to protect claim against Defendant Mathews under 42 U.S.C. § 1983.

3. Whether Plaintiff pleaded facts in her Third Amended Complaint sufficient to state a claim that Defendant Mathews violated her clearly established Fourteenth Amendment rights, rendering qualified immunity unavailable.

## II.    SUMMARY OF THE ARGUMENT

Defendant Mathews fails to identify any valid basis for dismissal under Rule 12(b)(6). Her timeliness argument fails on both procedural and substantive grounds, particularly since there is no dispute that (1) Plaintiff timely filed this action within the applicable limitations period; (2) Defendant Mathews and her employer, Harris County (the "County"), have known about the lawsuit since February 26, 2024; and (3) Defendant Mathews was served with the Third Amended Complaint on June 30, 2025.

Defendant Mathews' remaining arguments fair no better. Plaintiff has alleged that on August 18, 2022, she was assaulted by other women incarcerated in housing unit 4H of the Harris County Jail ("HCJ") as Defendant Mathews watched. Rather than intervening to stop the abuse, Defendant Mathews did nothing. These allegations are sufficient to state a claim for failure to protect. And because Plaintiff has alleged that Defendant Mathews violated her clearly established constitutional rights, there is no valid qualified immunity argument to support dismissal.

## III.    BACKGROUND

Plaintiff filed this action on February 26, 2024, alleging that she sustained repeated physical

and sexual assaults while detained at the HCJ between June 2 and September 1, 2022. *See* ECF 1. In addition to dozens of Officers Doe, the complaint named a "Detention Officer Matthews" who witnessed an assault in housing unit 4H but failed to intervene. *Id*. ¶¶ 20, 100. That same Officer Matthews refused to timely transport Plaintiff for medical treatment, even though her injuries included a swollen eye, vision loss, hip pain, swelling of the forehead, headache, and scratches on the face. *Id*. ¶ 100.

Based on the information available at the time, Plaintiff sought and was issued a summons for "Harris County Detention Officer Matthews AKA Sgt. Kent Mathews." ECFs 2, 7. The summons was served on Sgt. Mathews on March 15, 2024, well within the 90-day period allowed by Federal Rule of Civil Procedure 4(m). *See* ECF 15; Fed. R. Civ. P. 4(m).

On March 26, 2024, Plaintiff propounded written discovery on the County. *See* ECF 18. Those requests were narrowly tailored to enable Plaintiff to correctly identify and serve the HCJ officers named in the complaint. *See* ECF 18-1 at 5-10 (interrogatories); *id.* at 12-20 (requests for production). Despite acknowledging that Doe officer identification was "the biggest procedural issue," ECF 30 at 2, the County refused to provide any identifying information. *See* ECF 18 at 9 n. 2, 3 (describing negotiations).

In light of the County's obstinance, Plaintiff moved on April 3, 2024, for expedited discovery necessary to correctly identify and serve the individual officer defendants. ECF 18 at 1; *see also id.* at 2 ("Although Plaintiff was able to identify and serve Detention Officer [Kent] Matthews, Plaintiff has been unable to identify or serve Detention Officers A. Martinez and A. Roda, despite multiple attempts at service.").

On April 5, 2024, Sgt. Kent Matthews—represented by the Harris County Attorney's Office—moved to dismiss. ECF 20. He argued "that he is not the 'Matthews' who Savage alleges

watched as several women assaulted her, and Plaintiff cannot set forth any proof to show otherwise." *Id.* at 6. In a 14-page opposition, Plaintiff detailed the investigation undertaken to identify the correct officer defendants and the County's refusal to cooperate with that investigation. ECF 26; esp. *id.* at 1 ("Movant's counsel has been uncooperative in Plaintiff's efforts to confer and quickly identify the unknown defendants outside of formal motion practice, and Defendant Mathews and other Doe Officer Defendants should not be permitted to escape liability by hiding their identities.").

Plaintiff ultimately identified Administrative Operations Officer Danika Mathews as the correct defendant and named her in the First Amended Complaint filed on September 6, 2024. ECF 52. On December 4, 2024, Plaintiff moved for an extension of time to serve several recently identified officer defendants. ECF 69. On January 24, 2025, she moved for an order permitting substitute service of the First Amended Complaint, because she had been unable to serve the individual officer defendants through traditional means. ECF 78. Plaintiff inadvertently omitted Defendant Mathews from both service-related motions.

