UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MIKAYLA CHEYENNE SAVAGE,** § <br> Plaintiff, § <br> § <br> v. § <br> § <br> **HARRIS COUNTY, TEXAS; SHERIFF ED** § <br> **GONZALES, in his official capacity;** § <br> **DETENTION OFFICER ARNOLDO** § <br> **MARTINEZ, in his individual capacity;** § <br> **DETENTION OFFICER ANDREW RADA,** § <br> **in his individual capacity; DETENTION** § <br> **ADMINISTRATIVE OPERATIONS** § <br> **OFFICER DANIKA MATHEWS, in her** § <br> **individual capacity; DETENTION OFFICER** § <br> **OZALYNN LOZANO, in his individual** § <br> **capacity; DETENTION OFFICER** § <br> **TRUCELL LAGARDE, in her individual** § <br> **capacity; DETENTION OFFICER TAYLOR** § <br> **HODGES, in his individual capacity;** § <br> **DETENTION OFFICER GLORIA** § <br> **EZEOKE, in her individual capacity; LAW** § <br> **ENFORCEMENT OFFICER MICHAEL** § <br> **THOMAS, in his individual capacity; LAW** § <br> **ENFORCEMENT OFFICER LAKISHA** § <br> **CHEATHAM, in her individual capacity;** § <br> **and DETENTION OFFICER MARILYN** § <br> **JOHN, her individual capacity** § <br> **individual capacities.** § <br> Defendants. § | **Civil Action No.: 4:24-cv-00666** |

### DEFENDANT DANIKA MATHEWS' REPLY IN SUPPORT OF HER MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant DANIKA MATHEWS (hereafter "Mathews" or "Defendant") files this Reply in support of her 12(b)(6) Motion to Dismiss Plaintiff Mikayla Cheyenne Savage's (hereinafter "Savage" or "Plaintiff") Third Amended Complaint [Doc. #155], pursuant to Rule 12(b)(6) of the

1

Federal Rules of Civil Procedure. In support of said motion, Defendant Mathews would respectfully show the Court as follows:

### I.    CLAIMS BARRED BY STATUTE OF LIMITATIONS.

1. Mathews contends that despite Plaintiff's assertion, that the statute of limitations bar Savage's claims against her. Mathews was never served in this lawsuit until June 30, 2025—well after the statute of limitations had run. Plaintiff failed to use diligence and has provided this Court with no valid reason as to the delay in service. Therefore, claims against Mathews must be dismissed.

####    A.  Rule 12(b)(6) is Appropriate

2. Contrary to Plaintiff's position, this Motion to Dismiss is appropriately sought under Rule 12(b)(6). A Rule 12(b)(6) motion is a proper procedural vehicle to seek dismissal when "it is evident from the plaintiff's pleadings that the action is barred, and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc*., 3339 F.3d 359, 366 (5th Cir. 2003); *see also Jones v. Bock,* 549 U.S. 199, 215 (2007); Fed. R. Civ. P. 8(c). A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process, not state of limitations. *See Holly v. Metro. Transit Auth*., 213 F. App'x 343, 344 (5th Cir. 2007). However, Defendant, would request this Court evaluate dismissal under both options.

####    B.  Plaintiff did not use Due Diligence.

3. Looking at the timeline outlined in Mathews' Motion to Dismiss [Doc. #167], it is clear that Plaintiff did not diligently pursue her claims against Mathews and failed to diligently serve Mathews in this case timely. This is made glaringly evident in that throughout this lawsuit, there was never an issuance of service for Danika Mathews as a Defendant until a month and a half ***after*** Plaintiff filed her Second Amended Complaint on April 9, 2025. [Doc. #108]. Plaintiff initially

added Mathews as a defendant in her First Amended Complaint [Doc. #52] on September 5, 2024. No summons was ever issued for Mathews. Seven months later at the filing of Plaintiff's Second Amended Complaint, there still had not been a summons issued or service on Mathews. Even if Plaintiff may have been busy or forgetful regarding service for Mathews, this is not generally seen as a valid excuse. *Larkins v. S.D.P. Mfg. Inc.*, No. 4:23-CV-01687, 2024 WL 3744396, at *5 (S.D. Tex. Aug. 8, 2024). "And even if it could be used to forgive slight or marginal delays, it certainly isn't a valid excuse for an entire month." *Id*.

