# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| Mikayla Cheyenne Savage | § <br> § <br> § |
| Plaintiff, | § <br> § |
| vs. | §    CIVIL ACTION NO. 4:24-cv-00666 <br> § |
| Harris County, Texas, et al. | § <br> § <br> § |
| Defendants. | |

## MOTION TO WITHDRAW AS COUNSEL

Pursuant to Local Rule 83.2, Plaintiff Mikayla Savage's ("Plaintiff") undersigned *pro bono* counsel, attorneys Karley Buckley, David Bamberger, Taylor Reed, and John Canoni of the law firm DLA Piper LLP (US) and Lydia Wright of Rights Behind Bars (collectively, the "DLA Piper and RBB Attorneys"), submit this Motion to Withdraw as Counsel and in support state as follows:

**I.     RELEVANT FACTUAL BACKGROUND**

Over the past few months, there has been a breakdown in the attorney-client relationship between the DLA Piper and RBB Attorneys and Plaintiff. The DLA Piper and RBB Attorneys have notified Plaintiff of their intent to move the Court for permission to withdraw as her counsel, and despite several attempts to reach her via written letter, text message, and multiple phone conversations, the DLA Piper and RBB Attorneys have not received a response.

To assist the Court in adjudicating this Motion, and to avoid any prejudice to Plaintiff, the DLA Piper and RBB Attorneys are available to provide additional information to the Court *in camera* regarding the justification for the present Motion. Based on these facts, the undersigned seek leave of this Court to withdraw as counsel for Plaintiff.

**II.     ARGUMENT**

    **a.  Legal Standard**

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989); *U.S. ex rel. Proctor v. Next Health LLC,* 652 F. Supp. 3d 788, 793 (E.D. Tex. 2023).

"The withdrawal of an attorney in a given case is a 'matter entrusted to the sound discretion of the court and will be overturned on appeal only for an abuse of that discretion.'" *In re Wynn*, 889 F.2d at 646.  Courts in this Circuit and across the country have consistently found that good cause exists for withdrawal "when there has been a total breakdown of the attorney-client relationship." *See White v. BAC Home Loans Serv., LP*, No. 3:09-CV-2484-G, 2010 WL 2473833, *3 (N.D. Tex. June 15, 2010) (citing cases). Likewise, the Texas Rules of Professional Conduct provide that a lawyer "shall withdraw … from the representation of a client, if: the representation will result in violation of Rule 3.08, other applicable rules of professional conduct or other law" and is permitted to withdraw if "other good cause for withdrawal exists." Tex. R. Prof. Cond. Rule 1.16.

In deciding whether good cause exists for withdrawal, courts in this Circuit consider "the facts and circumstances of the case" and a non-exhaustive list of factors, including: "(1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take—and the financial burden it would impose on—the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) prejudice to the other parties; and (6) whether withdrawal will harm the administration of justice." *Proctor*, 652 F. Supp. 3d at 793 (citing *White*, 2010 WL 2473833 at *3).

### b. The DLA Piper and RBB Attorneys Should be Allowed to Withdraw.

The facts and circumstances of this case strongly weigh in favor of permitting the DLA Piper and RBB Attorneys to withdrawal as counsel. The reasons for the withdrawal are substantial and relate to both communication and cooperation issues stemming from the impasse in the attorney-client relationship. This impasse has made it impossible for the DLA Piper and RBB Attorneys to provide competent and effective representation going forward, a particularly acute problem at this pre-trial stage of the litigation where such cooperation is paramount to advancing a client's interests.

In the absence of leave to withdraw, the DLA Piper and RBB Attorneys will not be able to effectively discharge their duty to protect their (former) client's interests and to abide by the Rules of Professional Conduct given the breakdown in the attorney-client relationship. *See, e.g.*, Rule 1.01 (requiring a lawyer to provide diligent and competent representation); Rule 1.03 (requiring a lawyer to communicate with the client).

The factors set forth in *White* and *Proctor* also weigh in favor of granting this motion. With respect to the first two factors, withdrawal will not unduly delay this case because other factors – specifically, the pending motion to dismiss filed by Defendant Mathews – independently necessitate extending the current scheduling order, which would give Plaintiff ample time to substitute new counsel to handle this matter.[1]

With respect to the third and fourth factors, which focus on burden to the client and counsel, as explained above, there has been a breakdown in the attorney-client relationship such that the

---

[1] Plaintiff initiated this case on February 2, 2024. Since then, the parties have been engaged in several rounds of motions to dismiss briefing and discovery. On May 27, 2025, the Court issued the operative Case Scheduling Order setting the close of discovery for November 7, 2025 and trial for March 16, 2026. *See* Dkt. 145. Subsequently, in July 2025, defendant Danika Mathews filed a motion to dismiss and motion to stay discovery pending resolution of her motion. *See* Dkt. 167. Defendant Mathews' motion to dismiss remains pending before the Court.

DLA Piper and RBB Attorneys can no longer effectively represent Plaintiff. Under these facts, permitting withdrawal will not burden Plaintiff.

As to the fifth factor, neither will withdrawal prejudice any other party to this case. The DLA Piper and RBB Attorneys have no history of or motive for abusing the process or causing prejudice to Defendants. On the contrary, they have diligently represented Plaintiff throughout the litigation. Defendants have no legitimate reason to oppose the withdrawal of counsel who can no longer effectively represent their adversary.

Finally, with respect to the sixth factor, permitting the DLA Piper and RBB Attorneys to withdraw as counsel will not harm the administration of justice. Rather, withdrawal is necessary to protect the interests of both the client and the counsel in light of the changed circumstances and the irreparable breakdown of the attorney-client relationship.

### III. CONCLUSION

For the foregoing reasons, the Court should grant the DLA Piper and RBB Attorneys' Motion and grant leave for them to withdraw as counsel for Plaintiff. The DLA Piper and RBB Attorneys respectfully request an *in camera* hearing or conference with the Court to assist the Court in deciding this Motion.

*[signature page follows]*

Dated: September 8, 2025

Respectfully submitted,
/s/ *Karley Buckley*
Karley Buckley
DLA Piper LLP (US)
Texas Bar No. 24123596
845 Texas Avenue, Suite 3800
Houston, Texas 77002
(713) 425-8421
karley.buckley@us.dlapiper.com

Lydia Wright (LA Bar #37926)
(admitted *pro hac vice*)
Rights Behind Bars
416 Florida Avenue, NW #26152
Washington, D.C. 20001
(202) 455-4399
lydia@rightsbehindbars.org

David H. Bamberger
DLA Piper LLP (US)
DC Bar #362285
(admitted *pro hac vice*)
500 Eighth Street, NW
Washington, DC 20004
(202) 799-4500
david.bamberger@us.dlapiper.com

John C. Canoni
DLA Piper LLP (US)
Texas Bar No. 24117335
(admitted *pro hac vice*)
Taylor O. Reed
Texas Bar No. 24101958
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
(214) 743-4500
john.canoni@us.dlapiper.com
taylor.reed@us.dlapiper.com

*Attorneys for Plaintiff Mikayla Cheyenne Savage*

5

**CERTIFICATE OF CONFERENCE**

On September 8, 2025, the undersigned counsel conferred with counsel for Defendants on the relief sought in this Motion via email. Defendants are unopposed.

*/s/ Karley Buckley*
Karley Buckley

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing document has been served electronically via email on September 8, 2025 on all defense counsel of record.

*/s/ Karley Buckley*
Karley Buckley