Plaintiff filed her Second Amended Complaint on April 9, 2025, adding three additional officer defendants to her failure to protect claim. ECF 108. On May 15, 2025, she requested a summons for Defendant Mathews, which issued the next day. ECFs 138, 140. Plaintiff served Defendant Mathews at HCJ on May 19, 2025. ECF 141. Plaintiff filed her Third Amended Complaint on June 23, 2025. ECF 155. She then served Defendant Mathews at her residence on June 30, 2025. ECF 166.

Defendant Mathews filed the instant Motion to Dismiss pursuant to Rule 12(b)(6) on July 21, 2025. ECF 167.

## IV.    LEGAL STANDARD

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual

allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 570). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 231 (5th Cir. 2009) (internal citation omitted).

## V.    ARGUMENT

### A.    Defendant Mathews' Rule 12(b)(6) Motion is Procedurally Improper.

Defendant Mathews seeks dismissal under Rule 12(b)(6) on the basis that Plaintiff failed to perfect service before the statute of limitations expired and, therefore, that her failure to protect claim is time barred. *See* ECF 167 at 10-15.

The argument is meritless. In the Fifth Circuit, "[a] statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). Plaintiff filed this action on February 26, 2024, detailing a series of assaults that occurred at HCJ between June 2 and September 1, 2022. *See* ECF 1. There is no dispute that Plaintiff filed suit within the applicable two-year limitations period. *See* ECF 167 at 10 (conceding that "Plaintiff filed suit in this case before the statute of limitations ran"); *see also Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (applying Texas's two-year limitations period). Because this action is clearly not time-barred, *see Jones*, 339 F.3d at 366, there are no grounds for dismissal under Rule 12(b)(6).

**B.**    **Plaintiff has Diligently Pursued her Claim against Defendant Mathews.**

Defendant Mathews argues that Plaintiff failed to diligently pursue service until after the statute of limitations expired, and that "her claims must be dismissed" under Rule 12(b)(6) as a result. ECF 167 at 14. This is wrong on several fronts.

As a threshold issue, Defendant Mathews' challenge to service is governed by Rules 12(b)(5), 15(c), and 4(m), not limitations law. *See Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 745 (N.D. Tex. 2013) (explaining that Rule 12(b)(5) governs challenges to the method or sufficiency of service). And this case presents precisely the kind of situation Rule 15(c) is designed to address. That is, one where a diligent plaintiff misidentifies a defendant but corrects the mistake once the truth is known, resulting in harm to no one.

Here, Plaintiff's diligence is evident on this record. She filed suit within the applicable limitations period and served Sgt. Kent Mathews within 90 days. She then served the County with written discovery narrowly tailored to identify the officer defendants. When the County refused to respond (despite conceding the centrality of officer identification), Plaintiff moved for expedited discovery, as well as additional time and alternate service. She maintained continued communication with the Court and opposing counsel throughout the process. Upon learning the correct name of Defendant Mathews, Plaintiff correctly named her in the First Amended Complaint, and she served Defendant Mathews twice: first on May 19, 2025, and again on June 30, 2025, just days after filing the Third Amended Complaint.

As for harm, Defendant Mathews has not claimed that any service delay resulted in actual prejudice. Nor can she: Defendant Mathews has been on notice of the claims against her since February 26, 2024, when Plaintiff first alleged misconduct by the "Detention Officer Mathews" who was assigned to HCJ's housing unit 4H on August 18, 2022. *See* ECF 1 ¶ 20. As her employer, the County, knew Defendant Mathews was the intended defendant, not Sgt. Kent

Matthews.  In fact, the County made that precise argument in its motion to dismiss Plaintiff's claims against Sgt. Kent Matthews.  *See* ECF 18 at 6 (arguing mistaken identity).

That knowledge can be imputed to Defendant Mathews herself.  *See Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998) (notice to employer-counsel can be imputed to employee). Further to this point, Defendant Mathews is represented here by the same Assistant County Attorney who also represents Defendant Gloria Ezeoke.  Because Defendant Mathews had actual knowledge of the lawsuit from the start, she could have suffered no prejudice from a lack of notice.  No other prejudice exists here, particularly since discovery remains open until November 7, 2025.