4.  For example, see *Deeds v Whirlpool Corp*, 2017 WL 3437772, *3 (SD Tex), *aff'd*, 764 Fed Appx 407 (5th Cir 2019) (finding lack of due diligence where counsel "cites no authority that being busy with other tasks for other cases excuses a failure to respond timely"); *Murphrey*, 2019 WL 6330501, *3 (finding lack of due diligence where counsel didn't meaningfully explain delay in service beyond being busy). The issuance of the summons after the Second amended complaint which was a month and half *after* the complaint was filed and in which Mathews was never served—was too long of a delay without any valid reason, which Plaintiff has not given.

5.  This attempt of service after the Second Amended Complaint was well after the statute of limitations had run, and well after Plaintiff had already known and added Danika Mathews as a defendant from the First Amended Complaint. Even after the first issuance of summons for the Second Amended Complaint, it was never effectuated, as Plaintiff simply left the lawsuit at the jail and never attempted personal service on the individual Danika Mathews. Mathews had not been served. This is evident by the return. [Doc. #141]. Thereafter, Plaintiff filed her Third Amended Complaint—where summons was issued, and Mathews was finally served on June 30, 2025. This is far outside the statute of limitations.

### C. Plaintiff Provides No Valid Reason for Lack of Diligence

6.  Even more importantly, in contrast to what is required, Plaintiff provides no reason as to why Mathews was never served previously. Plaintiff has the burden "to present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay." *Proulx v Wells*, 235 SW3d 213, 216 (Tex 2007), *citing Murray v San Jacinto Agency, Inc*, 800 SW2d 826, 830 (Tex 1990). "Diligence is determined by asking 'whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served.'" *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009) (quoting *Proulx*, 235 SW3d at 216). Lack of due diligence may be found as a matter of law if the plaintiff offers no excuse for his failure to procure service, or if the plaintiff's excuse conclusively negates diligence. *Saenz v. Keller Indus. of Texas, Inc.*, 951 F.2d 665, 667 (5th Cir. 1992). In cases finding a lack of due diligence, "either no explanation was offered for the delay in issuing and serving citation, or the excuse given was one which affirmatively established lack of reasonable diligence." *Valdez v Charles Orsinger Buick C*o, 715 SW2d 126, 128 (Tex App—Texarkana 1986, no writ) (emphasis omitted); *see also, Saenz*, 951 F2d at 667.

7.  Some courts have even held that "any unexplained delay constitutes a lack of due diligence as a matter of law." *Hendrix v. Cornerstone Realty Income Trust,* No. 306-CV-0596-AH, 2006 WL 2583215, at *3 (N.D. Tex. Aug. 30, 2006). The Fifth Circuit Court of Appeals has recognized that "Texas courts have held that more than four months, without sufficient effort to serve defendant, negates due diligence as a matter of law." *Contreras v. Chavez*, 420 F. App'x 379, 381 (5th Cir. 2011) (citing *Webster v. Thomas*, 5 S.W.3d 287, 291 (Tex.App.–Houston [14th Dist.] 1999)) ("Here, we have a four month and ten day delay ... we are of the opinion that this case ...

presents a situation in which the plaintiff did not exercise due diligence."). After the First Amended Complaint, Plaintiff had not even attempted to serve Mathews and no summons was ever issued.