Finally, Defendant Mathews effectively seeks dismissal with prejudice, since the applicable statute of limitations would likely bar a refiled action.  *See Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325-26 (5th Cir. 2008).  That "extreme sanction," *id.* at 326, is not justified where, as here, Plaintiff has diligently prosecuted her claims.

### C.    Plaintiff has Stated a Claim for Failure to Protect.

The Fourteenth Amendment places a duty on guards to protect pretrial detainees from violence at the hands of other prisoners while confined.  *See Hare v. City of Corinth*, 74 F.3d 633, 639, 643-44 (5th Cir. 1996).  Guards can be found liable when they "acted or failed to act with subjective deliberate indifference to the detainee's rights."  *Id.* at 636, 647-48; *see also Adames v. Perez,* 331 F.3d 508, 512 (5th Cir. 2003).  A prison official is deliberately indifferent to the prisoner's safety if the official knows that the prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.  *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *see also Hare*, 74 F.3d at 648-49.

Courts have found allegations similar to Plaintiff's sufficient to state a claim for failure to protect under the Fourteenth Amendment.  *See, e.g.*, *Winslow v. Harris Cnty.*, No. CV H-07-767, 2009 WL 10715152, at *18 (S.D. Tex. June 8, 2009) ("The evidence, viewed in a light most

favorable to Plaintiff, shows that Plaintiff was repeatedly kicked in the head, face and body while

he lay on the floor. This is sufficient to raise a fact issue that Defendants . . . should have inferred

that Plaintiff was at substantial risk for harm by the actions of the other officers. Therefore, . . .

Plaintiff has stated a constitutional violation."); *see also Kingsley v. Hendrickson*, 576 U.S. 389,

391-92 (2015) (holding that plaintiffs need not show subjective awareness of unreasonable force

to prove excessive force).

In a parallel, but more exacting, context under the Eighth Amendment, courts have found

similar allegations sufficient to state a claim for failure to protect. *See, e.g.*, *Cardona v. Taylor*,

828 F. App'x 198, 203 (5th Cir. 2020) ("Because we determined that Cardona sufficiently stated

a claim for relief regarding the officers' use of excessive force, and because he alleges that other

officers, including the supervising officer, were present during the raid but failed to intervene, we

 conclude that he has stated a claim for relief on this ground as well."); *Smith v. Dunbar*, No.

6:22cv442, 2024 WL 1228986 at *1, *6 (E.D. Tex. Feb. 27, 2024) ("[T]he law was clear that an

officer standing by and doing nothing while one inmate attacks another violates the Constitution.").

Here, Plaintiff alleges that she was assaulted on or around August 18, 2022, by other people

incarcerated in housing unit 4H.  ECF 155 at ¶103.  She alleges that Defendant Mathews watched

as several women jumped Plaintiff and threw urine on her.  *Id.*  Rather than intervening to stop the

abuse, Defendant Mathews did nothing.  *Id.*  Then, Defendant Mathews left Plaintiff for eight and

a half hours without a change of clothes or a blanket.  *Id.*

Defendant Mathews' failure to intervene, call for help, or leave to obtain assistance

constitutes a sufficient allegation of deliberate indifference to a known and obvious risk to

Plaintiff's safety.  *See Cardona*, 828 F. App'x at 203; *Winslow*, 2009 WL 10715152, at *18. These

allegations, taken as true, demonstrate that Defendant Mathews violated a clearly established

7

constitutional right of which a reasonable correctional official would have known.  This failure to intervene extended to Defendant Mathew's failure to bring Plaintiff to the medical unit in the immediate aftermath of her assaults, exacerbating the harms she suffered as a result.  *See Hare*, 74 F.3d at 639.  Accordingly, Plaintiff's allegations are sufficient to state a failure to protect claim against Defendant Mathews.

### D. Defendant Mathews is Not Entitled to Qualified Immunity.

Defendant Mathews also claims she is entitled to qualified immunity and dismissal on the ground that Plaintiff has not met the pleading standard.  ECF 167 at 19-20.  However, Plaintiff has adequately alleged facts sufficient to state a claim that Defendant Mathews violated her clearly established Fourteenth Amendment rights, rendering qualified immunity unavailable.