8.  In this case, Plaintiff does not provide *any* reason whatsoever as to why summons was never issued, and Mathews was not served after the First Amended Complaint was filed. Moreover, Plaintiff falsely states Mathews was served on May 16, 2025, since Plaintiff left Mathews' complaint at the jail—which is not personal service. Even if it were considered service, summons was issued, and service effectuated on the *jail* a month and a half after the second amended complaint was filed—which is far too long, does not demonstrate diligence, and is well after the statute of limitations had run. Plaintiff never states why there was never a request from the Court to service Mathews at a later date, nor did Plaintiff ever attempt to request substitute service, to have Mathews served at the jail as she did with other defendants in this case who she was unable to personally serve. Plaintiff made no efforts to serve Mathews timely and provides no valid reason as to why summons was never issued, nor service ever attempted once she was named in the First Amended complaint on September 5, 2024. This is in stark contrast to the attempts made for service with the other defendants, where summons was issued after the First Amended Complaint.

   **D. Plaintiff's Arguments Fail**

9.  There is no burden on Defendant to demonstrate prejudice, the burden for untimely service is on Plaintiff. *See Proulx*, 235 SW3d at 216. Plaintiff states that because Mathews was named in the lawsuit, she was inevitably aware of this lawsuit. This is false and Plaintiff is simply making assumptions with no legal basis. Additionally, Plaintiff also assumes because the lawsuit was left at the jail without serving Mathews personally, that she was automatically aware of the lawsuit, again, this is simply an assumption which has no basis. Texas Rule of Civil Procedure 106(a)

provides that service shall be effected by delivering a copy of the citation and petition to the defendant in person, or mailing the same to the defendant by registered or certified mail. As this was not done after until after the third Amended Complaint, service in May of 2025 was not effectuated. Additionally, simply because legal counsel is the same for defendant Gloria Ezeoke, in no way infers Mathews was aware of any lawsuit against her up until the time she was served. Additionally, Sergeant Kent Mathews, not Harris County, as Plaintiff stated in their response, argued that he should be dismissed due to mistaken identity. [Doc. #20]. Even if Mathews may have received notice of the civil action in some other way, actual notice is not sufficient service of process and must be completed according to law. *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir.1988).

## II.   CONSTITUTIONAL CLAIMS FAIL

10.   Plaintiff's constitutional claims fail and must be dismissed as Defendant retain qualified immunity and immune from suit. Plaintiff's pleading is deficient and has not pled enough to overcome Mathews' qualified immunity, and therefore claims against her must be dismissed. Any allegations of Failure to intervene, inadequate medical care or any other allegations must be dismissed.

## III.   CONCLUSION

11.   For the reasons stated herein, Plaintiff has failed to state any claim upon which relief can be granted against Defendant Mathews. Accordingly, Mathews is entitled to dismissal of Plaintiff's claims against her as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant DANIKA MATHEWS requests the Court grant her motion and enter an order dismissing Plaintiff's claim against her and grant all other relief to which this Defendant is entitled.

Date: August 14, 2025

>Respectfully submitted,
>
>**CHRISTIAN D. MENEFEE**
>HARRIS COUNTY ATTORNEY
>
>**JONATHAN G. C. FOMBONNE**
>DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT
>
>**NATALIE G. DELUCA**
>MANAGING COUNSEL,
>DEFENSIVE LITIGATION, EMPLOYMENT, &
>REAL ESTATE DIVISIONS

By:  */s/Veronica L. Jones*
>**VERONICA L. JONES**
>Assistant County Attorney
>**ATTORNEY-IN-CHARGE**
>State Bar No. 24097902
>Federal ID No. 3639763
>Tel: (713) 274-5181 (direct)
>Veronica.Jones@harriscountytx.gov
>
>**OFFICE OF THE HARRIS COUNTY ATTORNEY**
>1019 Congress
>Houston, Texas 77002
>**Attorney for Defendant Danika Mathews**

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached was filed with the clerk of the court using CM/ECF system, which will send electronic notification for those listed of record who receive electronically filed documents.

>*/s/ Veronica L. Jones*
>**Veronica L. Jones**