"[A]n officer enjoys qualified immunity . . . unless he has violated a 'clearly established' right such that 'it would [have been] clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'"  *Kingsley*, 576 U.S. at 400 (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)) (alteration in original); *see also Smith*, 2024 WL 1228986, at *5 (setting out both prongs of the test: "whether the challenged conduct, viewed in the light most favorable to the plaintiff, would actually amount to a violation of [constitutional or] federal law" and "whether the defendant's actions violated clearly established statutory or constitutional rights of which a reasonable person would have known") (citations omitted).

Courts have explained what a "clearly established" constitutional right looks like in the context of an alleged qualified immunity defense:

> For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

*Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quotation marks and citations omitted).

As discussed above, Plaintiff satisfies the first prong because Defendant Mathews violated Plaintiff's Fourteenth Amendment rights when she failed to protect Plaintiff. Plaintiff has successfully pleaded and met the first prong of demonstrating inapplicability of the qualified immunity defense.

Plaintiff satisfies the second prong because Defendant Mathews' actions violated clearly established constitutional rights of which a reasonable person would have known. The Supreme Court has long held that pretrial detainee's rights are violated when officers perceive and ignore a substantial risk of harm, failing to take reasonable measures to abate that harm. *Farmer*, 511 U.S. at 828. Furthermore, it is established law that prison officials must "provide humane conditions of confinement, including by tak[ing] reasonable measures to guarantee the safety of the inmates— such as protecting inmates from fellow prisoners." *United States v. Hinds Cnty. Bd. of Supervisors,* 128 F.4th 616, 627 (5th Cir. 2025) (quoting *Farmer*, 511 U.S. at 832). By the time other detainees attacked Plaintiff in plain view of Defendant Mathews, it was clear that a prison guard's failure to intervene was a violation of clearly established federal law. *See Cardona*, 828 F. App'x at 203; *Hare*, 74 F.3d at 648-49.

At this procedural posture, Plaintiff need only allege facts showing a constitutional violation and that the right was clearly established. She has done so. Discovery is required before the Court can evaluate Defendant Mathews' actual conduct or state of mind. *See Hinojosa v. Livingston*, 807 F.3d 657, 669 (5th Cir. 2015) (reversing dismissal on qualified immunity where plaintiff plausibly alleged deliberate indifference).

## VI.    CONCLUSION

For the foregoing reasons, Defendant Mathews' Motion to Dismiss should be denied.

Dated: August 7, 2025                  Respectfully submitted,

                                       */s/ Karley Buckley*
                                       Karley Buckley
                                       DLA Piper LLP (US)
                                       Texas Bar No. 24123596
                                       845 Texas Avenue, Suite 3800
                                       Houston, Texas 77002
                                       (713) 425-8421
                                       karley.buckley@us.dlapiper.com

                                       Lydia Wright (LA Bar #37926)
                                       (admitted *pro hac vice*)
                                       Rights Behind Bars
                                       416 Florida Avenue, NW #26152
                                       Washington, D.C. 20001
                                       (202) 455-4399
                                       lydia@rightsbehindbars.org

                                       David H. Bamberger
                                       DLA Piper LLP (US)
                                       DC Bar #362285
                                       (admitted *pro hac vice*)
                                       500 Eighth Street, NW
                                       Washington, DC 20004
                                       (202) 799-4500
                                       david.bamberger@us.dlapiper.com

                                       John C. Canoni
                                       DLA Piper LLP (US)
                                       Texas Bar No. 24117335
                                       (admitted *pro hac vice*)
                                       Taylor O. Reed
                                       Texas Bar No. 24101958
                                       S.D. Tex. Bar No. 3895240
                                       1900 North Pearl Street, Suite 2200
                                       Dallas, Texas 75201
                                       (214) 743-4500
                                       john.canoni@us.dlapiper.com
                                       taylor.reed@us.dlapiper.com

                                       *Attorneys for Plaintiff Mikayla Cheyenne Savage*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that a true and correct copy of the foregoing document has been served electronically via the Court's CM/ECF system on August 7, 2025 on all counsel of record.

<u>*/s/ Karley Buckley*</u>
Karley Buckley

11